**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Philip Charvat, on behalf of himself and others<br>similarly situated, | ) | |
| | ) | |
| | ) | No. 12 cv 5746 |
| Plaintiff, | ) | |
| | ) | Hon. James B. Zagel |
| v. | ) | |
| | ) | Mag. Maria Valdez |
| Travel Services, Carnival Corporation & PLC, | ) | |
| Royal Caribbean International, Norwegian | ) | |
| Cruise Line, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>CARNIVAL CORPORATION'S MOTION TO DISMISS</u>**

Joseph P. Kincaid
Jeffrey S. Becker
Joshua E. Bidzinski
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100

*Attorneys for Defendant
Carnival Corporation & PLC*

## INTRODUCTION

Philip Charvat ("Plaintiff") initiated this lawsuit against Travel Services and three cruise lines based upon alleged violations of the Telephone Consumer Protection Act (the "TCPA"). In doing so, however, Plaintiff manipulates the statute's language and improperly commingles distinct provisions of the TCPA to create otherwise nonexistent violations and claims. Plaintiff and his attorneys are experienced TCPA litigants, and their attempt to distort the statute and its regulations in a manner not intended by Congress or the Federal Communications Commission should not be tolerated by this Court. Each of their claims against Carnival should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## ARGUMENT

"A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 931 (N.D. Ill. 2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *G.M. Sign, Inc.*, 681 F. Supp. 2d at 931 (*quoting EEOC v. Concentra Health Serv., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Twombly,* 550 U.S. at 555)).

"Though the Court must 'accept as true all of the allegations contained in a complaint,' this 'is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *In re Text Messaging Antitrust Litigation*, 2009 WL 5066652, at *4 (N.D. Ill. Dec. 10, 2009) (attached hereto as **Exhibit A**) (*quoting Iqbal*, 129 S.Ct. at 1949); *see Twombly*, 550 U.S. at 555; *see also Brooks v.*

1

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *In re Text Messaging Antitrust Litigation*, 2009 WL 5066652, at *4 (*quoting Iqbal*, 129 S.Ct. at 1949). Plaintiff's amended complaint does not state any plausible claim for relief against Carnival.

## I.    Motion to Dismiss Counts I and III for Failure to State a Claim

Count I of Plaintiff's amended complaint fails to adequately allege the existence of an agency relationship sufficient to impose any liability upon Carnival, and it should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). This count of the amended complaint is premised upon an alleged violation of Subsection 227(b) of the Telephone Consumer Protection Act ("TCPA"), which makes it unlawful to:

> initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(b). Upon the realization that he cannot plead that Carnival initiated the telephone calls at issue as required by the applicable statute and regulations, Plaintiff attempts to cherry-pick favorable language from a separate provision of the TCPA in an effort to manufacture a colorable claim. Such a tortured interpretation of the TCPA flies in the face of the public policy underlying its creation and ignores the statute's plain language.

Specifically, Plaintiff alleges he received four telephone calls[1] on his residential telephone line, which began with an automated message offering him a free cruise on various cruise lines, which he contends is a violation of Subsection 227**(b)**. (Am. Compl., ¶¶ 11-12, 19-20, 24-25 and 30-31.) Plaintiff concedes that these telephone calls were initiated by co-

---

[1] Plaintiff's original complaint alleged the existence of only one telephone call. Shortly after the parties' Rule 26 Conference, however, Plaintiff identified three earlier telephone calls (made between 10 and 17 months prior to the call first identified in his complaint), which Plaintiff had conveniently recorded and saved.

defendant, Travel Services, ***not*** Carnival. (Am. Compl., ¶¶ 13, 21, 26 and 33.) Accordingly, if liability is to be assessed against Carnival, it must be based upon a theory that would impose liability upon it for a call placed by a third-party. According to Plaintiff, Carnival should be held liable under the TCPA because Travel Services initiated the telephone calls "on its behalf." (Am. Compl., ¶¶ 43-46.) However, this "on behalf of" language exists solely within Section 227**(c)** of the TCPA, which is a wholly separate and distinct provision of the statute.

