UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP CHARVAT on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12-cv-5746 |
| v. | ) ) | Judge Zagel |
| TRAVEL SERVICES, CARNIVAL CORPORATION & PLC, ROYAL CARIBBEAN INTERNATIONAL, NORWEGIAN CRUISE LINE, | ) ) ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) | |

**DEFENDANTS, ROYAL CARIBBEAN INTERNATIONAL'S
AND NORWEGIAN CRUISE LINE'S,
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

Catherine J. MacIvor
Jeffrey E. Foreman

FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendants,*
*Royal Caribbean Cruises Ltd.*
*NCL (Bahamas) Ltd.*

## I.    Introduction

Phillip Charvat ("Charvat"), brought this putative class action pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA) wherein he confuses separate and distinct TCPA statutory provisions and agency law in an attempt to try to state a claim for relief.  The result is that his Amended Class Action Complaint ("ACAC") distorts the TCPA  statute and interpreting regulations in a manner that was never intended by Congress or by the Federal Communications Commission ("FCC"), the administrative agency charged with interpreting the law. For all of the reasons set forth more specifically below, Defendants, Royal Caribbean International ("RCI") and Norwegian Cruise Line "NCL") respectfully request this Court to enter an Order dismissing Charvat's "ACAC."

## II.    The ACAC fails to plead a proper basis for venue pursuant to Rule 12(b)(3)

Charvat, a serial TCPA plaintiff,[1] summarily alleges that venue in this jurisdiction is proper "…because one or more of the Defendants reside in this District" without providing **_any_** legal basis for venue.  While it is not entirely clear from the ACAC, Charvat may be seeking to establish venue under 28 U.S.C. § 1391(b), because the ACAC makes a fleeting reference to RCI's and NCL's residency. [DE 23 ¶ 5].  It is Charvat's burden to properly plead venue and Charvat retains that burden even where, as here, RCI and NCL move to dismiss. *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1027 (N.D. Ill. 2009); *Allison v. Crc Ins. Servs.*, 2010 U.S. Dist. LEXIS 128480 at *4 (N.D. Ill. 2010).   In federal question cases, such as this one, if Charvat is claiming venue under section 1391(b), he must allege: (1) **_all_** defendants reside in Illinois; (2) a substantial part of the events giving rise to his TCPA claim occurred in the Northern District of Illinois; or (3) he could not bring his TCPA claim in any other

---

[1] *See Charvat v. Echostar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010); *Charvat v. GVN Mich., Inc.*, 561 F.3d 623 (6th Cir. 2009); *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011); *Charvat v. Dispatch Consumer Servs.*, 95 Ohio St. 3d 505 (Ohio 2002); *Charvat v. Teleytics, LLC*, 2006 Ohio 4623 (Ohio Ct. App. 2006); *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007); *Charvat v. DFS Servs. LLC*, 781 F. Supp. 2d 588 (Ohio Southern Dist. Ct. 2011); *State ex rel. Charvat v. Frye*, 114 Ohio St. 3d 76 (Ohio 2007); *Charvat v. Farmers Ins. Columbus, Inc.*, 178 Ohio App. 3d 118 (10th Dist. Ohio Ct. App. 2008); *Charvat v. ATW, Inc.*, 127 Ohio App. 3d 288 (10th Dist. Ohio Ct. App. 1998); *Charvat v. Crawford*, 155 Ohio App. 3d 161 (10th Dist. Ohio Ct. App. 2003); *Charvat v. Colorado Prime*, 1998 Ohio App. LEXIS 4292 (10th Dist. Ohio Ct. App. 1998); *Charvat v. Credit Found. of Am.*, 2008 Ohio 6820  (10th Dist. Ohio Ct. App. (2008)

