# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:12-cv-5746 |
| ) | |
| v. ) | Judge Zagel |
| ) | |
| TRAVEL SERVICES, ) CARNIVAL CORPORATION & PLC, ) ROYAL CARIBBEAN INTERNATIONAL, ) NORWEGIAN CRUISE LINE, ) ) | Magistrate Judge Valdez |
| Defendants. ) | |

## DEFENDANTS CARNIVAL CORPORATION & PLC, ROYAL CARIBBEAN INTERNATIONAL AND NORWEGIAN CRUISE LINE'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

Defendants, Carnival Corporation & PLC ("Carnival"), Royal Caribbean International ("RCI") and Norwegian Cruise Line ("NCL"), collectively the "Cruise Lines," hereby file their Response to Plaintiff's Motion for Leave to Amend His Complaint.

### Introduction

Charvat filed his original complaint in this matter on July 23, 2012. [DE 1]. On or about September 18, 2012, shortly after the Cruise Lines filed their appearances, Charvat sought and obtained a Rule 26 conference, at which time the Cruise Lines informed Charvat's counsel that they would be moving to dismiss his complaint, and contemporaneously seeking to stay discovery against them. Shortly after the Rule 26 conference, Charvat served massive discovery requests on RCI and NCL[1] notwithstanding the fact that the Cruise Lines had expressed concerns

---

[1] Charvat had already served Carnival with extensive requests prior to the Rule 26 Conference.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

over Charvat's broad industry-wide discovery when Charvat had failed to state a legally sufficient claim for relief against any of them. Charvat then waited until September 25, 2012— **one day** before the Cruise Lines were to file their Motions to Dismiss the original complaint— before filing an Amended Complaint. [DE 23]. This Amended Complaint added three telephone calls (each conveniently saved by Charvat as audio recordings) that pre-dated the single call that had been alleged in the original Complaint. [DE 1 ¶ 11-15] (alleging only one call on July 9, 2012); [DE 23 ¶ 11-29] (alleging three additional calls **prior** to July 9, 2012). Additionally, Charvat added a second cause of action, pursuant to Section 227(c) of the Telephone Consumer Protection Act ("TCPA"), which was premised upon the defendants' purported violation of the TCPA's "identification requirements."[2] [DE 23 ¶ 74-78]. By this time, the Cruise Lines had already drafted their motions to dismiss, and were forced to incur significant additional expense in order to restructure their motions and add an entirely new argument pertaining to the new cause of action contained within the amended pleading.

On October 25, 2012, for the second time within one month, and after having received the benefit of the Cruise Lines' Motions to Dismiss, Charvat again seeks to amend his pleadings in order to file a third complaint in yet another attempt to state bona fide claims for legal relief. [DE 46, 46-1]. The Cruise Lines do not oppose Charvat's request to withdraw the § 227(c) claim set forth in Count II of the Amended Complaint. [DE 46-1 ¶ 85-92] (alleging **_no_** 227(c) claim). They do, however, object to the remainder of Charvat's proposed amended pleading for the reasons set forth below.

---

[2] Of course, the Cruise Lines have taken issue with Charvat's attempt to state a claim for relief pursuant to Section 227*(c)* based upon defendants' purported violation of the TCPA's identification requirements on the basis that such a violation falls under Section 227(*d*) of the TCPA and cannot be raised by individual plaintiffs.

**I.     Charvat provided extremely short notice to the Cruise Lines, and his actual amendments went far beyond the changes initially proposed to the Cruise Lines.**

Carnival filed its Motion to Dismiss Charvat's Amended Complaint on September 28, 2012, and RCI and NCL filed their Motion to Dismiss the Amended Complaint on October 3, 2012. [DE 26, 30]. The Court thereafter set a briefing schedule on these motions, which required Charvat to file his response to the Motions to Dismiss on October 25, 2012. [DE 44.]

In an e-mail dated October 24, 2012, Charvat's counsel informed counsel for the Cruise Lines that he intended to seek leave to file a Second Amended Complaint, which would go no further than to (i) more specifically identify Travel Services and (ii) drop his Section 227(c) claim.[3]  *See* E-mail from Matthew P. McCue to Jeffrey S. Becker and Catherine J. MacIvor, dated October 24, 2012, attached hereto as **Exhibit "A."**  The following day, within mere hours of when Charvat's response brief was due to be filed, his attorneys provided counsel for the Cruise Lines with a copy of the proposed Second Amended Class Action Complaint. *See* E-mail from Matthew P. McCue to Jeffrey S. Becker and Catherine J. MacIvor, dated Thursday, October 25, 2012, attached hereto as **Exhibit "B."**  Such short notice did not provide defense counsel with sufficient time to confer with their own clients before being able to tell Charvat's whether defendants would consent to the amendment. Such short notice is particularly objectionable for the following three reasons.

