UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Philip Charvat on behalf of himself and others similarly situated,<br>   Plaintiff,<br><br>    v.<br><br>Elizabeth Valente, Resort Marketing Group, Inc., Travel Service Network, Inc., TSN Travel, Inc., TSN International, Inc., TSN Marketing, LLC, Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., and Norwegian Cruise Lines Holding, Ltd.<br>   Defendants. | Case No.: 1:12-cv-5746<br><br>Judge Zagel<br><br>Magistrate Judge Valdez |

### DEFENDANT ELIZABETH VALENTE'S MOTION TO STRIKE DISCOVERY PROPOUNDED UPON "TRAVEL SERVICES" OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND THERETO

NOW COMES Defendant, ELIZABETH VALENTE, by and through her attorneys, STARR, BEJGIERT, ZINK & ROWELLS, and respectfully moves this Honorable Court to strike the discovery propounded upon "Travel Services" or, in the alternative, to grant her an extension of 30 days to respond to all discovery, and in support thereof states as follows:

On January 2, 2013 Defendant, ELIZABETH VALENTE, retained the Law Offices of Starr, Bejgiert, Zink & Rowells to represent her in this matter. A review of the file by Defendant's newly retained counsel reveals that, in his initial and Amended Class Action Complaints, Plaintiff named as a party Defendant, "Travel Services." In October 2012 Plaintiff likewise propounded discovery requests directed to "Travel Services." On November 8, 2012 Elizabeth Valente filed an Appearance on behalf of "Travel Services." However, on December 3, 2012 Plaintiff filed a Second Amended Class Action Complaint, which removed "Travel Services" as a party Defendant to this

Action. Instead, Plaintiff named six new party Defendants, including Elizabeth Valente and five distinct corporate entities.

Furthermore, in his Second Amended Complaint, Plaintiff alleges that "Travel Services" is merely a "fictitious name" used by the various newly named corporate Defendants. Given that Plaintiff has removed "Travel Services" as a party Defendant to this case and has referenced "Travel Services" as nothing more than a "fictitious name" used by the recently named Defendants, the discovery propounded upon "Travel Services" should be stricken. Indeed, the "party" upon which it was served is no longer a party to this action.

Given that she is a newly added party Defendant to this case and that "Travel Services" has been removed as a party Defendant, Defendant ELIZABETH VALENTE seeks clarification through order of this Court. The discovery issued upon "Travel Services" (before Ms. Valente was named as a party in this case) is not and has not been properly propounded upon her. Accordingly, the discovery previously propounded upon "Travel Services" must properly be stricken.

In the alternative, should the Court permit the propounded discovery to stand for response by Defendant ELIZABETH VALENTE, said Defendant respectfully requests an extension of 30 days to respond. This request is not made for the purpose of delay but rather to provide her newly retained counsel time to confer with her and to respond properly.

**WHEREFORE,** Defendant, ELIZABETH VALENTE, by and through her attorneys, STARR, BEJGIERT, ZINK & ROWELLS, prays that this Honorable Court strike the discovery propounded by Plaintiff upon Travel Services or, in the alternative,

2

grant an extension of 30 days for her to respond to all discovery, and for such further relief as this Court deems just and proper.

Respectfully submitted,

ELIZABETH VALENTE

By:    /s/   Michael J. Zink
        Her Attorney

Starr, Bejgiert, Zink & Rowells
35 E. Wacker Drive
Suite 1870
Chicago, Illinois 60601

## **CERTIFICATE OF SERVICE**

On January 7, 2013, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court, which will automatically send notice of the filing to all counsel of record. I hereby certify that I have served all counsel and/or pro se parties of record electronically in accordance with the Federal Rules of Civil Procedure.

By: /s/ Michael J. Zink