AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| Charvat | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 12-cv-05746 |
| | ) | |
| Travel Services, et. al. | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: XCast Labs Inc., 191 Waukegan Rd., St. 310 in Northfield, IL 60093

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See the attached Schedule A

| Place: BURKE LAW OFFICES, LLC<br>155 N. Michigan Ave., Suite 9020<br>Chicago, IL 60601 | Date and Time:<br>10/19/2012 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/09/2012

*CLERK OF COURT*

OR

_____    /s/ Edward A. Broderick
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Plaintiff _____, who issues or requests this subpoena, are:

Broderick Law, P.C., 125 Summer St., Suite 1030, Boston, MA 02110, anthony@broderick-law.com, (508) 221-1510

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **SCHEDULE A**

### INSTRUCTIONS

1. You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computer's hard drive, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2. Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a formal compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format.

3. Should you refuse, in whole or in part, to produce documents responsive hereto in reliance on a claim of privilege, please state:

    a. The name of the sender(s) of the document;

    b. The name of the author(s) of the document;

    c. The name of the person(s) to whom copies were sent or otherwise made available;

    d. The job title of every person named in (a), (b) and (c) above;

    e. The date of the document;

    f. The date on which the document was received by each addressee or other recipient;

    g. A brief description of the nature and subject matter of the document;

    h. The statute, rule or decision which is claimed to give rise to the privilege; and

    i. The detailed factual basis for the claim of privilege.

336354

## DEFINITIONS

1. When used in these Definitions, "XCast", "you", or "your" (or synonyms thereof) means XCast Labs Inc., 191 Waukegan Rd., St. 310 in Northfield, IL 60093, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "Concerning" means referring to, describing, evidencing, or constituting.

4. When requested to "identify" a document, give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) author(s), addressee(s), and recipient(s); and (iv) date the document was prepared.

5. When requested to "identify" a person, give the person's full name and present or last known address.

6. "Person" means any natural person or any business, legal or governmental entity or association.

7. "Telemarketing" means selling and promoting goods or services by telephone.

8.      The term "document" is used in the broadest sense of the word and means any written, recorded, or graphic material that is in the defendant's possession, custody, or control including but not limited to: memoranda, reports, letters, telegrams, facsimiles, electronic mail, voice mail, other electronic correspondence, and any other communications recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, depositions, and telephone or other communications; solicitations, advertisements, offers, confirmations, contracts and other agreements; statements, ledgers, invoices, receipts, customer or vendor lists, and other records of financial matters or commercial transactions; financial models, statistical models, surveys, studies, computer printouts, and other data compilations; notebooks, calendars, and diaries; plans, proposals, scripts, and specifications; publications, manuals, supplements, indices, abstracts, pamphlets, and fliers; photographs, diagrams, graphs, charts, and other drawings; transparencies, view graphs, foils, slides, handouts, and multimedia presentations; photocopies, microfilm, microfiche, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings. The term includes all drafts of a document; the original document (or an identical copy if the original is no longer available); and all copies that differ in any way from the original (including as to any notations, underlining, markings, or electronically imbedded comments or codes). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

9.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, unless otherwise indicated.

10. The word "each" shall be construed to include the word "every," and the word "every" shall be construed to include the word "each."

11. The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

12. The word "or" shall be construed to include "and," and the word "and" shall be construed to include the word "or."

13. The words phrases "referring to" or "relating to" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

14. The term "present" means up to and including the date of your final response to this request.

15. The term "Travel Services" should be understood to include that entity or any employee, executive of Travel Services, and any related entity or person, including but not limited to the following: Travel Services of Illinois, Travel Services of Arizona, Beth Valente, Louise White, LLC, Laura Fernandez, Richard Borst, Jamie Smith, Madeline Allerton, Jonathan Allenton, TSN International, Inc., Travel Service Network, Inc., Resort Marketing Group, The Marketing Group, GenerationX Solutions,Inc. and any other entity believed to be associated with any of them.

4

**REQUESTS**

**Request No. 1:** Produce all contracts entered into between you and Travel Services of Illinois and/or Arizona, as well as Beth Valente, Louise White, LLC, Laura Fernandez, Richard Borst, and Jamie Smith.

**Request No. 2:** Provide all correspondence, including, but not limited to, e-mails, between you and Travel Services of Illinois and/or Arizona, as well as Beth Valente, Louise White, LLC, Laura Fernandez, Richard Borst, and Jamie Smith.

**Request No. 3:** All documents relating to voice broadcasting and pre-recorded telephone messages sent and/or transmitted by you, or by any agent, for cruise products at any time, on behalf of Travel Services or any of its employees.

**Request No. 4:** All documents relating to any telemarketing, including, but not limited to, voice broadcasting and pre-recorded telephone messages for cruise products at any time, at any customer's request.

**Request No. 5:** Provide all documents relating to consumer requests to be placed on a Do Not Call list that relates to Travel Services.

**Request No. 6:** All documents, including, but not limited to, call detail records, relating to all Travel Services accounts for the past four years.

**Request No. 7:** All documents relating to the phone list(s), including the list(s) themselves, utilized to engage in the transmission and/or sending of telephone calls by you, at the request of Travel Services at any time.

**Request No. 8:** All reports, data compilations, verification and/or transmission reports related to the transmission and/or sending of telephone calls by you, at the request of Travel Services.

**Request No. 9:** All documents received from anyone, including, but not limited to, the defendants in this case, or its counsel, in any way relating to allegations of illegal telemarketing.

**Request No. 10:** Provide all responses electronically, and in their native format.