IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ELIZABETH VALENTE, RESORT ) MARKETING GROUP, INC., TRAVEL ) SERVICE NETWORK, INC., TSN ) MARKETING LLC, CARNIVAL ) CORPORATION & PLC, ROYAL ) CARIBBEAN CRUISES, LTD., and ) NORWEGIAN CRUISE LINES ) HOLDING, LTD., ) ) Defendants. ) | No. 12 cv 5746<br><br>Honorable Judge James B. Zagel<br><br>Magistrate-Judge Maria Valdez |

**DEFENDANT RESORT MARKETING GROUP, INC.'S RESPONSE TO PLAINTIFF PHILIP CHARVAT'S MOTION TO COMPEL AND CROSS-MOTION TO DEEM FACTS ADMITTED AND TO COMPEL**

Defendant, Counter-Plaintiffs, RESORT MARKETING GROUP, INC., and ELIZABETH VALENTE, by and through their attorneys, Starr, Bejgert, Zink & Rowells, respectfully submit its Response to Plaintiff, Counter-Defendant, Philip Charvat's Motion to Compel, and its Cross-Motion to Compel, as follows:

**Introduction**

Plaintiff, Counter-Defendant, Philip Charvat ("Charvat") appears to know no bounds in his continuing pattern of conduct in this Lawsuit contrary to this Court's pending Protective Order and directives, and contrary to the basic requirements of the governing Federal and Local Rules of Procedure. In this latest instance, Charvat has filed another Motion to Compel. This time, he is seeking to compel Defendants Elizabeth Valente and Resort Marketing Group (the

"Travel Services Defendants") to produce documents responsive to the substantially overbroad Document Requests that Charvat propounded upon these parties in violation of this Court's November 26, 2012 Protective Order. [DE 57.] In doing so, Charvat appears to believe that what is "good for the goose" has absolutely no bearing on "the gander," since he summarily failed to timely respond to *any* of Resort Marketing Group's pending and now overdue (i) Requests to Admit, (ii) Interrogatories and (iii) Document Requests—all of which have been narrowly tailored to comply with the scope of discovery that was authorized by this Court in its pending Protective Order.

If the same aggressive approach to discovery that is being advocated by Charvat for the "goose" is equally applicable to him as the "gander," under the governing Federal Rules of Civil Procedure, Charvat's failure to timely respond to Resort Marketing Group's Requests to Admit has resulted in those Requests being deemed admitted. In addition, Charvat has waived any objections he may have to Resort Marketing Group's overdue Interrogatories. Finally, to the extent this Court deems it appropriate to enter an order waiving each of Travel Services Defendants' objections to Charvat's Document Requests, then Charvat has also waived any objections he may have to Resort Marketing Group's overdue Document Requests.

I. **History of Written Discovery Issued By Plaintiff and the Travel Services Defendants**

Charvat issued written discovery (including Interrogatories, Document Requests and Requests to Admit) to the Travel Services Defendants on May 6, 2013. Thus, the Travel Services Defendants' responses to Charvat's discovery was initially due on June 5, 2013. The Travel Services Defendants issued written discovery (including Interrogatories, Document Requests and Requests to Admit) to Charvat on May 14, 2013. Thus, Charvat's responses to the Travel Services Defendants' discovery was initially due on June 13, 2013.

2

### A. The Parties Stipulate to an Extension for the Travel Services Defendants to Respond to Discovery

By written correspondence exchanged on June 4, 2013, counsel for the Travel Services Defendants requested an extension of time to respond to Charvat's discovery. (**Exhibit A**.) Pursuant to this request, the parties stipulated to an extension of time whereby the Travel Services Defendants would produce answers to Charvat's Interrogatories and Requests to Admit by June 12, 2013, and would then respond to Charvat's Document Requests by June 19, 2013. (Exhibit A.) As a condition to providing this extension, Charvat's attorney expected that the Travel Services Defendants would produce documents along with their responses to the Document Requests and not simply make objections and promise that documents would be produced in the future. (Exhibit A.)

### B. The Parties Stipulated to an Extension for Charvat to Respond to Discovery

By written correspondence exchanged on June 7, 2013, Charvat's counsel requested an extension of time in which to answer all written discovery issued by the Travel Services Defendants. (**Exhibit B**.) Specifically, Charvat's counsel requested until June 26, 2013 to answer all discovery issued by the Travel Services Defendants. (Exhibit B.) Counsel for the Travel Services Defendants agreed to this extension based upon the same understanding that Charvat would actually produce documents on June 26, 2013 and not just place objections and promise that documents would be produced in the future. (Exhibit B.)

