**Jeff Becker**
___

| | |
|---|---|
| **From:** | Patricia Mathis <pmathis@xcastlabs.com> |
| **Sent:** | Friday, May 24, 2013 5:19 PM |
| **To:** | aburke@burkellc.com; ted@broderick-law.com |
| **Cc:** | Jeff Becker; cmacizor@fflegal.com; sbzrlaw@gmail.com |
| **Subject:** | [*** GFI-SPAM? ***] - Charvat v. Resort Marketing and related claims - Email found in subject |
| **Attachments:** | STORAGE COMMUNICATIONS ACT OVERVIEW.doc |
| **Importance:** | High |

Gentlemen:

It has come to my attention that certain among you plan to request the court to compel the production of certain documents by XCast Labs, Inc. regarding Case 1:12-cv-05746, Document #131; filed 5/22/2013.

This motion sets forth certain assumptions, namely that one Rory Pickens of Broderick Law, PC, spoke on the telephone with an "XCast representative Stephen Snow, on or about April 17, 2013."Mr. Snow is a front-line employee of XCast who may have randomly answered an incoming call from said Mr. Pickens. Mr. Snow has no role in legal oversight over XCast affairs and is not authorized to respond to subpoenas or any other legal matter involving the company. It is the policy and legal responsibility of XCast to respond only to official signed orders from a court. If Mr. Snow responded to an unknown caller requesting confidential information, he would have been acting appropriately and in accord with standard best practices of the company. We found no evidence that Mr. Pickens or others associated with this particular request made efforts to "negotiate a compromise, or otherwise convince XCast to produce any more materials." XCast has no information or evidence that Mr. Pickens ever contacted XCast again.

XCast has responded to previous requests from law groups associated with the matter of Chavat v. Travel Services , including a party named Anthony Paronich. Our records indicated that XCast sent to the Broderick Law firm certain legally permissible documents on January 11, 2013. There was some apparent confusion when communication was initially sent to a "Mr. Hill" and XCast has never had an employee by that name. It is my understanding that Mr. Paronich was informed during a subsequent phone calls in late 2012 that XCast was restrained under the requirements several statues--including the Storage Communications Act--from disclosing certain information except under court order and in the case of SCA with proper show cause for criminal activity. (See attached.)

Around April 10, 2013, XCast received an unsigned subpoena submitted by one Edward A. Brokerick regarding a different--but apparently related--matter in which they requested that XCast reveal the identity of a subscriber whose calls might have passed through the XCast's switch on a May 2, 2008. (XCast was not formed until after that date and would not necessarily have access to call records from the company whose assets XCast acquired.) It appears that this is the matter under consideration for a current Order to Compel.

1

Finally, this motion indicates that XCast has not lodged any objections to producing the sought documents. It is my information and belief that this is incorrect. The company has explained in some detail in conversations with Mr. Paronich that the company is constrained under federal statutes regarding the nature of information it can release. Also, it is not true that producing these documents "is not overly burdensome to XCast." XCast is a small company with limited resources and no legal staff. Producing the records requested in this very broad and shifting discovery could be quite burdensome. And of course the request would need to conform to federal statutes which aggressively restrain our release of private information.

To be clear, XCast is a third party in this apparently complex matter. The company will cooperate fully in any legal process within the constraints regarding our own limitations as spelled out in multiple federal statutes regarding the release of certain information held by carriers. However, I should point out that XCast is not likely to have in its possession—or ever had in its possession—certain of the data requested in this latest May 22, 2013 motion, given that XCast's role was simply as a transport mechanism.

Given this information, it is my hope that you will immediately withdraw this motion so that I might have an opportunity to discuss the matter next week with our outside counsel. I believe that if we can clarify the matters I have raised in this email, the interests of all parties can be addressed in an efficient and legally permissible way.

Thank you,
Patricia Mathis
310.861.4700, extension 5350