IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Philip Charvat on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) ) | Case No. 1:12-cv-5746 |
| v. | ) ) ) | Judge Wood Judge Rowland |
| Elizabeth Valente, Resort Marketing Group, Inc., Travel Service Network, Inc., TSN Travel, Inc., TSN International, Inc., TSN Marketing LLC, Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., Norwegian Cruise Lines Holding, LTD. Defendants. | ) ) ) ) ) ) ) | |

## **DECLARATION OF PHILIP J. CHARVAT**

I attest under the pains and penalties of perjury, that the following facts are true and based on my personal knowledge.

1. I am a resident of Ohio where I live with my wife Sandra.

2. I have two daughters, Allison and Catherine. Allison lives in San Francisco and has not lived at home for many years. Catherine is away at college.

3. For over a decade now I have diligently pursued telemarketers who made illegal calls to my home.

4. I have spent thousands of hours researching telemarketing laws and working on briefs and pleadings in telemarketing cases.

5. Over the past ten years I have litigated about one hundred telemarketing cases. Some of my cases have ended up being resolved by appellate courts and have addressed and

resolved many important issues of telemarketing law.  *See State ex rel. Charvat v. Frye, 114 Ohio St. 3d 76 (Ohio 2007)* (Ohio Supreme Court recognizes Mr. Charvat's wide success as a TCPA litigant).  *See e.g., Charvat v. NMP, LLC,* 656 F.3d 440 (6th Cir. 2011)(Sixth Circuit reverses trial court decision based on lack of subject matter jurisdiction); *Charvat v. GVN Mich.*, Inc., 561 F.3d 623 (6th Cir. 2009) (clarifying damages a consumer may pursue under the TCPA); *Charvat v. Ryan, 116 Ohio St. 3d 394 (Ohio 2007)* (reversing trial court decision against Mr. Charvat as to the evidentiary basis to obtain treble damages under the TCPA); *Charvat v. Crawford*, 155 Ohio App. 3d 161, 2003 Ohio 5891, 799 N.E.2d 661 (Ohio Ct. App. 2003) (rejecting telemarketers claim that it was offering plaintiff a job and not trying to sell goods or services).

6. I have also frequently submitted comments to the Federal Communications Commission as to their interpretation and enforcement of telemarketing law.

7. Most recently, I served as co-lead class plaintiff in a TCPA class action in a case entitled *Desai and Charvat v. ADT*, 1:11cv-01925 (N.D.Ill., Bucklo J.)

8. In 2010 and 2011, I received numerous Robocall telemarketing calls from an entity that fictitiously identified itself as "Travel Services" promoting the goods and services of Carnival, Royal Caribbean and Norwegian Cruise Lines.

9. I tape recorded these illegal calls made to my home in Ohio in accord with both Ohio and federal law, for later submission as evidence at trial.

10. In 2012, I authorized my counsel to proceed with a TCPA consumer class action against the Defendants.

11. The telemarketer who made the Robocalls to my home was actually Resort Marketing Group, Inc. ("RMG").

12. In response to the lawsuit, RMG counterclaimed against me for my purported violation of the Illinois Wiretap Act. Although the recordings were compliant with Ohio and federal law, and although RMG initiated the calls to me in Ohio from its telemarketing call center in Illinois and did not properly identify itself nor provide a telephone number in its recorded messages, RMG ironically claimed that I violated the privacy rights of its employees by tape recording the illegal telemarketing calls at issue.

13. In my view, the counterclaim is frivolous and is solely designed to intimidate and harass me and to discourage me from continuing to pursue this litigation on behalf of myself and all other consumers. In my view RMG has a duty to dismiss this counterclaim immediately as the Illinois Supreme Court has declared it entirely unconstitutional (*People v. Clark* 2014 IL 115776; See also *People v. Melongo* 2014 IL 114852). The counterclaim now has absolutely no basis in law.

14. Working with my counsel, I have responded to RMG's discovery requests including Interrogatories, Requests for Admission and Request for Production of Documents.

15. I also supplemented my interrogatory answers and document responses per RMG's request.

16. I have produced to RMG every document relating to the illegal Robocalls made to my home by RMG and have freely answered all questions relating to these calls. I have

produced the recordings and my notes of such calls. I have also produced documents relating to any other travel related telemarketing calls I have received since 2008 from other entities.

17. In January of 2014, I was deposed for over seven hours and fifteen minutes by the attorneys for all the defendants. I answered every conceivable question relating to the Robocalls at issue.

18. As to RMG's discovery requests, my counsel objected to answering a small number of RMG's requests as they were clearly irrelevant, overbroad, unduly burdensome and seemingly designed to harass.

19. For example, RMG has asked me to produce every document relating to any TCPA case I have ever pursued. I admittedly have pursued about one hundred cases involving illegal telemarketing. Searching for, organizing and copying all of these documents would take well over one hundred hours of my time. I also note that the attorney who I worked with on many of my TCPA cases is no longer practicing due to medical incapacity. He is in physical possession of many of these documents. Retrieving these documents would require his wife to access these files in storage.

20. I have also been asked to produce every single document from my "TCPA library." I have been a telemarketing activist for many years. I have literally thousands of documents that could potentially be deemed to be in my "TCPA Library." Requiring me to search for, organize and copy all of these documents would take at least 120 hours.

21. I have also been asked to produce copies of the recordings of all telemarketing calls I have ever made. I have an archive of illegal telemarketing call recordings going back for

many years. Copying and producing these documents would require me to consult with a third party vendor as I do not have the capacity to copy all the recordings. This would also be expensive. In addition the contents of each tape would have to be screened to redact any personal information that is sometimes accidentally recorded. Since 2008, there are approximately 50 two sided tapes averaging about one hour on each side. Just to listen to all of the tapes would require about 100 hours, with further time needed for potential redactions.

22. Further, I have been asked to produce all correspondence between my family members that in any way refers to telemarketing calls. It would take scores of hours for me to review all past family correspondence to see if these documents even exist. Requiring the production of correspondence between my family members is invasive of my right of privacy.

23. Finally, I have been asked to produce many years of tax returns. Why this information is relevant is beyond me. I have made no secret of the fact that I am a telemarketing activist, that I have pursued TCPA cases successfully for many years, and that I have recovered monetary awards or settlements as mandated by the TCPA's private right of action and statutory damages clause. Obviously, my tax returns are private. Requiring me to produce these documents under circumstances where the returns have nothing to do with this case would by burdensome and oppressive. There is nothing in the text of the TCPA, nor case law, limiting in any way the private rights of action for TCPA claims based on income, nor the amount of from TCPA claims that the incentives to sue might result in for any consumer.

SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS THIRD DAY OF APRIL, 2014.

*PHILIP J. CHARVAT*