## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | No. 12 C 5746 |
| | Magistrate Judge Mary M. Rowland |
| ELIZABETH VALENTE, RESORT MARKETING GROUP, INC., TSN INT'L, INC., TSN MARKETING LLC, CARNIVAL CORP. & PLC ROYAL CARIBBEAN CRUISES, LTD AND NCL, LTD., | |
| Defendants. | |

## ORDER

Defendant Resort Marketing Group, Inc.'s (RMG) Motion to Compel [179] is granted in part and denied in part.

## STATEMENT

In this Telephone Consumer Protection Act (TCPA) case, Plaintiff is a self-described "nationally known telemarketing activist." (Dkt. 185 at 1). It is uncontested that he has filed approximately 100 cases, almost all of which were as a single plaintiff, under the TCPA. His extensive litigation experience is described in his responses to RMG's interrogatories. (Dkt. 185, Ex. 1, Plff's Answrs to RMG's Interrogs. 5-18). He was recently appointed as the class representative in *Desai v. ADT Security Services Inc.*, No. 11-1925 (N.D. Ill). That case was resolved through settlement with no dispute as to class certification.

### I. Background

Because of this history, Defendant requests the Court to order the inspection of Plaintiff's devices used to browse the internet, receive email and record telephone calls. Defendant also requests the Court to order the production of recordings, notes, logs and all correspondence with telemarketers regarding all telemarketing calls made to Plaintiff's residence and all documents contained in Plaintiff's TCPA library. Further, Defendant seeks production of Plaintiff's correspondence with his family that mentions the TCPA or telemarketing, all of his internet browsing about cruises or vacations or travel, and his tax returns from 1999 to the present.

Defendant asserts the information is relevant because it "weigh[s] on Plaintiff's adequacy as a class representative, as well as the typicality of his claims in comparison to the putative class." (Dkt. 179 at 6). RMG asserts that if "evidence elicited during discovery shows that Plaintiff may [have] facilitated the receipt of the relevant telephone calls for purposes of entrapping telemarketers and artificially creating causes of action [that] would also be relevant." (*Id*. at 5-6.)

Plaintiff responds that he provided all of the recordings, logs and notes pertaining to the Robocalls at issue in this case, as well as all telemarketing calls from travel related and cruise related entities that he has ever received. Beyond that, he asserts the requests are irrelevant, overly burdensome and designed to harass. With respect to the requests for correspondence among Plaintiff's family members, and his correspondence and internet searches regarding vacations, cruises or travel, and his tax returns, Plaintiff also asserts a right to privacy.

## II. Discussion

Rule 23 of the Federal Rules of Civil Procedure provides certain prerequisites for maintaining a class action; one of which is that the class representative's claims be "typical" of those in the class. Fed. R. Civ. Pro. 23(a)(3). To satisfy the typicality requirement for class certification, "there must be enough congruence between named representative's *claim* and that of unnamed class members to justify allowing the named party to litigate on the group's behalf." *Spano v. The Boeing Co.,* 633 F.3d 574, 587(7th Cir. 2011)(emphasis added). The typicality requirement relies on the assumption that a proper class representative, pursuing his own self-interest, will pursue the class's interests as a whole. A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Gen. Tel. Co. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 331 (1980). The test for typicality is not demanding and a court will deny class certification for lack of typicality only where the variation in claims between the plaintiff and the absent class members "strikes at the heart of the respective causes of actions." Herbert B. Newberg et al., *Newberg on Class Actions,* § 3.29, at 267 (5th ed. 1992) (citing *Deiter v. Microsoft Corp.*, 436 F.3d 461 (4th Cir. 2006)).

Defendants generally have the right to conduct appropriate discovery of named class representatives regarding their adequacy to represent the class and the typicality of their claims. Discovery conducted by a defendant should be legitimate and not for the purpose of harassment. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 904 (7th Cir. 1981) (reversing dismissal of a class action for refusal to respond to defendants' burdensome and intrusive discovery demands). For example, neither involvement in other class litigation nor ability to finance litigation should be subject to discovery by the defendants, since these questions are irrelevant to the procedural issues raised by a motion for class certification. *See, e.g., Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975) ("Instigation of many other securities laws lawsuits cannot, of itself, disqualify plaintiff from bringing the present suit or acting as class representative therein…."); *Klein v.*

*Checker Motors Corp.*, 87 F.R.D. 5, 6 (N.D. Ill. 1979)(denying motion to compel plaintiffs to provide information concerning income and assets; financial capability of plaintiffs was not relevant to the appropriateness of a class action).

With this case law in mind, the Court turns to the specific requests made in Defendant RMG's motion:

**Document Requests 2-3:** Inspection of and/or identification of all electronic devices used by Plaintiff or his family since January 1, 2008. This request is invasive and is denied. Defendants argue that Plaintiff may have entrapped telemarketers into calling him. At this point, this is pure speculation. If Defendants can produce any evidence in support of this theory, the Court will revisit this request.

