UNITED STATES DISTRICT COURTS
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Philip Charvat on behalf of himself and
Others similarly situated,

   Plaintiff,

v.

Elizabeth Valente, Resort Marketing Group, Inc.,
Travel Service Network, Inc., TSN Travel, Inc.,
TSN International, Inc., TSN Marketing LLC,
Carnival Corporation & PLC
Royal Caribbean Cruises, Ltd. and
NCL (Bahamas), Ltd.

   Defendants.
_____/

CASE NO. 1:12-cv-5746

**DEFENDANT, ROYAL CARIBBEAN CRUISES LTD.'S
MOTION TO COMPEL ANSWERS, OR BETTER ANSWERS, TO
FIRST REQUEST FOR PRODUCTION**

  Defendant, Royal Caribbean Cruises, Ltd. ("RCL") respectfully requests this Court to enter an order compelling responses, or better responses, to RCL's First Request for Production pursuant to Rule 26(b) and (e), 34(b)(2) and Rule 37(a) and states as follows:

  RCL, NCL (Bahamas) Ltd. and Carnival Corporation were sued by the Plaintiff for Telephone Consumer Protection Act ("TCPA") violations under a vicarious liability theory. According to the Plaintiff, these highly competitive cruise lines are all vicariously liable because a fully independent travel agency, Defendant Resort Marketing Group ("RMG"), allegedly made automated calls to consumers at their behest, and under their authority and control. [DE 58 ¶¶ 53-60]. The Plaintiff avoided dismissal because out of the four (4) calls that he received, during

call one and four, the RMG employees referred to calling for the Defendant cruise lines and that RMG was hired by the cruise lines to fill up empty cabins. [DE 67-1 pp. 1-9]. Discovery has since revealed that: (1) the telemarketing employees were given a script to follow when making telemarketing calls and none of the scripts contain the language used in the telephone calls referenced above; (2) RMG was making these calls for its own benefit and during the calls, no cruise was ever purchased; and (3) one of the RMG employees testified in her deposition that she went off script when she told the Plaintiff that RMG was hired by the competitor cruise lines and that it was not true. *See* Deposition of Telicia Compton at 69;12-24; 70:1-9, 17-24; 71:1-2; 72:4-17; 73:14-24; 74:1-4.

RCL propounded its First Request for Production on the Plaintiff to flesh out the tenuous class and other claims in the Second Amended Complaint. The Plaintiff responded in a manner in which RCL could not tell if the Plaintiff had actually answered and generally referred to the production of other documents without providing any bate numbers. RCL conferred with the Plaintiff's counsel by sending a letter explaining why the "responses" were deficient. See letter to Ted Broderick attached hereto as Exhibit "A." RCL also subsequently discussed same with the Plaintiff via telephone. The Plaintiff thereafter supplemented his response with bate numbers and identified some documents, but for example, did not elaborate on the basis for his claim of privilege such that it is still impossible to determine what was withheld, if anything. *See* Plaintiff's Supplemental Response to RCL's First Request for Production attached hereto as Exhibit "B." RCL again attempted to work out the issues relating to the Plaintiff's evasive and incomplete answers in the supplemental response via detailed letter (*see* Letter to Ted Broderick attached here to as Exhibit "C") and via telephone to no avail.

2

After several Rule 37 attempts to obtain these answers from the Plaintiff, the Plaintiff''s counsel have determined that the responses are "adequate" and refuse to clarify and/or provide responses or produce any documention. The information requested is essential to assisting RCL with its defense of this class action. The Plaintiff has refused to answer most of the discovery requests propounded on him and that RCL will learn more when the Plaintiff files his amended motion for class certification. By that time, however, discovery will be closed because this Court has instructed that all discovery pertinent to class certification be completed *before* briefing on the Plaintiff's motion for class certification is completed. Thus, allowing the Plaintiff to wait until he files his amended motion to provide responses to RCL's discovery requests will leave RCL with no time to obtain discovery of the class claims and unable to adequately prepare for a response to class certification. Even worse, the Plaintiff will most certainly oppose any request by RCL or the other Defendants to extend the time for filing a Response brief so that any necessary discovery may be obtained. In addition to being allowed a due process right to prepare a defense, at the last status conference, Judge Wood inquired as to whether the parties had explored settlement. RCL requires this discovery to be able to evaluate the case and cannot do so until this information is obtained.

