**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Philip Charvat on behalf of himself and others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-5746 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | |
| Elizabeth Valente, Resort Marketing Group, Inc., | ) | |
| Travel Service Network, Inc., TSN Travel, Inc., | ) | JURY DEMANDED |
| TSN International, Inc., TSN Marketing LLC, | ) | |
| Carnival Corporation & PLC, | ) | |
| Royal Caribbean Cruises, Ltd., | ) | |
| NCL (Bahamas) Ltd. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO ROYAL CARIBBEAN CRUISES, LTD'S MOTION TO
COMPEL ANSWERS, OR BETTER ANSWERS,
TO FIRST REQUEST FOR PRODUCTION**

Plaintiff Philip Charvat respectfully submits this memorandum in opposition to

Defendant Royal Caribbean Cruises, Ltd.'s ("RCCL") Motion to Compel Answers, or Better

Answers, to First Request for Production (Dkt. 214). RCCL's motion should be denied as the

requested documents have been provided (indeed Plaintiff has produced 2,342 documents in the

case), and in other instances, the requests repeat documents requests by RCCL's co-defendant

Resort Marketing Group ("RMG") that have already been rejected by the Court in the context of

RMG's Motion to Compel production of the same records. *See* Dkt. 187, Order on Defendant

Resort Marketing Group, Inc.'s Motion to Compel.[1] Moreover, in response to a previous

conference, Plaintiff specifically identified documents previously produced by bates number

where possible.

---

[1] RCCL has a joint defense agreement and actively participated in argument on RMG's Motion to Compel.

RCCL's motion represents a continuation of Defendant's attempt to force Plaintiff into a motion for class certification without the benefit of full discovery, which has been rejected by the Court. Defendant's requests, given that Plaintiff is actively pursuing discovery in this action, for final identification of documents that Plaintiff will rely on in a motion for class certification should be rejected as Plaintiff is not in position to definitively answer those requests given the state of Defendants' discovery responses. RCCL should not be permitted to repeat its dogged position that Plaintiff should file a motion or class certification without the benefit of discovery under the guise of a purported discovery dispute.

## Argument Relating to Specific Requests

**REQUEST NO 1, 4 and 5, 7-9, 11 (All documents in Support Of Class Certification and All Documents Plaintiff Intends to Rely on For Class Certification) (These requests seek documents relating to the Plaintiff's allegations concerning his membership in the class (RFP #7), typicality (RFP #8), adequacy (RFP #9) and commonality (#11)**

RCCL takes issue with:

A. Plaintiff's purported "non-response" because of reference to documents produced by RMG.

The Plaintiff has referenced documents produced by RMG "vaguely" because Plaintiff doesn't know what RMG possesses, and is awaiting full production. However, Plaintiff has identified over 2,000 pages of at least 11 different categories of documents, each itemized in the response.

2

B. Plaintiff's failure to supplement now that "all defendants have by now responded to discovery" (1) Discovery responses from Defendants are not complete. (2) More substantively, nothing but the dialer database has been produced since the responses, which we are still in the process of reviewing, since it is quite large.

C. Plaintiff's use of the word "include" because it does not make clear that this is <u>all</u> documents. Simply stated, Plaintiff has identified all of the documents it is aware of at this stage of the litigation.

D. Referring to every document produced by a co-defendant and several third parties is evasive, same issue with respect to every deposition.

Plaintiff's response is not evasive given that there have been limited documents produced. For now, every document has been produced that Plaintiff intends to use in support of class certification. The defendants continue to try to force the Plaintiff to give them a copy of the class certification motion before it is due.

E. Not Producing Screen Shots of the Websites Referenced.

These documents were produced by the co-defendant RMG, and are publicly available information.

F. Privilege Objection – RCCL states that during the initial Rule 37 conference, the Plaintiff's counsel indicated that all of the privilege objections relate to communications between counsel and the Plaintiff concerning this case. If that is the case, RCCL is not asking for a privilege log cataloging internal communications between the Plaintiff's counsel and the Plaintiff, but rather the Plaintiff's supplemental response indicate "There

are no responsive documents other than communications between and among the Plaintiff and counsel relating to this litigation."

Plaintiff has no objection to this requested statement, but object that apparently RCCL is not subject to the same standard it urges here, as Defendants have acknowledged that they possess a transcript of a transcribed interview with Richard Borst, a former employee of RMG, attended by counsel for all Defendants on the purported ground of work product, all without providing a privilege log.

**REQUEST NO 2 (This request seeks any witness statements, affidavits, and declarations that the Plaintiff has obtained from *any* person)** RCCL takes issue with:

   A.  The fact that Plaintiff produced the TDC Marketing declaration and that we may have other witness statements.

The TDC Marketing declaration was produced contemporaneously with Plaintiff receiving it, and the Defendant admits that it came in 4 days after our supplemental response. It is difficult to understand RCCL's complaint. Plaintiff doesn't have any other affidavits or witness statements, but will produce them if received. However, again Plaintiff objects to RCCL's insistence for this type of document in light of its refusal to produce the transcript of the Borst interview.

