UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILIP CHARVAT on behalf of
himself and others similarly
situated,

        Plaintiff,

        v.

ELIZABETH VALENTE, RESORT
MARKETING GROUP, INC., TSN
INT'L, INC., TSN MARKETING
LLC, CARNIVAL CORP. & PLC,
ROYAL CARIBBEAN CRUISES,
LTD AND NCL, LTD.,

        Defendants.

No. 12 C 5746

Magistrate Judge Mary M. Rowland

## ORDER

Defendant Royal Caribbean Cruises Ltd.'s (RCL) Motion to Compel Better Responses to First Set of Interrogatories [213] is granted in part and denied in part. Plaintiff will produce supplemental interrogatory responses by December 12, 2014. In addition, by December 12, 2014, each defendant is ordered to make its respective document production available to the other defendants for reproduction.

## STATEMENT

### Procedural Background

Plaintiff, Philip Charvat, brought this action against Defendant Resort Marketing Group (RMG), a travel agency, alleging violations under the Telephone Consumer Protection Act (TCPA). Plaintiff also named as defendants three cruise lines, Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd. (RCL), and NCL (Bahamas) Ltd., under a vicarious liability theory, alleging that the travel agency was selling cruise packages for the cruise lines via illegal telemarketing. On September 26, 2014, RCL filed the instant motion to compel interrogatory responses. (Dkt. 213).

RCL, believing there is no basis to establish it is vicariously liable for the illegal telemarketing calls RMG allegedly made, files the present motion to "determine what, if any, evidence the Plaintiff has that would support his claims and class certification theories prior to the time that class certification briefing proceeds."

(Dkt. 213 at 6). RCL is particularly concerned, based on counsel's 15 years of experience, that when Plaintiff files his class certification motion, "Charvat will alter or change his class action definition, his theories or provide new facts thus leaving the Defendants unprepared to file a response without discovery regarding same." (Dkt. 224 at 3). Accordingly, RCL requests that it "be given an opportunity after the filing of Charvat's Motion for Class Certification to issue discovery it needs to defend his motion" (*Id.* at 3-4). As this situation has yet to arise, the Court will not decide it. However, the Court is mindful of the due process rights of all parties to the litigation and has no intention of allowing Plaintiff (or Defendants) to conduct the litigation by ambush. In light of the fact that neither class certification briefing nor discovery deadlines have been set, the Court sees no risk of such an unfair scenario arising.

## General objections

First, RCL objects throughout to Plaintiff's response that because he is waiting for discovery responses from the defendants he is unable to fully respond to a particular interrogatory. The interrogatory responses were signed in April 2014. Since that time the Court has ordered (1) RMG to produce data relative to the robocalls[1] they made in their native electronic format; (2) RMG to produce supplemental documentation relating to complaints under the TCPA, robocalls, and prior established business relationships; (3) the Cruise Lines to produce complaints related to the TCPA or robocalls; and (4) RMG to supplement interrogatory responses regarding pre-recorded telemarketing calls. (Dkt. 186, 190, 206 & 210). Furthermore, on December 1, 2014, Carnival will produce its ESI and RMG will produce its e-mail correspondence. (Dkt. 225).

In this scenario, it was entirely appropriate that when Plaintiff responded to interrogatories he indicated that a tremendous amount of discovery was forthcoming. Plaintiff is reminded of his continuing duty to supplement discovery responses, Fed. R. Civ. P. 26(e), but his indication that discovery was outstanding is not a basis to compel production. *See American Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) ("If after key depositions and expert disclosures, more information responsive to these interrogatories becomes available, the NFL Defendants shall supplement their answers as they would with an answer to any other interrogatory.").

