UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH VALENTE, RESORT MARKETING GROUP, INC., TSN INT'L, INC., TSN MARKETING LLC, CARNIVAL CORP. & PLC, ROYAL CARIBBEAN CRUISES, LTD AND NCL, LTD.,<br><br>Defendants. | No. 12 C 5746<br><br>Magistrate Judge Mary M. Rowland |

## ORDER

Defendant Royal Caribbean Cruises Ltd.'s (RCL) Motion to Compel Answers, or Better Answers, to First Request for Production [214] is granted in part and denied in part. Plaintiff will produce documents by December 12, 2014. In addition, by December 12, 2014, each defendant is ordered to make its respective document production available to the other defendants for reproduction.

## STATEMENT

**Procedural Background**

Plaintiff, Philip Charvat, brought this action against Defendant Resort Marketing Group (RMG), a travel agency, alleging violations under the Telephone Consumer Protection Act (TCPA). Plaintiff also named as defendants three cruise lines, Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd. (RCL), and NCL (Bahamas) Ltd., under a vicarious liability theory, alleging that the travel agency was selling cruise packages for the cruise lines via illegal telemarketing.

On September 26, 2014, RCL filed the present motion seeking to compel document production from Plaintiff.[1] (Dkt. 214). Some of the requests at issue in the present motion are the same or similar to a motion to compel brought in March of 2014 by RMG. (Dkt. 179). On April 21, 2014, this Court granted in part and denied

---

[1] RCL has withdrawn its motion as to Document Requests 51, 53, 54 & 64. (Dkt. 223-1).

in part RMG's motion ordering Plaintiff to produce (1) all records from two e-mail addresses that contain the word cruise or relate to travel or vacations, (2) a list of articles and books Plaintiff has authored, and (3) the title of all seminars Plaintiff has spoken at about the TCPA. (Dkt. 187). The Court denied RMG's request to inspect all electronic devices used by Plaintiff or his family, all correspondence sent by Plaintiff to all telemarketers since 2008, a list of all TCPA or telemarketing listservs that Plaintiff subscribes to or visits, all correspondence among Plaintiff's family members about telemarketing calls, and Plaintiff's tax returns for the past 15 years. (Dkt. 187).

With this background, the Court turns to the specific requests made in Defendant RCL's motion.

**Document Requests**

**Document Requests Nos. 1, 4-6, 7-9, 11, 12-13, 15-20, 25-26, 28-39:** These requests seek the documents that Plaintiff will rely on to support class certification. Plaintiff responds that, in addition to the recording of the robocalls attached to the original Complaint, he will rely on the following documents: (1) those produced by RMG; (2) those produced in response to two specific subpoenas; (3) depositions transcripts; (4) eight specified categories of documents identified by bates numbers; and (5) internet screen shots. [2] Plaintiff also reserves the right to supplement based upon outstanding discovery.

RCL argues that Plaintiff's response is too vague because he does not identify the RMG documents by bates numbers and he indicates that will rely on documents that "include the following" which allows for the possibility of unmentioned documents. RCL also objects that Plaintiff raises a privilege objection, without providing a privilege log, thereby leaving RCL to wonder whether unidentified and unproduced documents are at issue.

Charvat's reservation of right to supplement following more fulsome production of discovery by defendants is proper. Carnival and RMG will make significant production on December 1, 2014. Moreover, Plaintiff states that he has identified all of the documents he is aware of at this stage in the litigation. (Dkt. 221 at 3). In light of that representation, the Court hereby *strikes the phrase* "include the following documents" from the responses. Plaintiff is reminded of his obligation to supplement following more complete production by defendants.

As to privilege, Plaintiff is required to notify RCL, via letter, that there are no responsive documents to the various document requests other than communications between and among Plaintiff and counsel or to provide a privilege log.[3] *See* Proposed

---

[2] The parties have resolved their dispute about the screen shots. (Dkt. 223-1 at 3).

