# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PHILIP CHARVAT, on behalf of himself and others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**TRAVEL SERVICES, et al.,**<br><br>Defendants. | No. 12 CV 5746<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff's Motion for Protective Order and to Quash Subpoena [230] is **DENIED FOR LACK OF STANDING**. The Court on its own motion **QUASHES** the subpoena issued to AB Data Group. Plaintiff shall provide language for a proposed stipulation to Defendants regarding *Desai v. ADT Security Services, Inc.*, No. 11 CV 1925 (N.D. Ill. filed Mar. 21, 2011) as follows: (1) the final number of valid claims filed; (2) the amount paid per claim; (3) the amount paid to Named Plaintiffs; and (4) the total amount paid to Class Counsel. Plaintiff shall also provide a copy of the *Desai* Claim Form to Defendants. Plaintiff shall provide the proposed stipulation and the Claim Form to Defendants by January 16, 2015.

## STATEMENT

Defendants have proposed issuing a subpoena to nonparty AB Data Group (Subpoena), requesting various documents and a deposition related to the

administration of the class action settlement in *Desai v. ADT Security Services, Inc.*, No. 11 CV 1925 (N.D. Ill. filed Mar. 21, 2011). *Desai* was a Telephone Consumer Protection Act (TCPA) class action in which Mr. Charvat, serving as a named Plaintiff, was represented by the same counsel representing him in the present action. (Mot. ¶ 2 & Ex. 1). Plaintiff objects that the Subpoena requests material that (1) is not relevant to any party's claim or defense and (2) is readily publicly available. (*Id.* ¶¶ 2, 6–8). Defendants counter that Plaintiff lacks standing to seek a protective order on behalf of a nonparty absent any privilege concerns, which have not been raised here.[1] (Resp. 2).

This Court agrees that "a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1, at 487–88 (3d ed. 2008) (and cases cited therein); *accord Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. March 14, 2002). Plaintiff's motion to quash is denied.

However, the Court, mindful of its duty to protect nonparties from unnecessary or burdensome discovery, is troubled by the Subpoena. Defendants request the following information from AB Data Group: the total amount of money paid to each class member; the total number of class members in the settlement class; the total amount of money given to the Named Plaintiffs from the settlement fund; the total

---

[1] Plaintiff contends that Defendants are seeking privileged information regarding the division of fees between class counsel in the *Desai* case. (Mot. ¶ 2). There is no indication of that on the face of the subpoena, and Defendants agree "not . . . to seek that information via this subpoena," (Resp. 2), thus addressing any possible privilege objections.

amount of money received by plaintiff's counsel from the settlement fund; and a copy of the Claim Form. All of this information was reviewed by the district court prior to its approval of the *Desai* settlement and is publically available. *Desai v. ADT Security Services, Inc.*, No. 11 CV 1925. The final order approving the *Desai* settlement provides that each Named Plaintiff shall be paid $30,000, and Class Counsel shall be paid $5,090,895.99. *Id.* (Final Order, filed June 21, 2013) (Dkt. 243 at 7-8). According to AB Data Group's June 6, 2013 affidavit filed in support of the approval of the settlement in *Desai*, Class Notice was sent to 1,280,221 Class Members' addresses.[2] *Id.* (Affidavit of Christina Peters-Stasiewicz, Account Executive for the Class Administrator AB Data, filed June 7, 2013) (Dkt. 240-2). AB Data Group's affidavit also states that 136,440 persons filed timely claim forms, a return of 14% of those who received direct notice, with each claimant estimated to receive a *pro rata* settlement award distribution of $48.37.[3] *Id.*

In light of the fact that the information is publically available in the form of a court order and a sworn affidavit,[4] the Court does not believe that the Subpoena

---

[2] According to the AB Data Group's affidavit 359,864 of those were returned as undeliverable. *Id.* The affidavit also contains details about the number of calls received on the toll-free help line; the number of outbound calls placed by the claims administrator in response to inquiries; and the number of hits on the case specific website and how many times the Notice, the Complaint, the Amended Complaint, Claim Form, Settlement Agreement and Order were each downloaded. *Id.* Also included in the record are copies of the four objections to the settlement and a list of the 57 persons who opted out of the settlement. *Id.*

[3] Because Claims were not due until four days after the affidavit was prepared, that response rate could have increased, and the corresponding dollar amount paid per class member could have decreased, slightly.

[4] Requiring the parties to stipulate will assure Defendants can rely on these uncontroverted and well-established facts without burdening a third party.

complies with Rule 45's requirement to "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Pro 45(d)(1). Courts have interpreted the "undue burden" language in Rule 45(d) as balancing benefits and burdens. "Even though federal courts always have had the inherent power to protect persons subject to subpoena from undue burden, [Rule 45(d)(3)(A)(iv)] expressly requires district judges to quash or modify a subpoena deemed to impose undue burden or expense on anyone subject to the subpoena. … This process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." 9A Wright & Miller, *supra* § 2463.1, at 500-504 (and cases cited therein).

Because the requested information is available from public sources, the Subpoena imposes an undue burden on nonparty AB Data Group. After careful review, the Court *sua sponte* quashes the Subpoena issued to AB Data Group. *See Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (upholding district court's decision to quash nonparty subpoena where information not only available from other sources but already provided); *Aslani v. Sparrow Health Sys.*, No. 08 CV 0298, 2010 WL 623673, at *5 (W.D. Mich. Feb. 18, 2010) ("[T]he court has the inherent authority on its own initiative to prevent abusive or inappropriate discovery practices, and the court approves of the Magistrate's invocation and use of that inherent authority [to quash a nonparty subpoena] as an alternative to relying on [the defendant's] motion to quash.");

*Newcomb v. Principal Mut. Life Ins. Co.*, No. 07 CV 0345, 2008 WL 3539520, at *3 (W.D.N.C. Aug. 11, 2008) ("Because defendant is quite correct that plaintiff lacks standing to quash the subpoena, the court will quash the subpoena upon its own motion and under its inherent authority offer the issuance of process from this court inasmuch as such subpoena was issued outside the bounds of Rule 26(b)(4)(A)."); *Med. Billing, Inc. v. Med. Mgmt. Sciences, Inc.*, 169 F.R.D. 325, 332 (N.D. Ohio 1996) (because records sought are a part of the public record, the court "finds that the subpoena upon [law firm] is unnecessary"; subpoena quashed).

## CONCLUSION

Plaintiff's Motion for Protective Order and to Quash Subpoena [230] is **DENIED FOR LACK OF STANDING**. The Court on its own motion **QUASHES** the subpoena issued to AB Data Group. Plaintiff shall provide language for a proposed stipulation to Defendants regarding *Desai v. ADT Security Services, Inc.*, No. 11 CV 1925 (N.D. Ill. filed Mar. 21, 2011) as follows: (1) the final number of valid claims filed; (2) the amount paid per claim; (3) the amount paid to Named Plaintiffs; and (4) the total amount paid to Class Counsel. Plaintiff shall also provide a copy of the *Desai* Claim Form to Defendants. Plaintiff shall provide the proposed stipulation and the Claim Form to Defendants by January 16, 2015.

Dated: January 5, 2015

*Mary M Rowland*