IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP CHARVAT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-cv-05746 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| TRAVEL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Royal Caribbean Cruises, Ltd. ("RCL") asks this Court to modify or set aside portions of two orders issued by Magistrate Judge Rowland disposing of motions to compel additional responses to interrogatories and document production requests. (Dkt. Nos. 237, 238) For the reasons detailed below, the Court overrules RCL's objections to the magistrate judge's orders and affirms her rulings.

**BACKGROUND**

Plaintiff Philip Charvat claims that he received four unsolicited recorded marketing phone calls on his residential phone line and that these calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B). (Second Am. Compl. ¶¶ 28-47, 63, Dkt. No. 58.) Charvat further alleges that the calls marketed the services of multiple travel service vendors named as defendants in his complaint, including those of RCL, and that the entities whose services were promoted in the calls are liable under the TCPA. (*Id.* ¶¶ 19, 20, 29, 32, 69-71.) In his complaint, Charvat seeks relief on behalf of himself and a class of similarly situated persons. (*Id.* ¶ 73.) This Court referred this matter to the magistrate judge for supervision of both settlement and discovery proceedings, including resolution of all discovery motions. (Dkt. No.

181.) RCL presented the magistrate judge with motions to compel Charvat to provide additional responses to its interrogatories and requests for production. (Dkt. Nos. 213, 214.) The magistrate judge granted the motions in part and denied them in part. (Dkt. Nos. 228, 229.) Now before the Court are RCL's objections to the magistrate judge's orders. (Dkt. Nos. 237, 238).

Like district court judges, magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013). Their nondispositive discovery orders are properly disturbed only if they are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *Jones,* 737 F.3d at 1115-16. An order is "clearly erroneous" only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997).

## DISCUSSION

### I. Motion to Compel Further Response to Interrogatory No. 12

RCL's objection to the magistrate judge's ruling regarding its motion to compel additional interrogatory responses relates to a single subject: Interrogatory No. 12. That interrogatory asked Charvat to:

> List each and every TCPA case, including class actions, handled by any of the Plaintiff's lawyers for which any of them were lead counsel and for each such case note the case style, case number, the court, the claims involved, and with respect to each such case: (A) Whether it was certified by the court; (B) Whether class certification was denied; (C) Whether the case resulted in a class settlement or recovered any additional monies from the court or any of the lawyers or law firms who were counsel of record and if so state the amount, including any award of attorney's fees or awards to the class representative; and (E) whether the Plaintiff in this case was a party or otherwise involved in the litigation.

(Ex. A to Mot. to Compel Interrog. Resp. at 13, Dkt. No. 213-1.) Charvat did not object to the interrogatory. Instead, his response listed five TCPA cases in which his current counsel

represented him as plaintiff and also referenced a sixth case that had been identified in earlier interrogatory responses. (*Id.*) His response also provided that his attorneys "intend to file affidavits attesting to their experience in handling TCPA class actions when they file the Motion for Class Certification." (*Id.*)[1]

After receiving Charvat's response, RCL's counsel wrote to Charvat's counsel to resolve outstanding discovery issues. RCL's correspondence described Charvat's answer to Interrogatory No. 12 as "not responsive" and asserted that "RCL is entitled to the information prior to receiving the Plaintiff's [class certification] motion." (Ex. C to Mot. to Compel Interrog. Resp. at 5, Dkt. No. 213-3.) RCL then moved to compel further response to the interrogatory. Its motion specified that RCL sought information about all of the TCPA cases, both class action and non-class action, handled by Plaintiff's counsel. (Ex. A to Mot. to Compel Interrog. Resp. at 13, Dkt. No. 213-1.) Judge Rowland denied RCL's motion to compel. Her order stated:

> Plaintiff has provided a list of all TCPA class actions that he is involved in, including the caption of the case, the court where the action was filed, and the case number. To the extent RCL seeks detailed information regarding whether the cases were certified, or whether the cases settled, these cases are public record and available to RCL. To the extent RCL seeks a list of non-class actions, handled by present counsel, that Plaintiff has been involved in, RCL has failed to explain the relevance of such a request and the Court does not believe this information is relevant. Fed. R. Civ. P. 26(b)(1). Defendant's motion to compel is denied.

Although RCL emphasizes that its commentary on the issue is not offered as a basis for objecting to her order, it asserts that the magistrate judge "inexplicably" interposed a relevance objection *sua sponte* and that it is "uncomfortable" with her invocation of a basis for denying discovery that Charvat himself had not raised. (Def.'s Mot. for Recons. at 4 n.1, Dkt. No. 238.)

