# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, | ) |
| Plaintiff, | ) No. 12-cv-05746 |
| v. | ) Judge Andrea R. Wood |
| ELIZABETH VALENTE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Carnival Corporation & PLC ("Carnival"), NCL (Bahamas) Ltd. ("NCL"), and Royal Caribbean Cruises, Ltd. ("RCL") have filed objections to an order (Dkt. No. 284) by the magistrate judge that granted in part a motion by Plaintiff Philip Charvat to compel discovery. For the reasons stated below, Defendants' objections are overruled.

## BACKGROUND

Plaintiff Philip Charvat claims that he received four unsolicited recorded marketing phone calls on his residential phone line and that these calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) ("TCPA"). (Second Am. Compl. ¶¶ 28-47, 63, Dkt. No. 58.) Charvat alleges that the calls marketed the services of multiple travel service vendors, including those of Carnival, NCL, and RCL. Even though he does not allege that they made the calls, Charvat alleges that Carnival, NCL, and RCL are liable for the calls under the TCPA because the calls promoted their services. (*Id.* ¶¶ 19, 20, 29, 32, 69-71.) Charvat seeks relief on behalf of himself and a class of similarly-situated persons. (*Id.* ¶ 73.)

This Court referred this matter to magistrate judge for supervision of both settlement and discovery proceedings, including resolution of all discovery motions. (Dkt. No. 181.) Charvat

presented the magistrate judge with a motion to compel additional answers to his interrogatories and document production requests. (Dkt. No. 248.) The magistrate judge granted the motion in part and denied it in part. (Dkt. No. 284.) Now before this Court are objections to the magistrate judge's order by Carnival (Dkt. No. 292) and NCL and RCL (Dkt. No. 294).

## DISCUSSION

This Court's review of a magistrate judge's order that does not decide a party's claim is deferential; such orders are to be disturbed only if they are clearly erroneous or contrary to law. *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115-16 (7th Cir. 2013); Fed. R. Civ. P. 72(a).

**I.  Objections to Non-Dispositive Aspects of the Magistrate Judge's Order**

Defendants object to various aspects of the magistrate judge's order that do not make factual findings or legal rulings, do not direct compliance with Charvat's requests for discovery, and do not otherwise impact the parties' positions in this litigation. For example, Carnival objects to the magistrate judge's commentary about blanket assertions of privilege, such as her observation that,

> Defendants make blanket objections to discovery requests, contending that virtually *all* post-Complaint information is protected from disclosure by the attorney-client privilege, the work-product doctrine, or the common interest doctrine. [Citations omitted.] It is as if, because counsel has become involved, the corporate Defendants are no longer operating entities subject to the federal rules of discovery.

(3/3/2015 Mem. Op. and Order at 4, Dkt. No. 284.) NCL and RCL also object to the magistrate judge's assessment of the amount of post-complaint discovery they have produced, and Defendants all argue that she has unfairly overstated the amount of post-complaint information they have withheld. Defendants do not argue, however, that the magistrate judge's commentary was itself a ruling on Charvat's motion to compel.

2

Other components of Defendants' objections appear to ask for advisory rulings on the interpretation of the magistrate judge's order. In her general discussion of privilege objections, the magistrate judge cautions the parties that "facts are never privileged." (*Id.* at 10.) Carnival does not contend that this admonition was incorrect; rather, it asserts that its interpretation of the magistrate judge's directive differs from Charvat's and that this Court should modify the order to the extent that it can be interpreted to require the disclosure apparently advocated by Charvat. (Carnival's Obj. at 8-9, 11, Dkt. No. 292.)

Similarly, NCL and RCL object to the impact of the magistrate judge's commentary on document requests for evidence regarding three individuals, Marie Valente, Richard Borst, and Madeline Allerton. She observes, for example, that "Counsel's notes of discussions with Valente's counsel for these individuals are not discoverable. But if employees of [RCL] or [NCL] have email correspondence containing facts about these individuals, those are relevant and discoverable emails – whether they were generated before or after the filing of the lawsuit." (3/3/2015 Mem. Op. and Order at 11, Dkt. No. 284.) NCL and RCL do not argue that the principles stated by the magistrate judge were incorrect; instead, they assert that it is not clear how those principles would apply to communications between attorneys and employees. (NCL-RCL Obj. at 10, Dkt. No. 294.)

