**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Philip Charvat, on behalf of himself and others similarly situated, | ) ) | |
| | ) | No. 12 cv 5746 |
| Plaintiff, | ) | |
| | ) | The Honorable Andrea Wood |
| v. | ) | |
| | ) | Magistrate Judge Mary Rowland |
| Elizabeth Valente, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO OVERRULE PLAINTIFF'S OBJECTIONS AND TO
COMPEL DISCOVERY FROM EXPERT WITNESS, JEFFREY HANSEN**

Defendant, Carnival Corporation & PLC ("Carnival"), by its attorneys, Swanson, Martin & Bell, LLP, in accordance with Federal Rules of Civil Procedure 26 and 37, hereby moves for an order overruling certain objections raised by Plaintiff, Philip Charvat ("Plaintiff"), with respect to the subpoena *duces tecum* served upon his expert, Jeffrey Hansen, and compelling production of discovery from Mr. Hansen. In support thereof, Carnival states:

**BACKGROUND**

On December 21, 2015, Plaintiff disclosed Jeffrey A. Hansen as his expert in this matter. A copy of Mr. Hansen's Report, excluding exhibits, is attached hereto as **Exhibit A**. In his report (the "Hansen Report"), Mr. Hansen offers his opinion with respect to two topics: (i) the ability to identify a putative class of consumers contacted by RMG through use of pre-recorded messages and (ii) the legal sufficiency of "prior express consents" procured by RMG. Of note, the Hansen Report does not identify all of the facts or data provided to Mr. Hansen for purposes of preparing his report. Rather, it references only the information relied upon by Mr. Hansen in support of his conclusions and opinions.

Mr. Hansen is scheduled to be deposed in San Diego, California on February 5, 2016. In preparing for Mr. Hansen's deposition, Carnival issued a subpoena *duces tecum*, requesting production of certain records pertinent to its assessment of Mr. Hansen's experience, opinions and methodology. (**Exhibit B**.) Primary among these requests, Carnival seeks production of reports Mr. Hansen prepared in earlier TCPA lawsuits and documentation in which any facts, data and assumptions were provided to and considered by Mr. Hansen in forming the opinions expressed in his report.

On January 11, 2016, in response to the Hansen subpoena, Plaintiff objected to most of Carnival's requests and produced only a timesheet, a retainer agreement (inexplicably dated two weeks *after* the Hansen Report was produced) and a single e-mail thread between Mr. Hansen and Asteria Solutions Group. (**Exhibit C**.)

On January 14, 2016 counsel for Carnival spoke with Plaintiff's counsel and followed this conversation with delivery of a letter intended to narrow the scope of its requests to four categories. (**Exhibit D**.) Specifically, counsel sought:

(i)     Prior reports, declarations and affidavits submitted by Mr. Hansen in other TCPA-related litigation;

(ii)    Documents pertaining to the scope of Mr. Hansen's representation;

(iii)   Communications that identify facts, data or assumptions considered by Mr. Hansen; and

(iv)    A current CV and report of prior testimony.

(Exhibit D.)

In response, Plaintiff's counsel stated that Mr. Hansen's CV and testimony report were current, and objected to the remainder of Carnival's requests. (**Exhibit E**.) In his correspondence, counsel for Plaintiff iterated the arguments raised in his January 11, 2016 correspondence. Primary

2

among these arguments is his contention that all of counsels' communications with Mr. Hansen are protected by work product privilege, despite the fact that many of these communications transmit facts, data and assumptions provided to Mr. Hansen for his consideration.

Despite a number of attempts to resolve this dispute without judicial intervention, Plaintiff has not withdrawn his objections. As Mr. Hansen's deposition draws nearer, Carnival requests this Court's assistance in securing the limited information sought in its January 14, 2016 correspondence.

## LEGAL STANDARD

Rule 26 governs the mandatory disclosures of experts, including what communications between counsel and said expert are privileged. Rule 26(a)(2)(B) specifically requires that the expert's report include all "facts or data considered by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). Additionally, Rule 26(b)(4)(C)(ii), which governs communications between a party's attorney and expert witnesses, mandates disclosure of communications that identify "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii). "The term 'considered' is very broad, and invokes a broader spectrum of thought than the phrase 'relied upon' which requires dependence on the information." *Allstate Ins. Co. v. Electrolux Home Prods*., 840 F. Supp. 2d 1072, 1080 (N.D. Ill. 2012).

