# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, ) | |
| ) | |
| Plaintiff, ) | No. 12-cv-05746 |
| ) | |
| v. ) | Judge Andrea R. Wood |
| ) | |
| TRAVEL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Philip Charvat seeks leave to file his proposed Third Amended Complaint. For the reasons detailed below, his motion (Dkt. No. 308) is granted.

## BACKGROUND

In his original July 2012 complaint, Plaintiff Philip Charvat alleged that Travel Services made unsolicited prerecorded telephone calls to market the cruise line offerings of Carnival Corporation & PLC, Royal Caribbean International, and Norwegian Cruise Line, making both the calling entity and the promoted companies violators of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*See* Dkt. No. 1.) In September 2012, Charvat filed a First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). (Dkt. No. 23.) The following month, he filed a motion for leave to file a Second Amended Complaint. (Dkt. No. 46.) That motion was granted and, in December 2012, Charvat filed his Second Amended Complaint, alleging that Resort Marketing Group, Inc. ("RMG")[1] and its principal, Elizabeth Valente, made the offending calls to promote the services of Carnival

---

[1] Travel Services and three similarly-named corporate entities all allegedly owned by Defendant Elizabeth Valente have not appeared in this action. The parties have not attempted to distinguish the actions of the Travel Services entities among each other or from RMG, the entity alleged by the proposed Third Amended Complaint to be the initiator of the phone calls at issue. The Court will accordingly identify RMG as the calling party here.

Corporation & PLC, Royal Caribbean Cruises, Ltd., and Norwegian Cruise Lines Holding, LTD.[2] (Dkt. No. 58.) Now before the Court is Charvat's motion to file a Third Amended Complaint.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), although leave to amend a complaint is to be freely granted, a district court has broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or undue prejudice to the defendants, or where the amendment would be futile. *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). Delay alone is an insufficient basis for the Court to deny leave to amend; prejudice to the nonmoving party must also be shown. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014).

Defendants Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., and NCL Bahamas Ltd. (together, "the Cruise Line Defendants") jointly oppose Charvat's motion for leave to amend the complaint. The proposed Third Amended Complaint alleges that the prerecorded calls made by RMG on behalf of the Cruise Line Defendants continued after the commencement of this action, and that their failure to stop those calls further establishes their vicarious liability for the TCPA violations. The Cruise Line Defendants argue that permitting the proposed amendment would expose them to newly expanded discovery and related delays and expenses resulting from new allegations regarding their conduct after the filing of Charvat's original complaint. (Defs.' Resp. at 29-30, Dkt. No. 443.)

But the post-suit conduct of RMG and the Cruise Line Defendants was at issue long before Charvat proposed to file his Third Amended Complaint. Like the proposed complaint, Charvat's original complaint asserted a claim for injunctive relief that explicitly asked that

---
[2] NCL (Bahamas) Ltd. was later substituted for Norwegian Cruise Lines Holding, Ltd. (Dkt. No. 114.)

2

Defendants be ordered to cease ongoing unsolicited telemarketing. (Compl. at 8, Dkt. No. 1.) Similar allegations are present in the current Second Amended Complaint. (Second Am. Compl. ¶ 92, Dkt. No. 58.) Defendants' post-suit conduct has thus been at issue since this action was commenced. Indeed, the Cruise Line Defendants concede that such conduct has already been the subject of discovery provided to Charvat. (Defs.' Resp. at 28, Dkt. No. 443.) As a result, no apparent prejudice would result from permitting Charvat to extend the time frame of his allegations to include TCPA violations occurring through March 2014—the date the Third Amended Complaint presents as the end date of the phone calls. (Third Am. Compl. ¶¶ 127, 131, 146, Dkt. No. 309-1.)

The Cruise Line Defendants also contend that the proposed amendment will prejudice them by raising their joint defense agreement as an issue and exposing privileged communications to discovery. (Defs.' Resp. at 24-25, 29, Dkt. No. 443.) But Charvat's mere inclusion of allegations that the Cruise Line Defendants ratified and therefore confirmed their liability for RMG's calls by their post-suit conduct does not defeat a proper assertion of privilege. Speculation about Charvat's intent to discover privileged communications and to turn the Cruise Line Defendants' lawyers into witnesses does not suffice to establish that the proposed amendment will prejudice them.

The Cruise Line Defendants next contend that Charvat's request for leave to amend should be denied because it is presented in bad faith. The primary focus of their argument is the proposed complaint's allegations that RMG acted as their agent. The Cruise Line Defendants do not assert that these allegations are new; they are clearly present in the current Second Amended Complaint. (Second Am. Compl. ¶¶ 53, 54, 56, 57, 60.) Instead, they contend that the repetition of the allegations in the proposed complaint is in bad faith because discovery has demonstrated

to Charvat that there is no basis to assert that RMG was their agent rather than an independent actor.

A proposed amendment has been found to be offered in bad faith when the new allegations were inconsistent with the plaintiff's prior judicial admissions. *See Billy Baxter, Inc. v. The Coca-Cola Co.*, 47 F.R.D. 345, 349-50 (S.D.N.Y. 1969). Leave to amend may also properly be denied at the summary judgment stage when the plaintiff is unable to show a basis for the new allegations. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328-29 (Fed. Cir. 2001). Proposed amendments have been found to be in bad faith when they were clearly attempts to avoid unfavorable consequences on the merits or to gain a tactical advantage. *Vitrano v. United States*, 721 F.3d 802, 807 (7th Cir. 2013); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981).

