## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into by and among Philip Charvat, the Settlement Class Members, Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., and NCL (Bahamas) Ltd., Resort Marketing Group, Inc. and Elizabeth Valente. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle this Action and the Released Claims with prejudice, upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      WHEREAS, on July 23, 2012, Plaintiff filed a putative class action complaint (the "Complaint") against the Defendants, in the United States District Court for the Northern District of Illinois, captioned *Charvat v. Resort Marketing Group et al.,* Case No. 1:12cv05746.

B.      WHEREAS, the Complaint alleged that automated telephone calls made by a third party travel agency, the RMG Defendants (referred to as "Travel Services" in the calls), on behalf of the Cruise Defendants, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and sought to hold the Cruise Defendants vicariously liable for such calls.

C.      WHEREAS, on April 1, 2016, Plaintiff filed a Third Amended Complaint ("TAC") setting forth his allegations.

D.      WHEREAS, after extensive fact discovery, on May 16, 2016,  Plaintiff moved for Class Certification. The Cruise Defendants thereafter moved to strike the testimony of a key witness for Plaintiff, moved to exclude the testimony and report of Plaintiff's sole expert and filed an extensive Response in Opposition to Class Certification setting forth all of the grounds as to why the class could not be certified under Rule 23.

E.      WHEREAS, Plaintiff intended to file a motion for summary judgment as to the

issue of consent, since Plaintiff contends that no valid consent exists. The Cruise Defendants also intended to file summary judgment motions as to all vicarious liability issues since it is the Cruise Defendants' position that there is no evidence of vicarious liability in this case whatsoever, and the federal law of agency would not support the agency claims in this Action.

F.      WHEREAS, Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against the Cruise Defendants and the RMG Defendants through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Plaintiff's counsel also have considered the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions. Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, which they have confirmed by consulting with their own experts and by performing confirmatory discovery, Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

G.      WHEREAS, the Cruise Defendants deny, and continue to deny, any wrongdoing whatsoever. Specifically, the Cruise Defendants deny all of Plaintiff's allegations asserted in the TAC and all of Plaintiff's predecessor complaints, which were made individually and on behalf of the putative class, and further deny any and all liability to anyone, including, but not limited to, Plaintiff, the Settlement Class, or any other person, based upon, arising out of, relating to, or otherwise in connection with the allegations asserted in the TAC and all of Plaintiff's predecessor

complaints. The Cruise Defendants further maintain that the automated calls that are the subject of the Action did not violate the TCPA, that they are not vicariously liable for the RMG Defendants' calls, that the calls at issue were made by the RMG Defendants without the knowledge, consent or authorization of the Cruise Defendants and were for the sole benefit of the RMG Defendants. The Cruise Defendants also specifically deny that they approved the RMG Defendants' use of any automated pre-recorded telephone calls to Plaintiff, Settlement Class Members and any other persons either before or after the commencement of the Action and that the evidence unequivocally proves this to be the case. The Cruise Defendants further maintain that other than the calls to Plaintiff, there is no evidence to demonstrate that the calls made by the RMG Defendants ever mentioned one of the Cruise Defendants' respective trade names except the calls to Plaintiff, which were recorded, and there is substantial proof that the RMG Defendants made automated calls regarding non-cruise vacation travel, which were obviously unrelated to the Cruise Defendants. Therefore, the Cruise Defendants maintain that Plaintiff, Settlement Class Members and any other persons contacted by the RMG Defendants are not entitled to relief under the TCPA in this Action. The Cruise Defendants further contend that the allegations in the TAC (and all of the Plaintiff's predecessor complaints) are not amenable to class certification, that Plaintiff would not have survived summary judgment on vicarious liability issues and that even if the Court denied summary judgment, which is unlikely, each of the Cruise Defendants would have prevailed at trial on all of the issues raised in this Action. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, the Cruise Defendants have agreed to enter into this Agreement, subject to Court approval.

      H.     WHEREAS, the RMG Defendants have maintained and continue to maintain that each and every automated call placed to consumers that are the subject of this Action were for the

sole benefit of the RMG Defendants and were never made on behalf of the Cruise Defendants. At all times before and after the filing of Plaintiff's Complaint in this case, the RMG Defendants placed automated calls to consumers during which the Cruise Defendants' trade names were used and their goods and services offered by the RMG Defendants as promotions without the knowledge of the Cruise Defendants, much less their direct or tacit authority and consent. The RMG Defendants further contend that they also offered consumers' non-cruise related promotions via automated calls. The RMG Defendants further maintain that Plaintiff, Settlement Class Members and any other persons contacted by the RMG Defendants are not entitled to relief under the TCPA in this Action. The RMG Defendants further deny the allegations in the TAC (and all of the Plaintiff's predecessor complaints) and maintain that these allegations are not amenable to class certification, and that the RMG Defendants and each of the Cruise Defendants would have prevailed at trial on all of the issues raised in this Action. The RMG Defendants nonetheless enter into this Settlement Agreement and Release due to the risks, uncertainties, burden, and expense of continued litigation, subject to Court approval.

I.      WHEREAS, over the course of the past five years, the Parties have engaged in extensive discovery and have thoroughly investigated the facts and issues relating to the allegations asserted in the Action. As a result, the Parties have sufficient information to evaluate the terms of this Settlement Agreement and Release. The Plaintiff and the Cruise Defendants recently participated in a full-day mediation session in Miami, Florida on March 18, 2017, with the assistance of Bruce Friedman, Esq. of JAMS. While the mediation session did not result in a settlement, Plaintiff and the Parties, with the assistance of the mediator, continued to pursue subsequent, good-faith, arms-length settlement negotiations that resulted in an agreement on the material terms of this Release and Settlement Agreement.

J.      WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Settlement Agreement and Release constitutes the settlement and compromise of any and all disputed allegations, facts, and claims alleged or that could have been alleged in this Action. The Parties further understand, acknowledge, and agree that this Settlement Agreement and Release, including all terms hereof, shall not be admissible as evidence against any of the Parties in any other proceeding whatsoever except to enforce the terms of this Settlement Agreement and Release. The Parties further understand, acknowledge, and agree that this Settlement Agreement and Release is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement and Release. The Parties desire and intend to effect a full, complete, and final settlement and resolution of any and all existing disputes and claims based upon, arising out of, related to, or otherwise in connection with all of the allegations in this Action as set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class Members, Cruise Defendants, by and through respective counsel, the RMG Defendants, and the Class Representative, that subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement and Release or as otherwise provided by the Court, and in consideration of the benefits flowing to the Parties from the Settlement Agreement and Release set forth herein, the Action and the Released Claims shall be fully, finally, and forever compromised, resolved, discharged, settled and released and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

### 1.0     INCORPORATION OF RECITALS

All of the aforementioned recitals are incorporated into and deemed a part of this

Settlement Agreement and Release, and all of the capitalized terms referenced in the recitals above shall have the same meaning and effect as those set forth below in the Settlement Agreement and Release.

**2.0 DEFINITIONS**

As used in this Settlement Agreement and Release and the exhibits attached hereto, the following terms shall have the meanings specified below.

**2.1 "Action"** means the matter of *Charvat v. Resort Marketing Group, Inc. et al.,* Case Number 1:12cv05846, currently pending in the United States District Court for the Northern District of Illinois and assigned to the Honorable Andrea Wood.

**2.2 "Agreement"** or **"Settlement Agreement and Release"** means this Settlement Agreement and Release between the Parties and each and every exhibit attached hereto.

**2.3 "Approved Claim or Claims"** means the initial claim form or Settlement Website claim submitted by a Settlement Class Member that (a) is submitted timely and in accordance with the directions on the claim form or on the Settlement Website and the provisions of this Agreement, (b) is fully and truthfully completed and executed by a Settlement Class Member under penalties of perjury and contains all of the required information requested in the paper or electronic claim form, (c) is signed and dated by the Settlement Class Member in handwriting on the paper claim form or electronically on the Settlement Website, (d) does not appear to be fraudulent (e) is verified by the Settlement Administrator pursuant to Section 9 and (e) is returned by the Claims Deadline, i.e., post-marked by the Claims Deadline or electronically submitted with a date stamp by no later than midnight on the day of the Claims Deadline. Additionally, the Cruise Defendants shall have the right to object[1] to any potential claim made by a Settlement Class Member as follows: (1) any

---

[1] In this Agreement, the words "object" and "challenge" shall have the same intent, meaning and effect.

and all telephone number(s) submitted by each Settlement Class Member that do not match the Call Records (each and every telephone number that does not match Call Records should be excluded by the Settlement Administrator and automatically denied as an unapproved claim); (2) claim forms that are not signed on paper or electronically, (3) claim forms that are not dated; (4) claim forms in which the Settlement Class Member does not declare under penalty of perjury as to ownership or use of a particular telephone number found in the Call Records during the class period; (5) any objective and reasonable indicia of fraud, including, for example, multiple claims filed with respect to the same number, numerous (more than three) claims filed by the same user, and use of a false or fictitious name and/or address of the Person submitting the form, etc. Once the objection is resolved by the Parties or the Court, it is an Approved Claim that will be paid from the Settlement Fund. There can only be one Approved Claim per telephone number regardless of the Persons using the same telephone number and regardless of the number of telephone calls made to the same telephone number.

**2.4** **"Attorneys' Fees and Costs"** means all fees, costs, and expenses to be awarded to Class Counsel as per Section 17 of this Agreement pursuant to the Fee and Cost Application. The Attorneys Fees and Costs shall be paid exclusively from the Settlement Fund.

**2.5** **"Benefits Check"** means the negotiable instrument to be sent to eligible Settlement Class Members by the Settlement Administrator pursuant this Agreement.

**2.6** **"CAFA Notice"** means the notice contemplated by the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Settlement Administrator pursuant to Section 7.7 of this Agreement.

**2.7** **"Call Records"** means the call record information contained in the dialer database produced in discovery by the RMG Defendants and provided by Class Counsel and the Cruise

Defendants' Counsel to the Settlement Administrator.

    **2.8**    **"Cash Benefits"** means the cash payment to eligible Settlement Class Members from the Settlement Fund pursuant to Section 4.2 of this Agreement.

    **2.9**    **"Charvat Campaigns"** means the four telemarketing campaigns contained in the Call Records that include calls to Plaintiff and Class Representative, which Plaintiff contends promoted the goods or services of the Cruise Defendants via pre-recorded message.

    **2.10**    **"Claims Deadline"** means one hundred and twenty days (120) following Preliminary Approval.[2]

    **2.11**    **"Class Counsel"** means:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>
> Alexander H. Burke
> Daniel Marovitch
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601

    **2.12**    **"Class Notice"** means any type of notice that has been, or will be, provided to the Settlement Class pursuant to this Settlement Agreement and Release and any additional notice that might be ordered by the Court, including, but not limited to, the Long Form Notice, the Online Claim Form, the Publication Notice and the Settlement Website.

---

[2] If any of the dates set forth herein fall on a weekend, the operative date shall be deemed to fall on the next business day.

8

**2.13** **"Class Period"** means the time period of July 23, 2009, through the March 8, 2014.

**2.14** **"Class Representative"** or **"Plaintiff"** means Philip Charvat.

**2.15** **"Court"** means the United States District Court for the Northern District of Illinois and United States District Judge Andrea Wood, to whom the Action was transferred, or any judge who may succeed her as judge in this action.

**2.16** **"Cy-Pres Recipient"** means the third party nominated by the Court to receive the amounts left from any uncashed Benefit Checks. The Parties agree that they will propose to the Court the National Consumer Law Center to be the Cy-Pres Recipient.

**2.17** **"Cruise Defendants"** means Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., NCL (Bahamas) Ltd. and any and all of their present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which the Cruise Defendants have a controlling interest, and any and all of their officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives and agents (specifically limited to those representatives and agents involved with or related to the alleged conduct in this action).

**2.18** **"Cruise Defendants' Counsel"** means:

**Carnival Corporation & PLC, by counsel:**

Jeffrey S. Becker, Esq.
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611

**Royal Caribbean Cruises, Ltd. and NCL (Bahamas) Ltd., by counsel:**

Catherine J. MacIvor, Esq.
Jeffrey Foreman, Esq.
FOREMAN FRIEDMAN, PA
2 South Biscayne Blvd., Suite 2300

Miami, FL 33131

**2.19** **"Effective Date"** means the last date by which all of the following events have occurred: (i) the Court entering the Final Approval Order and Judgment; and (ii) the expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment or denying jurisdiction of an appeal, and all appeals have been exhausted; and (iii) The Final Approval Order and Judgment has become Final.

**2.20** **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

**2.21** **"Fee and Cost Application"** means that written motion or application, if any, pursuant to which Plaintiff or Class Counsel request the Court award Attorneys' Fees and Costs and the Incentive Award.

**2.22** **"Final"** means the Final Approval Order and Judgment has been entered in the Action and one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; (ii) if there is an appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion of such appeal or appeals in a manner that finally affirms and leaves in place the Final Approval Order and Judgment; or (iii) the Court, following the resolution of any appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, enters a further order or orders approving the Settlement without material modification of the terms set forth herein, and no further appeal is

taken from such order(s) or, in the event any further appeal is taken from such order(s), any such appeal results in the affirmation of such order(s). Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

2.23 **"Final Approval Hearing"** means the hearing held by the Court, intended to take place no sooner than two hundred and twenty (220) days after the granting of the Motion for Preliminary Approval, at which time: (i) the Parties shall request and the Court shall consider final approval of the Settlement, final certification of the Settlement Class, and entry of the Final Approval Order and Judgment; (ii) the Court shall consider any timely objection to this Settlement and all responses thereto; (iii) the Court shall consider the Fee and Cost Application; and (iv) the Court shall dismiss the Action with prejudice.

2.24 **"Final Approval Order and Judgment"** means the Court's final approval of this Agreement through an order, substantially in the form of **Exhibit 1** attached hereto, to be entered by the Court through the entry of an order following the Final Approval Hearing in which the Court grants final approval of this Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice.

2.25 **"Funding Date"** means the date upon which the Cruise Defendants will fully fund the Settlement Fund, such date to occur no later than fourteen (14) days after the Effective Date.

2.26 **"Incentive Award"** means the payment that the Court may award to the Class Representative pursuant to Section 17.2 of this Agreement. To the extent that the Court may grant an incentive award based on Plaintiff's application, the Incentive Award shall be paid exclusively from the Settlement Fund.

2.27 **"Long Form Notice"** means the long form substantially in the form of **Exhibit 2**.

The Long Form Notice will explain in detail to the Settlement Class the nature of this litigation and their rights pursuant to this Settlement. Consumers may request a copy of the Long Form Notice to be mailed to them by the Settlement Administrator. The Long Form Notice will also be available on the Settlement Website.

**2.28** **"Notice and Claim Form"** means the postcard notice and claim form that is to be provided to the Settlement Class in accordance with this Agreement substantially in the form of **Exhibit 3** hereto, or in such similar form as may be ordered by the Court.

**2.29** **Notice Database.** The database that the Settlement Administrator will create from the Call Records and which will be updated with names and addresses of potential Settlement Class Members. Sufficient information shall be made available to Class Counsel and the Cruise Defendants to determine the status of each pending claim on a rolling basis commencing after Notice of the Settlement to the class, including sufficient information as to whether the claim is valid and Approved, invalid, fraudulent or otherwise irregular so that objections can be made in compliance with this Agreement.

**2.30** **"Objection/Exclusion Deadline"** means the date for Settlement Class Members to object to the Settlement and is intended to occur no later than one hundred and twenty (120) days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, by which (i) a written objection to this Agreement must be filed in the Action, or (ii) a Request for Exclusion must be postmarked.

**2.31** **"Online Claim Form"** means the claim form substantially in the form of **Exhibit 4** hereto, or in such similar form as may be ordered by the Court, which shall be posted to the Settlement Website.

**2.32** **"Parties"** means Plaintiff, the Settlement Class, the RMG Defendants and the

Cruise Defendants.

**2.33** **"Person"** means, without limitation, any individual and their spouses, heirs, predecessors, successors, agents, representatives, and assigns.

**2.34** **"Plaintiff"** means Phillip Charvat and Settlement Class.

**2.35** **"Preliminary Approval Order"** means the Court's preliminary approval of this Settlement through entry of a Court order, substantially in the form of **Exhibit 5** attached hereto, in which the Court: (i) preliminarily approves the term and conditions of this Agreement as fair and reasonable; (ii) certifies the Settlement Class solely for settlement purposes; (iii) approves the manner and form of Class Notice; (iv) authorizes the dissemination of Class Notice to the Settlement Class; (v) directs the manner in which and deadline by which Settlement Class Members may submit a Request for Exclusion; (vi) appoints the Settlement Administrator; and (vii) and schedules a Final Approval Hearing. The Form of the Preliminary Approval Order is a material term of this Agreement.

**2.36** **"Publication Notice"** means the notice that will be provided to the public pursuant to a media plan proposed by the Settlement Administrator and approved by the Parties. The substance of the Publication Notice will convey the same general information as provided by the Long Form Notice, Notice and Claim Form, but will direct consumers to the Settlement Website on which consumers can check to determine if their phone numbers are included in the Settlement. See **Exhibit 6** attached hereto.

**2.37** **"Release"** means the releases set forth in Section 15 of this Agreement.

**2.38** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, actual,

statutory, punitive, exemplary or multiplied damages, expenses, costs, attorney's fees and/or obligations, whether in law or equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged telemarketing calls made with a prerecorded or artificial voice placed by the RMG Defendants, including all past, present and future claims that were brought or could have been brought in the Action relating to such automated calls.

