# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Philip Charvat on behalf of himself and others similarly situated, | ) ) ) | |
| | ) | Case No. 1:12-cv-5746 |
| Plaintiff, | ) | |
| v. | ) ) | Honorable Judge Andrea Wood |
| | ) | Magistrate Judge Mary Rowland |
| Elizabeth Valente, Resort Marketing Group, Inc., Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., NCL (Bahamas) Ltd. | ) ) ) ) | |
| Defendants. | ) | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PLAN AND SETTING FINAL APPROVAL HEARING

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Settlement") of the above-captioned matter (the "Action") between Plaintiff, Phillip Charvat ("Plaintiff"), and Defendants, Resort Marketing Group, Inc., Carnival Corporation & PLC, Royal Caribbean Cruises Ltd, and NCL (Bahamas) Ltd. as set forth in the Class Action Settlement Agreement and Release between the Plaintiff and the Defendants ("Settlement Agreement") and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. <u>Settlement Terms</u>. Unless defined herein, all defined terms in this Order shall have the same meaning set forth in the Settlement Agreement.

2. <u>Jurisdiction</u>. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the Settlement Class Members described below.

3. <u>Scope of the Settlement Agreement</u>. The Settlement Agreement resolves the Action, including all claims alleged in the Third Amended Complaint. [DE 463].

4. <u>Preliminary Approval of Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Bruce Friedman, Esq. of JAMS, and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for settlement purposes only, the following Settlement Class consisting of:

> All Persons in the United States who were the owner, subscriber or user of residential or cellular telephone numbers located in the RMG Defendants' dialer databases and who received pre-recorded telemarketing calls from the RMG Defendants, which referred to the trade names of any of the Cruise Defendants between July 23, 2009 through March 8, 2014.

For purposes of settlement, the Court finds the class is limited to those phone numbers contained in the Call Records of the RMG Defendants as defined in the Settlement Agreement. For purposes of settlement, the Court also finds the following people are excluded from the Settlement Class: (i) any trial judge or Magistrate presiding over this Action and members of their families; (ii) the Cruise Defendants; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing persons; (v) any member of the Settlement Class who has timely submitted a timely Request for Exclusion by the

2

Objection/Exclusion Deadline; (vi) the legal representatives, successors or assigns of any such excluded persons; and (vii) counsel for all Parties and members of their families; (viii) any person who has previously given a valid release of the claims asserted in the Action.

6. <u>Rule 23 Requirements</u>. For Purposes of Settlement Only. The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members; (e) For purposes of determining whether the Settlement Agreement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class and, accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and (f) For purposes of settlement, certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

**7**. <u>Class Representative</u>. The Court preliminarily appoints Plaintiff, Phillip Charvat, as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. For settlement purposes, the Court appoints Broderick & Paronich, P.C., and The Law Offices of Matthew P. McCue and Burke Law Offices, LLC as settlement class counsel pursuant to Rule 23(g).

9. <u>Claims Administrator</u>. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants is hereby appointed as Claims Administrator and shall be required to perform all the

duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

10. <u>Final Approval Hearing</u>. At 9:00 a.m. on [insert date], which shall occur no sooner than 220 days after preliminary approval, in courtroom 1925, of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement for the following purposes: (a) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court; (b) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met; (c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement; (d) to consider the application for an award of attorneys' fees and expenses of Class Counsel; (e) to consider the application for a compensation award to the Class Representative; (f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and (g) to rule upon such other matters as the Court may deem appropriate.

11. No later than [insert date], which is thirty (30) days after Preliminary Approval, Class Counsel shall file and serve any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses. The Cruise Defendants and RMG Defendants may file a response, if any, to Plaintiff's application for Class representative's incentive award or Class Counsel's application for an award of attorneys' fees and expenses fourteen (14) days prior to the final approval hearing. No later than fourteen (14) days before the Final Approval Hearing Class Counsel shall file a motion for final approval,

4

and the Cruise Defendants shall file a response, if any, to the motion for final approval within ten (10) days of their receipt of this motion.

12. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

13. <u>Class Notice</u>. The Court approves the form, content, and requirements set forth in Section 7 of the Settlement Agreement, including the Notice attached as exhibits to the Settlement Agreement, for giving notice to the Settlement Class by direct U.S. Mail to all reasonably obtainable addresses of the Settlement Class Members who are in the Charvat Campaigns, and who are located by the Settlement Administrator and matched to the Call Records. The Court also approves of the proposed publication and website notice set forth in the Settlement Agreement. Notice is to comply in all respects with the Settlement Agreement The Court finds that the notice program constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process. The Court directs the Parties and the Settlement Administrator to commence the Notice plan on or before [insert date], which is 30 days following the entry of this Preliminary Approval Order, in accordance with the Settlement Agreement.

14. The Settlement Administrator shall file with the Court by no later than [insert date], which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided pursuant to the requirements of the Settlement Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

15. <u>Claims Deadline</u>. Pursuant to the Settlement Agreement, Settlement Class Members who wish to receive a distribution from the Settlement Class Recovery shall submit a

completed claim form via United States Mail or via the Settlement Website in accordance with the procedures set forth in the Settlement Agreement by the Claims Deadline of [insert date], which is 120 days after this Court's grant of preliminary approval.

16. <u>Screening of Claims by Settlement Administrator</u>. The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Call Records, and by reviewing the submissions of the Settlement Class Members. The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where the telephone number submitted does not match the Call Records or where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all of the requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than fourteen (14) days to provide any requested missing information. The Settlement Administrator shall notify the claimant regarding the missing information via email, telephone call or direct mail, whichever is the most practical based on the information provided in the Claim Form, within five (5) business days after the Settlement Administrator rejects the claim. The Settlement Administrator's validation or rejection of all Claim Forms shall occur on a rolling basis once the Settlement Class Members have been notified of the Settlement. The Parties shall receive weekly reports of the status of all claims, including, but not limited to all pending, valid, Approved, rejected and invalid claims. The Settlement Administrator shall provide a list identifying all of the validated, rejected and Final Approved Claims no later ten (10) business days following the Claims Deadline

17. <u>Challenges to Claims by the Parties</u>. In accordance with the Settlement

6

Agreement, the Cruise Defendants and the Class Representative will have the right to challenge the submission of any claim from any Settlement Class Member on an ongoing basis from the date Settlement Class Members have been notified of the Settlement up to thirty (30) days after the Settlement Administrator provides the list of all of the validated and Final Approved Claims for payment. The Cruise Defendants right to challenge to any potential claim made by a Settlement Class Member is as follows: (1) any and all telephone number(s) submitted by each Settlement Class Member that do not match the Call Records (each and every telephone number that does not match Call Records should be excluded by the Settlement Administrator and automatically denied as an unapproved claim); (2) claim forms that are not signed on paper or electronically, (3) claim forms that are not dated; (4) claim forms in which the Settlement Class Member does not declare under penalty of perjury as to ownership or use of a particular telephone number found in the Call Records during the class period; (5) to any objective and reasonable indicia of fraud, including, for example, multiple claims filed with respect to the same number, numerous (more than three) claims filed by the same user, and use of a false or fictitious name and/or address of the Person submitting the form, etc. If one or more Settlement Class Members' claims have been challenged, the Settlement Administrator shall notify each Settlement Class Member within five (5) business days of its receipt of the challenge via email, telephone call or direct mail, whichever is the most practical based on the information provided in the Claim Form or on the Settlement Website submission, that the Settlement Class Member shall submit a response to the Cruise Defendants' challenge, if any, within fourteen (14) days. If the Settlement Class Member does not timely submit the supplemental information, the challenge shall be automatically sustained and the Settlement Class Member will receive no distribution. If the Settlement Class Member provides a response to the challenge, the Parties

7

shall attempt to resolve the challenge within twenty-one (21) days following receipt of the Settlement Class Member's response. In the event that the Parties are unable to resolve the challenge, it shall be presented to the Court for resolution at the Final Approval Hearing. To the extent the Court sustains the challenge, the Settlement Class member will not be permitted to recover for any calls. The Court's determination regarding the challenge shall be final and binding on the Parties.

