**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Philip Charvat on behalf of himself and others similarly situated, )<br>　　　Plaintiff, )<br>)<br>v. )<br>)<br>Elizabeth Valente, Resort Marketing Group, Inc., )<br>Carnival Corporation & PLC, Royal Caribbean )<br>Cruises, Ltd., NCL (Bahamas) Ltd. )<br>　　　Defendants. ) | Case No. 1:12-cv-5746<br><br>Judge Wood<br>Mag. Judge Rowland |

**JOINT STATUS REPORT TO COURT AND MOTION TO
AMEND PUBLICATION NOTICE PLAN AND TO APPROVE
SUPPLEMENTAL E-MAIL NOTICE TO CLASS AS TO
<u>ANTICIPATED PRO RATA DISTRIBUTION</u>**

The plaintiff, Philip Charvat ("Plaintiff") and the defendants Resort Marketing Group, Inc. and its principal, Elizabeth Valente (collectively, "RMG"), and Carnival Corporation & PLC ("Carnival"), Royal Caribbean Cruises, Ltd. ("Royal"), and NCL (Bahamas) Ltd. ("Norwegian") (collectively referred to as the "Cruise Defendants") jointly provide the Court with this status report[1] and request for appropriate relief.

---

[1] As an update to the Court, on August 25, 2017 (DE #589), the Court convened a hearing after numerous consumers sent claim forms directly to the Court, instead of to the Settlement Administrator. At the hearing, the Court expressed concern that consumers were doing so perhaps because the address of the Settlement Administrator was not on the claim form. At the hearing, counsel represented to the Court that it would examine the claim form and, if necessary, make appropriate corrections. Following the hearing, both counsel and the Settlement Administrator reviewed the claim form and confirmed that the return address of the Settlement Administrator was, in fact, included on the top left hand corner of the claim form. A sample of a claim form sent by a consumer to the Court is attached at **Exhibit 1**. Going forward, plaintiff's counsel will continue to send a messenger to retrieve any additional claim forms mistakenly sent by consumers directly to the Court.

**Factual Background Relating to This Motion**

On July 6, 2017, this Court granted preliminary approval in this case of the Settlement[2] between the Plaintiff, RMG, and the Cruise Defendants. (DE# 576). The Settlement established a non-reversionary Settlement Fund of between $7,000,000 and $12,500,000, from which Settlement Class Members could make a claim for a cash payment. (DE #569-1). The ultimate amount of the Settlement Fund depended on the number of claims, as did the ultimate amount that would be paid for each claim. The maximum value of each call was set at $300 (a reduction from the statutory maximum of $500 per call). In addition, a consumer could recover for up to three l calls per telephone line for a maximum amount of $900. If the combined amount of valid claims submitted exceeded the $12.5 million Settlement Fund, then recovery per class member would be reduced *pro rata*.

The class was comprised of consumers whose phone numbers appeared in the Call Records contained within the Dialer Database produced by RMG in discovery. In total, the Dialer Database evidenced approximately sixty million telemarketing calls. However, not all calls in the Dialer Database promoted the goods and services of the Cruise Defendants. Rather, RMG presented evidence that shows many of the calls it made did not promote the Cruise Defendants, but rather promoted other travel products and services. RMG's call records did not specify whether a particular call promoted the Cruise Defendants or some other travel product. Thus, based upon extensive expert analysis of the dialer database, RMG and the Cruise Defendants argued that the Dialer Database simply did not include any information with which to determine which of these Settlement Class Members received calls that referenced the Cruise Defendants, and which did not, including corroboration of that fact from the manufacturer. The phone numbers of approximately four hundred thousand Settlement

---

[2] Capitalized terms used throughout are defined terms contained in the Settlement Agreement (DE #569-1)

