IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12-cv-05746 |
| v. | ) ) ) | Judge Andrea R. Wood |
| ELIZABETH VALENTE, RESORT MARKETING GROUP, INC., CARNIVAL CORPORATION & PLC, ROYAL CARIBBEAN CRUISES, LTD., and NCL (BAHAMAS) LTD., | ) ) ) ) ) | Magistrate Judge Mary Rowland |
| Defendants. | ) ) | |

**ORDER ON PARTIES' JOINT REQUEST TO
AUTHORIZE CLAIMS ADMINISTRATOR TO REQUEST
FOLLOW UP DOCUMENTATION FROM
CERTAIN CLASS MEMBERS**

On July 6, 2017, this Court issued an Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Approving Notice Plan and Setting Final Approval Hearing ("Order"). (DE #576). The terms of the Settlement approved by the Court were specifically set forth in the Class Action Settlement Agreement and Release (the "Settlement Agreement"). (DE #569-1). Notably, the terms of the Settlement Agreement, as approved by this Court, provide the Parties and the Settlement Administrator, Kurtzman Carson Consultants LLC ("KCC"), with broad authority to ensure that claims filed by claimants are valid and not fraudulent. *See* DE #569-1, §2.3, §9.0, §2.3, §11.3, §11.10, §12.2, §16 and §17.

Having now had the opportunity to preliminarily review the over two million claims submitted in this matter, KCC has informed the Court of its concern that an unknown, but substantial, number of claims filed via the settlement web-site portal by consumers who received

1

publication notice of the settlement ("Indirect Notice Claims") may be fraudulent and that additional information is needed from such claimants in order to validate their claims. KCC's concerns as to potential fraud do not extend to those claimants who received direct notice, which are referred to by the Parties as the "Direct Notice Claimants." To address these concerns, the Court ORDERS, the following:

1. KCC is hereby authorized to contact by e-mail any and all of the Indirect Notice Claimants who submitted claims after receiving publication notice of this case.

2. Claimants must be contacted via email within seventeen (17) business days following the date of this Order, since all Indirect Notice Claimants who filed a claim via the settlement website portal were required to provide a valid e-mail address.

3. The text of the email from KCC should inform Indirect Notice Claimants that due to concerns of potentially fraudulent claims filed by Indirect Notice Claimants, additional information is needed for their claims to be deemed valid and if the claimant does not respond to the request, their claim(s) will not be recognized as valid.

4. Indirect Notice Claimants who received email notice will have until May 1, 2018 to respond. Indirect Notice Claimants can provide the requested documents online through the Settlement Website or by e-mail or regular U.S. Mail. Indirect Notice Claimants are to be instructed that the Claim Number assigned to them when they originally filed a claim is to be attached to any supplementation, along with their name and address, so it can be efficiently joined to the claimant's original claim submission. In addition, such supplementation should be labelled "CHARVAT V. TRAVEL SERVICES."

5. Indirect Notice Claimants are then to submit documentation sufficient to evidence or explain their ownership, use or subscription of the phone number relating to their claim. Such documentation would include but would not be limited to a phone bill or a copy of a relevant page of a phone directory. A satisfactory submission could also include any other type of documentation that confirms or explains the connection of the claimant to the number at issue in a manner that can be independently confirmed upon further inquiry by the Parties or the Settlement Administrator.

6. Indirect Notice Claimants are to be informed that they can redact from any submission information they feel is private, such as account information or call detail records, and need only include information sufficient to allow the Parties or the Settlement Administrator to independently confirm the connection between the phone number and the claimant.

7. Indirect Notice Claimants are to be informed that any information submitted will be deemed confidential by the Settlement Administrator and the Parties and will only be used in connection with the administration of the settlement to confirm the connection between the claimant and the claimant's phone number.

8. If an Indirect Notice Claimant submits supplemental documentation that is deemed insufficient by the Parties to support a valid claim, the claimant will be notified of such deficiency and given an opportunity to remedy the deficiency pursuant to the mechanism set forth in the Settlement Agreement.

9. The Settlement Administrator shall also send the Indirect Notice Claimants a reminder e-mail identical in substance reminding Indirect Notice Claimants of the need to submit verification documents and of all relevant deadlines.

10. Indirect Notice Claimants are to be informed that the deadline to file any objections to the settlement and to this Order is May 1, 2018.

11. Indirect Notice Claimants are to be informed that their right to "opt out" of this settlement will be renewed through May 1, 2018.

12. Fourteen days before the Final Approval Hearing, KCC or the Parties shall notify the Court of the total number of valid claims.

13. Due to the need for the supplemental claims verification process as described above, the Final Approval Hearing is hereby continued to July 24, 2018 at 11:00 a.m. (CST).

14. In addition, the following deadlines specified in the Settlement Agreement shall be modified to the dates expressly sated below:

    - 6/15/18 – Response to Motion for Class Attorneys' Fees award due;

    - 6/19/18 – Response to Motion for Class Incentive Award due;

    - 6/21/28 – Settlement Administrator to provide accounting of all costs and expenses as well as an estimate of fees for any and all Settlement Administration Expenses to be incurred after the Funding Date;

    - 6/21/18 – Settlement Administrator shall file with the Court and serve on Class Counsel and Cruise Defendants' Counsel, a declaration attesting to the satisfaction of Class Notice Requirements contained in the Agreement and the Court's Preliminary Approval Order including proof that notice was provided pursuant to the requirements of the Settlement Agreement and the Order; proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action

3

> Fairness Act, 28 U.S.C. § 1715; as well as a declaration attesting to the results of the notice plan, such as the estimated "reach" of notice, the number of undeliverable mailings, and the number of internet impressions;
>
> - 6/21/18 – Settlement Administrator shall file with the Court and serve on Class Counsel and Cruise Defendants' Counsel, a declaration attesting to compliance with the Agreement and listing each member who timely and validly submitted a request for exclusion opting out of the Settlement;
>
> - 6/21/18 – The Parties shall request that the Court enter Final Approval of the Order;
>
> - 6/21/18 – Class Counsel shall file memorandum supporting the Motion for Final Approval;
>
> - 6/21/18 – Class Counsel and/or Cruise Defendants may file memorandum addressing any Objection to Settlement; and
>
> - 6/25/18 – Settlement Administrator shall file with the Court and serve on Cruise Defendants' Counsel a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Order.

15. The Settlement Administrator shall file with the Court by no later than Friday, June 22, 2018, proof that notice was provided pursuant to the requirements of the Settlement Agreement and the Order; proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715; as well as a declaration attesting to the results of the notice plan, such as the estimated "reach" of notice, the number of undeliverable mailings, and the number of internet impressions.

IT IS SO ORDERED.

Entered:  March 15, 2018

_____
ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE

4