This Court should note the obvious difference in the language of Sections 227(b) and 227(c). With respect to Section 227(c), Congress specifically provided for "on behalf of" liability; but in creating a right of action for violations of Section 227(b), it made absolutely no mention of such liability. *Mey v. Pinnacle Security, LLC*, 2012 WL 4009718 (N.D. W.Va. Sept. 12, 2012) (attached hereto as **Exhibit B**); *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011) ("the two private-right of action provisions [§ 227(b)(3) and § 227(c)(5)] contain significant textual differences, indicating that they are distinct provisions to be treated independently"); *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465-66 (6th Cir. 2010) (recognizing the difference in language used in Sections 227(b)(3) and 227(c)(5)); *Applestein v. Fairfield Resorts*, 2009 WL 5604429, at *7 (Md. Ct. Spec. Appeals, July 8, 2009) (attached hereto as **Exhibit C**) (same).

The United States Supreme Court has held: "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23 (1983). Accordingly, this Court should hold that the TCPA does not provide "on behalf of" liability under Section 227(b). *Id.*; *see also Thomas v. Taco Bell Corp.,* 2012 WL 3047351 (C.D. Cal. June 25, 2012) (attached hereto as **Exhibit D**) (finding no "on behalf of" liability under § 227(b)(3)).

On the contrary, for claims asserting a violation of Section 227(b) an entity should only be vicariously liable for unsolicited calls initiated by a third-party based upon ordinary principles of agency law. This, of course, requires more of a connection to the caller than the "on behalf of" liability set forth in Section 227(c). Plaintiff should therefore be required to allege and prove that Travel Services acted as "an agent" of Carnival, which would require that Plaintiff allege Carnival controlled or had the right to control Travel Services' telemarketing efforts, and more specifically, "the manner and means of the [solicitation] campaign they conducted." *Mey*, 2012 WL 4009718 at *5; *Hooters of Augusta,* 537 S.E.2d 468, 472 (Ga. Ct. App. 2000) (holding that Section (b) violations of an independent contractor may only lead to liability if the defendant controlled "means, method and manner of executing the work").

Plaintiff, who is no stranger to telemarketing litigation,[2] knows quite well that he cannot meld the provisions of Sections 227(b) and 227(c) together. In fact, he previously advocated against just that. In *Charvat v. Ryan*, 168 Ohio App. 3d 78, 86-87 (Ct. App. Ohio July 20, 2006) *aff'd in part, rev'd in part on other grounds by Charvat v. Ryan*, 116 Ohio St.3d 394 (S.Ct. Ohio 2007), Plaintiff sought to enforce the plain language of Section 227(b) in order to obtain "per violation" damages rather than "per call" damages as is provided by 227(c). He should therefore be judicially estopped from "deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine,* 532 U.S. 742 (2001); *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999) (judicial estoppel aims to prevent a party that prevails in one lawsuit on one ground from repudiating that same ground in another lawsuit); *Levinson v. United States,* 969 F.2d 260, 264 (7th Cir. 1992) (judicial estoppel

---

[2] *See Charvat v. Echostar Satellite, LLC,* 630 F.3d 459, 460 (6th Cir. 2010) (noting that Mr. Charvat had filed approximately **13 similar lawsuits** as of 2010). Similarly, at least one court has pointed out that the TCPA seems to have "stimulated a cottage industry of business consumer advocates who make money on the stray phone call [,] [p]erhaps . . . even using the advanced technology . . . such as caller ID to efficiently identify potential lawsuits and reap profits." *Worsham v. Nationwide Ins. Co.*, 772 A.2d 868, 876 at n.2 (Md. Ct. Spec. App. 2001).

"protect[s] the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories."); *Ladd v. ITT Corp.,* 148 F.3d 753, 756 (7th Cir.1998) (judicial estoppel serves to "reduce fraud in the legal process by forcing a modicum of consistency on a repeating litigant"). This Court should not condone Plaintiff's attempt to advocate for, and benefit from, the plain language of Section 227(b) in one case and then attempt to blend language from Section 227(c) into his claim in this case now that it would benefit him to do so.