1

district _**and**_ this honorable Court has personal jurisdiction over at least one defendant. *Flag Co. v. Maynard*, 376 F. Supp. 2d 849, 857 (N.D. Ill. 2005); 28 U.S.C. § 1391(b) (2006). Instead, Charvat fails to allege _**any**_ venue allegations under any statute and just states a legal conclusion that venue simply exists. [DE 23 ¶5]. Charvat never alleged that: (1) all defendants reside in Illinois, and he cannot because the face of his pleading establishes that they do not., (2) "a substantial part of the events" giving rise to Charvat's claim occurred in the Northern District of Illinois and instead alleges his Ohio residence received calls from a purported Illinois business on behalf of three corporations alleged to be headquartered in Florida; and (3) his claim could not be brought in any other district. *See Ginmar Corporate Promotions, Inc. v. Cardinal Health, Inc.*, 2008 U.S. Dist. LEXIS 92752 at *11 (N.D. Ill. Nov. 12, 2008) ("[a] plaintiff's choice of forum is entitled to less deference where [. . .] it is not the location of the material events"); *see also J.B. Custom, Inc. v. Amadeo Rossi, S.A.*, 2011 U.S. Dist. LEXIS 3623, *15 (N.D. Ind. 2011) (finding a plaintiff cannot plead venue under section 1391(b)(3) unless he shows that sections 1391(b)(1) and 1391(b)(2) fail "to produce at least one viable venue). The ACAC's venue allegation is simply a legally insufficient conclusory statement, which subjects the ACAC to dismissal. [DE 23 ¶5]. RCI and NCL, therefore, respectfully request this honorable Court to enter an Order dismissing the ACAC pursuant to Federal Rule of Civil Procedure 12(b)(3).

## III.    The ACAC Fails to Name the Correct Party Pursuant to FED. R. CIV. PRO. 17(b)

Charvat's claims against NCL are also subject to dismissal pursuant to Federal Rule of Civil Procedure 17(b), because the ACAC names NCL's trade name, "Norwegian Cruise Line," as a defendant and Charvat cannot bring suit against a trade name. [DE 23 ¶¶ 1, 10].   In order to properly name a defendant, Charvat must name the legal entity that _**can**_ be sued. *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 n. 2 (7th Cir. 2000) (citing *Magnuson v. Cassarella*, 812 F.Supp. 824, 827 (N.D. Ill. 1992)); *see also Com-Pac Int'l, Inc. v. Packmate Co.*, 2007 U.S. Dist. LEXIS 62531 at *5 (S.D. Ill. 2007) (granting motion to dismiss because plaintiff cannot sue a trade name) (citing *Steel v. Hahn Property Management Corp.*, 1994 U.S. App. LEXIS 4369 at *2 (7th Cir. 1994)); *see also Diesel Mach., Inc. v. Manitowoc Crane Group*, 777 F. Supp. 2d 1198, 1213 (Dist. S.D. 2011). As a trade name, "Norwegian

2

Cruise Line" is merely a description of the corporation doing business under that name and does not have

a separate legal existence such that Charvat can bring a claim against it. *See Diesel Mach.*, 777 F. Supp.

2d at 1213. Therefore, NCL respectfully requests that this honorable Court dismiss the ACAC pursuant to

Federal Rule of Civil Procedure 17(b) as to "Norwegian Cruise Line."

IV.     **The ACAC is vague, ambiguous, nearly factually bereft and is premised upon one legal conclusion after another in derogation of Rules 8(a)(2), 12(b)(1), 12(b)(6) and** *Bell Atlantic v. Twombly*

    Charvat's ACAC is nearly bereft of facts indicating that he has set forth plausible claims for

relief. Even taking all of the allegations as true, and in the light most favorable to Charvat, the ACAC

cannot survive a motion to dismiss based upon the wholly inadequate allegations set forth in his amended

pleading. Charvat must allege more than mere labels and conclusions and can only survive a motion to

dismiss if he alleges _facts_ beyond a blanket assertion of entitlement to relief. *See Bell Atl. Corp. v.