First, the proposed Second Amended Complaint went far beyond the changes Charvat's counsel initially proposed. The proposed pleading adds a substantial number of new allegations. [DE 46-1 ¶ 18-27, 53-61]. Given the number and breadth of these new allegations, Charvat should have given defense counsel a copy of the proposed Second Amended Complaint sooner than the day on which he was to file his response to the Motions to Dismiss his Amended

---

[3] The e-mail also indicates that Charvat will not contest dismissal of the 227(c) claim.

Complaint. *Johnson v. Methodist Medical Ctr.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (noting "the proposed complaint goes beyond the scope of the" previous complaint); *Klco v. Elmhurst Dodge*, 2002 U.S. Dist. LEXIS 1821, at *1-2 (N.D. Ill. 2002) (noting a complaint can be freely amended as long as amendments do not unfairly surprise the defendant); *Goss Int'l Ams., Inc. v. Graphic Mgmt. Assocs.*, 2006 U.S. Dist. LEXIS 41757, at *7-8 (N.D. Ill. 2006) (suggesting amendment may constitute surprise where defendant is not aware of the facts underlying the amendment).

Second, Charvat supposedly possessed these facts for months, or could have obtained them earlier, as he admits discovery was not necessary to unearth this new evidence. [DE 46 ¶ 4, 7; DE 47 p. 1]. As such, these facts should have been alleged in prior pleadings. *See Johnson v. Methodist Medical Ctr.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (noting that plaintiff did not move for leave to amend at the time she became apprised of new facts and counsel's lack of explanation as to why he did not amend earlier).

Third, Charvat is a very experienced TCPA litigant,[4] and his counsel has previously filed numerous TCPA claims both on his behalf and on behalf of others. Thus, Charvat and his counsel are not ignorant of the factual and legal requirements of a TCPA pleading. As a result, the Cruise Lines respectfully request that the Court not allow Charvat a third attempt to amend his pleadings by baselessly claiming that he has discovered "new evidence" when both he and his counsel should already know how to properly allege a TCPA claim and had the ability to do so from the beginning of the case.

---

[4] *See Charvat v. Echostar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010); *Charvat v. GVN Mich., Inc.*, 561 F.3d 623 (6th Cir. 2009); *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011); *Charvat v. Dispatch Consumer Servs.,* 95 Ohio St. 3d 505 (Ohio 2002); *Charvat v. Telelytics, LLC*, 2006 Ohio 4623 (Ohio Ct. App. 2006); *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007); *Charvat v. DFS Servs. LLC*, 781 F. Supp. 2d 588 (Ohio Southern Dist. Ct. 2011); *State ex rel. Charvat v. Frye*, 114 Ohio St. 3d 76 (Ohio 2007); *Charvat v. Farmers Ins. Columbus, Inc.*, 178 Ohio App. 3d 118 (10th Dist. Ohio Ct. App. 2008); *Charvat v. ATW, Inc.*, 127 Ohio App. 3d 288 (10th Dist. Ohio Ct. App. 1998); *Charvat v. Crawford*, 155 Ohio App. 3d 161 (10th Dist. Ohio Ct. App. 2003); *Charvat v. Colorado Prime*, 1998 Ohio App. LEXIS 4292 (10th Dist. Ohio Ct. App. 1998); *Charvat v. Credit Found. of Am.*, 2008 Ohio 6820 (10th Dist. Ohio Ct. App. (2008).

**II.     Charvat must commit to a theory of his case and stop amending his complaint.**

Within the course of one month, Charvat has amended his complaint two times despite the fact that he should have filed a legally sufficient claim in the first place. [DE 23, 46-1]. The facts that have been added to the latest iteration of his pleadings were certainly available to him when the original and amended complaints were drafted. [DE 46-1 ¶ 18-27, 53-61]. It is unclear, for example, why Charvat had not included reference to the three older telephone calls in his original complaint when he had clearly archived the audio recordings for future use. [DE 1 ¶ 11-15] (alleging only one call on July 9, 2012); [DE 23 ¶ 11-29] (alleging three additional calls **prior** to July 9, 2012). It is equally unclear why Charvat had not added allegations to his Amended Complaint concerning information he purportedly acquired from FTC complaints, when his attorney appeared in court on October 15, 2012 and presented to the Court a folder of what he claimed to be "thousands of FTC complaints" against the Cruise Lines. [DE 1 ¶ 39-40]; [DE 46-1 ¶ 18-27]. When considered alongside the fact that Charvat added a claim based upon a purported violation of the TCPA's "identification requirements," which so clearly failed to state a claim for relief that Charvat is now voluntarily withdrawing it, this Court should consider what such experienced TCPA litigants are trying to accomplish and the waste of judicial resources that this has caused to date. [DE 1, ¶ 40-46] (alleging **_no_** 227(c) claim); [DE 23, ¶ 74-78] (alleging a 227(c) claim); [DE 46-1 ¶ 85-92] (alleging **_no_** 227(c) claim).