### C. The Travel Services Defendants Answer Charvat's Discovery

The Travel Services Defendants timely answered Charvat's Interrogatories and Requests to Admit on June 12, 2013. While their responses to Charvat's Document Requests were, by

3

agreement of the parties, due to be produced on June 19, 2013, the Travel Services Defendants admittedly failed to do so until June 28, 2013.

The delay in responding to Charvat's Document Requests was primarily due to the fact that Charvat had requested a significant amount of information in violation of this Court's November 26, 2012 Protective Order, which limited the scope of discovery to Charvat's individual claims against Travel Services. [DE 57.] For example, Charvat sought the following:

- All documents and data "concerning or relating to *any* attempted and completed calls you made using an Auto Dialer in the four years prior to the filing of the complaint." (DE 137-1, ¶ 17.)

- All documents "that identify by name, address and/or phone number, *all individuals* contacted on their residential or home phone lines by You." (DE 137-1, ¶ 22.)

- All documents "evidencing telemarketing calls made to *any* consumer in the four years prior to the filing of this litigation and documents that identify the goods or services being offered in those calls." (DE 137-1, ¶ 10.)

- All documents that "identify by name, address and/or phone number, *all individuals* contacted on their residential or home phone lines by You, utilizing the services" of XCast Labs, Nextiva and 8x8. (DE 137-1, ¶ 19, 20 and 21.)

- "All documents relating to or mentioned [9 different telephone] numbers." (DE 137-1, ¶ 23.)

- All documents "relating to policies, practices or procedures having to do compliance with any Do Not Call Registry." (DE 137-1, ¶ 30.)

Of note, Charvat issued these Document Requests on May 6, 2013, despite the fact this Court had 5 ½ months earlier limited the scope of discovery to his individual claims against Travel Services. [DE 57.]

In addition, on June 13, 2013, this Court issued an order asking that the parties submit briefing as to the materiality of pending discovery, which required the Travel Services Defendants to further consider the scope of what information they should be producing in

4

response to Charvat's overbroad Document Requests. Thus, the Travel Services Defendants responded to Charvat's Document Requests on June 28, 2013, but by this time Charvat already filed his Motion to Compel, in which seeks the production of documents responsive to *every* Request, even those that directly violate the Court's November 26, 2012 Protective Order. [DE 137.]

This Court has discretion in determining whether untimely responses to document requests results in a party's waiver of any objections to those requests. The Travel Services Defendants respectfully request that this Court deny Charvat's motion so that he may not benefit from his blatant violation of this Court's November 26, 2013 Protective Order.[1] Indeed, the

### D. All of Charvat's Discovery Responses Are Untimely

Unlike the Travel Services Defendants, none of Charvat's discovery responses were timely produced. Despite the fact Charvat had procured an extension through June 26, 2013 to answer the discovery requests, he did not do so. Nor did he do so on June 27, 2013, when he chose instead to file his Motion to Compel. Only after Charvat filed his motion did he realize that his own discovery responses were now late. Thus, on June 28, 2013 Charvat served his answers to Interrogatories, answers to Requests to Admit and responses to Document Requests upon the other parties. (**Exhibits C, D and E**.)

By June 28, 2013, however, Charvat's responses were late, and detrimentally so according to his own Motion to Compel. As Charvat points out, Federal Rule of Civil Procedure 33(b)(4) contains express language stating that objections to Interrogatories not stated in a timely manner are waived absent good cause shown. [DE 137, ¶ 11]. But there is more. According to

---

[1] Indeed, the Travel Services Defendants cannot, by their delay in responding to the Document Requests, "waive" the discovery limitations imposed upon the parties in this Court's November 26, 2013 order. On the contrary, Charvat went beyond the scope of discovery permitted by this Court, and his violation of the Court's order is not cured by the Travel Services Defendants' delay.

Charvat, "[d]ocuments are due the same day as responses to document requests." [DE 137, ¶ 9.] While the Travel Services Defendants produced documentation contemporaneous with their responses, Charvat produced none, promising instead that responsive documents will be produced on a later date. (*See, e.g.,* Exhibit D, ¶ 7, 8 and 12.) This, of course, goes against the sentiment of Charvat's counsel in the parties' June 4, 2013 correspondence. (Exhibit A.)

### II. All Facts Set Forth in the Requests to Admit Served Upon Charvat are Deemed Admitted

Charvat answers to the Travel Services Defendants' Requests to Admit are untimely. Pursuant to Federal Rule of Civil Procedure 36, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). While Charvat's counsel had procured a stipulated extension of time to answer the Requests to Admit by June 26, 2013, Charvat did not answer the Requests until June 28, 2013. (Exhibit E.)