**Document Requests 4-5:** All notes, logs, written statements, correspondence and recordings concerning telemarketing calls received by Plaintiff since 2008. Plaintiff has produced all of this information limited to the calls at issue in the case and telemarketing calls relating to the cruise and travel industries. While Plaintiff's logging and recording of telemarketing calls may make him an unusual class representative, the Defendant has not persuaded the Court that further discovery into this fact is likely to lead to discoverable evidence regarding the typicality of Plaintiff's claims or his adequacy as a class representative. The Court denies the request to compel further production.

**Document Request 9:** Defendant requests all correspondence sent by Plaintiff to all telemarketers since 2008. Plaintiff admits that he does not possess any correspondence to or from Travel Services. The Court denies the request to compel further production as overbroad and not likely to lead to discoverable evidence.

**Document Request 12:** All TCPA or telemarketing listserve, Internet forum, or other Internet source the Plaintiff subscribes to or uses or visits where visitors deposit, submit, or store information that relates in any way to the TCPA. Plaintiff admits that he is a "TCPA activist," but this request is overbroad and not likely to lead to relevant information.

**Document Request 14:** Defendant requests all correspondence, including email, among Plaintiff's family members about telemarketing calls or the TCPA for all email addresses ever addressed to Plaintiff. Defendant asserts that to the extent Plaintiff communicated with his family about recording telemarketing calls or instructed them how to do so, this goes to his typicality and adequacy. For the reasons stated above, the Court disagrees that this information is relevant to the typicality of Plaintiff's claim. Furthermore, the Court finds the request regarding Plaintiff's correspondence with his family members overly burdensome and bordering on harassing. Defendants have asserted a defense based upon Plaintiff's daughter purportedly consenting to Robocalls. But it is the Defendant, not Plaintiff, that is in possession of the purported consent, and Defendant has deposed Plaintiff's daughter.

**Document Requests 15-16:** Defendants request all emails that contain the word cruise or that relate to travel or vacations that were sent or received by any email address ever registered by Plaintiff, including to specified email addresses. Defendants also request Internet browsing history, Internet activity records, cookies and downloads on any computer or laptop used by Plaintiff or his family. Defendants argue that these requests go to the consent defense and told the Court that near the time of the Robocalls in this case, Plaintiff took a vacation. However, Defendants also indicated to the Court that they should have an electronic record of an indication by Plaintiff of consent to receive Robocalls. In any event, the Court will allow some limited discovery into this area. The time frame for the search should be limited to one year preceding the Robocalls to the date of the Robocalls themselves. It will also be limited to the two email addresses identified in the Document Requests. The parties are directed to resolve the issues raised in Plaintiff's objections requiring a Protective Order and attempt to resolve the appropriate search terms. (Dkt. 185, Ex. 3, Plaintiff's Responses to Document Requests by RMG at 5-6). The parties are to report back to the Court at the next status.

**Document Requests 19-20:** Plaintiff has agreed to produce all the documents responsive to Request Number 19 and admits that there are no documents responsive to Request Number 20.

**Document Request 21 (a)-(f):** Plaintiff has agreed to produce all documents responsive to Request Number 21(a)-(b) and asserts there are no documents responsive to Request Number 21(c) and (e). For reasons stated above, Defendant's motion to compel Plaintiff to provide more than the calls at issue in this case in response to Request 21(d) is denied. However, Plaintiff is ordered to produce a list of articles and books he has authored and the title of seminars he has spoken at, from January 2008 to the present, which concerned the TCPA. Plaintiff has 28 days to produce that list.

**Document Requests 21 and 25:** Defendants request documents regarding any agreement Plaintiff has to split any of the proceeds to share in any recovery and Plaintiff's tax returns from 1999 to the present. Plaintiff has agreed to produce his retainer agreement related to this litigation. If plaintiff has any other agreements related to this litigation, he shall produce them within 28 days. Otherwise, these requests are overly broad and not likely to lead to discoverable evidence. The request regarding 15 years of tax returns borders on harassing.

**Interrogatory No. 17:** Defendants move to compel response to Interrogatory No. 17 which requests a detailed description of the way in which Plaintiff memorializes information about telephone calls received into his home from January 1, 2003 to present including the equipment he used to record and store the information and the current location of the equipment. The Plaintiff did not object to Interrogatory No. 17 but provided a confusing and incomplete answer. The Plaintiff is ordered to clarify and supplement the answer, but limited to the time

period between 2008 and the present. Plaintiff has 28 days to supplement this response.

**Deposition of Plaintiff:** Defendants request that the Court order the Plaintiff to be deposed further is withdrawn.


Dated: April 21, 2014

*Mary M Rowland*