Instead of being fully forthcoming about the Plaintiff's theories regarding class action and other aspects of liability, the Plaintiff provided RCL with intentionally vague and evasive answers and either failed or refused to further supplement these answers as set forth more specifically below. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B) provides that the "response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection to part of a request must specify the part and permit inspection of the rest." Fed. R.

Civ. P. 34(b)(2)(C). Rule 34(a) specifically provides that "[a] party serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b) allows discovery as to '…any nonprivileged matter that is relevant to any party's claim or defense." F.R.C.P. 26(b)(1). Rule 37(a)(3)(B)(iv) provides that a party may seek an order compelling discovery if a party fails to respond or to permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). An evasive or incomplete answer or response "must be treated as a failure to disclose, answer, or respond" under Rule 37(a)(4). The Plaintiff bears the burden of demonstrating why a particular discovery request is improper. *See Chicago District Council of Carpenters Pension Fund v. D.P. Builders, Inc.,* 1997 WL 685021 (N.D. Ill. Oct. 31, 1997). RCL submits that the Plaintiff's answers that it is compelling are failures to answer under Rule 34(a)(4).

<u>**Argument Relating to the Specific Requests**</u>

<u>**RFP #1**</u>

The request sought all documents that would be used in support of class certification. Initially the Plaintiff simply objected based on the attorney client privilege and/or the work product doctrine, but then ostensibly "answered" by referring RCL to prior discovery responses of co-defendant, RMG, without identifying a single bate number. The Plaintiffs also produced unspecified documents with no bate numbers listed in the response. While the Plaintiff supplemented after a Rule 37 letter and telephone conference, despite RCL's detailed Rule 37 letter and subsequent telephone conference, the Plaintiff's counsel refused to supplement. The following is a list of the remaining issues with this initial/supplemental response (and which also generally apply to the remaining responses in this motion as well).

    1.    **Defendants have Not Responded to Discovery.** RCL is moving to compel a response, or better response, because the Plaintiff supplemented with the same boilerplate language that the "Defendants have not responded to discovery." As of the date of the Supplemental Response, the Plaintiff had received documents from at least Defendant, Resort Marketing Group, Inc. ("RMG") and, in fact, on page two of the Supplemental Response, the Plaintiff states "Documents produced in discovery by RMG" without specifying on which documents the Plaintiff intends to rely. It is impossible for RCL to determine which documents the Plaintiff will rely on if he does not identify them.

    2.    **Continuing Duty to Supplement.** As for the portion of the documents allegedly not produced by the Defendants, under Rules 26(a)(2)(E) and 37(c) there is a continuing duty to supplement discovery responses, and all Defendants have by now responded to discovery yet no

4

additional supplement to this request for production has been served because the Plaintiff has refused to do so. RCL asks the Court to compel the Plaintiff to supplement if there are any further responsive documents.

3. **The request sought all documents.** RCL also moves to compel based on the Plaintiff having also stated that "responsive documents *include.*" The request seeks *all* documents. The Plaintiff's use of the word "include" indicates that some documents were not identified in the response or produced. Contrast this vague answer with the far more definitive answer in Supplemental Response #2 and it can be easily seen this response is evasive and incomplete under Rule 37(a)(4) because it leaves the door open for the Plaintiff to use documents in support of class certification that were never produced because of the word "include.