   B.  Privilege. The privilege asserted by Plaintiff is identical to the one the Defendants have asserted with respect to Mr. Borst.

4

**REQUEST NO 3 (The request asks for all documents obtained from any person relating to the subject matter of this action except the named Plaintiff)** – RCCL takes issue with:

A.  Plaintiff's use of the word "include" because it does not make clear that this is <u>all</u> documents.  If Defendants will provide a similar privilege log, Plaintiff can provide a privilege log, but given Defendants' position about its counsel's investigation, RCCL's position is not well taken.

B.  RCCL wants all e-mails, draft affidavits or other correspondence and communications with third parties Again, the treatment of investigative materials must be treated the same for Plaintiff and Defendants.

C.  RCCL also seeks to compel the Plaintiff to specifically identify by bates number the documents on which the Plaintiff intends to rely for RMG, Caldwell and TDC. RCCL continues to try to force the Plaintiff to give them a copy of the class certification motion before it is due.  For now, all of the documents produced that Plaintiff plans on using have been produced, so a further response is unnecessary.

D.  Screen Shots Never Produced of the Websites Referenced.

These documents were produced by the co-defendant RMG, and are publicly available information. There is nothing for the Plaintiff to produce.

**Request No 6** (This request seeks documents that the Plaintiff contends support the numerosity allegation in the Plaintiffs Second Amended Class Action Complaint) – RCCL takes issue with:

A.  A purportedly evasive response since Plaintiff claim the documents are in the defendant's possession.

Plaintiff is at a loss for how RCCL can seriously claim it is contesting numerosity in this action.  The dialer database produced by RMG contains more than 10,000,000 calls.

**Request No 10** (This request seeks documents Plaintiff's tax returns that reflect income from filing serial TCPA litigation for the past ten (10) years).

This Court has already stated that the request for Plaintiff's tax returns "borders on harassing." DKT. No. 187 on RMG's Motion to Compel at 4 **("**The request regarding 15 years of tax returns borders on harassing.") This request simply should not be put forth again in a motion to compel.

**Request No 12-13, 15-20, 25-26, 28-39**

- RCCL claims that the arguments are the same as to Request No. 1. RCCL continues to ask Plaintiff for documents supporting our common question allegations and other requisite class action allegations before discovery has been produced by Defendants.

**Request No. 14** (This request seeks all documents received from any putative class member relating to the subject matter of this action)

Again Plaintiff does not object to producing a privilege log, but maintains that the same principle should apply to all parties in the case.

**Request No. 40** (Documents relating to the listserv, internet forum or any other internet source that the Plaintiff or his counsel subscribe to or are members of where information concerning or relating to the TCPA claims and/or how to file TCPA claims are stored)

RCCL's request simply repeats Request for Production No, 12 of RMG, already rejected by the Court in Dkt. 187 at 3:

> **Document Request 12:** All TCPA or telemarketing listserve, Internet forum, or other Internet source the Plaintiff subscribes to or uses or visits where visitors deposit, submit, or store information that relates in any way to the TCPA. Plaintiff admits that he is a "TCPA activist," but this request is overbroad and not likely to

6

lead to relevant information.

**Request No. 42, 43 and 45,  46-49** (Documents that identify every e-mail address used by the Plaintiff and his family members)

Again, this request has already been rejected by this Court. Dkt. No. 187 Order on RMG's Motion to Compel at 4:

> Defendants request all emails that contain the word cruise or that relate to travel or vacations that were sent or received by any email address ever registered by Plaintiff, including to specified email addresses. Defendants also request Internet browsing history, Internet activity records, cookies and downloads on any computer or laptop used by Plaintiff or his family. Defendants argue that these requests go to the consent defense and told the Court that near the time of the Robocalls in this case, Plaintiff took a vacation. However, Defendants also indicated to the Court that they should have an electronic record of an indication by Plaintiff of consent to receive Robocalls. In any event, the Court will allow some limited discovery into this area. The time frame for the search should be limited to one year preceding the Robocalls to the date of the Robocalls themselves. It will also be limited to the two email addresses identified in the Document Requests. The parties are directed to resolve the issues raised in Plaintiff's objections requiring a Protective Order and attempt to resolve the appropriate search terms. (Dkt. 185, Ex. 3, Plaintiff's Responses to Document Requests by RMG at 5-6). The parties are to report back to the Court at the next status.

Subsequently, the Plaintiff produced any e-mail that was possibly relevant.  The Plaintiff has previously identified his e-mail addresses in those discovery requests. Further, these e-mails were produced, so any further information about his family member e-mails is harassing, as is the request for internet history.