RCL also objects that Plaintiff often provides "general legal conclusions with no factual support or no application of fact to law as requested in the interrogatories." (*See* Dkt. 213 at 5). RCL relies primarily on *American Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395 (N.D. Ill. Aug. 17, 2012) to argue that Plaintiff cannot object to an interrogatory because it requests an opinion or for the application of law to facts. In *American Needle*, the NFL Defendants did not

---

[1] The statute, 47 U.S.C. § 227(b), refers to prohibitions using "any automatic telephone dialing system," known colloquially as "robocalls."

respond to the two interrogatories at issues because they were contention interrogatories. The Court found "no persuasive reason for the NFL Defendants to completely defer their answers." *American Needle, Inc.*, 2012 WL 4327395, at *2. However, the Court also held that the "NFL Defendants need only to articulate their contentions and the bases of their contentions." *Id.* Significantly, the *American Needle* court observed that while an interrogatory may reasonably ask for the material or principal facts which support a contention, "to the extent the contention interrogatories ask for *every fact* and *every application of law to fact* which supports the identified allegations, the court finds them overly broad and unduly burdensome." *Id.* (emphasis added) (internal citation omitted). Unlike *American Needle*, Charvat responded to the interrogatories. Although he objects initially to several of the interrogatories stating that the question asks for legal opinions from a non-lawyer, Charvat then proceeds to answer the majority of the interrogatories often in great detail.

With this background, the Court turns to the specific interrogatory responses at issue.

## Specific Interrogatories

**Interrogatory No. 1** requests the contact information of all persons with knowledge or information regarding the Second Amended Complaint. In addition to naming himself and Stuart Abramson, Plaintiff provides a list of groups of individuals who have knowledge of the allegations in the complaint, such as consumers who complained to RMG, the Federal Communications Commission, or to the cruise line defendants. However, Plaintiff states that this information has either been redacted by RMG, or has not yet been produced. As to Mr. Abramson's address and telephone number, Plaintiff shall provide RCL with Stuart Abramson's most recent contact information. The motion to compel is otherwise denied.

**Interrogatory No. 2** asks Plaintiff to specifically define the class, indicate whether there are subclasses and to specify whether the class is comprised of persons who received robocalls or any telemarketing calls. In addition to relying on what is alleged in the Second Amended Complaint, Plaintiff asserts that he should not be forced to brief his Class Certification Motion before it is due, and he will make final decisions on the requested class definition once Defendants provide discovery. (Dkt. 213-1 at 3). The Court agrees that Plaintiff should not be required to brief Class Certification before it is due. However, it is reasonable for Plaintiff to clarify for RCL whether the class, as defined in the Second Amended Complaint, is limited to persons who received robocalls or includes persons who received any telemarketing calls (e.g. non-robocalls). If Plaintiff intends to seek certification of a class of persons who received telemarketing calls generally (e.g. non-robocalls), Plaintiff must state the legal and factual basis he has to support this allegation. In all other respects, the Defendant's motion is denied.

**Interrogatory No. 3** asks Plaintiff to explain how telemarketing calls, *excluding robocalls,* would make a cruise line liable for purposed illegal robocalls.

(Dkt. 213-1 at 4) (emphasis added). Plaintiff explains in detail the theories under which he is proceeding: (1) that RMG had either actual or apparent authority to telemarket on the cruise lines' behalf; (2) that the cruise lines had knowledge of the illegal telemarketing; and (3) that FCC opinions have articulated the basis for vicarious liability. Defendant objects that this "interrogatory clearly seeks facts . . . because RCL wants to know under what theory of liability the Plaintiff can claim to proceed for 'telemarketing' as opposed to robocalls." (Dkt. 213-1 at 5). As with Interrogatory No. 2, if Plaintiff intends to seek certification of a class of persons who received telemarketing calls generally (e.g. non-robocalls), Plaintiff must state the legal and factual basis for vicarious liability for such an allegation. In all other respects, the Defendant's motion is denied.

**Interrogatory No. 4** asks for the factual and legal basis upon which Plaintiff can support standing for class members who received robocalls via cellular telephone. (Dkt. 213-1 at 5). Plaintiff responds that all members of the class, like himself, received illegal telemarketing calls via robocall, or via auto dialer, and/or while their numbers were listed on the DNC Registry. (Dkt. 213-1 at 5-6). Defendant contends that this answer is not responsive because Plaintiff does not address how Plaintiff has standing "to represent a class of persons who were called on their cell phones when he never had one." (Dkt. 213-1 at 6). Plaintiff responds that his standing is based on the fact that all members of the class received the same calls. RCL appears to be arguing the merits of standing as opposed to seeking information. Whether the Court will determine Plaintiff can adequately represent class members who received robocalls on a cellular telephone is a matter to be addressed by the Court in ruling on the class certification motion. There is no missing information here and no information to compel. Defendant's motion to compel is denied.