[3] Plaintiff responds throughout that he has no objection to providing a privilege log but that defendants should also be required to provide a privilege log. (*See* Dkt. 221 at 3-6; Resp. to

*Charvat v. Valente et al.,* No. 12 C 5746     2

Amendment to Rule 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.")(Proposed effective date 12/1/15).

The Court otherwise disagrees with RCL that Plaintiff's response is evasive and incomplete. Plaintiff identified eight documents by bates numbers. He also identified three categories of documents: RMG's production, Caldwell List and TDC production, and deposition transcripts. (Dkt. 214-2 at 2). RCL does not cite a single case for the proposition that a party is required to identify documents by bates numbers, and the Court has found none. The cases relied upon by RCL, *Derson Group, Ltd. v. Right Mgmt. Consultants, Inc.*, 119 F.R.D. 396 (N.D. Ill 1998) and *American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 109 F.R.D. 263 (E.D.N.C. 1985) both involve the responding party referring vaguely to document production as a way of answering interrogatories. In *Derson*, the court emphasized that the party should provide "sufficient detail to permit the interrogating party to locate and to identify . . . the records." *Derson Group*, 119 F.R.D. at 396. In that case the plaintiff gave "no clue" where to find the requested information among 33,000 documents. In *American Rockwool*, the court similarly held that the party needed to specify records in sufficient detail to allow the requesting party to locate and identify the records from which answers to interrogatories could be ascertained. Here Plaintiff has identified specific categories of documents and identified specific bates-stamped documents, per Defendant's Rule 34 requests. In addition, in the present case, Plaintiff has responded to multiple interrogatories. This is not a case where a party has directed Defendant "to an undifferentiated mass of records that is not a suitable response to a legitimate request for discovery." *American Rockwoold*, 109 F.R.D. at 266.

**Document Request No. 2:** This request seeks any witness statements, affidavits, and declarations that Plaintiff has obtained from any person. (Dkt. 214 at 6). Plaintiff identifies two by bates-numbers. (Dkt. 214-2 at 2). Plaintiff then supplemented by producing a third declaration when it was received and indicates there are no others.[4] (Dkt. 221 at 4). The Court denies the request to compel further production.

**Document Request No. 3:** The request asks for all documents obtained from any person relating to the subject matter of this action except the named Plaintiff. Plaintiff states that he has produced all documents. In light of that representation, the Court *strikes the phrase* "include the following documents" from the response.

---

Req. Nos. 1, 3-5, 7-9, 11; 14). Whether defendants should provide a privilege log is not before the Court.

[4] This is one of several examples where the parties did not effectively use the discovery dispute requirements set forth in the rules. *See* Rule 37(a)(1). The Court cautions both sides to talk to each other and try to resolve disputes before engaging in briefing.

As to privilege, Plaintiff is required to notify RCL, via letter, that there are no responsive documents other than communications between and among Plaintiff and counsel or to provide a privilege log. Defendant's motion is otherwise denied.

**Document Request No. 10:** This request seeks Plaintiff's tax returns that reflect income from filing TCPA litigation for the past ten years. RMG previously moved to compel Plaintiff to produce tax returns from 1999 to the present. (Dkt. 179). The Court denied this request as irrelevant. *See* Dkt. 187 at 4.

RCL relies on *Donaca v. Dish Network, LLC.*, No. 11-CV-02910-RBJ-KLM, 2014 WL 623396 (D. Colo. Feb. 18, 2014), to argue that a court has "den[ied] class certification under Rule 23(b)(3) because the plaintiff derived 60% of his income from TCPA lawsuits or threats to sue telemarketers." (Dkt. 223-1 at 6). The Court was unaware of *Donaca* when it ruled on RMG's request for Plaintiff's tax returns and will consider the request anew in light of this case authority.