---

[1] Charvat's original motion for class certification, filed along with his complaint, was withdrawn by stipulation without prejudice to his right to file a renewed motion at a later date. (Dkt. Nos. 195, 202.) A prior June 20, 2014 deadline for filing an amended class certification motion was stricken. (Dkt. No. 193.) Charvat has not filed a renewed class certification motion and the deadline for filing the motion has not been reset.

The Federal Rules of Civil Procedure plainly provide for a court's *sua sponte* limitation of discovery on relevance grounds, however. Rule 26(b)(2)(C) mandates that on motion "or on its own," a court "must" limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and ***the importance of the discovery in resolving the issues***." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). It is thus apparent that a court is not merely permitted to limit discovery of information it finds to be irrelevant, it is required to do so. Even in the absence of a relevance objection, the magistrate judge's analysis of the relevance of the information sought by Interrogatory No. 12 was appropriate here.

RCL contends that the magistrate judge misunderstood the nature of its request in ruling that the relevance of the requested information had not been demonstrated. As noted above, Interrogatory No. 12 asked Charvat to identify all of the TCPA actions in which his attorneys had served as lead counsel. In Interrogatory No. 11, which is not at issue here, RCL requested identification of "every class action handled by any of the Plaintiff's lawyers for which any of them were lead counsel." (Ex. A to Mot. to Compel Interrog. Resp. at 12, Dkt. No. 213-1.) RCL's argument here is directed toward identification of non-class-action TCPA cases in which Charvat's attorneys were lead counsel. It contends that the magistrate judge's ruling on the lack of relevance of TCPA non-class actions involving Charvat ignored its request for information regarding such actions in which his attorneys represented other plaintiffs.

But, at this stage in the proceedings, RCL has not shown the relevance of any non-class action experience of Charvat's attorneys, whether that experience came while representing him

or other plaintiffs. Under Federal Rule of Civil Procedure 23(g)(1), a court that certifies a class action must appoint counsel for the class and must consider that counsel's experience along with other factors pertinent to his ability adequately to represent class interests. Charvat's prior motion for class certification was withdrawn and he has not filed a renewed motion; thus he has not yet requested that any of the four attorneys from three firms who currently represent him be appointed to represent a proposed class. RCL does not argue that the experience of Charvat's counsel is relevant to any issue prior to his identification of the attorneys he proposes to represent the class.

Charvat has nonetheless identified six TCPA class actions that his current counsel has litigated on his behalf. (Ex. A to Mot. to Compel Interrog. Resp. at 13, Dkt. No. 213-1.) In two of the cases filed in this District, Charvat filed motions for preliminary class certification supported by affidavits of counsel that were offered to show their qualifications to represent classes of plaintiffs. (*See Desai v. ADT Security Svcs. Inc.,* No. 11-cv-1925 (N.D. Ill.), Dkt. Nos. 226-9, 226-10, 226-11; *Charvat v. AEP Energy,* No. 14-cv-3121 (N.D. Ill.), Dkt. Nos. 22-2, 22-3.) These affidavits extensively document the litigation experience of three of the four attorneys currently representing Charvat in this case. RCL has not made any showing that identification of their non-class action cases would provide non-cumulative evidence of their ability adequately to represent the as yet unproposed class of plaintiffs. On this record, the magistrate judge's ruling on the relevance of the requested evidence cannot be considered either clearly erroneous or contrary to law.

## II. Motion to Compel Production of Documents

RCL also seeks review of the magistrate judge's denial of its motion to compel additional responses to four of its requests for production of documents. Document Request No. 10 seeks

all of Charvat's tax returns that "reflect income from filing serial TCPA litigation for the past ten (10) years." (Ex. B to Mot. to Compel Ans. to Req. for Produc. at 9, Dkt. No. 214-2.) Document Request No. 40 seeks documents demonstrating communications by Charvat and his counsel with others about TCPA claims. (*Id.* at 30.) Document Request No. 59 seeks documents that Charvat sent to telemarketers prior to filing TCPA litigation, including any sent to the defendants in this case. (*Id.* at 36.) Document Request No. 60 seeks all documents relating to the number of TCPA claims Charvat has made and how those claims were resolved. (*Id.*) The magistrate judge found that the documents sought by Document Request Nos. 10, 59, and 60 are not relevant and denied RCL's motion to compel their production. As to the documents requested by Document Request No. 40, the magistrate judge granted RCL's motion to compel production of communications about this action but denied the motion as to other cases.

RCL contends that Charvat's tax returns are relevant to show that he derives substantial income from TCPA litigation and that his motivation for filing this action is financial gain rather than selfless consumer advocacy. (Def.'s Mot. for Recons. at 7, Dkt. No. 237.) It contends that Charvat's purported financial motivation for this case is relevant to the issue of his fitness to serve as a class representative.