Defendants cite no precedent to support district court review of a magistrate judge's non-dispositive commentary or modification of a magistrate judge's orders to resolve potential conflicts of interpretation. Indeed, such review would be inconsistent with the deference due the magistrate judge's orders under the "clearly erroneous or contrary to law" standard cited above. The cited elements of the magistrate judge's order are neither clearly erroneous nor contrary to law and cannot be disturbed here.

## II. Overruling of Objections to Charvat's Discovery Definitions

Charvat's interrogatories and document requests were prefaced by definitions of numerous terms, including "You," "Yours," and "Evidence," "Telemarketing," and "Complaint." In their responses, Defendants object to many of the definitions, including those for each of the aforementioned terms as well as the terms "pre-record," "identify, " and "evidence." The magistrate judge overruled these objections as "frivolous." (3/3/2015 Mem. Op. and Order at 3 n.10.)

In objecting to the magistrate judge's ruling, Carnival characterizes her decision as occurring "*sua sponte.*" (Carnival's Obj. at 13-15, Dkt. No. 292.) As described by NCL and RCL, the ruling was "raised for the first time by the Magistrate Judge on behalf of the Plaintiff and ruled upon with no input from the Defendants." (NCL-RCL Obj. at 3, Dkt. No. 294.) Defendants' characterizations notwithstanding, it is readily apparent from their own pleadings that the magistrate judge's ruling was neither "*sua sponte"* nor lacking their input. Defendants themselves raised the propriety of Charvat's definitions by objecting to them, and since they provided detailed arguments in support of their objections, they cannot accurately claim to have been deprived of the opportunity for input on the magistrate judge's decision. Although Defendants appear to be correct that their objections were overruled in the absence of a specific request from Charvat, such action by a magistrate judge is not error. *See Weiss v. La Suisse,* 161 F. Supp. 2d 305, 322 (S.D.N.Y. 2001).

Although Defendants contend that Charvat's definitions are vague and overbroad, impose undue burdens, and require the production of irrelevant information, their objections to the magistrate judge's order do not establish that her ruling would lead to any such result. Defendants assert that they had reached an agreement with Charvat on discovery parameters

4

more narrow than his definitional terms and that his motion to compel did not request the information that Defendants consider to be beyond the appropriate scope of discovery. But the magistrate judge did not order that any such information be produced. In the absence of a motion to compel improper disclosures or any order compelling such disclosure, Defendants' objections are supported only by conclusory speculation about the impact the overruling of their general objections is likely to have. Conclusory allegations that a magistrate judge's order permitted improper discovery are insufficient to demonstrate clear error, however, and therefore Defendants objections are insufficient to warrant disturbing the magistrate judge's order.

## III. Carnival's Objections

Four of Charvat's document requests ask for documents relating to Resort Marketing Group, Inc. ("RMG"), the entity that allegedly made calls that promoted the services of Carnival, NCL, and RCL. Carnival objected to the requests on relevance grounds; the magistrate judge overruled that objection; and Carnival argues that this decision was erroneous. It contends that Charvat's requests seek "marketing" documents, that only "telemarketing" materials are relevant, and that the magistrate judge's decision to overrule its relevance objection improperly expanded the scope of discovery. Carnival raises only general relevance arguments and does not differentiate between the "marketing" term used in the four document requests and the "telemarketing" term that Carnival now argues should limit the scope of discovery.

Charvat's motion to compel also lacked any reference to the difference between "marketing" and "telemarketing" in the context of the RMG discovery sought. Its specific request for RMG disclosure was that "[a]ll Defendants should be compelled to respond to all of plaintiff's discovery requests relating to RMG's telemarketing post filing of the class lawsuit." (3/3/2015 Mem. Op. and Order at 14, Dkt. No. 284.) Although the magistrate judge's order

5

characterizes Charvat's discovery requests as seeking "telemarketing" documents rather than the "marketing" documents they actually purport to demand, the order actually discusses only the former, more narrow term. (*Id.* at 10.)