The amendments to Rule 26 are to be interpreted broadly to cover "any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." *See* Rule 26(a)(2)(B)(ii); *Sara Lee Corp. v. Kraft Foods, Inc.*, 272 F.R.D. 416 (N.D. Ill. 2011). Thus, the expert report itself is required to reveal all of the facts or data considered by the expert, which has generally been interpreted to mean all information provided to the expert

3

even if not ultimately relied upon. That is, a testifying expert has "considered" data or information if the expert "has read or reviewed the privileged materials before *or* in connection with formulating his or her opinion." *Western Res., Inc. v. Union Pac. R.R. Co.*, U.S. Dist. LEXIS 1911, at *9 (D. Kan. Jan. 31, 2002) (emphasis added).

This rule applies "regardless of whether the expert actually rel[ies] on the material as a basis for [his or her] opinions," *SEC v. Reyes*, No. C 06-04435 CRB, 2007 U.S. Dist. LEXIS 27767, at *1 (N.D. Cal. March 30, 2007), because "useful cross examination and possible impeachment can only be accomplished by gaining access to all of the information that shaped or potentially influenced the expert witness's opinion," *Karn*, 168 F.R.D. at 639. "[A] jury is entitled to know everything that influenced an expert's opinion in order to assess his credibility." *Barna v. United States*, U.S. Dist. LEXIS 10853, at * 7-8 (N.D. Ill. 1997).

## <u>ARGUMENT</u>

Carnival seeks this Court's assistance in securing two categories of documentation in Mr. Hansen's possession or control: (i) documents containing the facts, data and assumptions received and considered by Mr. Hansen in preparing his opinion and (ii) reports prepared and offered by Mr. Hansen in prior TCPA lawsuits.

### I. **Carnival Seeks Production of Documents Containing <u>Facts, Data and Assumptions Considered by Mr. Hansen</u>**

Requests 11 – 13, 19 and 31 of Carnival's subpoena rider seek documents containing facts, data and assumptions that Mr. Hansen considered or relied upon in forming his opinions. As set forth above, this information is discoverable pursuant to Rule 26(b)(4)(C) and cannot be withheld on the basis of privilege even if transmitted through a communication with counsel.

Plaintiff concedes this information is relevant and discoverable, but argues that Mr. Hansen "has produced his report and all facts that support his opinions." (Exhibit E, ¶ 5.) The suggestion

that Mr. Hansen met his obligation by producing or referencing only those documents that "support" his opinions is misguided, and does not apply the appropriate standard against which a court is to assess a document's discoverability. Rather, Rule 26 is to be interpreted broadly to cover "any facts or data '*considered*' by the expert in forming the opinions to be expressed, *not only* those relied upon by the expert." *Sara Lee,* 272 F.R.D. at 419 (emphasis added). Thus, if Mr. Hansen reviewed additional facts or data, but chose to leave that information out of his report because it did not support his conclusions, he still must reveal that such information was received and reviewed by him.

In this regard, Carnival asked Plaintiff's counsel simply to "confirm there exists absolutely no written communications of any kind between Mr. Hansen and Plaintiff's counsel in which factual information, data or assumptions about this matter were provided to Mr. Hansen to be considered in forming his opinions." (Exhibit D, p. 3.) Plaintiff sidestepped this request, stating only that Mr. Hansen has "produced all that is required under the rules" and that "[a]ll facts considered by Mr. Hansen in his expert report have either been disclosed in the report itself or in [counsel's subsequent] production." (Exhibit E.)

To that end, the Hansen Report references only the following documentation and data:

(i)     RMG's dialer database;

(ii)    A directory of pre-recorded messages used by the Dialer Database;

(iii)   Lead lists produced by RMG;

(iv)    One RMG interrogatory response;

(v)     One letter written by RMG's prior counsel;

(vi)    A handful of consumer complaints submitted to the Florida Attorney General;

(vii)   "Excerpts" from a Federal Trade Commission FOIA response;

      (viii)   Five deposition transcripts; and

      (ix)    A single e-mail produced by RMG.