None of the aforementioned circumstances is present here. Charvat's proposed amendment is not inconsistent with his prior pleadings nor does it constitute an apparent attempt to gain an undue litigation advantage. The present motion was filed with the parties still in the midst of active discovery; at this stage, federal courts have declined to assess the factual support for a proposed amended complaint or to determine that the lack of such support dictated denial of leave to amend. *See, e.g.*, *Blagman v. Apple, Inc.*, 307 F.R.D. 107, 114 (S.D.N.Y. 2015); *Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 555 (W.D.N.Y. 2013). The Court accordingly concludes that a finding of bad faith is not appropriate here and that Charvat's proposed amendment cannot be denied on that basis.

The Cruise Line Defendants finally contend that Charvat's proposed Third Amended Complaint should be rejected as futile. The futility of a proposed complaint is determined by applying the same standard as for determining whether the complaint would survive a motion to

dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *McCoy*, 760 F.3d at 685.

Much of the Cruise Line Defendants' futility argument is directed to the lack of evidence to support Charvat's allegations that they were vicariously liable for RMG's actions. For example, they contend that "[t]here is, quite simply, no evidence of any contract between RMG and any of the Cruise Lines pursuant to which RMG was hired to telemarket the Cruise Lines' products or services" (Defs.' Resp. at 17, Dkt. No. 443); "[t]here is no evidence the Cruise Lines controlled, or even had the right to control the manner or means of RMG's prerecorded telemarketing endeavors " (*id.* at 18); and "the evidence shows that, consistent with its contracts and agency policies, Carnival iterated in correspondence that RMG was solely responsible for the methods of it solicitations and assuring that they complied with the law" (*id.* at 18-19). Evidence is not required at the pleading stage, however, and it is improper to find a complaint insufficient due to a lack of evidence. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). The Court finds that the proposed Third Amended Complaint states plausible claims that the Cruise Line Defendants are vicariously liable under the TCPA for RMG's calls.

The Cruise Line Defendants cite *Thomas v. Taco Bell Corp.*, 582 Fed. App'x 678 (9th Cir. 2014), a non-precedential order from the Ninth Circuit, as support for their argument that Charvat's proposed complaint does not state a claim for relief and is therefore futile. However, although the *Thomas* court referred to the matter before it as an appeal "from the dismissal of [plaintiff's] complaint," *id.* at 678, the description of the procedural history reveals a different posture. The Court of Appeals notes that the district judge reached his decision "after analyzing the evidence" and had found that the plaintiff "has not presented any evidence" of the defendant's authority over the TCPA-violating caller. *Id.* at 679. And the district court opinion

5

under review by the Ninth Circuit explicitly indicates that the matter at issue was the defendant's motion for summary judgment, not a motion to dismiss for failure to state a claim. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1081 (C.D. Cal. 2012). *Thomas* thus offers no support for the Cruise Line Defendants' arguments about the sufficiency or futility of Charvat's proposed amended complaint here. *Neece v. John Hancock Mutual Life Insurance Co.*, 914 F.2d 260 (7th Cir. 1990) (unpublished), *Evanston Bank v. Conticommodity Services, Inc.*, 623 F. Supp. 1014 (N.D. Ill. 1985), and *Charvat v. Farmers Insurance Columbus, Inc.*, 897 N.E.2d 167 (Ohio Ct. App. 2008), each also decided on a motion for summary judgment, are similarly unhelpful to their argument.

The final futility argument asserted by the Cruise Line Defendants is that Charvat cannot state a claim for violation of the TCPA provisions that restrict calls to cell phones since he alleges only that he received pre-recorded calls to his residential phone line. But while the proposed complaint does purport to seek relief on behalf of those who received calls on both residential lines and cell phones, it does not allege injury or statutory violations unique to either. Instead, the proposed complaint asserts a violation of 47 U.S.C. § 227(b) by use of an artificial or prerecorded voice. (*See* Third Am. Compl. at 22, Dkt. No. 309-1.) The proposed complaint does not invoke a statutory subsection; both residential lines and cell phones are subject to the prohibition. 47 U.S.C. §§ 227(b)(1)(A)(iii); 227(b)(1)(B). Charvat's complaint thus plausibly alleges that he suffered an injury under the TCPA as a result of Defendants' calls. Unlike the plaintiff in *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 233 (S.D. Ill. 2011), he has not alleged a statutory violation that did not injure him; he instead claims that the same actions by Defendants impacted him and others. The Rule 12(b)(6) analysis asks only whether or not the complaint states a plausible claim for relief; it does not permit piecemeal

dismissals of parts of claims. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

Charvat's proposed amendment is neither insufficient nor futile.

## CONCLUSION

For the foregoing reasons, Charvat's motion for leave to file his proposed Third Amended Complaint (Dkt. No. 308) is GRANTED.

ENTERED:

Dated: March 17, 2016

_____
Andrea R. Wood
United States District Judge