**2.39** **"Released Parties"** means Cruise Defendants and RMG Defendants and any and all of their respective past, present and future parents, subsidiaries, affiliated companies, corporations, divisions, joint ventures, and entities in which Cruise Defendants and RMG Defendants have a controlling interest, and any and all of their respective past, present and future officers, directors, managers, general and limited partners, members, principals, insurers, insureds, employers, employees, consultants, independent contractors, shareholders, attorneys, advisors, predecessors, successors, associates, related entities, servants, assigns, representatives and agents.

**2.40** **"Releasing Parties"** means Plaintiff and each Settlement Class Member, and their respective present, former, or subsequent assigns, heirs, successors, predecessors, administrators, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, officers, directors, shareholders, members, managers, partners, principals, representatives, attorneys, accountants, financial and other advisors, employees, and any other representatives acting on their behalf.

**2.41** **"Request for Exclusion"** means the written submission submitted by any Person in the Settlement Class to opt out of the Settlement pursuant to Section 10.1 of this Agreement.

**2.42** **"RMG Defendants"** means Resort Marketing Group, Inc., Elizabeth Valente and any and all of their present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which the RMG Defendants have a controlling interest, and any and all of their officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives and agents (specifically limited to those representatives and agents involved with or related to the alleged conduct in this action).

**2.43** **"Settlement"** means the settlement contemplated by this Settlement Agreement and Release, including all exhibits attached hereto.

**2.44** **"Settlement Administration Expenses"** means fees, costs, and expenses reasonably incurred in administrating the Settlement, including, but not limited to, fees, costs, and expenses incurred in disseminating Class Notice, publishing Class Notice, creating, administering, maintaining, and hosting the Settlement Website, and providing Benefit Checks and Cash Benefits to Settlement Class Members. The Settlement Administrator shall consult with Class Counsel and Cruise Defendants' Counsel for approval before incurring such expenses and all such Settlement Administration Expenses shall be paid exclusively from the Settlement Fund. Settlement Administration Expenses shall be subject to the written approval of Class Counsel and Cruise Defendants' Counsel, not to be unreasonably withheld.

**2.45** **"Settlement Administrator"** means Kurtzman Carson Consultants ("KCC").

**2.46** **"Settlement Class"** means all Persons in the United States who were the owner, subscriber or user of residential or cellular telephone numbers located in the RMG Defendants' dialer databases and who received pre-recorded telemarketing calls from the RMG Defendants, which referred to the trade names of any of the Cruise Defendants between July 23, 2009 through March 8, 2014. The class is limited to those phone numbers contained in the Call Records of the

RMG Defendants as defined in the Agreement. Excluded from the Settlement Class are the following: (i) any trial judge that may preside over this Action; (ii) the Cruise Defendants; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing persons; (v) any member of the Settlement Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; (vi) any person who has previously given a valid release of the claims asserted in the Action; and (vii) persons who received or may have received a call or calls referencing the goods and services of any of the Cruise Defendants, but which were not made by Defendant RMG (a/k/a "Travel Services").

      **2.47** **"Settlement Class Member"** means Plaintiff and any Person who is in the Settlement Class and who has not timely submitted a valid Request for Exclusion by the Objection/Exclusion Deadline.

      **2.48** **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class Members, after payment of Settlement Administration Expenses, any Fee Award for any Attorneys' Fees and Costs, any Incentive Award, and any other expenditure as may be authorized by the Court.

      **2.49** **"Settlement Fund"** means the sum of the total amount of Approved Claims made by Settlement Class Members (received and accepted by the Settlement Administrator and the Parties), which were either not objected to by the Parties, or for which Objections were otherwise resolved, sustained or overruled, Settlement Administration Expenses, any Incentive Award to the Class Representative, and any award of Attorneys' Fees and Expenses to Class Counsel, provided, however, that the amount shall be in no event less than Seven Million US Dollars ($7,000,000) (the "Floor") and in no event more than the maximum amount of Twelve Million Five Hundred Thousand US Dollars ($12,500,000) (the "Ceiling"). The Settlement Fund Ceiling represents the

total maximum extent of the Cruise Defendants' total monetary obligation under this Agreement. In no event shall the Cruise Defendants' total monetary obligation with respect to this Agreement exceed the Ceiling or be less than the Floor. The ultimate size of the Settlement Fund will depend on the number of Approved Claims filed. Settlement Class Members may receive up to Three Hundred U.S. Dollars ($300) for each telemarketing call made to a Settlement Class Member's residential or cellular telephone line by the RMG Defendants as reflected by the Call Records. The maximum number of calls for which a Settlement Class Member may recover is three (3) per phone number and the most any one Settlement Class Member may receive is up to Nine Hundred US Dollars ($900.00) per unique phone number. A Settlement Class Member may submit multiple claims *only* if they have multiple phone numbers listed in the Call Records. Settlement Class Members will share in the distribution of the Settlement Fund pro rata if insufficient funds remain in the Settlement Fund to pay each Settlement Class Member up to Three Hundred U.S. Dollars ($300) per call, per telephone line, after the payment of Settlement Administration Expenses, any Fee Award for any Attorneys' Fees and Costs, and any Incentive Award. The Settlement Fund shall constitute Cruise Defendants' exclusive and only payment obligation under this Agreement and shall be used to pay for any and all: (i) Settlement Class Recovery to Settlement Class Members; (ii) Settlement Administration Expenses; (iii) Fee Award for Attorneys' Fees and Costs; (iv) Incentive Award; and (v) the Cy-Pres Recipient, if applicable.

2.50 **"Settlement Website"** means the internet website to be created, operated, maintained, and hosted by the Settlement Administrator pursuant to Section 7.6 of this Agreement.

2.51 **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any and all rules and regulations promulgated thereunder.

3.0 **CERTIFICATION OF SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY**

3.1     The Parties hereby agree, subject to the approval of the Court, that the Action shall be deemed, *for purposes of settlement only*, to satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3), and shall be certified as a class for settlement purposes only. Any class certification order entered in this Action pursuant to the Settlement, this Agreement, or otherwise shall not constitute a waiver or admission, in this or in any other proceeding, by the Cruise Defendants of a finding or evidence that Plaintiff's claims, claims of any Person in the Settlement Class, or any Released Claims are appropriate for class treatment or that any requirement for class certification is otherwise satisfied in this Action. In the event that the Settlement or this Agreement does not become effective, either because the Effective Date does not occur for any other reason whatsoever or because the Agreement is later determined or declared to be null and void, in part or in full, the Court's Preliminary Approval Order certifying the Settlement Class for settlement purposes shall be null and void and shall no longer be in effect. By entering into the Settlement and this Agreement, Cruise Defendants in no way waive their respective rights to challenge Plaintiff's allegations that a class may be certified in this Action.

**3.2     The Cruise Defendants' Denial of Liability and Any Basis for Certification of Settlement Class.** The Cruise Defendants dispute that a class defined by the Plaintiff in the TAC (and any predecessor pleadings) or in Plaintiff's Motion for Class Certification under Rule 23(b) could be properly certified based on the Plaintiff's claims in this Action. However, solely for the purposes of avoiding the expense and inconvenience of further litigation, the Cruise Defendants do not oppose the certification of a Settlement Class for the *purposes of this Settlement only*. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would the Cruise Defendants be precluded from challenging

18

class certification in further proceedings in this Action or in any other action if the Settlement Agreement and Release is not finalized or finally approved for any reason. If the Settlement Agreement and Release is not finally approved by the Court for any reason whatsoever, the certification of Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action or any other judicial proceeding. No agreements made by or entered into by the Cruise Defendants in connection with the Release and Settlement Agreement may be used by Plaintiff, any Settlement Class Member, or any other person to establish any of the elements of class certification in any certification proceedings, whether in this Action or any other judicial proceedings.

**3.3** **Plaintiff's Position Regarding Certification and the Benefits of Settlement.** Plaintiff believes that certification is warranted. Plaintiff recognizes and acknowledges, however, that the expense and amount of time that would be required to continue to pursue this Action against the Cruise Defendants and RMG Defendants as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement Agreement and Release. Plaintiff and Class Counsel believe that the Settlement set forth in this Settlement Agreement and Release confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle this Action as described herein.

**4.0** **SETTLEMENT TERMS AND BENEFITS TO SETTLEMENT CLASS**

**4.1** **Settlement Fund with Floor and Ceiling.** The Cruise Defendants agree to create a non-reversionary Settlement Fund in the minimum amount of the Floor and the maximum amount of the Ceiling. Per section 2.49 above, the Settlement Fund shall be used first to pay

Attorneys' Fees and Costs, the Incentive Award and Settlement Administration Expenses and then all Approved Claims. The ultimate size of the fund, and the ultimate payout to Settlement Class Members, will depend on the number of claims filed. This Agreement is predicated upon each Cruise Defendant paying its proportionate share to which it separately agreed.

> 4.2 **Amount Paid for Approved Claims.** Each call to each unique phone number will have a maximum value of Three Hundred U.S. Dollars ($300). There will be a cap at three calls per unique number. The remainder of the Settlement Fund (see section 2.49 above) will be made available to pay all Approved Claims received and accepted by the Settlement Administrator to which no objection is made or which objection has been resolved by the Parties or the Court. By way of example:

- If the total payments at Three Hundred U.S. Dollars ($300) per call, with a maximum of three calls per unique number (plus payment of reasonable litigation expenses and administration costs) results in an amount beneath the Floor, then the remaining funds (the difference up to Seven Million U.S. Dollars ($7,000,000) will be donated *cy pres* to the National Consumer Law Center or other recipient as mutually agreed to by the parties, after the payment of attorneys' fees, administration costs, and an incentive award.

- If the total payments at Three Hundred U.S. Dollars ($300) per call, with a maximum of three calls per unique number (plus payment of expenses and administration costs) are in between the Floor and the Ceiling, then each class member who submits a claim will receive Three Hundred U.S. Dollars ($300) per call with a three call cap.

- If the total payments at Three Hundred U.S. Dollars ($300) per call with a maximum of three calls per unique number (plus payment of expenses and administration costs) exceeds the Ceiling, then class members filing claims will receive a pro rata share of the common fund after payment of the fee award and expenses, incentive awards, and administration costs.

> 4.3 As provided in Section 10.1 of this Agreement, any Person in the Settlement Class individually may elect to opt out of the Settlement Class, within the time frame and in the manner specified in the Class Notice and the Preliminary Approval Order, with the effect that the rights of each such Person in the Settlement Class who opts out shall not be affected by the Settlement and

this Agreement. Except for Persons in the Settlement Class who are deceased or incapacitated, such opt out rights may only be exercised individually by a Person in the Settlement Class, and not by any other Person in a representative capacity.

**5.0     PRELIMINARY APPROVAL ORDER**

**5.1     Preliminary Approval Order.**   As soon as practicable after execution of this Agreement, Class Counsel shall submit this Agreement together with all exhibits referenced herein to the Court, and shall apply to the Court for entry of the Preliminary Approval Order in the form of **Exhibit 5** attached hereto. The proposed Preliminary Approval Order shall, among other things:

a.      preliminarily approve this Agreement (subject to the Final Approval Hearing) as fair and reasonable;

b.      preliminarily certify the Settlement Class for settlement purposes only;

c.      appoint Plaintiff's undersigned counsel as Class Counsel;

d.      appoint Plaintiff as the Class Representative;

e.      appoint KCC as the Settlement Administrator;

f.      set a schedule for proceedings concerning final approval of this Settlement, including, but not limited to, scheduling a Final Approval Hearing date, which the parties shall request to be set no earlier than two hundred and twenty days (220) days after entry of the Preliminary Approval Order;

g.      approve the manner and form of Class Notice and authorize same for dissemination in accordance with Section 7 of this Agreement;

h.      approve the manner in which, and deadline by which, Persons in the Settlement Class may submit a Request for Exclusion as described in Sections 2.41 and 10.1 of this Agreement;

i.      set a time and date for objections by Parties and Class Members and a Final Approval Hearing, which may be continued from time to time without the necessity of further notice, the opt-out deadline and the Objection Deadline;

j.      the Court's Preliminary Approval Order shall reflect that the Parties' agree that this Settlement does not amount to an admission of liability and that the Settlement is not admissible in any future lawsuit to suggest any TCPA liability or that a class would be appropriately certified;

5.2      The Preliminary Approval Order shall further authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and its implementing documents, including, but not limited to, all exhibits hereto, so long as such amendments, modifications, and expansions are in writing and consistent in all material respects with the proposed terms of the Final Approval Order and Judgment as set forth in Exhibit 1 to this Agreement.

5.3      If the Court does not issue the Preliminary Approval Order in substantially the same form as Exhibit 5 hereto, or otherwise declines to issue the Preliminary Approval Order, or if the Preliminary Approval Order is reversed or modified on appeal and/or remand, then the Settlement and this Agreement in its entirety shall become null and void, unless the Parties promptly agree in writing to proceed with the Settlement and this Agreement consistent with the change or modification. In the event the Settlement and this Agreement becomes null and void as described in this Section 16 of the Agreement, the Parties shall be restored without prejudice to their respective litigation positions in the Action prior to execution of this Agreement as described in Section 16.5 of this Agreement.

5.4      The Parties, Class Counsel, and Cruise Defendants' Counsel shall undertake all reasonable efforts that are in good faith necessary and appropriate to obtain a Preliminary Approval

Order.

### 6.0 ADMINISTRATION AND NOTIFICATION PROCESS

**6.1 Settlement Administrator.** The Settlement Administrator will be responsible for all matters relating to the administration of this Settlement as set forth herein. Those responsibilities include, but are not limited to, where feasible, identifying the addresses of Settlement Class Members who are in the Charvat Campaigns, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing payments, acting as a liaison between Settlement Class Members and the Parties regarding payments to Settlement Class Members, and any other tasks reasonably required. The Settlement Administrator will provide updates to all Parties on all payments made through the Notice Database. The performance of the Settlement Administrator will meet or exceed the standards in the claims administration industry and will be subject to the review and approval of the Parties. In addition, the Parties have the right to review and approve all forms of notice to be provided to the Settlement Class Members and all messaging for the Settlement Administrator's communications with Settlement Class Members, including recorded message scripting and written communications.

**6.2 Notice Database**. To facilitate the notice and claims administration process, the Settlement Administrator will create a Notice Database from the Call Records that were obtained from the RMG Defendants. The Settlement Administrator will update this information to create the Notice Database, which, commencing as of the date Notice of the Settlement is provided to the Settlement Class Members, should include the names, contact information and status of each claim, and shall be updated on a rolling basis as claims are received throughout the claims period.

If any of the terms of this Settlement relating to the Settlement Administrator's services would unreasonably hinder or delay such processes, the Settlement Administrator will so advise the Parties, and the Parties will accommodate the Settlement Administrator to the extent necessary to carry out the intent of this Agreement. Any personal information relating to members of the Settlement Class provided to the Settlement Administrator or the Parties pursuant to this Settlement will be provided solely for the purpose of providing notice to members of the Settlement Class and allowing them to recover under this Settlement, will be kept in strict confidence, will not be disclosed to any third party, and will not be used for any other purpose. Class Counsel and Cruise Defendants' counsel shall have equal access to the Notice Database for purposes of making any timely and reasonable objections or making any inquiries with the Settlement Administrator whatsoever relating to the claims process. The Settlement Administrator shall destroy the Notice Database, and all information derived from the Notice Database, after all outstanding checks are stale and any residual distribution has been completed, if appropriate, to the designated *cy pres* recipient.

**6.3    Payment of Notice and Claims Administration Costs.** The Cruise Defendants will pay the reasonable costs of notice and claims administration that are reasonably incurred prior to the funding of the Settlement Fund, and those payments will be deducted from the amounts the Cruise Defendants' make into the Settlement Fund on the Funding Date.  Five (5) business days after the entry of Preliminary Approval, the Cruise Defendants will make an initial payment to the Settlement Administrator in the amount of Six Hundred Thousand U.S. Dollars ($600,000) to cover the initial costs of notice and administration, including but not limited to the media buy, Settlement Website, and costs of actual notice. Until the Settlement Fund is funded on the Funding Date, the Settlement Administrator will bill the Cruise Defendants monthly in equal portions for

any additional reasonable costs of claims administration over and above the initial payment, including the reasonable costs required to update the addresses of the Settlement Class Members, print and mail Notice, establish the Settlement Website, and establish a toll-free telephone number, as well as any other administration cost reasonably related to the administration of the Settlement. The Settlement Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide them to Class Counsel and the Cruise Defendants' Counsel monthly. The Settlement Administrator shall provide an accounting of all such costs and expenses and all sums received from the Cruise Defendants no later than fourteen (14) days prior to the Final Approval hearing. The Settlement Administrator shall also provide an estimate of a flat or other fee arrangement for any and all Settlement Administration Expenses to be incurred after the Funding Date, which must also be agreed upon by the Parties. At such time as the Cruise Defendants fund the Settlement Fund on the Funding Date, all amounts previously paid to the Settlement Administrator by the Cruise Defendants from the date of the initial payment of $600,000 through the Funding Date will be deducted from the total payment the Cruise Defendants are required to pay to create the Settlement Fund. After the Cruise Defendants have funded the Settlement Fund, the Cruise Defendants and the RMG Defendants shall have no further obligation to pay any amount whatsoever under this Agreement. At the conclusion of the Claims Administration, the Settlement Administrator will also provide an accounting to the Parties of the Settlement Administration Costs and how the amounts in the Settlement Fund were distributed.

### 7.0    NOTICE TO THE CLASS

Upon entry of the Preliminary Approval Order, the Settlement Administrator shall distribute Class Notice to all Persons in the Settlement Class as provided herein. Such Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure. The costs and expenses of

Class Notice shall be deemed part of the Settlement Administration Expenses to be exclusively paid from the Settlement Fund.