18. <u>Exclusions and Opt-Out Deadline</u>. Each and every member of the Settlement Class shall be bound by all determinations and Orders pertaining to the Settlement, including the release of all claims as set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner. Pursuant to the Settlement Agreement, Settlement Class Members who wish to either object to the Settlement Agreement or opt-out by completing a Request for Exclusion must do so by the Objection Deadline and Opt-Out Deadline of [insert date], both of which are 120 days after this Court's grant of preliminary approval. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

19. <u>Exclusion from Settlement Class</u>. A member of the Settlement Class who wishes to request exclusion (or "opt-out") from the Settlement may do so at his or her own expense and must follow the directions in the Notice by mailing the request in written form to the Settlement Administrator at the address designated in the Notice, by first class mail, postage prepaid, and the request for exclusion must be received by the Settlement Administrator no later than [insert date], which is 120 days after this Court's grant of Preliminary Approval. In the written request for Exclusion, the member of the Settlement Class must state (i) his or

8

her full name, address, telephone number, and last four Social Security number digits of the person seeking the Exclusion, (ii) the name and case number of the Action, (iii) a clear and unequivocal statement under penalty of perjury that the person objecting believes he or she is a member of the Settlement Class and that the number(s) listed on the opt-out is the one on which the Settlement Class member received a call, (iv) a statement that the Person wishes to be excluded from the Settlement Class, and (v) the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement.

20. If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

21. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

22. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

9

23. <u>Objections to the Settlement</u>. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative must follow the directions in the Notice and file a written objection with the Court on or before [insert date], which is 120 days after this Court's grant of Preliminary Approval. In the written Objection, the Settlement Class members must submit a written statement that includes: (i) the full name, address, telephone number, date and signature of the objecting Class Member and (ii) a statement under penalty of perjury that the Settlement Class Member is a member of the Settlement Class and that the telephone number identified in the objection by the settlement Class member is the one(s) on which he/she received a call; (iii) all grounds for the objection, with factual and legal support for each stated ground; (iv) the identity of any witnesses he or she may call to testify; (v) copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; (vi) the identity of any attorney consulted as to such objection; and (vii) a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any documents supporting the Objection shall also be attached to the Objection. No Objection will be valid unless all of the information described above is included. The Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before [insert date], which is 120 days after this Court's grant of Preliminary Approval, such objections and any supporting papers are filed in writing with the

Clerk of this Court and served on the Settlement Administrator.

24. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

25. <u>Waiver of Exclusion or Objection</u>. Any Settlement Class Member who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

26. If a Settlement Class Member does not submit a written Objection to the Settlement Agreement or the application of Class Counsel for attorneys' fees and expenses or the incentive awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must (i) file a notice of intention to appear with the Court no later than the Objection Deadline; and (ii) comply with all other requirements of the Court for such an appearance.

27. Any Settlement Class Member who fails to comply with Paragraphs 18 and 19

11

(and as detailed in the Notice) will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, will be deemed to have waived his or her objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class.

28. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement Agreement should be approved, and except as otherwise stated herein, all pre-trial proceedings and briefing schedules in the Litigation are stayed. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

29. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. Notice of any schedule change will be posted on the Settlement Website. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

30. Pending the final determination of whether the Settlement Agreement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This

injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 18 and 19 of this Order.

31. <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by the Defendants or any other party, or the truth of any of the allegations in the Action. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by the Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the negotiation and execution of the Settlement Agreement and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of State Farm or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of the Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Defendants have denied and continue to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein

13

shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

33. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

33. <u>Reasonable Procedures to Effectuate the Settlement Agreement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement

with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

    IT IS SO ORDERED.

Entered: ___/___/___                  _____
                                             HONORABLE ANDREA R. WOOD
                                             UNITED STATES DISTRICT JUDGE