Class Members, however, were found in the same telemarketing campaigns as Mr. Charvat, who recorded his calls and confirmed their reference to the Cruise Defendants. These class members were sent direct mail notice. To ensure that other class members whose numbers were found in the Call Records could participate in the Settlement, if appropriate, Class Counsel proposed, and this Court approved, of the establishment of a web-based portal that consumers could access to see if their phone number was a match to the Call Records. If their number matched, these class members could also then file a claim if they attested under the pains and penalties of perjury to receiving pre-recorded telemarketing calls promoting the Cruise Defendants during the Class Period. Against this factual backdrop, the Parties obtained preliminary approval of the Settlement from this Court. (DE #576). Kurtzman Carson Consultants ("KCC") was retained as the Class Administrator which proceeded to give notice to the class as set forth in both the Settlement Agreement and in the Preliminary Approval Order, which called for dissemination of a press release, physical notice to be mailed to certain Class Members, and publication notice to be made to all other Class Members via various means, including press-release, internet advertising and Facebook. (DE #569-1 at Section 7.0). The notice plan, and consumer response thereto, was overwhelmingly successful. For example, just the press release alone that was issued by KCC was distributed to 216 media sources and reached an estimated audience of 88,196,338. A copy of the press release is attached at Exhibit 2. A copy of a Visibility Report as to the press release is attached at Exhibit 3. Stories in television and print media then ran in media outlets from coast to coast broadly publicizing the Settlement and directing consumers to the settlement web site to file a claim. In fact, the Settlement was prominently featured on ABC News with David Muir. *See* http://abcnews.go.com/WNT/video/class-action-lawsuit-targets-lawsuits-49260456.[3] This

---

[3] A sampling of other media accounts of the Settlement can be found at
http://abc7ny.com/finance/heads-up-you-may-be-due-money-in-cruise-robocall-case/2314364/;
http://insider.foxnews.com/2017/08/16/free-cruise-robocalls-class-action-settlement-payments-announced; http://6abc.com/finance/free-cruise-robocall-class-action-lawsuit-settled-claims-

extensive media coverage was in addition to KCC's promotion of the Settlement as set forth in the Settlement Agreement and approved by the Court.

Obviously, the goal of informing class members of their rights under the Settlement and offering them an opportunity to participate has been achieved. Unfortunately, some media coverage, over which the Parties had no control, informed consumers that they "might be owed $900" without providing any context for this statement or explaining that an individual consumer's recovery was completely dependent upon the number of claims filed, and could ultimately be a *pro rata* share of the Settlement Fund. The fact that per consumer recovery could be a *pro rata* share of the Settlement Fund was prominently featured in the court-approved notice provided to Class Members by KCC. *See* DE #569-1, Settlement Agreement at page 84, Long Form Notice at #9, available to consumers on www.rmgtcpasettlement.com; DE #569-1 at page 90, Post Card Notice at "Settlement Terms). Accordingly, due to the massive media attention given to this Settlement, and perhaps inflated consumer expectations concerning the amount of each individual's recovery, the number of claims filed by consumers in this case has been far beyond the Parties' expectations. To date, over two million consumers have filed claims in this case. Although these claims have yet to be vetted by KCC, it is expected that the ultimate amount paid to the Settlement Fund by the Cruise Defendants will reach the maximum payout of $12.5 million.[4] Thus, the ultimate recovery to each consumer will be a *pro rata* share of the Settlement Fund rather than the maximum possible recovery of $300 per call for up to three telephone calls., and will likely be in the amount of approximately several dollars per class

---

available/2317637/; http://www.miamiherald.com/news/nation-world/national/article167363227.html; http://boston.cbslocal.com/2017/08/16/free-cruise-robocall-settlement-claim/; http://www.nydailynews.com/life-style/victim-free-cruise-robocall-owed-900-article-1.3423646.

[4] Class members have until November 1, 2017 to file claims. In addition to an e-mail notice, the Parties intend to amend the web site to include a notice informing Class Members that their recovery will be *pro rata* given the robust response of Class Members to the Settlement.

member.