With respect to the actual allegations of his amended complaint, Plaintiff has fallen far short of alleging the existence of an actual agency relationship between Travel Services and Carnival. "A complaint must contain more than labels and conclusions . . . , but that is all [plaintiff] has provided to establish the existence of an agency relationship. In the absence of any supporting facts plausibly suggesting an agency relationship, the plaintiff's assertion of such a relationship does not rise above the level of speculation. Therefore, the complaint fails to state a claim for liability against [those] defendants on an agency theory." *Dolter v. Keene's Transfer, Inc.*, 2008 WL 3010062, at *3 (S.D. Ill. Aug. 5, 2008) (attached hereto as **Exhibit E**) (*citing Twombly*, 550 U.S. 544); *see also Abraham v. North Ave. Auto, Inc.*, 2001 WL 1002067, at *4 (N.D. Ill. Aug. 24, 2001) (attached hereto as **Exhibit F**) (*citing Rand Bond of North America, Inc. v. Saul Stone & Co.*, 726 F. Supp. 684, 687 (N.D. Ill. 1989)) ("[A]gency is a legal relationship whose existence flows from facts . . . . [I]t remains incumbent on the pleader to allege *some* factual predicate . . . to create the inference contained in . . . bald 'agency' assertions"); *Peterson v. H&R Block Tax Services, Inc.*, 971 F. Supp. 1204, 1213 (N.D. Ill. 1997) (dismissing plaintiff's complaint where plaintiff alleged legal conclusion of agency but no facts from which the court could infer agency); *Williams v. Ford Motor Co.*, 990 F. Supp. 551, 554 (N.D. Ill. 1997); *Valenti v. Qualex, Inc.*, 970 F.2d 363, 368 (7th Cir. 1992); *A.H. Gruetzmacher & Co. v. Massey-Ferguson, Inc.*, 512 F. Supp. 194, 198 (N.D. Ill. 1984).

5

As in the above cited case law, the amended complaint contains only bare conclusions based "on information and belief" from which the parties and this Court are asked to infer the existence of an agency relationship. Plaintiff states in conclusory fashion that "[d]efendants are responsible for the illegal actions of their agents" and "responsible for any illegal actions conducted in the course of any joint venture with any third party." (Am. Compl., ¶¶ 50-51). These allegations do not sufficiently state a claim against Carnival based upon an agency relationship, nor should allegations that a Travel Services employee told Plaintiff that Travel Services was "hired" by or "on behalf of" three competing cruise lines rise to a level that plausibly suggests that Plaintiff has a right to relief against all of the cruise line defendants based on agency principles. *See Charvat v. Farmers, Ins. Columbus, Inc.*, 178 Ohio App. 3d 118, 132 (Ohio Ct. App. 2008) (court excluded as inadmissible hearsay Charvat's reliance on the telemarketer's statement that he was calling on behalf of defendant insurance company). Indeed, a plaintiff who relies on such theories to support his claims must plead facts in his complaint, which, if proved, can establish the existence of such an actual relationship. *See*, *e.g.*, *Dolter*, 2008 WL 3010062 at *3. Thus, Counts I and III[3] of Plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II.     Motion to Dismiss Counts II and III for Failure to State a Claim

Count II asserts a claim pursuant to Section 227(c) of the TCPA based upon Plaintiff's contention that defendants "were in violation of the TCPA's identification requirements." (Am. Compl., ¶¶ 47 and 76.) This claim, which is premised entirely upon an alleged violation of 47 C.F.R. § 64.1200(d)(4), should be dismissed for two equally compelling reasons.

---

[3] Count III of the amended complaint seeks injunctive relief to bar the same violation of the TCPA for which Plaintiff seeks monetary damages under Count I. Since, Plaintiff failed to state a claim against Carnival upon which any relief can be granted pursuant to Section 227(b), he is prohibited from receiving equitable relief under Count III in the same manner as he is barred from receiving monetary relief under Count I.

**A.** **Plaintiff Cannot Maintain A Private Action for a Violation of**
**The Procedural or Technical Requirements at Issue in Count II**

First, the failure of an entity to identify itself or provide its address or phone number does not constitute a violation of Section 227(c). On the contrary, these requirements arise out of **Section 227(d)** of the TCPA, which does not provide a private right of action against defendants. To be clear, Count II of the amended complaint is premised upon an alleged violation of the following regulation promulgated by the Federal Communications Commission:

> A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

47 C.F.R. § 64.1200(d)(4).[4] Plaintiff incorrectly suggests that this regulation was promulgated pursuant to Section 227**(c)** of the TCPA and asserts a purported right to relief based upon this misplaced reliance upon that section of the statute. (Am. Compl., ¶¶ 47 and 74-78.)