Twombly,* 550 U.S. 544, 555 n. 3 (2007). After *Twombly*, courts have dismissed complaints under Rule

12(b)(6) because plaintiffs are required to provide "more than labels and conclusions." *Lance Eugene

Hall v. Swartz, et al.*, 2012 U.S. Dist. LEXIS 70075 at \*3-4 (N.D. Ill. 2012) (citing *Twombly*, 550 U.S. at

555). When accepted as true, "the complaint must contain sufficient factual matter [. . .] to state a claim to

relief that is plausible on its face." *Id.* Thus, a "[p]laintiff must do more than plead facts that are

'consistent with Defendant's liability' because that only shows the possibility, not the plausibility, of their

entitlement to relief." *Winchester v. Marketti*, 2012 U.S. Dist. LEXIS 82761 at \*6 (N.D. Ill. 2012).

Notwithstanding *Twombly* and its requirement that Charvat must do more than simply state the factual

and legal elements of a claim, that is precisely what Charvat has done, as explained more fully below. In

a case, such as this, that may be costly or time consuming to litigate, "a district court must retain the

power to insist upon some specificity in the pleading before allowing a potentially massive factual

controversy to proceed." *Twombly,* 550 U.S. at 558. The ACAC thus fails to state claims for relief under

Rule 8(a)(2) and 12(b)(1) and (6) as to each and every count based upon vague, ambiguous, formulaic,

and conclusory assertions all of which are set forth more fully below. Charvat's claim does not state any

plausible claim for relief against RCI or NCL.

3

**A.      Charvat fails to state a claim under Count I,  47 USC § 227(b), because the ACAC fails to allege that RCI and NCL <u>initiated</u> the telephone calls and fails to properly allege agency**

In Count I, Charvat alleges that both RCI and NCL violated *§227(b)* of the TCPA, which provides that:

> It shall be unlawful for any person … to ***initiate*** any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…

47 U.S.C. §227(b)(1)(B) (emphasis added).  [DE 23 ¶69-73].  However, the ACAC specifically avers that Defendant, Travel Services, initiated the calls and ***not*** RCI or NCL and as such RCI and NCL have no liability under the section of the statute alleged by Charvat. [DE 23 at ¶¶ 11-38].  Charvat nonetheless attempts to selectively import language from §227(*c*) into this Count by claiming that "[u]nder the TCPA, as interpreted by the FCC, a person or entity can be liable for calls made *on its behalf* even if that person did not directly initiate those calls." [DE 23 ¶43]. (emphasis added).  When Congress intended to impose liability when one entity was acting "on behalf of" another entity, Congress included such language in the TCPA under §227(*c*) not §227(b). *See e.g.,* 47 U.S.C. § 227(c)(5) (providing a private cause of action for an individual who has "received more than one telephone call within any 12-month period *by or on behalf of* the same entity." (Emphasis added)). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Immigration & Naturalization Serv. v. Cardozo-Fonseca,* 480 U.S. 421, 432 (1987). Thus, Charvat is not legally entitled to state a claim for relief under 47 USC §227(*b*) because Charvat did not allege that the calls were initiated by RCI or NCL nor does subsection (*b*) allow for calls made on behalf of another. S*ee Peter Strojnik, P.C. v. SignaLife, Inc.*, 2009 U.S. Dist. LEXIS 22295 at *8 (D. Ariz. 2009) (dismissing § 227(b) TCPA claim against defendant company because "plaintiff failed to present admissible evidence showing" defendant made the solicitation); *Consumer Crusade, Inc. v. JD&T Enters.*, 2006 U.S. Dist. LEXIS 42000 at *13-14 (D. Colo. 2006) (affirming dismissal of § 227(b) TCPA claim where defendants did not personally make solicitation and did not know the identities of the recipients).