Charvat must commit to the claims he intends to commence and pursue, rather than adding new claims only to withdraw them shortly after filing them. *Id.* It appears from a review of Charvat's other lawsuits that it is his pattern and practice to drive up the cost of litigation for defendants, and such conduct has been abundantly clear in this proceeding. Thus, while Rule 15(a) provides that a court may freely give a plaintiff leave to amend his complaint when justice

so requires, there must be a point in time that Charvat must commit to the theory of his case. As this Court is aware, Charvat is well-versed in the TCPA, and there is no bona fide reason why he should not have been aware of the facts and law necessary to support each of his claims prior to filing each of his complaints. *See Johnson v. Methodist Medical Ctr.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (affirming denial of plaintiff's motion for leave to file a third amended complaint); *see also KCH Servs. v. Vanaire, Inc.*, 2007 U.S. Dist. LEXIS 64840, at 15-16 (W.D. Ky. 2007) ("at some point, an extended series of amendments and modifications prejudices the defendants and unduly imposes on the resources of the court"); *Goldfish Shipping, S.A. v. HSH Nordbank AG*, 623 F. Supp. 2d 635, 640 (E.D. Pa. 2009) ("at some point, the delay [of amending a complaint] will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party"); *AMCAL Multi-Housing, Inc. v. Pac. Clay Prods.*, 2007 U.S. Dist. LEXIS 81282, at 15 (C.D. Cal. 2007) ("at some point [. . .] the process of requiring further amendments to the complaint must end"). The Cruise Lines therefore oppose any further amendment by Charvat since there is nothing that could not, and should not, have been alleged in his earlier pleadings.

**III.    Conclusion**

For the foregoing reasons, defendants Carnival Corporation & PLC, Royal Caribbean International and Norwegian Cruise Line, respectfully request that this Honorable Court deny Charvat's motion for leave to amend, except as to those amendments that conform to the October 24, 2012 E-mail, which informed Carnival, RCI and NCL that Charvat would only add Travel Services' entities as defendants and withdraw Count II of his Amended Complaint (concerning the purported violation of Section 227(c)).

Respectfully submitted,

CASE NO. 12-CV-5746

By: /s/ Catherine J. MacIvor
Catherine J. MacIvor
cmacivor@fflegal.com
*Pro Hac Vice*
Jeffrey E. Foreman
jforeman@fflegal.com
ARDC #6193309
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendants,*
*Royal Caribbean Cruises Ltd.*
*NCL (Bahamas) Ltd.*

and

John M. Sheldon
jsheldon@fflegal.com
Elliott S. Wiczor
ewiczor@fflegal.com
FOREMAN FRIEDMAN, P.A.
500 Skokie Blvd., Ste. 325
Northbrook, IL 60062
Phone: 847-849-4850
Fax: 847-849-4851
*Attorneys for Defendants,*
*Royal Caribbean Cruises Ltd.*
*NCL (Bahamas) Ltd.*

and

Jeffrey S. Becker
jbecker@smbtrials.com
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
*Attorney for Defendant,*
*Carnival Corporation & PLC*

CASE NO. 12-CV-5746

## **CERTIFICATE OF SERVICE**

On November 5, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court, which will automatically send notice of the filing to all counsel of record. I hereby certify that I have served all counsel and/or pro se parties of record electronically in accordance with the Federal Rules of Civil Procedure.

/s/ Jeffrey S. Becker  
Jeffrey S. Becker

**SERVICE LIST**
<u>**CASE NO. 12-CV-5746**</u>

Alexander H. Burke
aburke@burkelawllc.com
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Tel: 312-729-5288/Fax: 312-729-5289

Edward A. Broderick
Broderick Law, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
Tel: 617-738-7080

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
Tel: 508-655-1415
*Attorneys for Plaintiff*

Elliot S. Wiczer (ARDC #6208432)
John M. Sheldon (ARDC #6256666)
Foreman Friedman, PA
500 Skokie Blvd., Suite 325
Northbrook, IL 60062
847-849-4850

Catherine J. MacIvor (*Pro Hac Vice*)
Jeffrey E. Foreman (ARDC #6193309)
Foreman Friedman, PA
2 South Biscayne Blvd., Suite 2300
Miami, FL 33131
305-358-6555
*Attorneys for Defendants,*
*Royal Caribbean International and*
*Norwegian Cruise Line*

Joseph P. Kincaid
Jeffrey S. Becker
Joshua E. Bidzinski
Swanson, Martin & Bell, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
*Attorneys for Defendant,*
*Carnival Corporation & PLC*