"Rule 36(a) . . . clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted." *United States v. Kasuboski,* 834 F.2d 1345, 1349 (7th Cir.1987); *Matthews v. Homecoming Fin. Network,* 03 C 3115, 2006 WL 2088194, at *1 (N.D. Ill. July 20, 2006). The failure to timely respond to requests for admissions results in **automatic** admission of the matters requested. Schwarzer, Tashima & Wagstaffe, FED. CIV. PROC. BEFORE TRIAL at ¶¶ 811-12 (2002). To that end, no motion to establish the admissions is necessary because Federal Rule of Civil Procedure 36(a) is self-executing. *See id.* at ¶ 812; *see also Matthews,* 2006 WL 2088194, at *2.

For this reason, Charvat's failure to timely answer the Travel Services Defendants' Requests to Admit resulted in the admission of each fact set forth therein. *See Kasuboski,* 834

6

F.2d 1345, 1350. Any attempt by Charvat to nullify the consequences of his untimely responses should be rejected by this Court because he chose to focus his attention on the preparation and filing of aggressive Motions to Compel XCast Labs [DE 131] and the Travel Services Defendants [DE 137] to produce documents in response to discovery that violates this Court's November 26, 2013 Protective Order. Charvat's deficiencies should be subject to the same strict and rigid interpretation of the Federal Rules of Civil Procedure that he seeks to impose upon the Travel Services Defendants. As such, all facts set forth in the Requests to Admit served upon Charvat by the Travel Services Defendants are deemed admitted.

### III. Resort Marketing Group's Motion to Compel Production of Documents and Deem Objections to Interrogatories Waived

Charvat's answers to Interrogatories and Document Requests are also untimely. As set forth above, Federal Rule of Civil Procedure 33(b)(4) contains express language stating that untimely objections to Interrogatories are waived absent good cause shown. Fed. R. Civ. P. 33(b)(4). As with his answers to Requests to Admit, Charvat choose to aggressively pursue a Motion to Compel against the Travel Services Defendants rather than timely answering their Interrogatories. Charvat should be made to understand that what he considers "good for the goose" is also "good for the gander." The Travel Services Defendants therefore request that this Court, consistent with the express language of Rule 33(b)(4), deem waived all objections interposed by Charvat in his answers to their Interrogatories (with the exception of attorney-client or work product privilege), and compel Charvat to provide full and complete answers to each Interrogatory within seven days of this Court's order.

With respect to Charvat's responses to Document Requests, the Travel Services Defendants' recognize that they are in roughly the same position as Charvat. While the Travel Services Defendants' responses were delayed by approximately a week, Charvat's responses

7

were accompanied by absolutely no documents. This lack of documentation by Charvat is notable given that his counsel had previously conditioned the discovery extension provided to the Travel Services Defendants as follows: "On the extension, note we expect to get all documents on the 19th, not just a response with objections and/or commitment to produce. I'm hoping that's what you had in mind." (Exhibit A.) To that end, the Travel Services Defendants request that this Court compel Charvat to produce all documentation referenced in his response to the Document Requests within seven days. With respect to the issue of implicit waiver of objections to the Document Requests raised by Charvat in his Motion to Compel, the Travel Services Defendants respectfully request that this Court treat Charvat in the same manner as he seeks to have others treated. Thus, to the extent this Court determines that the Travel Services implicitly waived their objections to Charvat's Document Requests, these defendants respectfully request that this Court deem Charvat to have waived his objections as well.

**WHEREFORE,** Defendant, Counter-Plaintiffs, RESORT MARKETING GROUP, INC., and ELIZABETH VALENTE, by and through their attorneys, STARR, BEJGIERT, ZINK & ROWELLS, pray that this Honorable Court order Plaintiff to immediately produce all responsive documents, with objections waived, to deny Plaintiff's Motion to Compel, to deem admitted all facts contained in Defendant's Request for Admission, and to award such further relief as this Court deems just and proper.

Respectfully submitted,

ELIZABETH VALENTE

By:    /s/   Michael J. Zink
       Her Attorney

Starr, Bejgiert, Zink & Rowells
35 E. Wacker Drive, Suite 1870
Chicago, Illinois 60601

## CERTIFICATE OF SERVICE

On June 28, 2013, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court, which will automatically send notice of the filing to all counsel of record. I hereby certify that I have served all counsel and/or pro se parties of record electronically in accordance with the Federal Rules of Civil Procedure.

By: /s/   Michael J. Zink