4. **Undesignated Documents Produced in Discovery by RMG, Caldwell and TDC.** Referring to every document produced by a co-defendant and several third parties is evasive as contemplated by Rule 37(a)(4). Moreover, the Plaintiff has used this generic response throughout the supplemental request despite the fact that this provides RCL with no information. RCL requested the Plaintiff to supplement again with a response that would comply with the Federal Rules, but he refused. RCL therefore requests that the Plaintiff be compelled to list the bate numbers that are responsive to this request.

5. **Non-Descript Reference to Depositions and Exhibits.** Another issue is the general reference to "Deposition transcripts of all witnesses, and exhibits to those depositions." The general reference to all depositions and exhibits is not a response because it is evasive. RCL has no way of knowing what depositions and exhibits the Plaintiff contends are material to this request. This response is repeated in many of the responses to various requests for production and it is non-responsive and evasive under Rule 37(a)(4).

6. **Screen Shots Never Produced.** The Plaintiff also refers to screen shots, but RCL received no bate numbered screen shots. A vague reference to web addresses does not inform RCL of the documents on which the Plaintiff will rely for class certification. RCL specifically requested the Plaintiff to provide them, but the Plaintiff refused to do so thus forcing RCL to move to compel production of bate numbered screen shots.

7. **Unsubstantiated Privilege Objections.** Finally, because the Plaintiff originally made a generic claim of privilege without any explanation or a privilege log, the response is unclear as to whether documents were actually withheld based on privilege and what specific privilege is claimed for each document. During the initial Rule 37 conference, the Plaintiff's counsel indicated that all of the privilege objections relate to communications between counsel and the Plaintiff concerning this case. If that is the case, RCL is not asking for a privilege log cataloging internal communications between the Plaintiff's counsel and the Plaintiff, but rather the Plaintiff's supplemental response indicate "There are no responsive documents other than communications between and among the Plaintiff and counsel relating to this litigation." The Plaintiffs refused to do so. Rule 26(b)(5) requires the privilege objection to expressly make out the privilege claim by describing the nature of the documents, communications or tangible things in a manner that without revealing the information itself will allow RCL to assess the

5

claim. The Plaintiff has failed to establish the privilege and RCL requests this Court to order the Plaintiff to provide them forthwith.

### RFP #2

This request seeks any witness statements, affidavits, and declarations that the Plaintiff has obtained from *any* person. The supplemental response served on May 8, 2014 indicates documents for *only* Mr. Borst and Mr. Abramson. Four days later, on May 12, 2014, in a supplemental response from TDC Marketing, an affidavit was produced that RCL surmises was prepared by the Plaintiff's counsel, which means that even though it was "produced" by TDC, it was in the Plaintiff's possession and control. If that is, in fact, the case, we believe that failure to supplement this request for production may be a Rule 37(c) violation since it is directly responsive to this request for production and RCL specifically requests this Court to compel the Plaintiff to produce the requested documents.

Finally, because the Plaintiff originally made a generic claim of privilege without any explanation or a privilege log, the response is nevertheless unclear as to whether documents were actually withheld based on privilege and what specific privilege is claimed for each document. Rule 26(b)(5) requires the privilege to expressly make out the privilege claim by describing the nature of the documents, communications or tangible things in a manner that without revealing the information itself will allow RCL to assess the claim. The Plaintiff has failed to establish the privilege and RCL requests this Court to order the Plaintiff to provide them forthwith.

### RFP #3

The request asks for all documents obtained from any person relating to the subject matter of this action except the named Plaintiff. In the original response, the Plaintiff objected based on the work product and attorney client privileges and followed that with "Answering further," all documents have been produced in response to Defendant, Resort Marketing Group's ("RMG"), and Defendant Beth Valente's ("Valente") discovery requests without any reference to bate numbers.

After RCL's Rule 37 conference, the Plaintiff supplemented this response with the same boilerplate language that the "Defendants have not responded to discovery" and then stated again that "responsive documents *include.*" The requests seek *all* documents. The Plaintiffs use of the word "include" indicates that not *all* of the documents have been produced. Contrast this vague answer with the far more definitive answer in supplemental response #2.