**Request No. 50** (The request sought the script that is used by the Plaintiff and his family when taking phone calls from telemarketers. No specific bate number was provided. RCL asked the Plaintiff to provide the bates number and the Plaintiff refused)

Contrary to RCCL's statement, the Parties discovery conference focused on the answers to interrogatories and Plaintiff has no objection to identifying the scripts, which were produced at Charvat 2271-2288.  RCCL's claimed confusion about the call logs is curious however, as the call logs were used by Defendants as exhibits at Mr. Charvat's deposition.

**Request No. 51** (The request sought documents and communications relating to the system the Plaintiff used to record telephone calls made to his residential telephone line.)

Plaintiff's response is complete.  In response to defendant's Rule 37 request for supplementation to refer specifically to documents that are responsive, the plaintiff responded as follows:

- o Recordings of the Robocalls made to Mr. Charvat's home. These recordings were attached as exhibits to the original Complaint and are in already in the possession of all defendants.

- o Bates 33-45: Transcripts and logs of the illegal telemarketing calls at issue.

Mr. Charvat testified about his recording system at his deposition and identified the equipment in his interrogatories.  He has no other documents to produce.

**Request No. 52** (This request sought documents relating to the registration of the Plaintiff's residential telephone line with the National Do-Not-Call-Registry. RCCL states that the Plaintiff answered that documents had been provided, but failed to identify the documents by bates number. RCCL further objects that the supplemental response included bates numbers but also referred to Mr. Charvat's deposition in its entirety and all exhibits. The reference to an entire deposition and all exhibits is not a response.)

Plaintiff's response included specific reference to his NDNCR verification, and his deposition where he explains registering for it. RCCL has received a complete response.

**Request No. 53** (This request sought documents relating to the Plaintiff's recording or documenting of telephone calls alleged in the pleadings in this case. Per #52 above, the original response simply referred to discovery otherwise produced to other Defendants with no bates numbers. The supplemental response bates numbers and the telephone recordings attached to the original complaint.)

Plaintiff's response identified the recording of the calls, the calls themselves (which were attached to the amended complaint), transcripts of the calls and logs for the calls. Plaintiff has no other documents, and it's not clear what other documents RCCL thinks Plaintiff has.

**Request No. 54** (Fee Agreements in this Case)

Plaintiff has produced everything he has to produce.

**Request No. 55** (Our Fee Agreement in other Cases)

This request is irrelevant. Plaintiff identified other litigation his counsel have represented him in and identified every TCPA case he's filed.

**Request No. 57** (This request sought documents relating to the Plaintiff's employment at any law firm, but the Plaintiff declined to produce the documents yet about the Plaintiff's education and background relate to adequacy issues.)

Plaintiff provided the following objection, and stands by it:

ANSWER: OBJECTION: The plaintiff declines to produce documents to the extent they have no relationship whatsoever to this case and, therefore, are not reasonably calculated to lead to discoverable evidence. Answering further, the request is overbroad, vague, oppressive and calculated to violate plaintiff's privacy rights.

This is the type of overbroad discovery request previously rejected by the Court.

**Request No. 58** (This request sought all of the documents in the Plaintiff's TCPA "Library" (His entire TCPA case file).

Plaintiff responds that this request is harassing and not relevant to his claim—and has already been rejected by this Court. *See* Dkt. 187, Order on Defendant Resort Marketing Group, Inc.'s Motion to Compel, at 3 as to RMG Request 12.

**Request No. 59 and 60** (Request 59 sought any letters the Plaintiff may have sent to telemarketers prior to filing TCPA lawsuits, including Travel Services and the cruise lines. Request No. 60 sought all documents relating to the number of TCPA claims the Plaintiff has made and how those claims were resolved.)

There was no letter to any party in this matter, so that request is the functional equivalent of requesting all of the files related to Plaintiff's unrelated claims. It is unduly burdensome and harassing to request the Plaintiff to produce his entire file for any TCPA claim he has litigated. Plaintiff did identify every single filed action, which is more than sufficient for any legitimate purpose in this action.

**Request No. 64** (This request seeks documents referring or relating to a script or set dialogue used by the Plaintiff when speaking to telemarketers)

Plaintiff has produced what he has, which is his telemarketing call log.

## CONCLUSION

For all of the above reasons, Mr. Charvat respectfully requests that this Court DENY in the entirety the "Defendant, Royal Caribbean Cruises, Ltd.'s Motion to Compel Answer, or Better Answers, to First Request for Production.

Respectfully submitted,

*/s/ Edward A. Broderick*
Edward A. Broderick
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
(617) 314-7783 *facsimile*
ted@broderick-law.com
*Pro Hac Vice*

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net
*Pro Hac Vice*

Dated:  October 17, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and copies have been electronically mailed to counsel of record.

*/s/ Edward A. Broderick*
Edward A. Broderick

Dated:  October 17, 2014