**Interrogatory No. 5** asks for the factual details upon which Plaintiff contends that the class meets the requirements for numerosity, including listing the total number of persons who fall under the class definition. (Dkt. 213-1 at 6). Plaintiff responds that he suspects the number is in the millions and explains why joinder of millions of people would be impractical. (Dkt. 213-1 at 6-7). If the call data produced by RMG contains robocalls and the response to Interrogatory No. 2 limits the class definition to robocalls, there is no information to compel here. RCL knows the number of robocalls made based on the data produced by RMG.[2] If however, the proposed class definition includes general telemarketing calls as opposed to only robocalls, Plaintiff needs to explain, based on the data produced, how he will satisfy numerosity. For instance, if the data produced robocalls only and Plaintiff seeks to certify a class based on robocalls and non-robocalls, Plaintiff must explain his basis to establish numerosity as to non-robocalls.

---

[2] RCL indicates that the Defendants are not producing copies of their discovery documents to each other. (Dkt. 213-1 at 9). By December 12, 2014, each defendant is ordered to make its respective document production available to the other defendants for reproduction.

**Interrogatory No. 6** asks Plaintiff to list every fact and every issue of law related to the common claims for class certification. Plaintiff responds by stating that "[a]ll class members received virtually identical telemarketing calls from RMG promoting the goods and services of the Cruise Defendants. Common legal questions are whether RMG telemarketing calls were in violation of the TCPA, and whether the Cruise Defendants are vicariously liable for such calls." (Dkt. 213-1 at 8). RCL's real complaint is that the "evidence to date is that the telemarketers . . . never mentioned selling or promoting anything for the cruise lines and instead specifically referenced promoting ... RMG." (Dkt. 213-1 at 9). Plaintiff is not required to brief his motion for class certification; however, based on the discovery to date, Plaintiff must explain *the facts* that he believes support vicarious liability against the cruise line defendants. *See Donaca v. Dish Network, LLC.*, No. 11-CV-02910-RBJ-KLM, 2014 WL 623396, at *8 (D. Colo. Feb. 18, 2014) (finding no vicarious liability under agency theory for calls made by Satellite Services of Utah in the context of the class certification ruling). RCL's motion to compel is denied in all other respects.

**Interrogatory No. 7** asks Plaintiff for "every defense that you contend is susceptible to common proof, the facts that support the contention and the methodology by which you propose that the defenses can be proven [. . .]." (Dkt. 213-1 at 9). While many of the affirmative defenses overlap, Carnival asserts 24 affirmative defenses and RCL and NCL assert 28. Given the number of affirmative defenses raised, the Court finds this Interrogatory overly burdensome and denies Defendant's motion to compel. "To the extent the contention interrogatories ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome." *American Needle*, 2012 WL 4327395, at *2 (internal citation omitted).

**Interrogatory No. 8** asks Plaintiff to state "the method by which" the case can be prosecuted as to all factual and legal issues, including damages. (Dkt. 213-1 at 10). Plaintiff provided no answer other than an objection. Plaintiff is ordered to answer Interrogatory No. 8 based on the information currently available to him.

**Interrogatory No. 9** asks Plaintiff to describe how his claims are typical of the claims of the putative class, and how the defenses would not require an individualized method of proof. (Dkt. 213-1 at 10). Plaintiff states his belief that the claims are typical of the claims of other class members because "all class members received telemarketing calls from RMG promoting the goods and services of the Cruise Defendants in violation of the TCPA." (Dkt. 213-1 at 10). Plaintiff further states that he believes that none of the class members provided RMG with "prior express consent" to receive telemarketing calls. Plaintiff then discusses his personal situation and the defendants' contention that his daughter entered his information into a website. Plaintiff states that this fact does not affect his argument that no prior express consent was obtained. Plaintiff provides a detailed response, and he explains why he believes the claims and defenses are typical of the class.