The *Donaca* court, after denying class certification because (a) the class of which plaintiff was a member was not ascertainable and (b) plaintiff was not a member of the classes that were ascertainable, found that (c) because plaintiff derived so much income from his TCPA litigation,[5] class treatment was not "necessarily superior to other methods for a fair and efficient adjudication of TCPA claims." *Donaca*, 2014 WL 623396, at *11.

There is no question that Mr. Charvat, like the plaintiff in *Donaca*, is a TCPA "advocate." *Id.* at *1. Charvat has filed approximately 100 lawsuits challenging what he perceives to be violations of the TCPA. However, this Court does not find *Donaca* persuasive in light of Seventh Circuit precedent. In *Murray v. GMAC Mortgage Corporation,* 434 F.3d 948 (7th Cir. 2006), a case brought under the Fair Credit Reporting Act, (FCRA) the district court denied class certification in part because the named plaintiff was a "professional plaintiff" and, therefore, unfit to represent the class. 434 F.3d at 951. The Seventh Circuit accepted the case on an interlocutory basis because it "present[ed] some fundamental questions about the management of consumer class actions." *Id.* The appellate court observed that while plaintiff and her family had filed more than fifty FCRA suits, that fact did not disqualify her as a class representative. "What the district court did not explain … is why 'professional' is a dirty word. It implies experience, if not expertise. … Repeat litigants may be better able to monitor the conduct of counsel, who as a practical matter are the class's real champions." *Id.* at 954. Moreover, in terms of whether class treatment was a superior method, the *Murray* court held that "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight [statutory damages of $100 per violation] to support individual suits, but injury is substantial in the aggregate." *Id.* at 953. In light of this binding case authority, the Court remains unpersuaded that ten years of Plaintiff's tax returns are relevant. RCL's motion to compel is denied.

---

[5] The *Donaca* court relied on deposition testimony, not tax returns, for this information. *Donaca*, 2014 WL 623396, at *1.

**Document Request No. 14:** This request seeks documents received from any putative class member relating to the subject matter of this action. Plaintiff responded with a work product and attorney client privilege objection. Plaintiff states that he has no objection to producing a privilege log. Plaintiff is required to notify RCL, via letter, that there are no responsive documents to this document request other than communications between and among Plaintiff and counsel or to provide a privilege log.

**Document Request No. 40:** This request asks for all documents relating to any listserv, internet forum, or any other internet source that Plaintiff or his counsel subscribe to or are members of where information regarding TCPA claims are stored. RCL argues that these communications relate to adequacy. RCL argues that one of the documents produced "reveal[s] that Charvat was actively pursuing other potential putative class members who had received calls that are the subject of this case *after* he filed his Complaint." (Dkt. 223-1 at 8). Such evidence would go to solicitation. According to Plaintiff, he already produced "all documents relating to this case from the above sources." (Dkt. 214-2 at 30). To be clear, Plaintiff is required to produce all documents *related to this case* from the sources identified in the document request.

While it is not entirely clear, RCL also appears to be moving to compel documents (1) from Plaintiff related to other TCPA cases, and (2) from Plaintiff's counsel regarding their activities on listservs. As to these categories, the Court stands by its previous ruling that these requests are overbroad. *See* Dkt. 187 at 3.

**Document Request Nos. 42-43, 45, 46-49:** These requests seek documents that identify every e-mail address used by Plaintiff, his wife and his daughter, and all documents regarding the three individual's internet usage (on any computer, laptop, netbook, tablet, cellular phone or other Internet capable device), including browsing history, billing records, Internet cookies, downloads and inbound and outbound e-mails. (Dkt. 214-2 at 31-39). Tacitly acknowledging the expansive breadth of these requests, RCL refines its requests to documents reflecting the internet providers for each of the Charvats from one year prior to filing the lawsuit through January 1, 2013. The Court compels a response to this request, as modified. Plaintiff shall identify the internet providers for each of the three identified members of the Charvat family for one year prior to filing the lawsuit through January 1, 2013.