Seventh Circuit precedent does not support this contention. In *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006), the court reviewed the class certification claim of a plaintiff who had filed nine consumer class actions herself and whose family members had filed at least forty more. The court rejected the "professional plaintiff" characterization as a basis for determining that the plaintiff was unfit to serve as representative of the proposed class, finding that "[n]othing about the frequency of [plaintiff's] litigation implies that she is less suited to represent others than is a person who received and sued on but a single offer." *Id.* at 954. As

the court further explained, "[r]epeat litigants may be better able to monitor the conduct of counsel, who as a practical matter are the class's real champions." *Id.*

RCL cites *CE Design v. King Architectural Metals, Inc.*, 637 F.3d 721 (7th Cir. 2011), and *Donaca v. Dish Network, LLC*, 303 F.R.D. 390 (D. Colo. 2014), as support for its assertion that a plaintiff's status as a serial litigant could be relevant to his ability to serve as a class representative and should be examined on a case-by-case basis. But neither case held that a plaintiff's income from prior repeated class action litigation could be considered as a factor weighing against his adequacy as a class representative. In *Donaca*, the court held that the plaintiff was not a proper class representative because he was not a member of the class he purported to represent: he did not receive calls from the telemarketers whose calls defined the class and he could not identify any other potential plaintiffs who had received calls from the marketer who called him. 303 F.R.D. at 396.

In *CE Design*, the court reiterated its approach in *Murray v. GMAC Mortgage* and again observed that serial litigation is not an impediment to a plaintiff's appointment as class representative: "[I]t's not unlawful to be a professional class action plaintiff. Indeed, an experienced plaintiff in such an action may be able to ensure that class counsel act as faithful agents of the class." 637 F.3d at 724 (citations omitted). The court instead found that two other characteristics dictated reconsideration of the plaintiff's appointment as class representative: first, the plaintiff had arguably consented to the marketing faxes for which it claimed damages and second, its president had apparently been untruthful in his deposition testimony about that consent. *Id.* at 726-28.

In the present case, RCL has had the opportunity to discover whether the actions of Charvat or his family members consented to the phone calls that are the subject of his complaint.

7

(*See* 11/20/2014 Order on Doc. Req. Nos. 42-43, 45, 46-49 at 5, Dkt. No. 229.) RCL does not suggest that the request at issue here would lead to evidence of Charvat's consent to receive those calls. *Murray* and *CE Design* establish that Charvat's desire for financial gain is not relevant to impugn his credibility and RCL makes no attempt to argue that his tax returns are relevant for any other purpose.

RCL next argues that Charvat's income from TCPA litigation, his history of litigation, and his communications with others about TCPA litigation all are relevant to a material issue in the class certification analysis—namely, whether litigation of the matter as a class action would be a superior method of fairly and efficiently adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3). RCL contends that the information it seeks would demonstrate that "there is no impediment for the average citizen to get the same or similar relief that the Plaintiff has in his other TCPA cases" and that "putative class members would actually fare much better by filing individual lawsuits than proceeding with a class action." (Def.'s Mot. for Recons. at 12, Dkt. No. 237.)

But RCL has identified no basis for its apparent premise that Charvat's recoveries in other cases are relevant to the superiority analysis here. District courts in this Circuit have analyzed the superiority question by examining whether potential recovery by the proposed class members is large enough to provide them with incentive to pursue their claims individually. *See Herkert v. MRC Receivables Corp.,* 254 F.R.D. 344, 352-53 (N.D. Ill. 2008). Yet "[o]nly when all or almost all of the claims are likely to be large enough to justify individual litigation is it wise to reject class treatment altogether." *Murray,* 434 F.3d at 953. It is thus apparent that the appropriate inquiry for superiority analysis relates to the damages suffered by the potential class plaintiffs in this case. RCL does not offer any support for a conclusion that evidence of the

recovery Charvat may have received from other defendants in other actions sheds any light on the damages suffered by the potential class members here. Thus, the magistrate judge's denial of RCL's motion on relevance grounds cannot be considered clearly erroneous or contrary to law.

## CONCLUSION

For the reasons listed above, the Court finds that the portions of Magistrate Judge Rowland's 11/20/2014 orders challenged by RCL were neither clearly erroneous nor contrary to law. RCL's objections to those orders (Dkt. Nos. 237, 238) are therefore overruled and the rulings are affirmed.

ENTERED:

Dated: June 24, 2015

_____
Andrea R. Wood
United States District Judge