In summary, although the magistrate judge's order inaccurately paraphrases Charvat's document request, it was not inaccurate in its analysis of his motion to compel, did not grant more relief than he sought, and did not order production of the "marketing" documents that are the subject of Carnival's objection. Her ruling was neither clearly erroneous nor contrary to law.

**IV.     NCL-RCL's Objections**

The remaining objections from NCL and RCL relate to their assertions of the attorney client privilege, work product protection, and joint defense privilege. The magistrate judge held that Defendants' privilege objections were "too numerous for the Court to explicitly address each discovery request in detail." (3/3/2015 Mem. Op. and Order at 9, Dkt. No. 284.) Instead, she overruled blanket objections to certain discovery requests and outlined principles intended to guide discovery in the areas that were the subjects of Charvat's motion to compel. The magistrate judge then ordered Defendants to revise their discovery responses to comply with her order, produce responsive, relevant, non-privileged documents, and prepare a privilege log identifying all responsive documents for which a privilege protection was asserted, with the exception of post-complaint communications that were only among attorneys or only between attorneys and a single client.

NCL and RCL argue that the overruling of their general objections will require them to produce privileged documents. In the absence of an appropriate assertion of privilege, their argument may prove to be correct. But this argument does not identify an error by the magistrate judge. There is no default presumption in favor of the withholding of otherwise discoverable

6

information on the basis of privilege. *Searcy v. eFunds Corp.,* No. 08-cv-985, 2009 WL 562596, at *3 (N.D. Ill. Mar. 5, 2009). The burden of showing that information is protected from disclosure by privilege falls on the party claiming the privilege, and that party must show that the protection is appropriate for each item. *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 152 F.R.D. 132, 137-39 (N.D. Ill. 1993). Conclusory assertions are insufficient to make the required showing. (*Id.*)

NCL and RCL also object to the requirement that they produce a log of the documents withheld on privilege grounds. They contend that there is no legal basis for the magistrate judge to differentiate between the attorney-attorney and attorney-client communications she excepted from the privilege log requirement and the other documents that must be logged. They further assert that logging the documents for which they claim privilege would itself reveal the confidential elements of the communications at issue and that they should be permitted to file categorical logs rather than document-by-document descriptions of the items withheld.

The Federal Rules of Civil Procedure explicitly require a party withholding information on the basis of privilege to describe the nature of the materials not disclosed and to do so in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). The propriety of a privilege claim must be established on a document-by-document basis. *In re Grand Jury Proceedings,* 220 F.3d 568, 571 (7th Cir. 2000)*; E.E.O.C. v. WRS Infrastructure and Env't, Inc.,* No. 09-cv-4272, 2010 WL 2604747, at *3 (N.D. Ill. June 23, 2010). Accordingly, although a court has discretion to exclude categories of documents from the privilege log requirements or to permit descriptions by category, rather than on an individual basis, no such approach is required.

In the present case, NCL and RCL have made only general and conclusory assertions in support of their blanket claims of privilege. These assertions do not establish the propriety of their claims. Nor are their claims validated by the general assertion that preparation of a privilege log would itself reveal the information for which they seek protection. Such concerns are better addressed by submitting the information for which protection is sought to the magistrate judge for *in camera* review. See *Cornejo v. Mercy Hosp. & Med. Ctr.,* No. 12-cv-1675, 2014 WL 4817806, at *1-2 (N.D. Ill. Sept. 15, 2014). The magistrate judge's overruling of blanket Defendants' privilege objections and her requirement that they produce logs of all information withheld on the basis of privilege cannot be considered clearly erroneous.

## CONCLUSION

For the reasons described above, the Court concludes that the magistrate judge's order was neither clearly erroneous nor contrary to law. The objections to the order by Carnival (Dkt. No. 292) and NCL-RCL (Dkt. No. 294) are therefore overruled.

ENTERED:

Dated: January 8, 2016

_____
Andrea R. Wood
United States District Judge