Plaintiff then supplemented this production with only Mr. Hansen's timesheet, retainer letter, and e-mail exchange with Asteria. Carnival pointed out the documents referenced by Mr. Hansen include only a *single* e-mail produced by RMG, and inquired as to whether this was the *only* e-mail from RMG's vast production that Mr. Hansen received. (Exhibit D.) To date, there has been no response to this question.

Carnival therefore requests that this Court overrule Plaintiff's objections to Requests 11 – 13, 19 and 31 and compel Mr. Hansen to, at a minimum, identify all of the facts, data and assumptions provided to him by Plaintiff's counsel, and to produce all communications in which this information was provided. To the extent Plaintiff claims that some or all of these documents contain privileged communications, he should be required to identify them on a privilege log so defendants may assess the validity of this objection.

## II.    Carnival Seeks Production of Mr. Hansen's Prior TCPA-Related Expert Reports

The Hansen Report identifies 19 civil cases in which Mr. Hansen previously offered expert testimony, presumably to illustrate his "experience and credentials" in support of his role as a testifying expert in this matter. (Exhibit A, pp. 4-5.) Carnival therefore requested that Mr. Hansen produce copies of the TCPA-related expert reports and declarations offered by Mr. Hansen in those cases. (*See* Exhibit B, ¶¶ 4 and 36; Exhibit D, p. 1-2.)

In response, counsel for Plaintiff argued that Carnival's request for these reports is overly burdensome, harassing and irrelevant to the present dispute. (Exhibit C.) In discussing the matter with Plaintiff's counsel, Carnival explained that it was interested in "reports and declarations proffered by Mr. Hansen only in other TCPA lawsuits, which [defendants] should be permitted to

explore for purposes of assessing Mr. Hansen's experience and scope of expertise in these types of cases, as well as the reliability and consistency of his methodology and opinions." (Exhibit D.) Carnival also pointed out that Mr. Hansen was previously ordered by another federal court (the Southern District of California) to compile several TCPA-related expert reports and produce them in the matter of *Marks v. Crunch San Diego, LLC*, 14-cv-348-BAS-BLM (September 10, 2014) (**Exhibit F**.) In accordance with that Court's order, Mr. Hansen produced a number of reports in September of 2014, only days before he was retained on behalf of Plaintiff in the present matter. It would therefore be of little burden for Mr. Hansen to produce these same reports again.

It should also be mentioned that the retention policy set forth in Mr. Hansen's retainer letter states that he retains all records associated with a lawsuit "throughout the tenure of the Firm's engagement and for a period of three months following the termination of the Firm's engagement." (**Exhibit G**, ¶ 5.) Thus, according to his own records, a number of reports Mr. Hansen may have prepared in pending matters likely remain in his possession or control.

## CONCLUSION

Carnival requests that this Court overrule objections interposed by Plaintiff with respect to the production of the facts, data and assumptions provided to Mr. Hansen for purposes of preparing his expert report in this matter. Counsel also requests that this Court order Mr. Hansen to produce all prior TCPA-related expert reports in his possession or control. Any further delay in the production of this necessary documentation will prejudice defendants' ability to adequately prepare for Mr. Hansen's deposition. Thus, for each of the reasons set forth above, Carnival respectfully requests that this Court grant its Motion to Compel and order Plaintiff's expert, Jeffrey Hansen, to turn over all documents requested above on or before January 28, 2016.

Respectfully Submitted,

CARNIVAL CORPORATION & PLC

By: ___/S/  JEFFREY S. BECKER_____
One of its Attorneys

Jeffrey S. Becker
jbecker@smbtrials.com
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100

## <u>CERTIFICATE OF SERVICE</u>

On January 22, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court, which will automatically send notice of the filing to all counsel of record. I hereby certify that I have served all counsel and/or pro se parties of record electronically in accordance with the Federal rule of Civil Procedures.

By: /s/  Jeffrey S. Becker