      **7.1**    **Timing of Class Notice**. Class Notice will be provided to all Persons in the Settlement Class and will commence within thirty (30) days following the entry of the Preliminary Approval Order as described herein.

      **7.2**    **Actual Notice and Claim Form**. Subject to the approval of the Court, the Settlement Administrator will send a singular Settlement Notice and Claim Form via first-class U.S. mail to the names and addresses associated with the telephone numbers of the Settlement Class as reflected in the Call Records, substantially in the form provided in Exhibit 3 hereto. The Settlement Class Members who will receive actual notice are those members whose phone numbers are included in the Charvat Campaigns. These class members will receive actual notice from the Settlement Administrator informing these class members of their right to file a claim. The notice will also provide a claim form to allow the class member to submit a claim via regular mail and/or online. Settlement Class Members who receive actual notice will be informed in their notice letter of the telephone number(s) that was called as evidenced in the Call Records.  Each and every Settlement Class Member will have to check a box and declare the following with a signature and a date:

      ☐ I affirm that I was an owner, user or subscriber to the telephone number(s) listed above on this [paper or electronic] claim form between July 2009 and March 2014.

      By submitting this Claim Form, I declare, under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that I believe I am a member of the Settlement Class and that the information I am providing above is true to the best of my knowledge.

      Signature: _____ Date (MM-DD-YY): _____/_____/_____

Both the paper notice and Settlement Website shall specifically state that all submitted claims are subject to verification by the Settlement Administrator.

**7.3    Publication Notice.**  Class members whose telephone numbers are not included in the Charvat Campaigns, but whose numbers are contained in the Call Records, will receive publication notice with instructions as to how to file a claim on the Settlement Website. The Settlement Administrator has recommended a plan for publication notice that includes newspaper, magazine, internet banner ads, Facebook and a press release that in its professional judgment will provide the best publication notice practicable to the class. Settlement Class Members who receive Publication Notice will be directed to a Settlement Website where they can inquire to determine if their phone number(s) was included in the Call Records.  If their phone number(s) is in the Call Records, then these Settlement Class Members will be directed as to how to file a Claim Form. Each and every Settlement Class Member will have to check a box and declare the following with a handwritten or electronic signature and a date:

☐ I affirm that I was an owner, user or subscriber to the telephone number(s) submitted with this on this [paper or electronic] claim form, and I received telephone call(s) on these telephone number(s) between July 2009 and March 2014 from a third party that used a pre-recorded or robotic voice to offer a free cruise with Carnival, Royal Caribbean and Norwegian Cruise Lines as a promotion.

By submitting this Claim Form, I declare, under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that I believe I am a member of the Settlement Class and that the information I am providing above is true to the best of my knowledge.

Signature: _____ Date (MM-DD-YY): _____/_____/_____

The same language shall appear on all claims submitted via the Settlement Website, which shall contain a space for an electronic signature and date.  Both the paper notice and Settlement Website shall specifically state that all submitted claims are subject to verification.

**7.4    Identifying Addresses for Charvat Campaign Settlement Class Members.** The Settlement Administrator will attempt to identify Charvat Campaign Class Members by using reverse lookup databases, and by any other reasonable means practicable, and will provide such

Settlement Class Members with Actual Notice of their applicable rights. The Settlement Administrator shall promptly re-mail any Notice and Claim Form returned as non-deliverable with a forwarding address. For all other returned mail, the Settlement Administrator shall perform data searches of the U.S. Postal Services National Change of Address database, and perform any other reasonable steps to obtain current address information for any Notice and Claim Form returned to the Settlement Administrator, and shall re-mail such Notice and Claim Form one additional time to the most current address information obtained by the Settlement Administrator.

**7.5    Costs Associated with Obtaining Charvat Campaign Settlement Class Contact Information**. All costs associated with the Settlement Administrator's research of Settlement Class member contact information for the Notice and Claim Form shall be considered Settlement Administrative Expenses to be exclusively deducted from the Settlement Fund.

**7.6    Settlement Website.** The Settlement Administrator will maintain and administer a dedicated Settlement Website. This website will allow potential class members to check to determine if the phone number(s) they owned, used or subscribed to during of the class period are included in the Call Records. Consumers whose phone number matches a phone number contained in the Call Records will then be directed as to how to file a claim. The Settlement Website shall also provide Persons in the Settlement Class access to copies of this Agreement with all exhibits referenced herein, Class Notice, including, the Online Claim Form, the Motion for Preliminary Approval, and the Preliminary Approval Order. The substance contained on Long Form Notice will also appear on the Settlement Website. No other documents are to be made available on the Settlement Website. All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administrative Expenses to be exclusively paid by the Cruise Defendants

28

out of the Settlement Fund. All content for the Settlement Website shall be consistent with this Agreement and shall be subject to the approval of the Parties.

**7.7     CAFA Notice**. The Settlement Administrator shall be responsible for serving the required CAFA Notice(s) following the review and approval of the CAFA notice by the Parties within ten (10) days after filing the Preliminary Approval Motion.

**7.8**     The Settlement Administrator shall prepare and execute a declaration attesting to compliance with the Class Notice requirements of this Agreement and the Preliminary Approval Order. Such declaration shall be provided to Class Counsel and each of the Cruise Defendants' Counsel and filed with the Court no later than fourteen (14) days prior to the Final Approval Hearing.

**7.9     Best Notice Practicable.** The Parties agree that compliance with the procedures described in Section 7 of this Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, terms of this Agreement, and the Final Approval Hearing. The Parties agree that the Class Notice described in this Agreement shall satisfy the requirement of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule, and/or regulation.

**8.0     PAYMENT PROCESS.**  The process for paying approved and valid claims shall be as set forth below.

**8.1**     The total amount distributed to the Settlement Class shall be the Settlement Class Recovery. Any approved distribution of the Settlement Class Recovery to the Settlement Class Members or any other Person shall commence only after the Effective Date. The Settlement Administration Costs, Fee Award for Attorneys' Fees and Costs to Class Counsel, Incentive

Award, and any other expenditure as may be authorized by the Court, shall be paid from the Settlement Fund prior to any issuance of Benefit Checks and/or distribution of Cash Benefits to the Settlement Class. No portion of the Settlement Fund shall be returned to the Cruise Defendants except in the event of a termination of this Agreement pursuant to Section 16 of this Agreement.

**8.2** The Cruise Defendants will fully fund the Settlement Fund by the Funding Date. As soon as practicable but no later than sixty (60) days after the Effective Date or such other date after the Effective Date as the Court may order, the Settlement Administrator shall pay from the Settlement Fund the Settlement Class Recovery to all Settlement Class Members who file an Approved Claim pursuant to Section 8 of this Agreement on a *pro rata* basis, if need be, based on the number of calls per number that were initiated to Settlement Class Members as reflected by the RMG Defendant's Call Records, after the payment of Attorneys' Fees and Costs, the Incentive Award and Settlement Administration Expenses.

**8.3** All Benefit Checks issued to Settlement Class Members shall be mailed via first-class mail within five (5) business days from the date of issuance. The Benefit Check shall state on its face that the Benefit Check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. If any Settlement Class Member fails to cash any Benefit Check within ninety (90) days after the date of issuance, then the Settlement Class Member shall forever waive and release his/her claim for payment under this Agreement.

**8.4** If any amounts remain in the Settlement Fund because any Settlement Class Member fails to cash his/her Benefit Check, or such Benefit Check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis, if doing so is administratively and economically feasible (*i.e.*, those Settlement

Class Members each would receive a check for more than $5.00, after the Settlement Administrative Expenses). In the event such distribution is not administratively and economically feasible, any remaining Settlement Funds shall be distributed to the Cy-Pres Recipient.

**9.0     CLAIMS PROCESS AND DETERMINATION FOR ELIGIBILITY FOR COMPENSATION FROM CLASS SETTLEMENT RECOVERY**

**9.1**     Settlement Class Members may assert a claim by mail or via the Settlement Website. Settlement Class Members who receive Actual Notice will be informed of the phone number that was found in the Call Records. Per section 7.2 above, a Class Member returning a claim form shall sign and date the claim form that includes an attestation in the same form and substance as that set forth in Section 7.2.  Per section 7.3 above, a class member who learns of his or her rights via Publication Notice will be directed to the Settlement Website where he or she will be able to determine if his or her phone number matches a number or numbers in the Call Records. If a Settlement Class Member provides a phone number that matches a number in the Call Records, the Settlement Class Member shall electronically sign and date the claim, which will include an attestation as set forth in Section 7.3. The Settlement Administrator will then determine how many times each Settlement Class Member who submits a Claim has been called, per each number submitted, by matching the number at issue to the Call Records.  Only one claim may be submitted per each phone number contained in the Call Records.  If multiple claims are submitted for one particular number, the first Claimant to submit his or her claim form will be recognized as the valid claim for that particular unique number.  Per Section 9.4, the Cruise Defendants shall have the right to object to identify potentially fraudulent claims within the time frame set forth below, and to bring such concerns to the attention of the Settlement Administrator and Class Counsel and, if necessary, the Court. See Section 11.3.

**9.2**     As described in the Class Notice, any Class Member who seeks distribution from

the Settlement Class Recovery shall return a completed claim form as contained in the Notice and claim form (a "Claim Form"). If returned via mail, the Claim Form must be mailed to the address stated in the Class Notice and must be postmarked on or before the Claims Deadline. The Claim Form may also be submitted online via the Settlement Website and must be electronically submitted on or before the midnight on the date of the Claims Deadline according to the date stamp of the Settlement Website. Any Settlement Class Member who fails to timely return a completed and signed Claim Form by the Claims Deadline shall not be eligible to participate in any distribution from the Settlement Class Recovery.

**9.3**    The Settlement Administrator shall review all submitted Claim Forms to determine if such forms were timely received and otherwise provide all of the information required to be submitted on a rolling basis. The Settlement Administrator shall review all submitted Claim Forms to determine if the submitting person is eligible for distribution from the Settlement Class Recovery under this Agreement by confirming that the submitting person's telephone number is reflected within the Call Records. Commencing after notice is provided to the Settlement Class Members, the Settlement Administrator shall promptly notify Class Counsel and Cruise Defendants' counsel in regular weekly reports of all Approved Claims and any irregularities or potential fraud and note same in the Notice Database. After consulting with counsel, the Settlement Administrator may contact such submitting persons up to three (3) times to gather additional or omitted information in order to determine their eligibility for distribution(s) from the Settlement Class Recovery, or to correct deficiently filed claims.

**9.4**    The Settlement Administrator shall notify Class Counsel and the Cruise Defendants' Counsel in writing (by means of a report and by noting same in the Notice Database) of those Persons who have submitted a Claim Form that the Settlement Administrator has

determined: (i) are untimely, not signed, or otherwise fail to comply with any requirement set forth in this Agreement; (ii) are potentially fraudulent; and/or (iii) are valid and proper such that the submitting Person is entitled to distribution from the Settlement Class Recovery as described in Section 8 of this Agreement. The Cruise Defendants' Counsel shall provide objections to any individual claims as set forth in Section 11. Any objections not submitted pursuant to the procedure set forth in Section 11 shall be deemed waived, provided that the Settlement Administrator has given the Parties timely and regular weekly notice of Approved Claims, irregularities and potentially fraudulent claims as discussed above. If there have been any delays in determining Approved Claims, notice of potential fraud, irregularities or otherwise, then the Cruise Defendants shall request an extension of any date set forth in Section 11 from the Court to submit objections. Upon receipt of timely objections by the Cruise Defendants' Counsel to such claims determinations of the Settlement Administrator, the Class Counsel and the Cruise Defendants' Counsel will attempt to reasonably resolve such objections in good faith. Any such objections to claims determinations of the Settlement Administrator not resolved shall be submitted in writing to the Court for final determination at the final approval hearing as set forth in Section 11.

     **9.5**     The Settlement Website and other notices shall state that all Persons who submit a Claim Form but who provide a telephone number that is not in the Call Records are not eligible for distribution from the Settlement Class Recovery. Class Counsel and the Cruise Defendants' Counsel shall be kept apprised by the Settlement Administrator of all such instances on a regular basis through regular weekly reports and access to the Notice Database, which will indicate the real-time status of all identified Approved Claims and unapproved or rejected claims and the reasons for not approving or rejecting them shall be noted in the database.

     **9.6**     Those Persons who timely submit a Claim Form, and who are determined to be

eligible to receive distribution(s) from the Settlement Class Recovery shall receive such distributions pursuant to Section 8 of this Agreement.

9.7     The Settlement Administrator shall maintain records of all Claim Forms and all determinations of eligibility, or lack thereof, from and amount of distribution(s) of Settlement Class Recovery to Settlement Class Members in the Notice Database, and shall make those records available to Class Counsel and the Cruise Defendants' Counsel by means of password protected access. The Settlement Administrator shall retain all records of Claim Forms, correspondence with all Persons submitting Claim Forms, and all Benefit Checks issued pursuant to this Agreement for a minimum period of one (1) year after the Effective Date.

## 10.0     OPT-OUTS AND OBJECTIONS

**10.1     Opting Out of the Settlement.** Any members of the Settlement Class who wish to exclude themselves from the Settlement Class shall advise the Settlement Administrator on or before the Exclusion Deadline. The Class Notice shall contain information concerning how a person in the Settlement Class may opt-out of the Settlement (*i.e.,* a request to be excluded from the Settlement Class) by mailing a Request for Exclusion by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice.

a.     Such Request for Exclusion shall clearly indicate the name, address, telephone number, and last four Social Security digits of the Person seeking exclusion, the name and case number of the Action, a clear and unequivocal statement under penalty of perjury that the person objecting believes he or she is a member of the settlement class and that the number listed on the opt-out is the one on which the Settlement Class member received a call, a statement that the Person wishes to be excluded from the Settlement Class, and the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person.

34

**b.** Any member of the Settlement Class who submits a valid and timely Request for Exclusion will not be a Settlement Class Member, will not receive any compensation under this Agreement, and will not be bound by the terms of this Agreement.

**10.2 Opt-Out Communications.** Class Counsel agree not to represent, encourage, or solicit, in any way whatsoever, any person seeking exclusion as a Settlement Class Member or any other person seeking to litigate with the Released Parties over any Released Claims in this Action. This section is not intended in any way to limit the ability of Class Counsel to communicate or advise any Settlement Class Member regarding what they need to do to comply with the terms of this Agreement.

**10.3 Validity of Exclusion.** The Request for Exclusion shall not be effective unless it is postmarked no later than the Objection/Exclusion Deadline, which date shall be stated in the Class Notice. No Person in the Settlement Class may submit a Request for Exclusion of or on behalf of any other Person in the Settlement Class. Requests for Exclusion that do not comply with this Section of this Agreement are invalid. Copies of Requests for Exclusion and a report of the names and addresses of Persons whose Requests for Exclusion have been timely mailed shall be provided by the Settlement Administrator to Class Counsel and each of the Cruise Defendants' Counsel within three (3) business days of receipt. The Requests for Exclusion shall be filed with the Court by the Settlement Administrator in connection with Plaintiff's motion for a Final Approval Order and Judgment.

**10.4** As discussed in Section 10.3 above, the Settlement Administrator shall provide Class Counsel and each of Cruise Defendants' Counsel copies of each Request for Exclusion that the Settlement Administrator receives within three (3) business days of receipt of the Request for Exclusion. The Settlement Administrator will also provide a list of each Person who timely and

validly opted out of the Settlement in its declaration filed with the Court pursuant to Section 7.8 of this Agreement. Any Person in the Settlement Class who does not properly and timely submit a Request for Exclusion of this Settlement Agreement on or before the Exclusion Deadline will be bound by this Agreement and the Final Approval Order and Judgment, including the Released Claims as defined in the Agreement. Any Person in the Settlement Class who submits a valid and timely Request for Exclusion shall not be a Settlement Class Member, bound by this Agreement or the Final Approval Order and Judgment, entitled to any Settlement Class Recovery, or otherwise gain any rights by virtue of this Agreement.

     **10.5**    **Objections**. Any Settlement Class member who intends to object to the fairness of the settlement must file a timely written Objection with the Court by the Objection Deadline at his or her own expense, with a copy served on the Settlement Administrator, Class Counsel, and Cruise Defendants' Counsel at the addresses provided in the Class Notice, which written objection must contain the following:

     a.    the full name, address, telephone number, the signature of the objecting Class Member and a statement under penalty of perjury that the Settlement Class Member is a member of the class and that the telephone number identified in the objection by the Settlement Class Member is the one(s) on which he/she received a call;

     b.    state whether the Objection is made on the Settlement Class Member's behalf only or on behalf of other class members;

     c.    identify any lawyer that was consulted as to such objection or this Action;

     d.    the specific reasons for the objecting Settlement Class Member's objection to the Settlement, and a detailed statement of the legal basis for such Objections;

     e.    the identity of all witnesses, including the witnesses' name and address, and a

summary of such witnesses' proposed testimony who the objecting Settlement Class Member may call to testify at the Final Approval Hearing,

  f.  produce and attach to the Objection copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and

  g.  a statement whether the objecting Settlement Class Member and/or his/her attorney(s) intend to appear at the Final Approval Hearing. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector.

  h.  The Parties shall have the right to depose or seek discovery from any objecting Settlement Class Member to assess whether the objector has standing.

  **10.6  Waiver of Objection.** Any Class Member who does not file a timely written Objection to the Settlement shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any Objection to the Settlement or seeking review of the Settlement by appeal or other means. Any Class Member who does not file a timely written Objection to the Settlement will be bound by this Agreement and the Final Approval Order and Judgment, including the Release described in Section 15 of this Agreement.