**The Parties Jointly Request Permission to Amend The Notice Plan and to Issue Supplemental E-Mail Notice to Class Members Who Have Filed Claims**

The above factual circumstances are unique. To respond to these circumstances in a manner that is fair and transparent to Class Members, the Parties jointly propose the following:

1. **Amend The Notice Plan To Save Costs of Additional Internet Notice**

KCC estimates that it has yet to spend $150,000 in costs associated with final Internet notice of the Class Settlement. The Parties believe it to be prudent to suspend additional expenditures at this time so that they may utilize all available funds to ensure that each Class Member will receive as much money as possible for their *pro rata* share. The Settlement Agreement, at Section 7.3, incorporated KCC's recommendation for a Publication Notice plan. (DE #569-1). Section 7.8 of the Settlement Agreement required KCC to declare and attest that it carried out the notice requirements in accord with the Settlement Agreement. Given these provisions, and out of an abundance of caution, the Parties jointly seek this Court's permission to amend KCC's original publication notice plan and to cease publicizing this Settlement in order to reduce costs and to maximize individual consumer payouts. If the Court so approves the Parties' suggestion in this regard, then KCC will be able to declare without caveat that it has carried out the Notice plan in accord with the Court's Order.

2. **Provide E-Mail Notice to Consumers Who Have Filed Claims**

Consumer reaction to this Settlement has obviously been very positive. However, and although consumers were clearly informed that the ultimate amount of their recovery was unknown and would depend on the number of claims filed, the Parties believe it is in the best interests of Class Members that the Class Administrator provide supplemental notice to all Class Members who have

filed claims, which informs these individuals that due to a robust consumer response, their ultimate recovery will be a *pro rata* share of the Settlement Fund, which will be substantially less than $300 maximum per call, and likely in an amount of several dollars per class member. The Parties are concerned that due to exaggerated media coverage of the Settlement, some Class Members may believe that they will receive $900 from this Settlement when they will not. This supplemental e-mail notice will provide Class Members with the opportunity to exercise their right to opt out of this Settlement by the deadline of November 1, 2017 if they so choose. KCC estimates that the costs of a supplemental e-mail campaign to Class Members who have filed claims will cost $27,500.00. The Parties request the Court's approval of this expenditure and approval of the proposed supplemental e-mail notice campaign to Class Members who have filed claims.[5]

### 3. Place a Banner on the Settlement Website Updating Potential Class Members

For the same reasons set forth in Section 2, above, the Parties recommend that the Class Administrator place a banner on the Settlement Website, which will apprise all future potential Class Members that due to a robust consumer response, their ultimate recovery will be a *pro rata* share of the Settlement Fund, which will be substantially less than $300 maximum per call, and likely in an amount of several dollars per class member.

### Prayer for Relief

For the reasons stated above, counsel for all Parties jointly request that this Court enter an order permitting KCC to cease incurring any additional costs publicizing the Settlement

---

[5] Each Class Member who filed a claim had to provide an e-mail address as part of the claims submission process. Accordingly, supplemental email notice can be provided to every consumer who filed a claim.

given the extensive notice and media coverage of the Settlement to date, to grant the Parties' request to proceed with delivery of supplemental notice, via e-mail, to Class Members who have filed claims informing them of the number of claims filed to date, that their recovery of the Settlement Fund will be *pro rata*, and estimating for Class Members the anticipated individual recovery, and to grant the Parties' request to place a banner on the Settlement Website similarly advising Class Members of the expected individual pay out in this case per Class Member, A Proposed Order is attached at **Exhibit 4**.

RESPECTFULLY SUBMITTED,

*Counsel for Plaintiff*
For the Plaintiff, Philip Charvat,

*/s/ Matthew P. McCue*
Matthew P. McCue (*pro hac vice*)
The Law Office of Matthew P. McCue 1 South Ave., Third Floor
Natick, MA 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077
mmccue@massattorneys.net

Alexander H. Burke Daniel J. Marovitch Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Edward A. Broderick (*pro hac vice*)
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
Telephone: (617) 738-7080
Facsimile: (617) 314-7783
ted@broderick-law.com

For the Defendant, Carnival Corporation & PLC's,

*/s/ Jeffrey Becke*r
Jeffrey S. Becker, Esq.
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611


For the Defendants, Royal Caribbean Cruises Ltd.'s and
NCL (Bahamas) Ltd.,


*/s/ Catherine MacIvor*
Catherine J. MacIvor, Esq.
FOREMAN FRIEDMAN, PA
2 South Biscayne Blvd., Suite 2300
Miami, FL 33131

## CERTIFICATE OF SERVICE

I, hereby certify that on September 25, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ *Matthew P. McCue*
Matthew P. McCue