On the contrary, Section 227(d)(3)(A) of the TCPA states that the FCC shall prescribe "technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone," which requires all such calls to state "the identity of the business, individual, or other entity initiating the call" and "the telephone number or address of such business, other entity, or individual." 47 U.S.C. 227(d)(3)(A); *see also Burdge v. Association Health Care Mgmt., Inc.*, 2011 WL 379159 (S.D. Ohio Feb. 2, 2011) (attached hereto as **Exhibit G**) (the identity requirements of Section 227(d)(3)(A) were incorporated into § 64.1200(d)(4)); *Bailey v. Domino's Pizza, LLC*, 2012 WL 1150882 (E.D. La. April 5, 2012) (attached hereto as **Exhibit H**) (same); *Worsham v. Ehrlich,* 181 Md. App. 711, 957 A.2d 161

---

[4] In his complaint, Plaintiff cites to 47 C.F.R. § 64.1200**(a)**(d)(4), which Carnival believes is a typographical error, since there is no such provision within the Code of Federal Regulations. (Am. Compl., ¶ 47.) Rather, the identification requirements at issue herein explicitly appear within 47 C.F.R. § 64.1200(d)(4).

(Sp. App. Ct. Md. 2008) (same); *Boydston v. Asset Acceptance, LLC,* 496 F. Supp. 2d 1101 (N.D. Cal. 2007) (same).

Unlike claims brought under Sections 227(b) and 227(c), there exists no private cause of action for violations of the procedural or technical requirements of Section 227(d). *See* 47 U.S.C. 227(d); *Worsham,* 181 Md. App. 711 (holding that there does not exist a private right of action under Section 227(d)); *Boydston,* 496 F. Supp. 2d 1101 ("In contrast to section 227(b)(3), the remedy for violations of the procedural and technical standards confers no private right of action."); *Culbreath v. Golding Enterprises, LLC*, 114 Ohio St. 3d 357, 872 N.E.2d 284 (Sup. Ct. Ohio 2007) (holding that Congress clearly did not intend to create a private right of action for any violation of the identification requirements of Section 227(d) of the TCPA); *Klein v. Vision Lab Telecomms., Inc.,* 399 F.Supp.2d 528, 540 (S.D.N.Y.2005) (same); *USA Tax Center, Inc. v. Office Warehouse Wholesale, LLC,* 160 P.3d 428 (Colo. Ct. App. 2007) (same); *Adler Vision Lab Telecommunications, Inc.,* 393 F. Supp. 2d 35, 39 (D.D.C. 2005) (same).

Plaintiff has not alleged the receipt of any telephone calls in violation of the regulations *prescribed under Section 227(c)*. Rather, he alleged the receipt of calls that allegedly violate a regulation prescribed under Section 227(d). For this reason alone, Count II is without merit and should be dismissed with prejudice.

**B. Even if Plaintiff Were Able to Bring a Private Cause of Action Based Upon a Violation of 47 C.F.R. § 64.1200(d)(4), the Amended Complaint Fails to State A Claim Upon Which Relief Can Be Granted**

Assuming, *arguendo*, that § 64.1200(d)(4) arises out of Section 227(c), which it does not, Plaintiff does not allege the existence of more than one telephone call received within a twelve-month period in violation of this regulation. He has therefore failed to satisfy the "more than one call" requirement contained within Section 227(c)(5) and cannot state a claim upon which relief can be granted. Specifically, Section 227(c)(5) states:

> A person who has received ***more than one telephone call*** within any 12-
> month period by or on behalf of the same entity ***in violation of the
> regulations prescribed under this subsection*** may, if otherwise permitted
> by the laws or rules of court of a State bring in an appropriate court of that
> State (A) an action based on a violation of the regulations prescribed under
> this subsection to enjoin such violation, (B) an action to recover for actual
> monetary loss from such a violation, or to receive up to $500 in damages
> for each such violation, whichever is greater, or (C) both such actions.