4

Conceding that RCI and NCL did not initiate the calls, Charvat is thus unable to establish direct liability under § 227(b), and instead attempts to assert some sort of vicarious liability based on a theory of agency. Charvat's ACAC simply avers the legal and factual conclusion that "Defendants are responsible for the illegal actions of their agents" and "for any illegal actions conducted in the course of any joint venture with a third party." [DE 23 ¶¶50-51]. Charvat, however, fails to plead a factual or legal basis for an agency relationship between RCI and NCL and Travel Services. [DE 23 at ¶ 11-38, 43-46, 50]. In order for there to be liability against RCI and NCL under §227(*b*), Charvat must plead an agency relationship between the initiator of the call and RCI and NCL. Throughout the ACAC, Charvat alleges "upon information and belief" Travel Services representatives claimed they were vendors and promoters for the cruise lines, that "upon information and belief" RCI and NCL hired Travel Services to fill empty cabins, and that RCI and NCL "accepted customers and business from Travel Services.[2]" [DE 23 ¶¶14, 15, 27, 33, 52, 53]. Such threadbare allegations are insufficient under Illinois law to support the existence of an agency relationship. *See Williams v. Ford Motor Co.*, 990 F. Supp. 551, 554 (N.D. Ill. 1997); *see Valenti v. Qualex, Inc.*, 970 F.2d 363, 368 (7th Cir. 1992); *see also A.H. Gruetzmacher & Co. v. Massey-Ferguson, Inc.*, 512 F. Supp. 194, 198 (N.D. Ill. 1984) ("Under Illinois law, there is no presumption of an agency relationship."); *see also Williams*, 990 F. Supp. at 554; *Valenti*, 970 F.2d at 368; *Sefton v. Toyota Motor Sales U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 37036 AT 10-11 (N.D. Ill. 2010) (holding a plaintiff must make "allegations concerning an actual agency relationship beyond purely conclusory statements."). Specifically, Charvat must allege that RCI and NCL controlled the "manner and method" in which Travel Services performed its solicitations, which he has not alleged and cannot, since RCI and NCL have no agreements with Travel Services. *Peterson v. H&R Block Tax Services, Inc.*, 971 F. Supp. 1204, 1213 (N.D. Ill. 1997) ("The 'key consideration in determining whether an agency relationship exists is whether the principal had the right to control the 'manner and method' in which the agent performs work."); *see also Mey v. Pinnacle Security, LLC*, 2012 U.S. Dist. LEXIS 129267 at 12-13 (N.D. W. Va. 2012);

---

[2] The ACAC actually states these calls were done through Travel Services and "similar outfits," but fails to provide any facts about these purported "similar outfits" at all. [DE 23 ¶¶53, 54].

5

*Thomas v. Taco Bell Corp.*, 2012 U.S. Dist. LEXIS 107097 at *13 (C.D. Cal. 2012). Moreover, Charvat must further allege that RCI and NCL either confirmed or ratified an agency relationship with Travel Services, because Travel Services cannot unilaterally create an agency relationship with RCI and NCL by merely stating that it represents the cruise lines. *Curran v. Kwon*, 1985 WL 1719 at *2 (N.D. Ill. 1985) ("an agent cannot 'bootstrap' his own authority"). Anyone, anywhere, can make a statement that they are doing something for another, but that does not create an agency relationship under the law.