This particular request encompasses documents that the Plaintiff or the Plaintiff's counsel received from anyone other than the Plaintiff. As discussed in RFP #2 above, we believe that any correspondence, e-mails, documents and draft affidavits/declarations obtained from Mr. Borst, Mr. Mongiovi or anyone other than the Plaintiff should be produced in response to this request.

6

RCL also seeks to compel the Plaintiff to specifically identify by bate number the documents on which the Plaintiff intends to rely for RMG, Caldwell and TDC.

Additionally, the Plaintiff refers to screen shots, but RCL received no bate numbered screen shots. While it is unclear as to how screenshots may be responsive to this request, a vague reference to web addresses does not inform RCL of the documents on which the Plaintiff will rely for class certification. RCL seeks to compel the Plaintiff to produce same with bate numbers so that they may be specifically identified.

Finally, because the Plaintiff originally made a generic claim of privilege without any explanation or a privilege log, the response is unclear as to whether documents were actually withheld based on privilege and what specific privilege is claimed for each document, particularly since the Plaintiff has been excluded from the request. Please see argument in RFP#1 as to the basis for moving to compel these documents. RCL asks the Court to order the Plaintiff to produce a privilege log for any and all communications with third parties that will substantiate the privilege claimed.

**RFP ##4-5**

These requests seek all documents that are or were in the Plaintiff's possession relating to the subject matter of this lawsuit (RFP #4) and all documents supporting the class definition as set forth in the Second Amended Class Action Complaint (RFP #5). This response is almost identical to the Response in #1 above, therefore RCL seeks to compel the Plaintiff to produce documents consistent with the arguments set forth in RFP #1 1-7 above.

**RFP #6**

This request seeks documents that the Plaintiff contends support the numerosity allegation in the Plaintiffs Second Amended Class Action Complaint. Since the Plaintiff made a nearly identical response to requests for production discussed above, RCL refers the Court to the argument addressed in RFP #1 1-6.

Additionally, as to the Plaintiff's initial response, which still seems to be a part of the answer even after the supplement, the Plaintiff states that "Answering further, documents evidencing numerosity are in the possession of co-Defendants and their agents which have long been freely available to the cruise Defendants." Such a "response" is evasive and incomplete under Rule 37(a)(4).

**RFP ##7, 8, 9**

Requests 7-9 seek documents relating to the Plaintiff's allegations concerning his membership in the class (RFP #7), typicality (RFP #8), and adequacy (RFP #9). This response is almost identical to the Response in #1 above, therefore RCL seeks to compel the Plaintiff to produce documents consistent with the arguments set forth in RFP #1 1-7 above.

7

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**RFP #10**

RFP #10 seeks Plaintiff's tax returns that reflect income from filing serial TCPA litigation for the past ten (10) years. The Plaintiff objected based on relevance, overbreadth and "calculated to violation (sic) plaintiff's privacy rights." Tax returns are not so extensive as to unduly burden the Plaintiff. These tax returns are also clearly highly relevant since the Plaintiff himself put them at issue by asserting his TCPA litigation experience as a Plaintiff as a basis to certify the class. He maintains that he is an "advocate" so that companies will be held accountable. *See* Plaintiff's response to RCL's First Set of Interrogatories, Interrogatory #11. *See also,* Deposition of P. Charvat at p. 78 l. 18-24. RCL should be able to challenge the Plaintiff's claims as to his motives and his adequacy as a class representative by obtaining his tax returns to determine whether he is a serial TCPA Plaintiff for his own benefit and to earn a living, or to supplement his income. RCL believes that the Plaintiff invitees these lawsuits to make money. RCL therefore respectfully requests this Court to overrule the objections and to compel the Plaintiff to produce the tax returns.