"Defendants need only to articulate their contentions and the bases of their contentions." *American Needle*, at \*2. Defendant's motion to compel is denied.

**Interrogatory No. 10** asks why Plaintiff is adequate to represent the proposed class. (Dkt. 213-1 at 11). Plaintiff responds that he has similar claims, there are no conflicts between him and the class, he has litigated TCPA cases in the past, and he is familiar with the law. Defendant argues that Plaintiff merely provided legal conclusions, and not facts. Plaintiff has sufficiently articulated his contentions and the basis for his contentions. *See American Needle*, at \*2. Defendant's motion is denied.

**Interrogatory No. 11** asks for a list of every class action handled by Plaintiff's lawyers. According to RCL, Plaintiff agreed to supplement this interrogatory but has not yet produced this information. (Dkt. 224 at 5). Plaintiff is ordered to produce the information he agreed to supplement by the deadline in this order.

**Interrogatory No. 12** asks for a list of every TCPA case in which Plaintiff has been involved, including class actions, handled by any of the Plaintiff's current counsel. Plaintiff has provided a list of all TCPA class actions that he is involved in, including the caption of the case, the court where the action was filed, and the case number. To the extent RCL seeks detailed information regarding whether the cases were certified, or whether the cases settled, these cases are public record and available to RCL. To the extent RCL seeks a list of non-class actions, handled by present counsel, that Plaintiff has been involved in, RCL has failed to explain the relevance of such a request and the Court does not believe this information is relevant. Fed. R. Civ. P. 26(b)(1). Defendant's motion to compel is denied.

**Interrogatory No. 13** asks Plaintiff whether he has communicated with any member of the class. Plaintiff states that he has communicated with Stewart Abramson. He then states that "my attorneys and I have been precluded from contacting other class members at this point." Defendant finds this answer "unclear" in light of Plaintiff's oral testimony. (Dkt. 213-1 at 14). Plaintiff shall clarify his answer, in light of his online activities.

**Interrogatory No. 14** asks Plaintiff to identify which section of Rule 23(b) he intends to rely upon to seek certification and the basis of class certification under each subsection of Rule 23(b). Plaintiff responds that he is seeking certification under Rule 23(b)(3) and that whether his attorneys file under other provisions of Rule 23 has not yet been decided. RCL's motion to compel a response to this interrogatory is premature and is denied.

**Interrogatories Nos. 15-17** asks Plaintiff to state his factual and legal basis for asserting that (1) questions of fact or law common to the claims or defenses will predominate, (2) class treatment is superior, and (3) there will be no difficulty in managing the claims. Plaintiff generally refers back to previous interrogatory responses wherein he relates his position that there are millions of robocalls and "class certification is superior to millions of individual trials primarily because each individual claim, in isolation, is too small to incentivize a consumer to accept the

risks of proceeding against entities, such as the Defendants in this case." (Dkt. 213-1 at 15). Plaintiff states that managing the class would not be difficult because all class members received "virtually identical illegal telemarketing calls from the defendants", consumers could be identified by phone records, and damages are statutory. (Dkt. 213-1 at 16). Plaintiff has sufficiently answered these interrogatories, and Defendant's motion is denied.

**Interrogatory No. 18** asks for the basis of Plaintiff's claim for injunctive relief. Plaintiff states that if "RMG continued to engage in illegal Robocall telemarketing . . . my attorneys intend to pursue injunctive relief." (Dkt. 213-1 at 17). Defendant's motion is denied.

**Interrogatory No. 19** asks Plaintiff to state how the damages will be calculated in this case, to which Plaintiff responds that damages under the TCPA are set by statute, and damages would be calculated based on the number of calls for each consumer, and the number of statutory violations per call. RCL's objection to this interrogatory appears to argue the merits of the case, including that RCL should not be vicariously liable for the calls made by RMG. The interrogatory asked how damages would be calculated, and Plaintiff answered the interrogatory. Defendant's motion is denied.

Dated: November 20, 2014                    Mary M Rowland


*Charvat v. Valente et al.,* No. 12 C 5746                                      7