**Document Request No. 50:** This request seeks the documents, identified by bates numbers, relating to the script Plaintiff used when speaking to telemarketers. Plaintiff identified bates-numbered documents at Dkt. 214-2 at 33 and Dkt. 221 at 8. Defendant's request is denied.

**Document Request No. 52:** This request seeks documents relating to the registration of Plaintiff's telephone line with the National Do-Not-Call-Registry. Plaintiff responded with a reference to his NDNCR verification, including bates numbers, and a reference to his deposition where he explained registering for it.

RCL's real concern is that Plaintiff did not provide documents relating to an Ohio case in which Charvat was purportedly ordered to register for the NDNCR. The Court believes this information is relevant and should be provided. However, RCL references a settlement in the Ohio case. This order is not meant to void any confidentiality provision or protective order at issue in that case. Plaintiff is ordered to produce documents from the Ohio case responsive to this request consistent with whatever protective order may be in place in the Ohio case.

**Document Request No. 55:** This request asks for fee agreement information from *other* TCPA cases Plaintiff has litigated. Plaintiff, who has produced his fee agreement in this case, argues that this information is irrelevant. Defendant argues this information is relevant because it goes toward adequacy as a class representative and predominance. Defendant has not indicated how other fee agreements are relevant, and relies on its argument in Interrogatory No. 10. For the reasons stated above, Defendant's motion is denied.

**Document Request No. 57:** This request seeks documents, including a resume, relating to Plaintiff's employment at any law firm. Plaintiff objects on the basis of relevance. Defendant argues that a plaintiff's education and business experience is a factor relating to adequacy. Oddly, in response to Document Request No. 1, Plaintiff produced his resume. (Dkt. 214-2 at 2). The motion to compel is denied as moot.

**Document Request No. 58:** This request seeks "case law, articles you have authored, and presentation notes from" seminars at which Plaintiff has spoken. (Dkt. 214-2 at 35). The Court previously ordered Plaintiff to produce "a list of articles and books he has authored and the title of seminars he has spoken at, from January 2008 to the present, which concerned the TCPA." (Dkt. 187 at 4). Consistent with this Court's previous Order, Plaintiff is required to produce a copy of any articles that he has written and any speeches or presentations he has given about the TCPA from January 2008 to the present. However, the Court believes it is unduly burdensome to require Plaintiff to produce copies of case law and articles or books written *by others* that Plaintiff has in his library.

**Document Request Nos. 59-60:** Request 59 seeks any letters Plaintiff may have sent to telemarketers prior to filing any other TCPA lawsuits. (It is uncontested that Plaintiff did not file any pre-suit demand in this case). Request No. 60 seeks documents relating to how many TCPA claims Plaintiff filed and how they were resolved (i.e., dismissal or settlement). Plaintiff responds that he has identified "every single filed action, which is more than sufficient." (Dkt. 221 at 10). RCL relies on *Donaca, supra,* to argue that this information is relevant to their argument that class certification is not the superior method since "there is no impediment for the average citizen to get the same or similar relief." (Dkt. 223-1 at 12). For the reasons stated *supra,* this Court rejects that argument in this circuit.

Plaintiff has provided a list of all TCPA class actions that he is involved in, including the caption of the case, the court where the action was filed, and the case

number. RCL wishes to argue that class members have fared far less well than the statutory presumptive damage award as compared to the incentive award awarded to Plaintiff. First, to the extent RCL seeks detailed information regarding whether the cases were certified, or whether the cases settled, these cases are public record and available to RCL. Moreover, each of those class action settlements were approved by a court considering the factors required under Rule 23 and case law regarding settlements. RCL has failed to explain the relevance of these other court sanctioned settlement agreements and Plaintiff's incentive award to the questions at issue in this case. RCL's motion to compel Nos. 59 and 60 is denied.

Dated: November 20, 2014                               *Mary M Rowland*