  **10.7  Fairness Hearing.** Any Settlement Class Member who has timely filed a written Objection to the Settlement may appear at the Final Approval Hearing, either in person or through an attorney hired at the objecting Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

  **11.0  SETTLEMENT ADMINISTRATION**

**11.1**    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Cruise Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Cruise Defendants' Counsel with reports and other information as they may require, including information concerning Notice, administration, and implementation of the Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts paid to each Settlement Class Member on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

**a.**    Upon request, forward to Cruise Defendants' Counsel, with copies to Class Counsel, documents and other materials received in connection with Approved Claims and unapproved claims per the terms of the Agreement;

**b.**    Receive Requests for Exclusion and other requests from the Settlement Class, and promptly provide a copy of such requests to Class Counsel and Cruise Defendants' Counsel upon receipt. If the Settlement Administrator receives any Requests for Exclusion or other requests from the Settlement Class after the Objection/Exclusion Deadline, the Settlement Administrator shall also promptly provide copies thereof to Class Counsel and Cruise Defendants' Counsel;

**c.**    Provide weekly reports to Class Counsel and Cruise Defendants' Counsel regarding

claims received with sufficient information for the Cruise Defendants to identify possible bases for objections, including without limitation, reports regarding the number of Claim Forms received, the number determined to be rejected and the reasons therefor, the number of Approved Claims, and the number of calls to be paid per Settlement Class Member; and

      **d.**     Make available for inspection by Class Counsel and Cruise Defendants' Counsel the Claim Forms, any documentation or other evidence submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice.

      **11.2**    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Call Records, and by reviewing the submissions of the Settlement Class Members. The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all of the requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than fourteen (14) days to provide any requested missing information. The Settlement Administrator shall notify the claimant regarding the missing information via email, telephone call or direct mail, whichever is the most practical based on the information provided in the Claim Form, within five (5) business days after the Settlement Administrator rejects the claim. The Settlement Administrator's validation or rejection of all Claim Forms shall occur on a rolling basis once the Settlement Class Members have been notified of the Settlement so that the Cruise Defendants may make any challenges to any claims known to all Parties and attempt to resolve them on an ongoing basis in order to avoid making all objections at the conclusion of the claims period. The Parties shall receive weekly reports of the status of all claims, including, but not

limited to all pending, valid, Approved, rejected and invalid claims. The Settlement Administrator shall provide a list identifying all of the validated, rejected and Final Approved Claims no later ten (10) business days following the Claims Deadline.

**11.3** Subject to the provisions set forth at Section 2.3, the Cruise Defendants and the Class Representative will have the right to challenge the submission of any claim from any Settlement Class Member on an ongoing basis from the date Settlement Class Members have been notified of the Settlement up to thirty (30) days after the Settlement Administrator provides the list of all of the validated and Final Approved Claims for payment. This deadline is premised on the Settlement Administrator regularly updating the Notice Database as to the status of all claims on a rolling basis and providing weekly reports to Class Counsel the Cruise Defendants regarding the status of all claims, including Approved and rejected claims, which determination shall be made by the Settlement Administrator on a rolling basis once the notice period commences, and providing timely access to the regularly updated Notice Database and required documentation upon request. All challenges not resolved between Class Counsel and the Cruise Defendants' Counsel will be presented to the Court at the Final Approval Hearing, which will make a binding determination as to the challenge. To effectuate such challenge, the party making the challenge must provide email notice to the Settlement Administrator and opposing counsel informing them of the claim(s) that party seeks to challenge and the factual basis for that challenge. Challenges must be made to individual or designated groups of Claim Forms; so-called "blanket" or "mass" challenges to all Claim Forms without differentiation will not be allowed.

**11.4** In the event the Cruise Defendants challenge one or more Settlement Class Members' claims, the Settlement Administrator shall notify each Settlement Class Member within five (5) business days of its receipt of the challenge via email, telephone call or direct mail,

whichever is the most practical based on the information provided in the Claim Form or on the Settlement Website submission, that the Settlement Class Member shall submit a response to the Cruise Defendants' challenge, if any, within fourteen (14) days.  If the Settlement Class Member does not timely submit the supplemental information, the Cruise Defendants' challenge shall be automatically sustained and the Settlement Class Member will receive nothing. If the Settlement Class Member provides a response to the Cruise Defendants' challenge and the Cruise Defendants continue to pursue the challenge, the Parties shall attempt to resolve the challenge within twenty-one (21) days following receipt of the Settlement Class Member's response. In the event that the Parties are unable to resolve the challenge, it shall be presented to the Court for resolution at the Final Approval Hearing. To the extent the Court sustains the Cruise Defendants' challenge, the Settlement Class member will not be permitted to recover for any calls. The Court's determination regarding the challenge shall be final and binding on the Parties.

**11.5**    In the exercise of the duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**11.6    Costs of Notice.**  All costs of providing Class Notice pursuant to this Agreement, including, but not limited to, the costs of identifying any Person in the Settlement Class, the costs of printing, publishing, and/or mailing Class Notice, and the costs of creating, operating, maintaining, and/or hosting the Settlement Website, shall be paid exclusively by the Cruise Defendants which costs will later be deducted from the Settlement Fund.

**11.7    Costs of Administering Settlement.** The Settlement Administration Expenses shall be paid exclusively from the Settlement Fund with any and all costs paid by the Cruise Defendants prior to the Funding Date to be deducted from the Settle Fund pursuant to Section

6.3.

**11.8**     The Settlement Administrator shall be responsible for all matters relating to the administration of this Settlement, including, but not limited to:

**a.**     Preparing and completing Class Notice pursuant to Section 7 of this Agreement;

**b.**     Obtaining complete address information for Settlement Class Members, including new addresses for any returned Class Notice, Benefit Checks, or any other documents;

**c.**     Creating, operating, maintaining, and hosting a Settlement Website, from which Settlement Class Members can access copies of the TAC, this Agreement, Class Notice, the Preliminary Approval Order, and other pertinent documents, materials, and information about this Settlement;

**d.**     Acting as a liaison between Settlement Class Members and the Parties;

**e.**     Issuing and mailing Benefit Checks;

**f.**     Preparing and providing a declaration to Class Counsel and Cruise Defendants' Counsel no later than fourteen (14) days prior to the Final Approval Hearing: (i) attesting to the compliance of the provisions of this Agreement concerning Class Notice; and (ii) listing each Settlement Class Member who timely and validly submitted a Request for Exclusion opting out of the Settlement as described in Section 10.3 of this Agreement; and

**g.**     Performing any other tasks reasonably required to effectuate the Settlement and this Agreement, including, but not limited to, all responsibilities, obligations, and tasks referenced in any section of this Agreement.

**11.9**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member as it relates to the Settlement.

**11.10   Discretion of Administrator.** The Settlement Administrator shall have discretion to make minor, non-substantive revisions to the format of the Class Notice in a reasonable manner to reduce Settlement Administrative Expenses, including, but not limited to, mailing expenses. Prior to the commencement of the Class Notice period, the Settlement Administrator shall provide Class Counsel and the Cruise Defendants' Counsel a proof copy of any and all Class Notices for the purposes to inspect same for compliance with the terms of this Agreement and with the Preliminary Approval Order with reasonably sufficient time for Class Counsel and/or Cruise Defendants' Counsel to provide comments on the proof copy of any and all Class Notices. The Settlement Administrator shall have discretion to identify fraudulent claims to bring such concerns to the attention of counsel for all parties with a recommendation as to how to address or rectify.

**12.0   EFFECTIVE DATE**

**12.1**   The Effective Date of this Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

**a.**   This Agreement has been signed by Plaintiff, Cruise Defendants, Class Counsel and Cruise Defendants' Counsel;

**b.**   The Court has entered the Preliminary Approval Order;

**c.**   The Court has entered the Final Approval Order and Judgment, following Class Notice, as provided in the Preliminary Approval Order, and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure;

**d.**   The expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal, and

all appeals have been exhausted; and

      **e.**    The Final Approval Order and Judgment has become Final, as defined in Section 2.22 of this Agreement.

      **12.2**    If any one or all of the conditions specified in Section 2.22 of this Agreement are not met, or in the event that this Agreement is not approved by the Court, then this Agreement shall be canceled and terminated and be deemed null and void as described in Section 16 of this Agreement unless Class Counsel and Cruise Defendants mutually agree in writing to proceed with this Agreement or such mutually agreeable alternative agreement as approved by the Court.

      **12.3**    If this Agreement is terminated or the Effective Date does not occur for any reason whatsoever, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement as described in Section 16.5 of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into as described in Section 16.5 of this Agreement.

### 13.0    FINAL APPROVAL AND JUDGMENT ORDER

      **13.1**    No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on Cruise Defendants' Counsel a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary approval Order.

      **13.2**    Upon all conditions precedent to the Settlement having been satisfied, including, but not limited to, the issuance of the Preliminary Approval Order, not later than fourteen (14) days prior to the Final Approval Hearing:

**a.** All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit 1 hereto;

**b.** Class Counsel shall file a memorandum of points and authorities in support of a motion seeking the Final Approval Order and Judgment; and

**c.** Class Counsel and/or Cruise Defendants' Counsel may file a memorandum addressing any Objections submitted to the Settlement.

**13.3** At the Final Approval Hearing, the Court will consider the proposed Final Approval Order and Judgment, which shall, among other things:

**a.** find that the Court has personal jurisdiction over all Settlement Class Members;

**b.** find that the Court has subject matter jurisdiction over the Action and the Released Claims such that the Court may approve this Agreement and all exhibits hereto;

**c.** find final approval of this Agreement and the Settlement to be fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members, and that each Settlement Class Member shall be bound by this Agreement, and that this Agreement should be and is approved;

**d.** direct the Parties and their counsel to implement this Agreement according to its terms and provisions;

**e.** declare this Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff, the Settlement Class Members, and the Releasing Parties;

**f.** find that the Class Notice as described in Section 7 of this Agreement satisfies the requirements of the Federal Rule of Civil Procedure, the Due Process Clause of the United States Constitution, and all applicable rules of the Court, constitutes the best practicable notice under the

circumstances, constitutes notice that is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing, and is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement.

**g.** find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering and implementing the Agreement;

**h.** dismiss the Action with prejudice, including without limitation all Released Claims against the Released Parties, on the merits and with prejudice, without fees or costs to any Party except as provided in this Agreement;

**i.** approve and incorporate the releases described in Section 15 of this Agreement, make such releases effective as of the date of entry of the Final Approval Order and Judgment, and forever discharge the Released Parties from the Released Claims;

**j.** without affecting the finality of the Final Approval Order and Judgment, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Agreement; and

**k.** permanently enjoin each Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Cruise Defendants or any of the Released Parties.

**13.4** If the Court refuses to issue the Final Approval Order and Judgment in substantially the same form as Exhibit 1 hereto, or otherwise refuses to issue the Final Approval Order and Judgment, or if the Final Approval Order and Judgment is reversed or modified on appeal and/or remand, then the Settlement and this Agreement in its entirety shall become null and void, unless

46

the Parties promptly agree in writing to proceed with the Settlement. In the event the Settlement and this Agreement becomes null and void as described in this Section 16 of the Agreement, the Parties shall be restored without prejudice to their respective litigation positions in the Action prior to execution of this Agreement.

**13.5**    The Parties, Class Counsel, and Cruise Defendants' Counsel shall undertake all reasonable efforts that are in good faith necessary and appropriate to obtain a Final Approval Order and Judgment in substantially the same form as <u>Exhibit 1</u> hereto.

**13.6**    This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order that grants final approval of this Agreement and enters a final judgment and:

**a.**    finds that the Notice provided satisfies the requirements of due process and Federal Rules of Civil Procedure Rule 23(e)(1);

**b.**    finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

**c.**    finds that the Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the releases of all claims related to this Action, and that this Agreement should be and is approved;

**d.**    dismisses on the merits and with prejudice all claims of the Settlement Class Members and all current and former plaintiffs asserted in the Action;

**e.**    permanently enjoins each and every Settlement Class Member and all current and former plaintiffs in this Action from bringing, joining, or continuing to prosecute any Released Claims against the RMG Defendants, the Cruise Defendants and all Released Parties; and,

**f.** retains jurisdiction of all matters relating to the interpretation, administration,

implementation, effectuation, and enforcement of this Agreement.

**14.0    FINAL JUDGMENT**

**14.1**    The Final Approval Order and Judgment will be deemed final for purposes of this Agreement upon the latest of the following:

**a.**    if no Person has filed an appearance that would give him/her potential standing to appeal the Final Approval Order and Judgment, then on the date the Settlement is approved by the Court as Final;

**b.**    if a Person has filed an appearance that would give him/her potential standing to appeal the Final Approval Order and Judgment, and no notice of appeal of the Final Approval Order and Judgment is timely filed, then the expiration date of the time for filing any appeal from the Final Approval Order and Judgment, including, but not limited to, any extension of such expiration date granted by order of any court of competent jurisdiction, by operation of law, or otherwise;

**c.**    the date of final affirmance of an appeal of the Final Approval Order and Judgment, the expiration of the time for a petition for rehearing and a petition for *certiorari* of the Final Approval Order and Judgment, or, if such a petition is filed, either the denial of such petition or, if the petition is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to such grant of the petition; or

**d.**    the date of final dismissal of any appeal of the Final Approval Order and Judgment or the final dismissal of any proceeding to review the Final Approval Order and Judgment.

**15.0    RELEASE OF CLAIMS**

**15.1**    The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**15.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed

to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

**15.3    Waiver of Unknown Claims.** Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and the Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective, but which could have been raised in the Action and which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to fully, finally and forever settle and release the Released Claims, notwithstanding any unknown claims they may have as set forth above.

**15.3   Covenant Not to Sue.** Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum. Notwithstanding the forgoing, this covenant shall not preclude any Settlement Class Member from assisting, contacting, responding to, or otherwise cooperating with governmental, regulatory, and law enforcement agencies.

**15.4   Representations of Counsel.** Class Counsel represent and warrant that they are not currently working on and have no present intention to work on, or solicit any client to sue on, any claim against any of the Released Parties in any way relating to any and all calls made by the RMG Defendants, whether in another proceeding or any and all potential objecting persons. Class Counsel further acknowledge that they will not pursue any claims against any of the Released Parties arising from a review of any confidential document produced in this Action. Consistent with the terms of the Stipulated Confidentiality Order [DE 192], Plaintiff will return to the respective Cruise Defendants and/or destroy all documents, electronic or otherwise, produced by the Cruise Defendants to Plaintiff, including any and all documents in the possession of Plaintiff's expert, within five (5) business days following the Funding Date with a written acknowledgement under oath to each respective Defendant acknowledging the return or destruction of all of each of the Cruise Defendants' documents (including all responses to discovery produced in litigation, electronic or otherwise).  Counsel for each Cruise Defendant similarly agrees that they will return to Class Counsel and/or destroy all documents produced in this Action in any way relating to the Class Representative or his family.  If Counsel for each Cruise Defendant chooses to destroy such documents, counsel will send a written acknowledgment under oath to Class Counsel within five

(5) business days after the Funding Date that such documents have been destroyed. Plaintiff and the Cruise Defendants further agree that they will return or destroy all of the documents, electronic or otherwise, produced by the RMG Defendants in this case, including those held or maintained by Plaintiff or the Cruise Defendants' experts, within five (5) business days of the Funding Date with a written acknowledgement under oath to the RMG Defendants acknowledging the return or destruction of the documents. The RMG Defendants also agree that they will return to Class Counsel and the Cruise Defendants counsel and/or destroy all documents produced in this Action in any way relating to Plaintiff and the Cruise Defendants with a written acknowledgement under oath to Class Counsel and each respective Cruise Defendant acknowledging the return or destruction of the documents.

**15.5**     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

**16.0     TERMINATION OF SETTLEMENT**

**16.1**     The Parties' willingness to enter into this Agreement and to agree to the certification of a conditional settlement class is dependent upon achieving finality in this Action and avoiding the uncertainties, risks, costs, and delays associated with this Action. Accordingly, the Parties shall each have the unilateral right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement by providing written notice to the Court and all other Parties hereto within twenty (20) days of any Parties' actual notice of any of the following events:

**a.**     the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement;

**b.** an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated without material change by the Court on remand;

**c.** the Effective Date of the settlement does not occur for any reason;

**d.** any other ground for termination provided elsewhere in this Agreement occurs.

**16.2** The failure of the Court to approve any award as described in Section 16 of this Agreement shall not be grounds for Plaintiff, the Settlement Class, Settlement Class Members, Class Counsel, or any other Person to terminate this Agreement.

**16.3** To terminate this Agreement, a Party, Cruise Defendants' Counsel, or Class Counsel shall provide written notice of termination to all other Parties, including such Parties' respective counsel, and file such written notice with the Court.

**16.4** If the Settlement or this Agreement is terminated or the Effective Date does not occur for any reason whatsoever:

**a.** This Agreement, the Settlement, and all negotiations, proceedings, documents, and statements made or prepared in connection therewith shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession of any Party whatsoever;

**b.** The Parties shall stand in the same procedural posture as if this Agreement had not been negotiated, made, or filed with the Court;

**c.** The class-certification of this Agreement shall have no further force and effect and shall not be offered in evidence or used in this Action or in any other proceedings for any reason whatsoever; and

**d.** Class Counsel and Cruise Defendants' Counsel may seek to have any orders, filing, or other entries reflected on the Court's docket in any way based upon, arising out of, relating to, or otherwise in connection with this Agreement set aside, withdrawn, vacated, and/or stricken from

the record.