47 U.S.C. § 227(c)(5) (emphasis added).

For purposes only of this motion to dismiss, Carnival accepts as true the allegations of the
amended complaint. In doing so, it is apparent that at least three of the four telephone calls at
issue comply with the requirements of §64.1200(d)(4). Accordingly, Plaintiff has "plead himself
out of court." *See Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005).

The pertinent language of § 64.1200(d)(4) requires any person or entity that makes a
telemarketing call to provide the called party with (i) the name of the individual caller; (ii) the
name of the person or entity on whose behalf the call is made; and (iii) a telephone number or
address where the person or entity may be contacted. (Am. Compl., ¶ 47 *citing* 47 C.F.R. §
64.1200(d)(4)). Three of the four calls at issue unquestionably comply with this regulation.

With respect to the call received on February 11, 2011, Plaintiff concedes the caller (i)
identified himself as Sampson; (ii) indicated he worked for Travel Services and called on behalf
of Royal Caribbean, Carnival and Norwegian; and (iii) provided Plaintiff with a phone number
and website where he and/or Travel Services could be contacted. (Am. Compl., ¶¶ 11-16.)

With respect to the call received on September 8, 2011, Plaintiff concedes the caller (i)
identified herself as Marie; (ii) indicated she worked for Travel Services and was calling on
behalf of Royal Caribbean, Carnival and Norwegian; and (iii) provided Plaintiff with both a
telephone number and website where she and/or Travel Services could be contacted. (Am.
Compl., ¶¶ 25-29.)

With respect to the call received on July 9, 2012, Plaintiff concedes the caller (i) identified herself as Joanna; (ii) indicated she worked for Travel Services and was calling on behalf of Royal Caribbean, Carnival and Norwegian; and (iii) provided Plaintiff with both a telephone number and website where she and/or Travel Services could be contacted. (Am. Compl., ¶¶ 30-36.)

The only call where identifying information was not provided was a call received by Plaintiff on June 11, 2011, which Plaintiff concedes was terminated after he identified himself and before the parties could engage in any sort of discussion. (Am. Compl., at ¶¶ 19-23). Assuming for the sake of argument that this single telephone call violated § 64.1200(d)(4), Plaintiff cannot maintain a cause of action under Section 227(c) because he must be able to allege the receipt of "***more than one*** phone call . . . in violation of the regulations." 47 U.S.C. § 227(c)(5) (emphasis added).

Carnival anticipates that, in an effort to prevent Count II from being dismissed, Plaintiff will argue that he stated a violation of § 64.1200(d)(4) because the individuals he spoke with during each telephone call did not provide him with a telephone number "automatically" or before he requested the information. In support of this argument, Plaintiff will likely refer to a 1995 Memorandum Opinion of the Federal Communications Commission, which he cites in his amended complaint, for the proposition that "the FCC made clear that such disclosures [under § 64.1200(d)(4)] are to be made automatically, and the consumer should not have to request or seek identifying information from a telemarketer." (Am. Compl., ¶ 48) (*citing* MEMORANDUM OPINION AND ORDER, *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391 (1995) (the "1995 Opinion")) (attached hereto as **<u>Exhibit I</u>**). Plaintiff made certain to allege in his amended complaint that the individuals he spoke with provided a phone

number "after the plaintiff requested specific information to identify 'Travel Services.'" (Am. Compl., ¶¶ 18, 29, 36.)

When one actually reads the 1995 Opinion, however, it is clear that Plaintiff twisted its language in an attempt to convince this Court to adopt a strained and misguided interpretation of the 1995 Opinion. In Paragraph 6 of the 1995 Opinion, the commenters requested that the FCC modify § 64.1200(d)(4) so that telemarketers would be required to provide a telephone number or address during a telephone solicitation *only if* the called party requests the information during the call. (Exhibit I at 12394, ¶ 6.) In response, the FCC determined:

> We continue to believe that it is in the best interest of residential subscribers and telemarketers that full identification of the soliciting caller be provided ***in the course of a telephone solicitation*** . . . . Residents should receive the information ***without having to demand it or to remember to ask for it*** . . . . Determinations of compliance will be made on a case by case basis, taking into account the telemarketer's efforts to ensure the information is ***included in a solicitation call***. In sum, we find that the rule strikes the proper balance between the resident's interest in choosing whether to receive further solicitations from a telemarketer and the interest of telemarketers in soliciting by telephone. Thus, we will ***continue to require that a telephone solicitation include*** either a telephone number or mailing address at which the solicitor can be reached.