The ACAC's allegations are legally insufficient to establish agency between RCI, NCL and Travel Services. First, Charvat's statements that RCI and NCL are responsible for the actions of their agents and actions conducted in joint venture are merely conclusory statements. *See Dolter v. Keene's Transfer, Inc.*, 2008 U.S. Dist. LEXIS 59436 at *7-8 (S.D. Ill. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (holding a plaintiff fails to state a claim for liability on agency theory where the complaint contains only "labels and conclusions"). Further, the conclusory assertions that Travel Services was a vendor and promoter for RCI and NCL, that RCI and NCL hired Travel Services, and that RCI and NCL accepted customers and business from Travel Services fail to properly allege agency, because Charvat never alleges ***how RCI and NCL controlled the manner and method of Travel Services' solicitations*** and that RCI and NCL ***confirmed or ratified*** that Travel Services was their agent. While Charvat will surely argue that is what discovery will show, that is not a plausible claim for relief and discovery should not be a vehicle to allow a plaintiff to go on a fishing expedition to see if he has a claim, but rather he must first have a plausible claim before discovery is allowed under *Twombly* and interpreting legal authorities. Finally, even if allowed to amend, the amendment would be futile because Charvat cannot allege an agency relationship because, as a matter of law, travel agents have no agency relationship with RCI and NCL since they represent the individuals who are booking the tickets, not the cruise lines. *See Pheasant Run, Inc. v. Xerox Corp.*, 1986 U.S. Dist. LEXIS 30340 at *21 (N.D. Ill. Jan. 16, 1986) ("a travel agent is presumed to be the agent of the traveler"); *Douglas v. Steele*, 816 P.2d 586, 589 (Okla. Ct. App. 1991) (travel agent was not an agent of the company whose travel packages she sold to her customers, but rather was an agent of the customers); *Das v. Royal Jordanian Airlines*, 766 F.

6

Supp. 169, 171 (S.D.N.Y. 1991) (travel service was passenger's agent); *Grigsby v. O.K. Travel*, 118 Ohio

App. 3d 671, 675 (Ohio Ct. App. 1997) ("[a] travel agent is a special agent for the traveler").

**B.     Charvat fails to state a claim under Count II, 47 USC §227(c), because Charvat wrongfully premises his claim on violations of 227(d) and the ACAC fails to allege that Charvat or the family members with whom he lives are on the national "Do-Not-Call Registry" or Travel Services' do-not-call list**

Charvat alleges that Travel Services made the calls "in violation of the TCPA's identification

requirements" and that he is therefore entitled to statutory damages. [DE 23 ¶¶75-78, 81]. The ACAC

states that a telemarketer "must provide the called party with (1) the name of the individual caller, (2) the

name of the entities on whose behalf the call is being made, and (3) a phone number or address to readily

identify the calling party" *and* cites to 47 C.F.R. § 64.1200(a)(d)(4).[3] *Id.* The ACAC further refers to an

FCC Order requiring telemarketer to provide this information without request. [DE 23 ¶ 48]. Charvat,

however, misstates that the identification requirements are pursuant to section 227(**c**), because the

language he uses is actually found in section 227(**d**), ***which does not allow a private right of action or***

***provide for statutory damages***. 47 U.S.C. § 227(d)(3)(A); *Worsham v. Ehrlich*, 181 Md. App. 711, 718

(Sp. App. Ct. Md. 2008) (finding no private right of action under § 227(d); *Boydston v. Asset Acceptance,*

*LLC,* 496 F. Supp. 2d 1101, 1106 (N.D.Cal.2007) ("the remedy for violations of the procedural and

technical standards confers no private right of action"); *Culbreath v. Golding Enterprises, LLC*, 872

N.E.2d 284, 288 (Sup. Ct. Ohio 2007) ("unlike its counterparts in subsections 227(b) and 227(c),

subsection 227(d) does not provide a private cause of action for its violations"); *Klein v. Vision Lab*

*Telecomms., Inc.,* 399 F.Supp.2d 528, 539 (S.D.N.Y.2005); *USA Tax Center, Inc. v. Office Warehouse*

*Wholesale, LLC,* 160 P.3d 428, 434 (Colo. Ct. App. 2007). Even if §227(d) provided a private right of

action, Charvat's own Exhibits A, D, and F demonstrate that Travel Services' representatives complied

with section 227(d)'s identification requirements. [DE 23 Ex. A, D, F].

Even if Charvat could bring a § 227(**c**) claim for § 227(**d**) violations, which he cannot, he

nevertheless fails to state a claim under § 227(c). The ACAC alleges only that RCI and NCL "can be

---

[3] There is no 47 C.F.R. § 64.1200(a)(d)(4) in the Code of Federal Regulations. Defendants RCI and NCL believe Charvat intended to cite 47 C.F.R. § 64.1200(d)(4), which contains the relevant identification requirements.