**RFP #11**

This request relates to the Plaintiff's allegation of commonality in the Second Amended Complaint. This response is almost identical to the Response in #1 above, therefore RCL seeks to compel the Plaintiff to produce documents consistent with the arguments set forth in RFP #1 1-7 above.

Additionally, the Plaintiff also states that "documents relating to the actions of the defendants in relation to the class are in the possession of co-Defendants and their agents which have been freely available to the Cruise defendants pursuant to their joint defense agreement." This is not a response, but rather posturing since even if RCL was in possession of such documents, and RCL is not, that would not answer the question as to *what the Plaintiff contends supports the allegation* that the actions of the Defendants are generally applicable to the putative class as a whole and to the Plaintiff.

**RFP ##12-13, 15-20, 25-26, 28-39**

These requests seek documents relating to the Plaintiff's class action and TCPA allegations  The Plaintiff's responses are generally almost identical to the Response in #1 above, therefore RCL seeks to compel the Plaintiff to produce documents consistent with the arguments set forth in RFP #1 1-7 above.

**RFP #14**

This request seeks all documents *received from any putative class member* relating to the subject matter of this action. The Plaintiff responded with a work product and attorney client privilege objection that fails to establish these privileges. Rule 26(b)(5) requires the privilege to expressly

8

make out the privilege claim by describing the nature of the documents, communications or tangible things in a manner that without revealing the information itself will allow RCL to assess the claim. The Plaintiff has failed to establish the privilege and RCL requests this Court to order the Plaintiff to provide them forthwith.

After the initial Rule 37 letter and discussion, the Plaintiff supplemented, but did nothing further to establish the privilege in derogation of Rule 26(b)(5) and instead made the blanket assertion that documents are somehow in the possession of the Defendants. It is unclear as to how documents that the Plaintiff or the Plaintiff's counsel received from putative class members would be in the Defendants' possession and it appears to be rather obvious that they could not be in the Defendants' possession. Despite asking the Plaintiff to supplement this "response," the Plaintiff refused to do so notwithstanding its readily apparent deficiency under Rules 26(b)(5) and 37(a)(4).

The *only* specific document that the Plaintiff references in response to this discovery request (other than the documents that the Plaintiff claims the Defendants have) is a FOIA request, upon which the Plaintiff will "rely." The supplemental response as well as the referenced document are not responsive to the request since the request did not even mention the word "rely," Defendants have no responsive documents and the FOIA response was not a communication received by the Plaintiff or his counsel from a *putative class member*. RCL therefore requests this Court to compel the Plaintiff to provide a response to this request and to deem the response evasive under Rule 34(a)(4).

## RFP #22-23

The request calls for documents and communications supporting the allegation in your pleading that neither you nor anyone in your household gave written or oral consent to receive telephone calls containing the pre-recorded messages referenced in the pleading. The Plaintiff responded with a general attorney client privilege objection, which fails to provide the basis for the privilege and is then followed by "Subject to this objection and answering further, no such documents exist." It is impossible to tell from this response whether documents exist or not and, if so, why they were withheld from production other than a blanket assertion of the attorney client privilege that fails to comply with Rule 26(b)(5). RCL requests this Court to compel the Plaintiff to respond to the requests in a manner that makes it clear whether there are any responsive documents.

## RFP #40

Request #40 seeks documents relating to the listserv, internet forum or any other internet source that the Plaintiff or his counsel subscribe to or are members of where information concerning or relating to the TCPA claims and/or how to file TCPA claims are stored. This response states that the Plaintiff "declines to produce" responsive documents based on relevance, that the request is overbroad, oppressive and calculated to violate the Plaintiff's privacy rights. The Plaintiff next states that all documents relating to this case from the above sources have already been produced

9

without referencing any bate numbers. It is unclear as to how the Plaintiff can "decline" to produce documents based on unsubstantiated overbreadth and other objections and then claim that "all" documents have been produced? RCL specifically requested the Plaintiff to clarify this response and to specify bate numbers, but the Plaintiff has refused to do so thus leaving RCL with no choice but to move to compel.