**16.5    Revert to Status Quo if Plaintiff or Cruise Defendants' Terminate.** It is the express intent of the Parties that should any Party terminate this Agreement pursuant to Section 16 of the Agreement for any reason whatsoever, the Agreement will be of no force and effect and the Parties' respective rights and defenses will be restored, without prejudice, as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be set aside, withdrawn, vacated, and/or stricken from the record. However, any payments made to the Settlement Administrator for services rendered through the date of termination will not be refunded to the Cruise Defendants if the Cruise Defendants terminate the Agreement. If Plaintiff terminates the Agreement, Plaintiff shall reimburse the Cruise Defendants for any payments made to the Settlement Administrator for services rendered through the date of termination. It is the express intent of the Parties that should this Agreement not be approved in full by the Court, any Party may terminate the Agreement and revert to the status quo ante prior to the Settlement.

**17.0    CLASS COUNSEL'S FEE AWARD AND COST REIMBURSEMENT; INCENTIVE AWARD**

**17.1    Attorneys' Fees and Costs.** Within thirty (30) days following entry of the Preliminary Approval Order, Class Counsel may file with the Court a Fee and Cost Application seeking a Fee Award of Attorneys' Fees and Costs to be paid exclusively from the Settlement Fund, which Fee and Cost Application shall be subject to approval by the Court. The Fee and Cost Application may seek up to one-third of the Settlement Fund, plus any out-of-pocket costs incurred by Class Counsel in this Action. The Cruise Defendants or Cruise Defendants' Counsel have not agreed to the fee and cost application and reserve the right to object and/or respond to same. The Fee and Cost Application shall be noticed to be heard at the Final Approval Hearing. The Settlement Administrator shall disburse any Fee Award of Attorneys' Fees and Costs, including

any out-of- pocket costs incurred by Class Counsel in this Action, to Class Counsel within fifteen (15) days after the Effective Date, but prior to the issuance of any Benefit Check or payment of Cash Benefit to any Settlement Class Member.

**17.2    Incentive Award.** Within thirty (30) days following entry of the Preliminary Approval Order, the Class Representative may file with the Court an application seeking an Incentive Award of up to Fifty Thousand U.S. Dollars ($50,000). The Cruise Defendants have not agreed to this incentive award reserve the right to object and/or respond to same. The Fee and Cost Application shall be noticed to be heard at the Final Approval Hearing. If awarded, the Settlement Administrator shall disburse any Incentive Award to Class Representative within fifteen (15) days after the Effective Date and only after receiving any and all necessary W-9 form(s) from Class Representative, but prior to the issuance of any Benefit Check or payment of Cash Benefit to any Settlement Class Member.

**17.3    Settlement Is Independent of Fee Award of Attorneys' Fees and Costs and Incentive Award**. The application for a Fee Award of Attorneys' Fees and Costs, including any out-of-pocket costs incurred by Class Counsel in this Action, and/or an Incentive Award as set forth in Section 17 of this Agreement, and any and all matters related thereto, shall not be considered part of this Agreement, and the application(s) for such Fee Award and/or Incentive Award, and any and all matters related thereto, including, but not limited to, the reasonableness thereof, shall be considered by the Court separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and this Agreement. Nonetheless, the payments of any such Fee Award and/or Incentive Award are subject to and dependent upon the Court's approval as fair, reasonable adequate, and in the best interests of the Settlement Class Members. In the event the Court declines such Fee Award and/or Incentive Award request(s) or

awards less than the respective amounts sought in the Fee Award and/or Incentive Award, the Settlement and this Agreement will continue to be effective and enforceable by the Parties.

**18.0    NO ADMISSION OF LIABILITY**

**18.1**    The Cruise Defendants deny any liability or wrongdoing of any kind associated with the alleged claims in the Action, including the TAC and all of Plaintiff's predecessor pleadings. The Cruise Defendants have denied and continue to deny each and every factual allegation and all claims asserted against them in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by the Cruise Defendants that the Action is properly brought individually and/or on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Cruise Defendants or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Cruise Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**18.2**.    Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

### 19.0    GENERAL PROVISIONS

**19.1    Mutual Cooperation and Reasonable Best Efforts.** The Parties (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Agreement, and the Final Approval Order and Judgment, and to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**19.2    Final Agreement.** The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.

**19.3    Informed Consent.**  Each party hereto acknowledges that she or it has been represented by independent counsel of his or its own choosing (or had the opportunity to and waived its right to do so), that such party has had the full right and opportunity to consult with such counsel, that such party availed himself or itself of this right and opportunity (or waived the opportunity to do so), that such party or such party's authorized officer or representative has carefully read and fully understands this Agreement in its entirety, that such party is fully aware of the contents thereof and its meaning, intent and legal effect, and that such party or such party's authorized officer or representative is competent to execute this Agreement and has executed this Agreement free from coercion, duress or undue influence.

**19.4    Agreement Not to Be Used as Evidence.** The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the

Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

      **a.**      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, in any proceeding whatsoever as an admission, concession, or evidence of the validity of any Released Claims, the truth of any facts alleged by the Class Representative in the Action, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of either the Settlement Fund, the Fee Award, or the Incentive Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

      **b.**      is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

      **c.**      is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiff or the Settlement Class's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **19.5**    **Construction.** Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation." The words "hereof", "herein", "hereby", "hereunder", and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any

particular provision of this Agreement. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

    **19.6    Waiver.** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

    **19.7    Attorney's Fees and Costs.** Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

    **19.8    Authority to Execute Agreement.** Each counsel or other Party executing this Agreement, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

    **19.9    Counterparts.** This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signature by digital, facsimile, digital or in PDF format shall be treated as original signatures and shall be binding.

    **19.10. Time Periods.** The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

    **19.11    Agreement Binding on Successors in Interest.** This Agreement shall be binding upon, and inure to the benefit of, the successors, representative, and assigns of the Parties, the Settlement Class Members, and the Released Parties.

    **19.12. Resolution of Disputes.** Any disputes regarding the administration of this Agreement that the Parties cannot resolve amongst themselves will be decided by the Court.

**19.13    No Oral Modifications.** This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of Cruise Defendants and Plaintiffs, and approved by the Court.

**19.14    Publicity and Confidentiality.** Plaintiff and Class Counsel agree that they will not initiate any publicity of the Settlement other than to state generally that the Parties have reached a settlement that is mutually reasonable to all Parties and Class Members.

**19.15    Entire Agreement.** This Agreement, the exhibits hereto, and the terms and conditions herein constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

**19.16    Governing Law.** This Agreement shall be governed by the laws of the State of Illinois.

**19.17    Notice.** Unless otherwise stated herein, any notice to the Parties required or provided under this Agreement shall be in writing and may be sent by electronic mail, overnight delivery by a national recognized courier service (*i.e.,* UPS, FedEx, or the equivalent), or hand delivery as follows:

a.    **If to Class Counsel:**

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

b.    **If to Carnival Corporation & PLC's Counsel:**

Jeffrey S. Becker, Esq.
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
On behalf of Cruise Defendant Carnival Corporation & PLC

c. **If to Royal Caribbean Cruises Ltd.'s or and NCL (Bahamas) Ltd.'s Counsel:**

Catherine J. MacIvor, Esq.
FOREMAN FRIEDMAN, PA
2 South Biscayne Blvd., Suite 2300
Miami, FL 33131
On behalf of Cruise Defendants Royal Caribbean Cruises, Ltd. and
NCL (Bahamas) Ltd.

**19.18  No Construction Against Drafter.** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of neutral mediators. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**19.19  Headings.** The headings or titles used herein are used for the purpose of convenience only and are not meant to have legal effect.

**19.20   Exhibits.** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by reference.

**19.21  Jurisdiction.**  The Court shall retain jurisdiction to implement and enforce the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing this Agreement.

**19.22   Severability.**  In the event that any provision of this Agreement or the application thereof is held invalid or ruled unenforceable under applicable law, such invalidity does not affect the other provisions, which will continue in full force and effect without regard to such provision.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGES FOLLOW]

**On behalf of Plaintiff and the Settlement Class**

behalf

Dated: _6/1/17_

**Plaintiff, Phillip Charvat, individually and on of the Settlement Class,**

By: _____

**It is So Stipulated by Counsel**

Dated: ___/___/____

**The Law Office of Matthew P. McCue,**

By: _____

Dated: ___/___/____

**Broderick & Paronich, P.C.**

By: _____

Dated: ___/___/____

**Burke Law Offices**

By: _____

**On behalf of Plaintiff and the Settlement Class**

**behalf**

**Plaintiff, Phillip Charvat, individually and on of the Settlement Class,**

Dated: ___/___/_____

By: _____

**It is So Stipulated by Counsel**

**The Law Office of Matthew P. McCue,**

Dated: _6_/_7_/_1_7_

By: _Matthew P. McCue /by_ EAB of express authorization

**Broderick & Paronich, P.C.**

Dated: _6_/_7_/_17_

By: _Edward A. Broderick_

**Burke Law Offices**

Dated: ___/___/_____

By: _____

61

**On behalf of Plaintiff and the Settlement Class**

**behalf**

**Plaintiff, Phillip Charvat, individually and on of the Settlement Class,**

Dated: ___/___/_____

By: _____

**It is So Stipulated by Counsel**

**The Law Office of Matthew P. McCue,**

Dated: ___/___/_____

By: _____

**Broderick & Paronich, P.C.**

Dated: ___/___/_____

By: _____

**Burke Law Offices**

Dated: 6/7/17

By: _____

**On Behalf of the Cruise Defendant Carnival Corporation & PLC**

Carnival Corporation & PLC

Dated: ___/___/___          By: _____

Title: _____

**It is So Stipulated by Counsel:**

Swanson, Martin & Bell LLP

Dated: ___/___/___          By: _____

Title: _____

**On Behalf of Cruise Defendants NCL (Bahamas) Ltd. and Royal Caribbean Cruises Ltd.**

NCL (Bahamas) Ltd.

Dated: 5/26/17          By: _____

Title: SVP & General Counsel

Royal Caribbean Cruises Ltd.

Dated: 6/7/17          By: _____

Title: SVP General Counsel

**It is So Stipulated by Counsel:**

Foreman Friedman, PA

Dated: 6/7/17          By: _____

Title: Partner

63

# **Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Philip Charvat on behalf of himself and others similarly situated, | ) ) | |
| | ) | Case No. 1:12-cv-5746 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge Andrea Wood |
| | ) | |
| | ) | Magistrate Judge Mary Rowland |
| Elizabeth Valente, Resort Marketing Group, Inc., Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., NCL (Bahamas) Ltd. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

The Court having held a Final Approval Hearing on [insert date], notice of the Final

Approval Hearing having been duly given in accordance with the Court's Order (1) Preliminarily

Order Certifying a Class Action ("Preliminary Approval Order"), (2) approving the Notice plan

and (3) setting a Final Approval Hearing, and having considered all matters submitted to it at the

Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order

and Final Judgment and good cause appearing therefor,

It is hereby ORDERED AND ADJUDGED as follows:

1. The Settlement Agreement [DE ___], including its exhibits (the "Settlement

Agreement"), and the definitions contained therein are incorporated by reference in this Order

and Final Judgment. The terms of this Court's Preliminary Approval Order [DE __] are also

incorporated by reference herein.

2. This Court has jurisdiction over the subject matter of the Action and over all

parties to the Action, including all of the following Settlement Class Members, that the Court

Exhibit 1

preliminarily certified in the Preliminary Approval Order:[1]

> All Persons in the United States who were the owners, subscribers or users of residential or cellular telephone numbers located in the RMG Defendants' Call Records and who received pre-recorded telemarketing calls initiated by the RMG Defendants between July 23, 2009 through March 8, 2014, which offered as a promotion a free cruise with Carnival, Royal Caribbean, or Norwegian Cruise Lines. The class is limited to those phone numbers contained in the Call Records of the RMG Defendants as defined in the Agreement. Excluded from the Settlement Class are the following: (i) any trial judge that may preside over this Action; (ii) the Cruise Defendants; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing persons; (v) any member of the Settlement Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; (vi) any person who has previously given a valid release of the claims asserted in the Action; and (vii) persons who received or may have received a call or calls referencing the goods and services of any of the Cruise Defendants, but which were not made by Defendant RMG (a/k/a "Travel Services").

3.      Plaintiff filed this class action lawsuit against Defendants, Elizabeth Valente, Resort Marketing Group, Inc., Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd. and NCL (Bahamas) Ltd. (collectively "Defendants") alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by using an autodialer and an artificial or prerecorded voice to unlawfully call Plaintiff's cellular and landline telephones. After nearly five years of contested litigation, the Parties have reached an agreement on a class-wide settlement of Plaintiff's claims, and Plaintiff has moved for final approval of the proposed settlement. For the reasons stated below, the Court grants final approval of the settlement.

4.      The Settlement Agreement provides that the Cruise Defendants will establish a common fund pursuant to the Settlement Agreement in an amount no lower than $7,000,000 and no higher than $12,500,000, from which all class members will be paid. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

Exhibit 1

after the payment of Attorneys' Fee and Costs, Incentive Award, and Settlement Administration Expenses, as those terms are defined in the Settlement Agreement.

5. The Court has read and considered the papers filed in support of Plaintiff's Motion for Final Approval, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of Plaintiff, Settlement Class Members, and Defendants. The Court has also read and considered any written objections filed by Settlement Class Members. [Alternatively: "The Court has not received any objections from any person regarding the Settlement."] The Court held a hearing on _____, 2017, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on _____, 2017, and that ninety (90) days have passed without comment or objection from any governmental entity.

6. A court may approve a settlement that would bind class members only if, after proper notice and a public a hearing, the court determines that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(3). The Court must, therefore, first consider generally whether the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23, including whether the notice provided to the settlement class under the agreement is "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Under Seventh Circuit law, this Court must also evaluate the fairness of a settlement, by considering "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of

settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh,* 75 F.3d 1191, 1199 (7th Cir. 1996)); Fed. R. Civ. P. 23(e)(2). In addition, the Court must consider whether there is anything suggesting that the settlement was the product of collusion. *See Mirfasihi v. Fleet Mortg. Corp.,* 450 F.3d 745, 748 (7th Cir. 2006). This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

7.    **Notice to the Class.** The notice directed to the settlement class must be "the best notice that is practicable under the circumstances, including individual notice to all members through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Where individual members cannot be identified through reasonable effort, "notice by publication, imperfect though it is, may be substituted." *Hughes v. Kore of Indiana Enter., Inc.,* 731 F.3d 672, 677 (7th Cir. 2013). Kurtzman Carson Consultants, LLC, the Court-approved settlement administrator in this case, has implemented the Notice plan by providing both direct and publication notice. The Court is satisfied that the Notice provided is sufficient under Rule 23(c)(2)(B) and due process, was the best notice practicable under the circumstances, and that it provided individual notice to all Settlement Class members who could be identified through reasonable effort. This Court hereby finds and concludes that the notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8.    **Rule 23(e)(2) Factors**. A district court may only approve a proposed settlement upon a finding that the proposal is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making that finding, a court considers the following factors: (1) the strength of Plaintiff's case

4

Exhibit 1

compared to the amount of Defendants' settlement offer; (2) the likely complexity, length, and expense of the litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Synfuel,* 463 F.3d 646, 653 (7th Cir. 2006). Applying the five factors identified in *Synfuel,* this court concludes that the settlement is "fair, reasonable, and adequate," and, therefore, meets the requirements of Rule 23.

(a)     **Strength of Plaintiffs' Case as Compared to Settlement Offer.** "The most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Id.* (internal quotation marks omitted). Valuing hypothetical continued litigation is necessarily somewhat speculative and not an exact science. *Kolinek v. Walgreen Co.,* 311 F.R.D. 483, 493 (N.D. Ill. 2015) (Kennelly, J.). As detailed in the Plaintiff's Memorandum of Law In Support of Final Approval, the amount offered in the settlement also appears to be substantial in light of the Plaintiff's risks in this Action. As of the time that the Settlement was reached, the Cruise Defendants had raised substantial challenges to Plaintiff's sole expert [DE 521] and another key witness [DE 519] in connection with class certification, which is pending before this Court and would have been ruled upon prior to ruling on class certification. Had the Cruise Defendants prevailed on their *Daubert* challenge, class certification would likely have been denied since Plaintiff's expert was the premise for Plaintiff's class certification motion. An adverse ruling on the Cruise Defendants' *Daubert* Motion, or their Motion to Strike the Declaration of Mr. Borst, may have, therefore, had a significant impact on Plaintiff's ability to certify the class. If those motions had been denied, the Cruise Defendants also presented the Court with a number of reasons why this particular case was not susceptible to class certification in their substantial

5

Exhibit 1

opposition to class certification. If the Court had agreed with the Cruise Defendants, the class would recover nothing. Further, even if the Court had granted class certification, Plaintiff would still have to provide proof, whether at summary judgment or trial, that the Cruise Defendants, who never directly placed any automated telemarketing calls to Plaintiff or the Settlement Class Members, could be held vicariously liable for alleged TCPA violations committed by their alleged agent, RMG. The Cruise Defendants have indicated that they were ready to file summary judgment motions on Plaintiff's vicarious liability claims, which would have presented legally complex questions as to whether the Cruise Defendants could have been held liable for telephone calls made solely by the RMG Defendants. The Cruise Defendants were prepared to allege that a number of courts[2] have held there can be no liability under similar circumstances and that there was a real possibility that even if the Class was certified, Plaintiff would have ultimately failed in his bid to hold the Cruise Defendants vicariously liable for the actions of RMG and, in that event, the Class would recover nothing. Thus, if this matter had proceeded to trial, recovery was by no means certain and an appeal was likely. Given the monetary relief obtained for the Class and the relative strength of Plaintiff's case, the first preliminary approval requirement favors a finding that this settlement is "fair, reasonable, and adequate" under Rule 23.