(Exhibit I at 12394-12395, ¶ 7 (emphasis added). When considered in the context of the request considered by the FCC (i.e. requiring a telemarketer to provide its contact information only if it is requested by the called party), it is clear the FCC's decision was intended only to prevent a telemarketer from concluding a solicitation without providing contact information and to subsequently arguing "well, the called party never asked me for it." It was not intended to create a violation in circumstances where a telemarketer provides his contact information during the course of a telephone solicitation, but happens to do so after it was requested by the called party. To hold otherwise would frustrate the purpose and intent of the TCPA. It would require courts and litigants to speculate as to whether the telemarketer would have provided contact information had the called party not first requested it. It would create a "race to disclosure"

11

where crafty TCPA plaintiffs (which would certainly include Mr. Charvat) could artificially create violations by asking for identifying information before the telemarketer finds a natural point during the parties' ongoing conversation to provide the information himself.

It makes sense that a called party should not be required to demand[5] identifying information from a telemarketer.  It also makes sense that a telemarketer should not be able to escape liability for violating § 64.1200(d)(4) by arguing that the called party simply never asked him for the information before the call ended.  It does not, however, make sense to create a TCPA violation when a telemarketer willingly and in good faith provides contact information upon the called party's request.  It therefore follows that three of the four telephone calls allegedly received by Plaintiff complied with § 64.1200(d)(4).  Since only one possible violation of this regulation has been alleged, Plaintiff fails to state a claim upon which relief can be granted, and Counts II and III[6] of the amended complaint should be dismissed with prejudice.

### III.   <u>Motion to Dismiss or Strike Plaintiff's Class Allegations</u>

As set forth above, Plaintiff has not properly alleged a claim for relief against Carnival under either Section 227(b) or (c) of the TCPA.  For these same reasons, Plaintiff cannot assert a legal basis for a class action regarding these claims under Rule 23, and his class allegations fail.  *See Guarantee Ins. Agency Co. v. Mid-Continental Realty Corp.,* 57 F.R.D. 555, 563 (N.D. Ill. 1972) ("Before one can represent others in a class action, the named plaintiff must state a valid claim of his own").

To determine whether a class action can proceed, it must be analyzed in the framework of the substantive cause of action, which in this case is ill-defined to say the least.  Thus, class

---

[5] It should be noted that "demand" is the word actually used by the FCC in the 1995 Opinion, *not* "request."

[6] Count III of the amended complaint seeks injunctive relief to bar the same violation of the TCPA for which Plaintiff seeks monetary damages under Count II.  Since, Plaintiff failed to state a claim upon which any relief can be granted pursuant to Section 227(c) or (d), he is prohibited from receiving equitable relief under Count III in the same manner as he is barred from receiving monetary relief under Count II.

definition is highly problematic since it is framed in terms of the substantive cause of action, which itself is defective. For example, Plaintiff brought Count I of his amended complaint under Section 227(b), yet his class definition includes putative class members contacted "on behalf of" Carnival, and as such, the class definition is vague and improper. Courts have dismissed class allegations where its definition is not ascertainable. *See Simer v. Rios,* 661 F.2d 655, 669 (7th Cir. 1981); *John v. Nat'l Security Fire and Cas. Co.,* 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *see also De Bremaecker v. Short,* 433 F.2d 733, 734 (5th Cir. 1970); *In re A.H. Robins Co., Inc., 880 F.2d 709, 728* (4th Cir. 1989); 5 James W. Moore et al., *Moore's Federal Practice § 23.21[1]*, at 23-47 (Matthew Bender 3d ed. 1997) ("It is axiomatic that in order for a class action to be certified, a class must exist.").