7

liable for calls made on its behalf even if that person or entity did not directly initiate those calls" and then cites FCC rulings. [DE 23 at ¶¶43-46. Under § 227(c), Charvat must allege that he has received more than one call in a 12-month period, by or on behalf of RCI and NCL, that violates § 227(c)'s do-not-call provisions. 47 U.S.C. § 227(c)(5). First, the ACAC alleges that there was only one call in which the Travel Services representative did not comply with § 227(d)'s identification requirements, because the call was prematurely terminated. [DE 23 Ex. C]. In each of the three remaining calls, Charvat concedes that the identification occurred. [DE 23 ¶¶11-16, 25-29, 30-36]. Thus, even if § 227(c) provided a private right of action for § 227(d)'s violations, the ACAC fails to allege that Charvat received more than one call in violation of 227(d), which does not even meet the requirements for the statute. Moreover, Charvat appears to allege a violation of 47 C.F.R. § 64.1200(d)(4) by claiming Travel Services representatives did not provide their identification information "automatically" before Charvat requested it and cites a 1995 FCC opinion. [DE 23 ¶¶ 18, 29, 36, 48]. The opinion stated that telemarketers should provide identification information without request. 10 FCC Rcd. 12391 ¶ 6-7 (1995). The FCC's decision was meant to prevent a telemarketer from ending a call without providing identification information, not to create a violation if the telemarketer provides the information in response to a request. Even if the FCC intended to create such a violation, as discussed above, it is not a violation for which a private right of action exists.

Second, Charvat fails to allege that he is on the national Do-Not-Call registry or on Travel Services' do-not-call list. In fact, Charvat, a serial plaintiff who repeatedly files TCPA claims, of course refuses to register his home phone numbers on the national Do-Not-Call Registry because that would disrupt his cottage industry TCPA lawsuits. In *State ex rel. Charvat v. Frye*, Charvat submitted an affidavit wherein he stated "that (1) he had not registered either of his home telephone numbers with the national do-not-call registry" and that "(2) ***he did not intend to register his telephone numbers on the national do-not-call registry in the future***." 868 N.E.2d 270, 272 (Ohio S.Ct. 2007) (emphasis added). Certainly if he did so, he would have less opportunity to continue with his cottage industry TCPA filings. Moreover, the recordings of the calls he received show that Charvat did not request to be placed on Travel

8

Services' do-not-call list. [DE 23 Ex. A, C, D, F, Unffocial transcripts of same attached hereto as Exhibit "A"].

**C.      Charvat's class allegations also fail under Rule 8(a), 12(b)(1), 12(b)(6) and *Twombly***

In order to determine whether a class action can go forward, it must be analyzed in the framework of the substantive cause of action, which Charvat fails to properly plead. For all of the reasons set forth, Charvat has failed to properly allege a claim for relief under the TCPA and traditional agency theory or injunctive relief (see *infra*) and, therefore, cannot assert a legal basis for a class action regarding same under Federal Rule of Civil Procedure 23. *See Guarantee Ins. Agency Co. v. Mid-Continental Realty Corp.,* 57 F.R.D. 555, 563 (N.D Ill. 1972) ("Before one can represent others in a class action, the named plaintiff must state a valid claim of his own"). The class definition is similarly problematic, because it is framed in terms of the substantive cause of action, which is defective. [DE 23 ¶58]. The class definition is vague, because Charvat brings his claim under § 227(b), which contains no "on behalf of" language, yet the class definition includes putative class members who were purportedly contacted "on behalf of" RCI and NCL. [DE 23 ¶ 58]. Moreover, Charvat has included a subclass of cellular telephone users, but he has only alleged receiving calls on his residential telephone line and thus he has no Article III standing to represent a subclass of cellular telephone users. The ACAC is therefore subject to dismissal as to the cellular telephone users under Fed. R. Civ. P. 12(b)(1); *Ormond v. Anthem, Inc.*, 2009 U.S. Dist. LEXIS 1919 at *8 (S.D. Ind.) ("no named plaintiff has standing to represent this new proposed 'subclass' because no plaintiff is a member of that 'subclass'). Courts have dismissed class allegations where the class definition is not ascertainable. *See Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 496 (7th Cir. 2012) (holding that a class action cannot be maintained where the class is "not adequately defined or nearly ascertainable); *see Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980) ("plaintiff class cannot be maintained" where "the proposed class of plaintiffs is so highly diverse and so difficult to identify that it is not adequately defined or nearly ascertainable"); s*ee also Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981); 5 James W. Moore et al., *Moore's Federal Practice § 23.21[1]*, at 23-47 (Matthew Bender 3d ed. 1997) ("It is axiomatic that in order for a class action to be certified, a class must exist.").