The Plaintiff's objections are not valid. If there is an issue with overbreadth, the Plaintiff failed to adequately state the objection. RCL is looking for the listserv or internet forum that the Plaintiff identified in his deposition (Deposition of P. Charvat at pp. 96 l. 10 – 98 l. 1) without providing any way in which the Defendants could identify it.

**RFP #41**

The request seeks documents relating to the Plaintiff's prior TCPA cases. The Plaintiff's response indicates that he again "declines" to produce responsive documents based on relevance, overbreadth and violation of privacy rights.

These objections are also invalid. In every pleading and practically every motion and in his responses to interrogatories, the Plaintiff has touted his prior TCPA litigation experience as a basis for the Plaintiff to serve as an adequate class representative. The Plaintiff has, therefore, placed his TCPA experience in other cases directly at issue in this case. RCL is not limited to taking the Plaintiff's contentions at face value and therefore RCL asks the Court to compel the Plaintiff to produce these documents because they are relevant, overbreadth has not been adequately demonstrated and it is unclear how a request asking for documents relating to prior TCPA litigation that the Plaintiff has put at issue in this case could violate his privacy rights.

**RFP #42**

Request #42 simply seeks all email addresses used by the Plaintiff. The Plaintiff simply referred RCL to discovery responses made to another Defendant without any bate numbers. RCL asks the Court to compel the Plaintiff to provide a response with specific bate numbers so that RCL can determine if the documents are responsive.

**RFP #43-45**

Requests ##43-45 simply seek all email addresses used by the Plaintiff's Wife and daughters, Sandra, Catherine and Allison Charvat. The Plaintiff refused to provide same and again objected based on relevance, overbreadth and violation of privacy rights. While it is hard to believe that they have so many email accounts that it would be overly burdensome to produce documents indicating all of their email addresses, RCL asked the Plaintiff to produce representative documents that would show each email address that each of them have had or have. The Plaintiff also refused to produce representative documents thus leaving RCL with no choice but to move to compel same.

10

**RFP #46-49**

Request #46-49 seek documents relating to the Plaintiff's, his wife's and his daughter's internet usage history and the Plaintiff again "declined" to produce documents on the grounds of relevance, overbreadth, and violation of the Plaintiff's privacy rights. These documents relate to the Defendant's consent defense and are, therefore, directly relevant. The Plaintiff has denied consent and therefore placed consent directly at issue. The documents should have been produced. As for Allison Charvat, she testified that she has assisted the Plaintiff with TCPA litigation and Travel Services has a record of a contact request Allison Charvat at the Plaintiff's address. She also testified that the Plaintiff's wife and daughter, Sandra and Catherine, may have also helped with the Plaintiff's TCPA litigation. Deposition of Allison Charvat at p. 120 l. 10-25, 121 l 1-18, 138 l. 14-22 . RCL requests the Court to compel the Plaintiff to produce these documents.

**RFP #50**

The request sought the script that is used by the Plaintiff and his family when taking phone calls from telemarketers. No specific bate number was provided. RCL asked the Plaintiff to provide the bate number and the Plaintiff refused. RCL now seeks an order compelling the Plaintiff to provide it.

**RFP #51**

The request sought documents and communications relating to the system the Plaintiff used to record telephone calls made to his residential telephone line. Despite the fact that the Plaintiff has filed recordings with the Court and has made reference to these recordings, the Plaintiff refused to produce documents based on relevance. The Plaintiff also claimed that the request is "overbroad, vague, oppressive and calculated to violate the plaintiff's privacy rights" without any explanation whatsoever. These objections are not valid and therefore RCL requests the Court to compel the Plaintiff to produce them.