###### (b)  Likely Complexity, Length, and Expense of Litigation

In *Synfuel,* the Seventh Circuit instructed that the likely complexity, length, and expense of continued litigation are relevant factors a district court should consider in determining whether a class action settlement satisfies Rule 23. *Synfuel,* 463 F.3d at 653. All of these factors, when considered in this litigation, strongly weigh in favor of approval of the proposed settlement.

---

[2] *See, e.g., Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 742-43 (N.D. Ill. 2014); *In re Monitronics Int'l Inc., Telephone Consumer Protection Act Litigation,* 2016 U.S. Dist. LEXIS (E.D. Va. Dec 22, 2016); *Thomas v Taco Bell Corp,* 879 F.Supp. 2d at 1079,1081 (C.D. Cal. 2012). The Plaintiff was prepared to argue to the contrary with applicable citation.

Exhibit 1

Between March 2014 and August 2016, Magistrate Judge Rowland held over 30 discovery hearings, and this Court held 16 status conferences. The parties also engaged in 15 discovery depositions requiring travel to four states, sought third-party discovery, the Cruise Defendants produced voluminous documents and e-discovery, and the parties extensively analyzed RMG's dialer database records. Both sides also retained expert witnesses who each produced Rule 26 reports. Plaintiff filed a class certification motion totaling 1,020 pages with exhibits. [DE 493]. The Cruise Defendants responded by filing a Response totalling 1,990 pages with exhibits, a motion to strike Plaintiff's sole expert (total briefing amounting to 3,487 pages) and a motion to strike a key witness for Plaintiff (total briefing of 403 pages). [DE 492, 520, 521, 530, 531, 547, 548, 551, 553]. Plaintiff's proposed summary judgment motion on the issue of consent, and the Cruise Defendants' summary judgment and other related motions on Plaintiff's vicarious liability claims, would likely have been equally substantial, if not more so. The more than 500 total docket entries in this case amply demonstrate that this litigation was contentious, hard-fought, and resulted in an extensive and detailed factual investigation into the allegations at issue, and if it was to continue, more of the same would be likely to occur.

The risks discussed in the preceding section, as well as the history of this hard-fought litigation, suggests that continued litigation likely would add complexity, length, and considerable expense to this already complex, extensive, and expensive case. "If the Court approves the proposed settlement agreement, this case will end, and class members will be entitled to the retrospective and prospective relief [defendants] ha[ve] promised." *Kolinek,* 311 F.R.D. at 495. If, on the other hand, the Court were to deny final approval, the summary judgment motions would inevitably be filed, and discovery would proceed as to substantive issues. Even if those motions were ultimately denied, a recovery at trial is by no means certain in

7

Exhibit 1

this case. Whether or not the Court granted class certification, an appeal by Plaintiff or the Cruise Defendants would be likely. Given the complexity and expense inherent in a class action jury trial, and the likelihood of a potentially lengthy appellate review process, the Court is confident that the second *Synfuel* factor—the complexity, length, and expense of litigation—weighs in favor of approving this settlement.

(c)     **Amount of Opposition to the Settlement**

[to be supplemented]

(d)     **The Experience and Opinion of Counsel**

Under *Synfuel*, the opinion of competent counsel is relevant to determining whether a class action settlement is fair, reasonable, and adequate under Rule 23. *Synfuel,* 463 F.3d at 653. The Court accepts that Class Counsel in this case are experienced litigators, especially in the TCPA context, and that they strongly support the settlement. The opinion of the competent counsel, who negotiated this settlement with defendants at arms-length, and with the assistance of an experienced and respected mediator, favors approval of the proposed settlement. *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) ("[T]he district court was entitled to give consideration to the opinion of competent counsel that the settlement was fair, reasonable and adequate.").

(d)     **Stage of Proceedings and Amount of Discovery Completed**

The final factor the court is to consider under *Synfuel* concerns the stage of the proceedings and the amount of discovery completed at the time of the settlement. *Synfuel,* 463 F.3d at 653. As discussed above, the parties engaged in hard-fought litigation for almost five years and engaged in and reviewed the results of substantial discovery. Plaintiff and the Cruise Defendants filed numerous discovery-related motions and appeals. The Parties have also filed

Exhibit 1

other submissions in favor of and in opposition to class certification, a challenge to Plaintiff's sole expert and the declaration of Mr. Borst. Given the history of this case, the Parties would also likely have filed equally substantial summary judgment motions in favor of and in opposition to vicarious liability issues, pre-trial motions and motions in limine. The Court is thus "satisfied that the discovery and investigation by class counsel prior to entering into settlement negotiations was extensive and thorough." *Id.* (internal quotation marks omitted). Thus, the final *Synfuel* factor also favors approval of the settlement.

9. **Absence of Collusion.** There has been no indication that the Settlement Agreement resulted from collusion. Indeed, the circumstances surrounding the Parties' mediation and ultimate agreement mitigates against the likelihood of any collusion. The Parties reached settlement after mediating with a neutral mediator and several months of negotiation following the mediation. Moreover, these settlement discussions occurred only after years of combative litigation. In addition, the Settlement Agreement lacks any of the problematic features the Seventh Circuit has identified as red flags for collusion. *See, e.g., Redman v. RadioShack Corp.,* 768 F.3d 622, 637 (7th Cir. 2014) (questioning "clear-sailing clause" in which defendant agreed not to contest class counsel's request for attorneys' fees); *Eubank v. Pella Corp.,* 753 F.3d 718, 721 (7th Cir. 2014) (criticizing binding of single class despite adversity of subclasses, provision allowing reduction in attorney's fee award to revert back to defendant, and failure to quantify benefits to class members, among other problematic features). Nothing in the history of this litigation or in the terms of the settlement suggests that the agreement was the product of collusion.

10. Any objections to the Settlement Agreement are overruled and denied in all respects.

Exhibit 1

11.     The Court hereby finally approves the Settlement Agreement, the exhibits, and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule

23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. The Court orders the Parties to the Settlement Agreement to implement the Settlement Agreement and perform their obligations thereunder. For purposes of entering into the Settlement Agreement and implementing it, the Court finds that Class Counsel and the Class representative adequately represented the Settlement Class.  The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

12.     The Court appoints Broderick & Paronich, P.C., and The Law Offices of Matthew P. McCue and Burke Law Offices, LLC as settlement class counsel pursuant to Rule 23(g).

13.     The Court [denies / modifies / grants] Plaintiff's application for an award of attorneys' fees and expenses, [and awards payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $_____ in attorneys' fees and $_____ in costs.]  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Class that Class Counsel would seek the award.

Exhibit 1

14.     The Court [denies / modifies / grants] Plaintiff's petition for a class representative incentive award, and [awards an incentive fee payment of $_____] for Class Representative Philip Charvat. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

15.     The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) to any party. The Settlement Agreement is binding on, and has a preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff, the Settlement Class Members and the Releasing Parties.

16.     The Court approves the releases in Section 15 of the Settlement Agreement and makes them effective upon the entry of this Final Approval Order and Final Judgment. Upon final approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review from this Final Order of Dismissal), Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and every one of the Released Parties from each of the Released Claims (as defined by the Settlement Agreement). The Plaintiffs and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement and the releases

Exhibit 1

contained therein become effective. This Release shall be interpreted to the fullest extent of res judicata principles. In addition, any rights of the Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

17.     Plaintiff, each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against each and every one of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the allegations in the Action. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the settlement of the Litigation, the negotiation and execution of the Settlement Agreement, and all

Exhibit 1

acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of the Cruise Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

19.     If for any reason the Settlement Agreement terminates or final approval does not occur, then certification of the Settlement Class and any Orders entered in connection with the Settlement Agreement shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Litigation, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

20.     In the event that any provision of the Settlement Agreement or this Final Order of Dismissal is asserted by any of the Defendants as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting

on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is

Exhibit 1

pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

22.     All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Order and Final Judgment. The list of persons submitting notices seeking exclusion from the Settlement Class provided by the Settlement Administrator is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

23.     Neither this Final Approval Order and Judgment, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendants or any of

14

Exhibit 1

the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendants.

24.     Upon the conclusion of the claims administration, the Claims Administrator shall provide the Court with a statement that all money in the Settlement Fund was distributed in accordance with the terms of the Settlement Agreement.

25.     Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

IT IS SO ORDERED.

Entered: ___/___/___

_____
HONORABLE ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE

15

Exhibit 1

# **Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Philip Charvat on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) | Case No. 1:12-cv-5746 |
| | ) | |
| v. | ) | Judge Wood |
| | ) | Mag. Judge Rowland |
| Elizabeth Valente, Resort Marketing Group, Inc., | ) | |
| Carnival Corporation & PLC, Royal Caribbean | ) | |
| Cruises, Ltd., NCL (Bahamas) Ltd. | ) | |
| Defendants. | ) | |

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit claiming that a travel agency called Resort Marketing Group, Inc. ("RMG"), made automated telephone calls to consumers to offer a free cruise with Carnival Corporation & PLC ("Carnival"), Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), and NCL (Bahamas), Ltd. ("Norwegian") (collectively "Cruise Defendants") (the "Settlement"). The lawsuit claims that RMG violated the Telephone Consumer Protection Act ("TCPA") and that the Cruise Defendants should be held vicariously liable for RMG's conduct. RMG and the Cruise Defendants deny the claims and deny they violated the TCPA. The Court has not made a decision as to who is right. Rather the parties resolved the dispute by settlement.

The Settlement includes people who received pre-recorded telephone calls between July of 2009 and March of 2014 on their residential or cellular telephone lines initiated by RMG during which RMG offered a free cruise with Carnival, Royal Caribbean, or Norwegian cruise lines as a promotion ("Settlement Class Members").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you can get a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Resort Marketing Group, Carnival, Royal Caribbean and Norwegian relating to the legal claims the Settlement resolves. However, you will give up the right to get a payment from this Settlement. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court if you do not like the Settlement. |
| **GO TO THE FINAL APPROVAL HEARING** | You may ask to appear and speak to the Court about the fairness of the Settlement. |
| **DO NOTHING** | You will not get a payment from the Settlement and you will give up certain legal rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

Exhibit 2

QUESTIONS? CALL 1-8XX-XXX-XXXX TOLL-FREE OR VISIT WWW.WEBSITE.COM

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................ page 3
    1. Why was this Notice issued?
    2. What is this lawsuit about?
    3. Why is this case a class action?
    4. Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** ........................................................ page 3
    5. How do I know whether I am part of the Settlement?
    6. Are there exceptions to being included?
    7. What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ................ page 4
    8. What does the Settlement provide?
    9. How much will my payment be?

**HOW TO RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM** .................... page 4
    10. How do I receive a cash payment?
    11. When will I receive my payment?
    12. What if my name or address changes after I submit a Claim Form?
    13. What rights am I giving up to get a payment or stay in the Settlement Class?
    14. What legal claims am I releasing?

**THE LAWYERS REPRESENTING YOU** .................................................................. page 5
    15. Do I have a lawyer in this case?
    16. How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................... page 5
    17. How do I get out of the Settlement?
    18. If I exclude myself, can I still get a cash payment from this Settlement?
    19. If I do not exclude myself, can I sue Defendants for the same legal claims later?

**OBJECTING TO THE SETTLEMENT** .................................................................... page 6
    20. How do I tell the Court that I do not like the Settlement?
    21. May I come to Court to speak about my objection?
    22. What is the difference between objecting to the Settlement and asking to be excluded from it?

**THE COURT'S FINAL APPROVAL HEARING** ...................................................... page 6
    23. When and where will the Court decide whether to approve the Settlement?
    24. Do I have to come to the hearing?
    25. May I speak at the hearing?

**IF YOU DO NOTHING** ........................................................................................ page 7
    26. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ........................................................................ page 7
    27. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice?

This is a court authorized Notice of a proposed Settlement in a class action before Judge Andrea R. Wood of the United States District Court for the Northern District of Illinois, who is overseeing this class action. The case is known as *Charvat v. Resort Marketing Group, Inc et al.*, Case No. 1:12-cv-05846. The person that filed this lawsuit is called the Plaintiff, and the companies he sued – Resort Marketing Group, Inc. Carnival, Royal Caribbean, and Norwegian – are called the Defendants. If finally approved, the settlement would resolve a lawsuit brought on behalf of consumers who Plaintiff alleged received automated promotional calls from RMG offering the goods and services of Carnival, Royal and Norwegian. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of Settlement only. This notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

### 2. What is this lawsuit about?

The class action lawsuit claims that RMG made pre-recorded telemarketing calls to landlines and cell phones offering free cruises with Carnival, Royal Caribbean, and Norwegian as promotions and that these calls violated the TCPA. The lawsuit alleges that Carnival, Royal Caribbean, and Norwegian authorized RMG to make these calls on their behalf. Defendants deny all of the allegations made in the lawsuit and deny they did anything wrong.

More information and specific details about the lawsuit can be found at www.[website].com.

### 3. Why is this case a class action?

In a class action, one or more people called Class Representatives or Plaintiffs (in this case, Philip Charvat) sue on behalf of other people with similar claims. Together, these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

### 4. Why is there a settlement?

To resolve this matter without the expense, delay and uncertainties of litigation, the Plaintiff and Defendants have reached a Settlement, which resolves all claims against the Defendants. The Settlement is not an admission of wrongdoing by the Defendants and does not imply that there has been, or would be, any finding that the Defendants violated the TCPA. In fact, the Defendants vigorously deny that they violated the TCPA or any similar laws, and the Cruise Defendants vigorously deny that they authorized RMG to make any calls on their behalf, and further deny that they should be held vicariously liable for RMG's actions. The Court did not decide in favor of the Plaintiff or Defendants. Instead, both sides agreed to a settlement. This way, they avoid the cost and burden of a trial and the people affected can get benefits. The Class Representative and his attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT CLASS

### 5. How do I know whether I am part of the Settlement?

You are included in the Settlement as a Settlement Class Member if you were the owner, subscriber, or user of a residential or cellular telephone line that received pre-recorded telemarketing calls between July of 2009 and March of 2014 that were initiated by RMG during which you were offered a free cruise with Carnival, Royal Caribbean and Norwegian cruise lines and your phone number is contained in the call records produced by RMG in this case (the "Call Records"). The Call Records contain all phone numbers that RMG used to initiate pre-recorded telemarketing calls to promote its business. Any person submitting a claim with a telephone number not found in the records of RMG is ineligible for distribution from the settlement fund.

### 6. Are there exceptions to being included?

Yes. The Settlement does <u>not</u> include any trial judge that may preside over this lawsuit, the Defendants, any of the Released Parties (defined in Question 14 below), Class Counsel and their employees, the immediate family of any of the foregoing persons, any member of the Settlement Class who has timely submitted a request for exclusion (see Question 17 below), or any person who has previously released the claims asserted in this lawsuit.

### 7. What if I am still not sure whether I am part of the Settlement?

If you are not sure whether you are included, go to www.Website.com or call 1-8XX-XXX-XXXX for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8. What does the Settlement provide?

The Settlement provides cash payments to Settlement Class Members who file valid Claim Forms. Defendants will create a Settlement Fund of at least $7,000,000 (the "Floor") and up to $12,500,000 (the "Ceiling"). The final Settlement Fund amount will depend on the number of Claim Forms filed. The Settlement Fund will be used to pay Class Counsel's attorneys' fees and expenses, an incentive award to the Class Representative, and notice and administration costs, before making payments to Settlement Class Members who file a valid Claim Form.

### 9. How much will my payment be?

Each RMG telemarketing call you received will have a **maximum** value of $300**.** You may file a claim for up to three calls per telephone number included in the Call Records. This means that your maximum payment amount ***could be*** $900 per telephone number. Although payment amounts could be $300-$900, actual payment amounts will be based on the total number of calls and valid Claim Forms received. For example:

- If, after deducting attorneys' fees and expenses, the incentive award, and settlement administration costs, the amount needed to pay all valid claims is *less* than the balance of the Settlement Fund, then each Settlement Class Member who submits a valid Claim Form will receive $300 per call for up to three calls, and the remaining funds will be donated *cy pres* to the National Consumer Law Center (www.nclc.org) or other approved recipient.

- If, after deducting attorneys' fees and expenses, the incentive award, and settlement administration costs, the amount needed to pay all valid claims is *greater* than the Settlement Fund Ceiling, then each Settlement Class Member who submits a valid Claim Form will receive a proportionately reduced payment amount, meaning each Settlement Class Member will receive the same reduced payment amount per call for up to three calls.

## HOW TO RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM

### 10. How do I receive a cash payment?

To receive a cash payment, you must submit a Claim Form by **[DATE]**. Claim Forms may be submitted online at www.Website.com, or by mailing the completed Claim Form to *RMG TCPA Settlement Administrator*, P.O. Box XXXXX, City, ST XXXXX-XXXX. Claim Forms are available for printing from the website or upon request by calling 1-XXX-XXX-XXXX.

### 11. When will I receive my payment?

The Court will hold a Final Approval Hearing on **[DATE]** to decide whether to grant final approval to the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be provided as soon as possible, if and when the Court grants final approval to the Settlement and after any appeals are resolved.

**12. What if my name or address changes after I submit a Claim Form?**

If your name or address needs to be corrected, you must send a letter to the Claims Administrator at *RMG TCPA Settlement Administrator*, P.O. Box XXXXX, City, ST XXXXX-XXXX.

**13. What rights am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you will stay in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and will legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against any of the Defendants about the issues in this case. The legal claims you are giving up are described in Question 14.

**14. What legal claims am I releasing?**

If the Settlement becomes final, all Settlement Class Members who do not exclude themselves–and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees–will release and forever discharge the Defendants and all of their present, former and future predecessors, successors, subsidiaries, and all of their respective officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, and assigns ("Released Parties") of and from all claims, demands, causes of actions, suits, damages, fees (including attorneys' fees), and expenses arising out of or relating to the telephone calls contained within the Call Records, including the use (or alleged use) of an automatic telephone dialing system or pre-recorded voice, or calling persons who were on the Do Not Call list or otherwise did not consent to such call, or otherwise arising under the TCPA or similar state laws governing such matters, including without limitation the claims alleged in the Third Amended Complaint.