In addition to the failure to adequately define the class, the allegations as to each and every requirement for a class action under Rule 23 are pure legal conclusions without ***any*** factual support whatsoever, in violation of Federal Rules of Procedure 8(a)(2) and 12(b)(6). It is Plaintiff's burden to establish that the requirements of Rule 23 have been met. *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802 (7th Cir. 2012). Plaintiff fails to meet this burden through his incorporation of purely conclusory allegations, and he has failed to meet his burden of supporting these legal conclusions with any factual support for class certification. Simple circular legal conclusions set forth in the amended complaint do not suffice.

As for numerosity, Plaintiff simply alleges that "[o]n information and belief, the potential class members constitutes [*sic*] a class so numerous that joinder of all class members is impracticable," and despite his supposition that these few telephone calls support a nationwide class, there is not a single fact alleged in the amended complaint to support that contention. (Am. Compl., ¶ 59.) Plaintiff should have some basis to allege numerosity other than "information

13

and belief," otherwise this is just a fishing expedition where Plaintiff makes a claim now and finds support later, which fails to meet the requirements of Rule 8(a) and *Twombly*.

Commonality is alleged in a similarly conclusory manner and, given the quantum problems set forth in detail above, Plaintiff has failed to state a substantive claim for relief under the TCPA. He confuses and borrows from various TCPA provisions and has not formulated a basis for purportedly common questions of law and fact. (Am. Compl., ¶ 63-64.) Moreover, Plaintiff has alleged that the common questions of law and fact set forth in paragraph 64 are "including but not limited to" those set forth in the amended complaint. It is improper to allege some common issues of fact and law, but not others so that Plaintiff can at any time claim different common facts or legal issues without ever placing Carnival on notice of this, much less to allege a plausible basis for same.

Allegations relating to the typicality requirement are equally conclusory, ambiguous and improper. (Am. Compl., ¶ 61.) Plaintiff simply avers that his "claims are typical of the claims of the class," but there exists not a single fact to support that conclusion of law and fact.

In addition to failing to properly plead Rule 23(a) requirements for a class action, Plaintiff has failed to allege what subsection of Rule 23(b) serves as the basis for his proposed class. (Am. Compl., ¶ 65.) This leaves Carnival unable to form an answer to the amended complaint, since it is completely unclear from the pleading as to which subsection Plaintiff relies upon in support of certification. Plaintiff has referred to questions of law and fact that purportedly predominate over questions affecting individual members, which would imply that he seeks certification pursuant to Rule 23(b)(3), yet Plaintiff has also brought a claim for injunctive relief which would implicate other Rule 23(b) subsections. (Am. Compl., ¶ 79-81.) It is entirely unclear from the amended complaint as to what Plaintiff is seeking in terms of class relief because there is nothing whatsoever in the class allegations regarding damages or

14

injunctive relief and it is unclear from the amended complaint as to whether Count I or Count II is applicable to the putative class.

Even if Plaintiff is alleging a Rule 23(b)(3) class action, the requirements of predominance and superiority that Plaintiff appears to allege are similarly conclusory. For example, the amended complaint states only that "[c]ommon questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy," which simply regurgitates the requirements of Rule 23. (Am. Compl., ¶ 65.) Such allegations are vague, circular and so devoid of facts that Carnival is simply not able to answer them. None of the class action allegations come remotely close to stating specific facts to support this putative class action under Rules 8(a)(2) or 12(b)(6) and, therefore, Carnival respectfully request this Court to dismiss the class action allegations in the amended complaint.

## CONCLUSION

For all the reasons set forth herein, Plaintiff's complaint fails in several respects to state valid claims against Carnival Corporation. As such, Carnival Corporation respectfully requests that this Court grant its Rule 12(b)(6) Motion to Dismiss plaintiff's amended complaint.

Respectfully Submitted,

CARNIVAL CORPORATION & PLC

By:     /S/  JEFFREY S. BECKER
                One of its Attorneys

Joseph P. Kincaid
Jeffrey S. Becker
Joshua E. Bidzinski
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100

## **CERTIFICATE OF SERVICE**

On September 28, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court, which will automatically send notice of the filing to all counsel of record. I hereby certify that I have served all counsel and/or pro se parties of record electronically in accordance with the Federal rule of Civil Procedures.

By: /s/ Jeffrey S. Becker