9

In addition to the failure to adequately define the class, the allegations as to each and every requirement for a class action under Rule 23 are purely legal conclusions without ***any*** factual support whatsoever in violation of Rules 8(a)(2), 12(b)(6), and *Twombly*. It is Charvat's burden to establish that the requirements of Rule 23 have been met. *See Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977); *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 394 (N.D. Ill. 2006). Charvat fails to meet this burden by making conclusory allegations. *See Trotter v. Klincar*, 748 F.2d 1177, 1185 n. 10 (7th Cir. 1984). Charvat has failed to meet his burden of supporting his legal conclusions with factual support for class certification. Simple circular legal conclusions made in the ACAC do not suffice.

As for numerosity, Charvat simply alleges that "[o]n information and belief, the potential class members constitutes (sic) a class so numerous that joinder of all class members is impracticable" and despite his supposition that four alleged telephone calls support a nationwide class, there is not a single fact alleged in the ACAC to support that contention. [DE 23 ¶ 59]. Charvat should have some basis to allege numerosity other than "information and belief," otherwise the class allegation is a fishing expedition where Charvat will make a claim now and find support later, which fails to meet the requirements of Rule 8(a) and *Twombly*. Commonality is also alleged in a similarly conclusory manner and, given the quantum problems set forth in detail above, Charvat has failed to state a substantive claim for relief under the TCPA and provides a weak basis for purportedly common questions of law and fact that confuse and borrow from various TCPA provisions. [DE 23 ¶ 64]. Moreover, Charvat has alleged that the common questions of law and fact are set forth in paragraph 64 are "including but not limited to" those set forth in the ACAC. It is inappropriate to allege some common issues of fact and law, but not others, so that Charvat can at any time claim different common facts or legal issues without ever placing RCI or NCL on notice of same, much less alleging a plausible basis for same. Allegations relating to the typicality requirement are equally conclusory, ambiguous and improper. [DE 23 ¶ 61]. Charvat simply avers that his "claims are typical of the claims of the class," but there is not a single fact to support that conclusion of law and fact.

10

In addition to failing to properly plead Rule 23(a) requirements for a class action, Charvat has even failed to allege what subsection of Rule 23(b) serves as the basis for his proposed class. [DE 23 ¶ 57]. This leaves RCI and NCL incapable of formulating an answer since it is completely unclear from the ACAC as to which subsection Charvat seeks certification and therefore it is impossible for RCI and NCL to formulate defenses to same. Charvat has, however, referred to questions of law and fact that purportedly predominate over questions affecting individual members, which would imply a Rule 23(b)(3) class, yet Charvat has also brought a claim for injunctive relief which would implicate other 23(b) subsections. [DE 23 at ¶¶ 65-67, 79-81]. It is entirely unclear from the ACAC as to what Charvat is seeking in terms of class relief because there is nothing whatsoever in the class allegations regarding damages or injunctive relief and it is unclear from the ACAC as to whether Count I or Count II is applicable to the putative class. Even if Charvat is alleging a Rule 23(b)(3) class action, the requirements of predominance and superiority that Charvat appears to allege are similarly conclusory. For example, the ACAC simply states that "[c]ommon questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy," which simply regurgitates the requirements of Rule 23. [DE 23 ¶ 65]. Such allegations are vague, circular and so devoid of facts that RCI and NCL are unable to answer them. None of the class action allegations even remotely comes close to stating specific facts to support this putative class action under Rules 8(a)(2), 12(b)(6) and, therefore, RCI and NCL respectfully request this Court to dismiss the class action allegations in the ACAC.