**RFP #52**

This request sought documents relating to the registration of the Plaintiff's residential telephone line with the National Do-Not-Call-Registry. The Plaintiff answered that documents had been provided, but failed to identify the documents by bate number. The supplemental response included bate numbers but also referred to Mr. Charvat's deposition in its entirety and all exhibits. The reference to an entire deposition and all exhibits is not a response. RCL requests the Court to compel the Plaintiff to provide a specific response.

**RFP #53**

11

This request sought documents relating to the Plaintiff's recording or documenting of telephone calls alleged in the pleadings in this case. Per #52 above, the original response simply referred to discovery otherwise produced to other Defendants with no bate numbers. The supplemental response bate numbers and the telephone recordings attached to the original complaint. It is unclear whether the Plaintiff is referring to the recordings attached to the First Amended Complaint? The response also refers to the deposition transcripts of "all" witnesses and exhibits to the deposition, which is not a response. RCL seeks an order compelling the Plaintiff to provide clarify this answer.

**RFP # 54**

RCL asked the Plaintiff if there are there any other documents reflecting an agreement with Mr. Burke and the Plaintiff other than the one document referenced in the response or if there is no signed agreement between the Plaintiff and Mr. Burke, but the Plaintiff refused to respond. RCL thus seeks an order requiring the Plaintiff to clarify the response or to produce responsive documents.

**RFP #55**

The request sought fee agreements between the Plaintiff and his counsel in prior TCPA litigation and the Plaintiff refused to produce same based on relevance, overbreadth, vagueness and that it was calculated to violate the Plaintiff's privacy rights. Given that the Plaintiff has repeatedly stated to the Court that he is a successful TCPA advocate who has prosecuted many cases in the past as a basis for not only his adequacy, but also his counsel, documents relating to the prior TCPA prosecutions are highly relevant to this case since the Plaintiff has put that directly at issue. The requests also goes to Rule 23(b)(3) requirements. RCL asks the Court to compel the Plaintiff to provide the documents.

**RFP #57**

This request sought documents relating to the Plaintiff's employment at any law firm, but the Plaintiff declined to produce the documents yet the Plaintiff's education and background relate to adequacy issues. The Plaintiff refused to produce same based on relevance, overbreadth, vagueness and purported violation of the Plaintiff's privacy rights. The Plaintiff has failed to substantiate these objections and thus RCL asks the Court to compel the Plaintiff to produce the documents.

**RFP #58**

This request sought documents relating to the library or collection of TCPA research that was discussed at the Plaintiff's deposition. The Plaintiff refused to produce same based on relevance, overbreadth, vagueness and that it was calculated to violate the Plaintiff's privacy rights. The

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

Plaintiff has put his TCPA expertise directly at issue in this case and despite requests for the Plaintiff to produce same prior to filing this Motion, he has refused to do so. RCL asks the Court to compel the Plaintiff to produce the documents.

**RFP #59**

This request sought any letters the Plaintiff may have sent to telemarketers prior to filing TCPA lawsuits, including Travel Services and the cruise lines. The Plaintiff refused to produce same based on relevance, overbreadth, vagueness and that it was calculated to violate the Plaintiff's privacy rights. The Plaintiff has put his TCPA expertise at issue in this case and the objections are invalid. RCL requests that the Court order the Plaintiff to produce the documents.

**RFP #60**

This request sought all documents relating to the number of TCPA claims the Plaintiff has made and how those claims were resolved. The Plaintiff originally responded that all responsive documents were produced in discovery responses of Defendants Beth Valente and Resort Marketing Group. The Plaintiff also stated that "telemarketing complaints are in the possession of co-defendants which have long been freely available to the Cruise Defendants, which have not been produced to the Plaintiff." This answer is completely non-responsive to the request since it did not ask for telemarketing complaints from third parties and a response generically referring RCL to other production is non-responsive.