More information about the claims you are releasing can be found in Sections 2.38 and 15 of the Settlement Agreement, available at www.[website].com.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

Yes. Judge Wood appointed Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Edward A. Broderick and Anthony Paronich of Broderick & Paronich, P.C., and Matthew P. McCue of the Law Office of Matthew P. McCue as "Class Counsel" to represent you and other Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees of up to one third of the final Settlement Fund plus reimbursement of reasonable expenses. The maximum amount of the Settlement Fund will be $12,500,000. The maximum amount that can be awarded to Class Counsel, per the discretion of the Court, is $4,166,625). Class Counsel will also seek reimbursement for expenses incurred over the five year course of this litigation, which are subject to court review and approval. Class Counsel will also seek a $50,000 incentive award for the Class Representative in recognition of his service to the Class during the pendency of this litigation. The Court may award less than these amounts. All of these amounts, as well as the costs of administering the notice and claims program, will be paid out of the Settlement Fund before any payments are made to Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue any of the Defendants about the legal claims in this case, and you do not want to receive a cash payment in this Settlement, you must take steps to get out of the Settlement. This is called excluding yourself or opting out of the Settlement.

**17. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail a written request for exclusion to the Settlement

Administrator. Your letter must include (1) your full name; (2) your current mailing address; (3) your current telephone number; (4) the telephone number RMG used to make pre-recorded telemarketing calls to you; (5) the last four digits of your Social Security Number; (6) a statement under penalty of perjury that you believe you are a member of the settlement class and that the number you listed as having received a call(s) from RMG is the one on which you received the call(s) (7) a statement indicating you want to be excluded from the Settlement Class in *Charvat v. Resort Marketing Group, Inc., et al.*, Case No. 1:12-cv-05846; and (7) the date and your signature. Your request for exclusion must be mailed to the Claims Administrator at the address below and postmarked no later than **[OBJECTION/EXCLUSION DEADLINE]**:

*RMG TCPA Settlement Administrator* Exclusions

P.O. Box XXXXX

City, ST XXXXX-XXXX

### 18. If I exclude myself, can I still get a cash payment from this Settlement?

No. If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement. You can only receive a cash payment if you stay in the Settlement (*i.e.*, do not exclude yourself) and file a Claim Form.

### 19. If I do not exclude myself, can I sue Defendants for the same legal claims later?

No. Unless you exclude yourself, you are giving up the right to sue Defendants and the Released Parties for the legal claims that this Settlement resolves. You must exclude yourself from *this* lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against Defendants or any of the Released Parties about the legal claims resolved by this Settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the Settlement or any part of it.

### 20. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must submit a written objection to the Court by **[OBJECTION/EXCLUSION DEADLINE]**, with copies sent to the Settlement Administrator, Class Counsel, and each of the Cruise Defendants' Counsel postmarked by **[OBJECTION/EXCLUSION DEADLINE]**. Your objection must include (1) your full name, address, current telephone number, the telephone number that was called by RMG; (2) a statement under penalty of perjury that you believe you are a member of the settlement class and that the number(s) you listed as being called is the one on which you received a call from RMG;(3) the reasons why you object to the Settlement, including a detailed statement of the legal basis for your objection and any supporting documents; (4) state whether your objection is made only on your behalf or if it is made on behalf of others, provide information identifying who they are (5) identify any lawyer you consulted regarding your objection; (5) the identity of all witnesses, including their names, addresses and summary of testimony, you intend to call at the Final Approval Hearing and copies of all evidence you plan to provide; (6) a statement indicating whether you and/or your attorney intend to appear at the Court's Final Approval Hearing; and (7) your signature. If you plan to have your attorney appear at the Final Approval Hearing, that attorney must enter an appearance with the Clerk by **[DATE]** and provide a list of all previous class action cases in which they have represented an objector.

You must file your objection with the Court by **[OBJECTION/EXCLUSION DEADLINE]** either in person or by mailing it to:

> Clerk of Court
> United States District Court for the Northern District of Illinois
> Everett McKinley Dirksen United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

QUESTIONS? CALL 1-8XX-XXX-XXXX TOLL-FREE OR VISIT WWW.WEBSITE.COM                    Exhibit 2

You must also mail copies of your objection to <u>all</u> of the addresses below postmarked no later than **[OBJECTION/EXCLUSION DEADLINE]**:

| SETTLEMENT ADMINISTRATOR | CLASS COUNSEL | CRUISE DEFENDANTS' COUNSEL |
|---|---|---|
| *Cruise TCPA Settlement Administrator* P.O. Box XXXXX City, ST XXXXX-XXXX | Matthew P. McCue Law Office of Matthew P. McCue 1 South Avenue, Suite 3 Natick, MA 01760 | Jeffrey Becker Swanson, Martin & Bell LLP 330 N. Wabash Ave., Ste. 3300 Chicago, IL 60611 Counsel for Carnival **AND** Catherine J. MacIvor Foreman Friedman, PA 2 S. Biscayne Blvd., Suite 2300 Miami, Florida 33131 Counsel for Royal Caribbean and Norwegian |

### 20. May I come to Court to speak about my objection?

Yes. You or your attorney may speak at the Final Approval Hearing about your objection. To do so, your objection must include the information required above and be postmarked or filed by **[OBJECTION/EXCLUSION DEADLINE]**.

### 21. What is the difference between objecting to the Settlement and asking to be excluded from it?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you remain a member of the Settlement Class (that is, do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you cannot object because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

### 22. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at _:__ _.m. on **[DATE]** at the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. It will also consider whether to approve Class Counsel's request for an award of attorney's fees and expenses, as well as an incentive award for the Class Representative. If there are objections, the Court will consider them. Judge Wood will listen to people who have asked to speak at the hearing (*see* Question **20** above). After the hearing, the Court will decide whether to approve the Settlement.

### 23. Do I have to come to the hearing?

No. Class Counsel will answer any questions Judge Wood may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

### 24. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing (*see* Question **20** above).

## IF YOU DO NOTHING

### 25. What happens if I do nothing at all?

If you are a member of the Settlement Class and you do nothing, you will give up the rights explained in Questions 13–14, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the Released Parties about the legal issues in this case. If you do not file a Claim Form, you will not receive a cash payment from this Settlement.

## GETTING MORE INFORMATION

| |
|---|
| **26. How do I get more information?** |

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.Website.com. Additional information is also available by calling 1-8XX-XXX-XXXX or by writing to *RMG TCPA Settlement Administrator*, P.O. Box XXXXX, City, TX XXXXX-XXXX. Publicly-filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Northern District of Illinois or reviewing the Court's online docket.

# **Exhibit 3**

RMG TCPA Settlement Administrator

P.O. Box xxxx

City, ST xxxxx-xxxx

**A COURT AUTHORIZED**
**THIS LEGAL NOTICE**

A Settlement has been reached in a class action lawsuit, *Charvat v. Resort Marketing Group, Inc*, alleging that a travel agency, Resort Marketing Group, Inc., made pre-recorded telephone calls offering a free cruise on Carnival, Royal Caribbean and Norwegian cruise lines in violation of the Telephone Consumer Protection Act. Defendants deny any wrongdoing, and in agreeing to settle, do not admit any wrongdoing. The Court has not decided who is right. Rather the parties resolved the dispute by settlement. Call Records indicate you may be a Settlement Class Member entitled to a monetary recovery up to $900 per telephone line. SHOULD IT SAY TELEPHONE NUMBER RATHER THAN LINE? To recover, you need to complete and submit the below Claim Form prior to XXX

(Claims Deadline)

**RCH**

## «Barcode»

Postal Service: Please do not mark barcode

Claim#: RCH-«ClaimID»-«MailRec»

«First1» «Last1»

«CO»

«Addr2»

«Addr1»

«City», «St»  «Zip»

«Country»

---

Carefully separate at perforation

RCHCRD01

Claim ID: «ClaimID»

## Settlement Claim Form

Claim #: XXX-«ClaimID» - «MailRec»

«First1» «Last1»

«Addr1» «Addr2»

«City», «St» «Zip»

Name/Address Change, if any:

Fill in the circle below if you were the owner, user or subscriber to the below phone numbers at some point between July 23, 2009 and March 8, 2014,

«TelephoneNumber1»            «TelephoneNumber2»

☐ I affirm that I was an owner, subscriber WHAT IS A SUBSCRIBER? or user to the telephone number(s) listed above on this [paper or electronic] claim form between July 23, 2009 and March 8, 2014

By submitting this Claim Form, I declare, under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that I believe I am a member of the Settlement Class and that the information I am providing above is true to the best of my knowledge

Signature:                                    Date (MM-DD-YYYY):

Email Address:

Contact Phone #:

Return this Claim Form postmarked by Month XX, XXXX  Claim Forms may also be submitted online — using the Claim ID on the front of this card— by Month XX, XXXX

Questions, visit www [website] com or call 1-XXX-XXX-XXXX

\#     MRCHñf†ƒfi‡lg×M     «ClaimID»     **RCH**

Exhibit 3

will be a "Class Member." You may be in the Settlement Class if at any time between August, 2009 and March 8, 2010 you were the owner, subscriber, or user of a residential or cellular telephone line that received pre-recorded telephone calls initiated by Resort Marketing Group, Inc , during which you were offered the goods or services of Carnival, Royal Caribbean, or Norwegian and your phone number was contained in the Call Records (a database containing all the numbers dialed) of Resort Marketing Group, Inc , the third party travel agency that made the calls at issue  If you are receiving this notice by mail, our records indicate that you may be a Settlement Class Member

**SETTLEMENT TERMS** Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd , and NCL (Bahamas), Ltd  ("Defendants") will pay $7,000,000-$12,500,000 into a Settlement Fund that will cover: (1) cash payments to Settlement Class Members who submit valid Claim Forms; (2) Class Counsel's attorneys' fees not to exceed 1/3 of the Fund plus reasonable expenses; (3) a $50,000 incentive award to the Class Representative; and (4) the costs of administering the Settlement  Each call received will have a maximum value of $300, and there will be a cap of three calls per Settlement Class Member per telephone number  This means your maximum payment amount could be $900 per telephone number  However, your share of the Fund will depend on the total number of claims made and the total amount remaining in the Fund  The Fund will be divided among Settlement Class Members who file valid claims after deducting Class Counsel's attorneys' fees and expenses, the incentive award, and settlement administration costs

**YOUR RIGHTS AND OPTIONS  Submit a Claim Form.** To receive a cash payment, complete and return the attached Claim Form  You may also submit a Claim Form online at www Website com  Claim Forms are also available for download at www Website com, or they may be requested by calling 1-8XX-XXX-XXXX  Claim Forms must be submitted, mailed or emailed by [DATE]   The Settlement Administrator will confirm that your number is in the Call Records, will determine how many times that number was called, and will assess the value of your claim  **Opt Out** You may exclude yourself from the lawsuit and keep your right to sue the Defendants on your own by sending a written request for exclusion to the Settlement Administrator, including your name, address, and telephone number, the last four digits of your Social Security Number, a statement that you want to be excluded from Charvat v  Resort Marketing Group, Inc, No  1:12-cv-05846, and your signature postmarked by [DATE]  Unless you exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the settled claims   **Object.** If you do not exclude yourself, you have the right to comment or object to the proposed Settlement  Written objections must contain your name, address, telephone number, and signature, as well as the reasons for your objection  If you or your attorney intends to attend the Final Approval Hearing, additional requirements apply  See the full Class Notice, available at www Website com  Your objection must be postmarked by [DATE] and sent to the addresses listed in the Class Notice   **Attend the Final Approval Hearing.** The Court has set a hearing to decide whether the settlement should be approved on [DATE] at X:00 _ m at the United States District Court for the Northern District of Illinois, located at Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604  All persons who timely object to the Settlement by [DATE] may ask to appear at the Final Approval Hearing, but you do not need to appear  The Court will also consider Class Counsel's fee request, which will be posted on the Settlement Website on [DATE]  You or your attorney may appear and ask to speak at the hearing at your own expense

**More information is available at www.Website.com or by calling 1-8XX-XXX-XXXX. Please do not contact the Court.**



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL  PERMIT NO. 1810  PROVIDENCE RI

POSTAGE WILL BE PAID BY ADDRESSEE

SATELLITE INTERNET SETTLEMENT ADMINSTRATOR
PO BOX 43067

**PLACEHOLDER BRM/CRM**

**DO NOT USE**

Exhibit 3

# **Exhibit 4**

# Online Claim Filing

If you received a pre-recorded call from a travel agency called Resort Marketing Group, Inc. offering a free cruise with Carnival, Royal Caribbean or Norwegian Cruise Lines on your residential or cellular telephone line, during the period between July of 2009 and March of 2014, you may be a Settlement Class Member. Please enter the Claim Number that appears on the Notice you received. You will be then directed as to how to file a claim.

If you did not receive a Claim Number in the mail, please enter your residential or cellular phone number that you owned or used during the period between July of 2009 and March of 2014. If your number is a match to the numbers contained in the Call Records you will be then directed as to how to file a claim. If your number is not a match to the Call Records, you cannot file a claim for that particular number.

You may file additional claims if you believe additional phone numbers may be included in the class.

**Provide your claim number :**

**Claim Number** [                    ]

(11 digit Claim ID)

**OR**

**Provide your phone number :**

**Phone number where you received call(s)** [          ]

[ Go Back ]     [ **Continue »** ]

Exhibit 4

# Online Filing (This Form Applies Only to Consumers Who Provide A Claim ID or whose telephone number was in the Charvat Campaigns)

This web page allows Settlement Class Members whose phone numbers were found in the Dialer Database and were part of the Charvat Campaigns, to submit a customized Claim Form online. To file your claim, you must continue through the process until the "Submit Claim" button is clicked.

Settlement Class Members who wish to file a claim online must complete this form prior to the Claims Deadline in order to be considered for benefits. For more information about the settlement and the claims filing process, please visit the Home Page or the Frequently Asked Questions.

( * indicates a required field)

## Claimant Name and Address

Please ensure that this is the address at which you would like to receive future correspondence from the Settlement Administrator regarding this Settlement.

* Name   `John Doe`

* Address   `1313 S DIS`

* City   `ANAHEIM`

* State   `CA`

* Zip code   `92802-184`

## Claimant Contact Information

*Contact phone number   `555` - `123` - `4567`

*Email address   `DAISY @di`

Re-Enter email address   `DAISY @di`

## Phone Number That Appears In The Charvat Campaigns

**The number listed below appeared in the Charvat Campaigns located in the Dialer Database.**

(XXX) XXX-XXXX

☐    I affirm that I was the owner, user or subscriber to the number listed above between July 2009 and March 2014.

I declare, under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that I believe I am a member of the Settlement Class and that the information I am providing above is true to the best of my knowledge.

Signature: _____ Date (MM-DD-YY): ___/___/___

I understand that the settlement administrator or the parties to settlement have the right to verify my responses or otherwise dispute any claims that are based on false or inaccurate responses.

## What Happens Next?

If your claim is accepted, you will be compensated, based on Resort Marketing Group, Inc's Call Records, for each call received to the phone number at a maximum of three calls. The value of each call is capped at $300. The most you can receive per telephone number is $900. If the number of claims filed does not allow for compensation at the maximum amount, then you will receive a pro rata share of the Settlement Fund after the payment of Attorneys's Fees and Expenses, the Incentive Award, and Settlement Administration Expenses.

You can confirm whether you received telemarketing calls that are part of this class on another residential or cellular telephone line during the class period via the Settlement Web-Site. You can file one claim per phone number and recover for up to three calls made to each line.



Go Back       Continue »

Exhibit 4

# Review Your Claim (Provided Claim ID or matches Charvat Campaigns)

**Your claim is not yet submitted.** You must click the "Submit Caim" button below to complete the process.

**Please review the information you entered to ensure it is correct.**

## CLAIMANT INFORMATION

**DAISY DUCK**
**1313 S DISNEYLAND DR**
**ANAHEIM, CA 92802-1843**

Contact phone number:       **(555) 123-4567**

Email Address:                   **DAISY@disney.com**

Telephone number on which I received calls:       **(123) 456-7890**

| Go Back | Submit Claim » |
|---------|----------------|

*Change the above information*

Exhibit 4

# Claim Form Receipt (Provided Claim ID)

**Thank You**. Your Claim Form has been submitted. Please print this page as your receipt.

Your Claim Number is **20000004301**. Please retain this number for your records.

Print

Case Code: **ABC**

Date: **MONTH DD, 201X**

**CLAIMANT INFORMATION**

**DAISY DUCK**
**1313 S DISNEYLAND DR**
**ANAHEIM, CA 92802-1843**

Contact phone number: **(123) 456-7890**

Email Address: **DAISY@disney.com**

Telephone number on which I received calls: **(555) 123-4567**

Please print this page and retain it for your records.

For more information about the settlement and the claims filing process, please visit the Home Page or the Frequently Asked Questions.

Exhibit 4

# Online Filing **(This is the Claim Form Filled Out By Publication Notice Consumers)**

If you have been directed to this Claim Form, the phone number that you submitted is a match to the Call Records produced in this case. You may now submit a customized Claim Form online. Please update this information as needed or enter the information for any boxes that are blank (where required).

You must submit the fully completed Claim Form to make a claim online no later than the Claims Deadline. To file your claim online, you must continue through the process until the "Submit Claim" button is offered and you click it. For more information about the settlement and the claims filing process, please visit the Home Page or the Frequently Asked Questions.