**D.      Charvat is not entitled to injunctive relief because the ACAC fails to state a claim upon which relief may be granted and he has not yet succeeded on the merits**

Charvat requests a permanent injunction ordering all defendants "to immediately cease engaging in the unsolicited telemarketing in violation of the TCPA." [DE 23 ¶ 80-81]. In order to obtain a permanent injunction, Charvat must state a claim upon which relief may be granted and must succeed on the merits of that claim, which he has not done. *Potts v. Brown*, 66 Fed. Appx. 635, 638 (7th Cir. 2003) (denying as moot a request for injunctive relief where the complaint was dismissed for failure to state a

claim); *Michels v. United States Olympic Committee*, 741 F.2d 155, 156 (7th Cir. 1984) (dissolving an injunction where plaintiff had no cause of action under the relevant statute); *Plummer v. AICPA*, 97 F.3d 220, 229 (7th Cir. 1996) ("when the plaintiff is seeking a permanent injunction [. . .] the issue is not whether plaintiff has demonstrated a reasonable likelihood of success on the merits, but whether he has in fact succeeded on the merits.").

## V. Conclusion

For the reasons set forth above, Defendants, RCI and NCL, respectfully requests this honorable Court to enter an Order dismissing the ACAC pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(1), (3), 12(b)(6), 17(b), 23 and the prevailing legal authorities relating thereto, and for any and all further relief that this honorable Court deems just and proper.

Respectfully submitted,

By: /s/ Catherine J. MacIvor
    Catherine J. MacIvor
    cmacivor@fflegal.com
    *Pro Hac Vice*
    Jeffrey E. Foreman
    jforeman@fflegal.com
    ARDC #6193309
    FOREMAN FRIEDMAN, PA
    One Biscayne Tower, Suite 2300
    2 South Biscayne Boulevard
    Miami, FL 33131
    Phone: 305-358-6555
    Fax: 305-374-9077
    *Attorneys for Defendants,*
    *Royal Caribbean Cruises Ltd.*
    *NCL (Bahamas) Ltd.*

Case No. 1:12-cv-5746

## <u>CERTIFICATE OF SERVICE</u>

On October 3, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court, which will automatically send notice of the filing to all counsel of record. I hereby certify that I have served all counsel and/or pro se parties of record electronically in accordance with the Federal Rules of Civil Procedure.

<u>/s/ Catherine J. MacIvor</u>
Catherine J. MacIvor

13

**SERVICE LIST**
**CASE NO. 12-CV-5746**

Alexander H. Burke
aburke@burkelawllc.com
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Tel: 312-729-5288/Fax: 312-729-5289

Elliot S. Wiczer (ARDC #6208432)
John M. Sheldon (ARDC #6256666)
Foreman Friedman, PA
500 Skokie Blvd., Suite 325
Northbrook, IL 60062
847-849-4850

Edward A. Broderick
Broderick Law, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
Tel: 617-738-7080
*Attorneys for Plaintiff*

Catherine J. MacIvor (*Pro Hac Vice*)
Jeffrey E. Foreman (ARDC #6193309)
Foreman Friedman, PA
2 South Biscayne Blvd., Suite 2300
Miami, FL 33131
305-358-6555
*Attorneys for Defendant*

14