The Plaintiff subsequently supplemented the answer, which only served to create further confusion since the supplement states the boilerplate response that the Plaintiff declines to produce documents based on relevance, overbreadth, vagueness and that it was calculated to violate the Plaintiff's privacy rights, but then the Plaintiff states that all litigation in which the Plaintiff has been involved has been listed in prior interrogatory answers of a "co-Defendant." This response is confusing in many respects. For example, does the initial response still stand or did the supplemental response become a substituted response? Are there documents that the Plaintiff is refusing to produce? An answer to an interrogatory is not a response to a request for production. RCL asked the Plaintiff to produce any responsive documents because, as set forth above, the Plaintiff has directly placed his TCPA litigation at issue in this case and RCL is entitled to probe that. Referring RCL to a list of litigation in an interrogatory response of a "co-Defendant" is not responsive to the request for production.

**RFP #64**

This request seeks documents referring or relating to a script or set dialogue used by the Plaintiff when speaking to telemarketers. The original response simply stated that all documents had been produced in response to other Defendants discovery requests. The supplemental response identified some bate numbers and recordings filed with the Court, but failed to indicate that the

13

Plaintiff did not have any other responsive documents. RCL asks the Court to compel the Plaintiff to clarify this response or to produce the documents requested.

WHEREFORE, Defendant, Royal Caribbean Cruises, Ltd. Respectfully requests this Court to enter an order compelling answers or better answers to its First Request for Production and for all other relief that the Court deems just and proper.

Dated: September 26, 2014.

        Respectfully submitted,

        By: /s/ *Catherine J. MacIvor*
            Jeffrey E. Foreman
            Catherine J. MacIvor
            FOREMAN FRIEDMAN, PA
            One Biscayne Tower, Suite 2300
            2 South Biscayne Boulevard
            Miami, Florida 33131
            Tel: 305-358-6555
            Fax 305-374-9077
            *Attorneys for Royal Caribbean Cruises, Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2014, a copy of the foregoing document was served electronically to all parties on the attached service list.

        */s/ Catherine J. MacIvor*
          Catherine J. MacIvor.

## SERVICE LIST
## CASE NO. 12-CV-5746

| | |
|---|---|
| Alexander H. Burke<br>Burke Law Offices, LLC<br>155 N. Michigan Ave., Suite 9020<br>Chicago, IL 60601<br>Tel: 312-729-5288/Fax: 312-729-5289 | Elliot S. Wiczer (ARDC #6208432)<br>John M. Sheldon (ARDC #6256666)<br>Foreman Friedman, PA<br>500 Skokie Blvd., Suite 325<br>Northbrook, IL 60062<br>847-849-4850 |
| Edward A. Broderick<br>Broderick Law, P.C.<br>125 Summer Street, Suite 1030<br>Boston, MA 02110<br>Tel: 617-738-7080 | Catherine J. MacIvor (*Pro Hac Vice*)<br>Jeffrey E. Foreman (ARDC #6193309)<br>Foreman Friedman, PA<br>2 South Biscayne Blvd., Suite 2300<br>Miami, FL 33131<br>305-358-6555<br>*Attorneys for Royal Caribbean Cruises, Ltd. and NCL (Bahamas), Ltd.* |
| Matthew P. McCue<br>Law Office of Matthew P. McCue<br>1 South Avenue – Third Floor<br>Natick, MA 01760<br>Tel: 508-655-1415<br>*Attorneys for Plaintiff* | Joshua E. Bidzinski (ARDC #6302408)<br>Jeffrey S. Becker (ARDC #6282492)<br>Swanson, Martin & Bell, LLP<br>330 North Wabash Avenue, Suite 3300<br>Chicago, IL. 60611<br>Tel: 312-321-9100<br>*Attorneys for Carnival Corporation & PLC* |
| | Michael J. Zink<br>Starr, Bejgiert, Zink & Rowells<br>35 E. Wacker Drive, Suite 1870<br>Chicago, IL 60601<br>Tel: 312-346-9420<br>*Attorney for Elizabeth Valente* |

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**