( * indicates a required field)

## Claimant Name and Address

Please provide your contact information below in order to receive future correspondence from the Settlement Administrator regarding the Settlement.

* Name

* Address

* City

* State

* Zip code

## Claimant Contact Information

*Contact phone number [ ] - [ ] - [ ]

*Email address

Re-Enter email address

## Phone Number That Appears In The Call Records

(XXX) XXX-XXXX

☐ I affirm that I was an owner, user or subscriber to the number(s) listed above between July 2009 and March 2014, and I received telephone call(s) on this number from a third party using a pre-recorded or robotic voice to offer a free cruise with Carnival, Royal Caribbean or Norwegian Cruise Lines as a promotion.

By submitting this Claim Form, I declare, under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that I believe I am a member of the Settlement Class and that the information I am providing above is true to the best of my knowledge.

Signature: _____ Date (MM-DD-YY): ___/___/___

I understand that the settlement administrator or the parties to settlement have the right to verify my responses or otherwise dispute any claims that are based on false or inaccurate responses.

## What Happens Next?

If your claim is accepted, you will be compensated, based on Resort Marketing Group, Inc.'s Call Records, for each call received to the phone number at a maximum of three calls. The value of each call is capped at $300. The most you can receive per telephone number is $900. If the number of claims filed does not allow for compensation at the maximum amount, then you will receive a pro rata share of the Settlement Fund after the payment of Attorneys's Fees and Expenses, the Incentive Award, and Settlement Administration Expenses.

You can confirm whether you received telemarketing calls that are part of this class on another residential or cellular telephone line during the class period via the Settlement Web-Site. You can file one claim per phone number and recover for up to three calls made to each line

If your claim is accepted, you will be compensated, based on Resort Marketing Group, Inc.'s Call Records, for each call received to the phone number at a maximum of three calls. The value of each call is capped at $300. The most you can receive per telephone number is $900. If the number of claims filed does not allow for compensation at the maximum

Exhibit 4

amount, then Settlement Class Member will receive a pro rata share of the Settlement Fund after the payment of Attorneys's Fees and Expenses, the Incentive Award, and Settlement Administration Expenses.

# Review Your Claim (Provided Phone Number)

**Your claim is not yet submitted.** You must click the "Submit Caim" button below to complete the process.

**Please review the information you entered to ensure it is correct.**

## CLAIMANT INFORMATION

**DAISY DUCK**
**1313 S DISNEYLAND DR**
**ANAHEIM, CA 92802-1843**

Contact phone number: **(555) 123-4567**

Email Address: **DAISY@disney.com**

Telephone number on which I received calls: **(123) 456-7890**

| Go Back | Submit Claim » |
|---------|----------------|

*Change the above information*

Exhibit 4

# Claim Form Receipt (Provided Phone Number)

**Thank You**. Your Claim Form has been submitted. Please print this page as your receipt.

Your Claim Number is **20000004301**. Please retain this number for your records.

| Print |
| --- |

Case Code: **ABC**

Date: **MONTH DD, 201X**

**CLAIMANT INFORMATION**

**DAISY DUCK**
**1313 S DISNEYLAND DR**
**ANAHEIM, CA 92802-1843**

Contact phone number: **(123) 456-7890**

Email Address: **DAISY@disney.com**

Telephone number on which I received calls: **(555) 123-4567**

Please print this page and retain it for your records.

For more information about the settlement and the claims filing process, please visit the Home Page or the Frequently Asked Questions.

Exhibit 4

# **Exhibit 5**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Philip Charvat on behalf of himself and others similarly situated, | ) ) | |
| | ) | Case No. 1:12-cv-5746 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge Andrea Wood |
| | ) | |
| | ) | Magistrate Judge Mary Rowland |
| Elizabeth Valente, Resort Marketing Group, Inc., Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., NCL (Bahamas) Ltd. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS,
APPROVING NOTICE PLAN AND SETTING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Settlement") of the above-captioned matter (the "Action") between Plaintiff, Phillip Charvat ("Plaintiff"), and Defendants, Resort Marketing Group, Inc., Carnival Corporation & PLC, Royal Caribbean Cruises Ltd, and NCL (Bahamas) Ltd. as set forth in the Class Action Settlement Agreement and Release between the Plaintiff and the Defendants ("Settlement Agreement") and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.  _Settlement Terms_. Unless defined herein, all defined terms in this Order shall have the same meaning set forth in the Settlement Agreement.

2.  _Jurisdiction_. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the Settlement Class Members described below.

Exhibit 5

3.     <u>Scope of the Settlement Agreement</u>.   The Settlement Agreement resolves the Action, including all claims alleged in the Third Amended Complaint. [DE 463].

4.     <u>Preliminary Approval of Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Bruce Friedman, Esq. of JAMS, and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

5.     <u>Class Certification for Settlement Purposes Only</u>.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for settlement purposes only, the following Settlement Class consisting of:

> All Persons in the United States who were the owner, subscriber or user of residential or cellular telephone numbers located in the RMG Defendants' dialer databases and who received pre-recorded telemarketing calls from the RMG Defendants, which referred to the trade names of any of the Cruise Defendants between July 23, 2009 through March 8, 2014.

For purposes of settlement, the Court finds the class is limited to those phone numbers contained in the Call Records of the RMG Defendants as defined in the Settlement Agreement. For purposes of settlement, the Court also finds the following people are excluded from the Settlement Class: (i) any trial judge or Magistrate presiding over this Action and members of their families; (ii) the Cruise Defendants; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing persons; (v) any member of the Settlement Class who has timely submitted a timely Request for Exclusion by the

2

Exhibit 5

Objection/Exclusion Deadline; (vi) the legal representatives, successors or assigns of any such excluded persons; and (vii) counsel for all Parties and members of their families; (viii) any person who has previously given a valid release of the claims asserted in the Action.

6.      <u>Rule 23 Requirements</u>. For Purposes of Settlement Only. The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members; (e) For purposes of determining whether the Settlement Agreement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class and, accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and (f) For purposes of settlement,  certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

**7**.      <u>Class Representative</u>. The Court preliminarily appoints Plaintiff, Phillip Charvat, as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.      <u>Class Counsel</u>.  For settlement purposes, the Court appoints Broderick & Paronich, P.C., and The Law Offices of Matthew P. McCue and Burke Law Offices, LLC as settlement class counsel pursuant to Rule 23(g).

9.      <u>Claims Administrator</u>. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants is hereby appointed as Claims Administrator and shall be required to perform all the

Exhibit 5

duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

10.     Final Approval Hearing. At 9:00 a.m. on [insert date], which shall occur no sooner than 220 days after preliminary approval, in courtroom 1925, of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement for the following purposes: (a) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court; (b) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met; (c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement; (d) to consider the application for an award of attorneys' fees and expenses of Class Counsel; (e) to consider the application for a compensation award to the Class Representative; (f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and (g) to rule upon such other matters as the Court may deem appropriate.

11.     No later than [insert date], which is thirty (30) days after Preliminary Approval, Class Counsel shall file and serve any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses. The Cruise Defendants and RMG Defendants may file a response, if any, to Plaintiff's application for Class representative's incentive award or Class Counsel's application for an award of attorneys' fees and expenses fourteen (14) days prior to the final approval hearing. No later than fourteen (14) days before the Final Approval Hearing Class Counsel shall file a motion for final approval,

Exhibit 5

and the Cruise Defendants shall file a response, if any, to the motion for final approval within ten (10) days of their receipt of this motion.

12.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

13.     <u>Class Notice</u>. The Court approves the form, content, and requirements set forth in Section 7 of the Settlement Agreement, including the Notice attached as exhibits to the Settlement Agreement, for giving notice to the Settlement Class by direct U.S. Mail to all reasonably obtainable addresses of the Settlement Class Members who are in the Charvat Campaigns, and who are located by the Settlement Administrator and matched to the Call Records. The Court also approves of the proposed publication and website notice set forth in the Settlement Agreement. Notice is to comply in all respects with the Settlement Agreement The Court finds that the notice program constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process. The Court directs the Parties and the Settlement Administrator to commence the Notice plan on or before [insert date], which is 30 days following the entry of this Preliminary Approval Order, in accordance with the Settlement Agreement.

14.     The Settlement Administrator shall file with the Court by no later than [insert date], which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided pursuant to the requirements of the Settlement Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

15.     <u>Claims Deadline</u>.   Pursuant to the Settlement Agreement, Settlement Class Members who wish to receive a distribution from the Settlement Class Recovery shall submit a

5

Exhibit 5

completed claim form via United States Mail or via the Settlement Website in accordance with the procedures set forth in the Settlement Agreement by the Claims Deadline of [insert date], which is 120 days after this Court's grant of preliminary approval.

16.     <u>Screening of Claims by Settlement Administrator</u>. The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Call Records, and by reviewing the submissions of the Settlement Class Members. The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where the telephone number submitted does not match the Call Records or where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all of the requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than fourteen (14) days to provide any requested missing information. The Settlement Administrator shall notify the claimant regarding the missing information via email, telephone call or direct mail, whichever is the most practical based on the information provided in the Claim Form, within five (5) business days after the Settlement Administrator rejects the claim. The Settlement Administrator's validation or rejection of all Claim Forms shall occur on a rolling basis once the Settlement Class Members have been notified of the Settlement.  The Parties shall receive weekly reports of the status of all claims, including, but not limited to all pending, valid, Approved, rejected and invalid claims.  The Settlement Administrator shall provide a list identifying all of the validated, rejected and Final Approved Claims no later ten (10) business days following the Claims Deadline

17.     <u>Challenges to Claims by the Parties</u>. In accordance with the Settlement

6

Exhibit 5

Agreement, the Cruise Defendants and the Class Representative will have the right to challenge the submission of any claim from any Settlement Class Member on an ongoing basis from the date Settlement Class Members have been notified of the Settlement up to thirty (30) days after the Settlement Administrator provides the list of all of the validated and Final Approved Claims for payment. The Cruise Defendants right to challenge to any potential claim made by a Settlement Class Member is as follows: (1) any and all telephone number(s) submitted by each Settlement Class Member that do not match the Call Records (each and every telephone number that does not match Call Records should be excluded by the Settlement Administrator and automatically denied as an unapproved claim); (2) claim forms that are not signed on paper or electronically, (3) claim forms that are not dated; (4) claim forms in which the Settlement Class Member does not declare under penalty of perjury as to ownership or use of a particular telephone number found in the Call Records during the class period; (5) to any objective and reasonable indicia of fraud, including, for example, multiple claims filed with respect to the same number, numerous (more than three) claims filed by the same user, and use of a false or fictitious name and/or address of the Person submitting the form, etc. If one or more Settlement Class Members' claims have been challenged, the Settlement Administrator shall notify each Settlement Class Member within five (5) business days of its receipt of the challenge via email, telephone call or direct mail, whichever is the most practical based on the information provided in the Claim Form or on the Settlement Website submission, that the Settlement Class Member shall submit a response to the Cruise Defendants' challenge, if any, within fourteen (14) days. If the Settlement Class Member does not timely submit the supplemental information, the challenge shall be automatically sustained and the Settlement Class Member will receive no distribution. If the Settlement Class Member provides a response to the challenge, the Parties

7

Exhibit 5

shall attempt to resolve the challenge within twenty-one (21) days following receipt of the Settlement Class Member's response. In the event that the Parties are unable to resolve the challenge, it shall be presented to the Court for resolution at the Final Approval Hearing. To the extent the Court sustains the challenge, the Settlement Class member will not be permitted to recover for any calls. The Court's determination regarding the challenge shall be final and binding on the Parties.

18.  Exclusions and Opt-Out Deadline.  Each and every member of the Settlement Class shall be bound by all determinations and Orders pertaining to the Settlement, including the release of all claims as set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner. Pursuant to the Settlement Agreement, Settlement Class Members who wish to either object to the Settlement Agreement or opt-out by completing a Request for Exclusion must do so by the Objection Deadline and Opt-Out Deadline of [insert date], both of which are 120 days after this Court's grant of preliminary approval. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

19.  Exclusion from Settlement Class. A member of the Settlement Class who wishes to request exclusion (or "opt-out")  from the Settlement may do so at his or her own expense and must follow the directions in the Notice by mailing the request in written form to the Settlement Administrator at the address designated in the Notice, by first class mail, postage prepaid, and the request for exclusion must be received by the Settlement Administrator no later than [insert date], which is 120 days after this Court's grant of Preliminary Approval. In the written request for Exclusion, the  member of the Settlement Class must state (i) his or

Exhibit 5

her full name, address, telephone number, and last four Social Security number digits of the person seeking the Exclusion, (ii) the name and case number of the Action, (iii) a clear and unequivocal statement under penalty of perjury that the person objecting believes he or she is a member of the Settlement Class and that the number(s) listed on the opt-out is the one on which the Settlement Class member received a call, (iv) a statement that the Person wishes to be excluded from the Settlement Class, and (v) the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement.

20. If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

21. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

22. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

Exhibit 5

23. <u>Objections to the Settlement</u>. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative must follow the directions in the Notice and file a written objection with the Court on or before [insert date], which is 120 days after this Court's grant of Preliminary Approval. In the written Objection, the Settlement Class members must submit a written statement that includes: (i) the full name, address, telephone number, date and signature of the objecting Class Member and (ii) a statement under penalty of perjury that the Settlement Class Member is a member of the Settlement Class and that the telephone number identified in the objection by the settlement Class member is the one(s) on which he/she received a call; (iii) all grounds for the objection, with factual and legal support for each stated ground; (iv) the identity of any witnesses he or she may call to testify; (v) copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; (vi) the identity of any attorney consulted as to such objection; and (vii) a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any documents supporting the Objection shall also be attached to the Objection. No Objection will be valid unless all of the information described above is included. The Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before [insert date], which is 120 days after this Court's grant of Preliminary Approval, such objections and any supporting papers are filed in writing with the

10

Exhibit 5

Clerk of this Court and served on the Settlement Administrator.

24.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

25.     <u>Waiver of Exclusion or Objection.</u> Any Settlement Class Member who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

26.     If a Settlement Class Member does not submit a written Objection to the Settlement Agreement or the application of Class Counsel for attorneys' fees and expenses or the incentive awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must (i) file a notice of intention to appear with the Court no later than the Objection Deadline; and (ii) comply with all other requirements of the Court for such an appearance.

27.     Any Settlement Class Member who fails to comply with Paragraphs 18 and 19

11

Exhibit 5

(and as detailed in the Notice) will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, will be deemed to have waived his or her objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class.

28.     <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement Agreement should be approved, and except as otherwise stated herein, all pre-trial proceedings and briefing schedules in the Litigation are stayed. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

29.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. Notice of any schedule change will be posted on the Settlement Website.  At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

30.     Pending the final determination of whether the Settlement Agreement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This

Exhibit 5

injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 18 and 19 of this Order.

31. <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by the Defendants or any other party, or the truth of any of the allegations in the Action. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by the Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the negotiation and execution of the Settlement Agreement and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of State Farm or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of the Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Defendants have denied and continue to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein

Exhibit 5

shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

32.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

33.     <u>Reasonable Procedures to Effectuate the Settlement Agreement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement

Exhibit 5

with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

      IT IS SO ORDERED.

Entered: ___/___/___

                                            _____

                                            HONORABLE ANDREA R. WOOD
                                            UNITED STATES DISTRICT JUDGE

Exhibit 5

# **Exhibit 6**

## LEGAL NOTICE

If you received an automated telephone call promoting by pre-recorded message a promotion from a travel agency, Resort Marketing Group, Inc. ("RMG"), offering a free cruise with Carnival, Royal Caribbean or Norwegian Cruise Lines ("Cruise Defendants") you may be eligible to receive a benefit from a class action settlement. A settlement has been reached in a class action lawsuit captioned, *Charvat v. Resort Marketing Group, Inc. et al.*, Case No. 1:12-cv-05846, (Northern District of Illinois). The complaint alleges that telemarketing calls made by RMG violated the Telephone Consumer Protection Act ("TCPA") and that the Cruise Defendants are vicariously liable for the calls. The proposed settlement is not an admission of wrongdoing, and each of the Cruise Defendants denies they violated the TCPA or any similar laws. The Court has not decided who is right. Rather the parties are resolving the dispute by settlement.

### Who Is Included?

You are included in the Settlement if at any time between July of 2009 and March of 2014, you were the owner, subscriber, or user of a residential or cellular telephone line that received pre-recorded

telephone calls initiated by RMG during which you were offered the goods or services of Carnival, Royal Caribbean, or Norwegian and your phone number is contained in the Call Records (a database containing all the numbers dialed) of RMG, the third party travel agency that made the calls at issue.

## What Does The Settlement Provide?

Defendants will create a Settlement Fund of $7,000,000–$12,500,000, depending on the sum of eligible claims filed. The Fund will be used to pay Class Counsel's attorneys' fees (up to 1/3 of the Fund) and expenses, an incentive award to the Class Representative (up to $50,000), and notice and administration costs before making payments to Settlement Class Members who filed a valid Claim Form. Each eligible call you received will have a maximum value of up to $300 per phone number. You may file a claim for up to three calls per telephone number. This means that your maximum payment amount *could be* up to $900 per phone number, but it may be less. Actual payment amounts will depend on the total number of valid Claim Forms received. All submitted claims are subject to verification by the Settlement Administrator. All persons who submit a claim with a

telephone number not found in the records of the party making the calls are ineligible for distribution from the class settlement fund.

**<u>Your Rights And Options</u>**

**<u>File a Claim Form</u>**. In order to determine if you are a Settlement Class Member, a web site has been established at XYZ where you can check to see if your phone number is included in the Call Records. If it was, then you will be given further instructions as to how to file a claim.