IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELIZABETH VALENTE, RESORT )<br>MARKETING GROUP, INC., CARNIVAL )<br>CORPORATION & PLC, ROYAL CARIBBEAN )<br>CRUISES, LTD., and NCL (BAHAMAS) LTD., )<br>)<br>Defendants. ) | Case No. 1:12-cv-05746<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Mary Rowland |

### ORDER ON PARTIES' JOINT MOTION TO EXTEND VERIFICATION PERIOD FOR THIRTY DAYS AND TO SEND POST CARD NOTICE TO CLAIMANTS WHO DID NOT RECEIVE VERIFICATION EMAIL

On March 18, 2018, this Court issued an Order on the Parties' Joint Request To Authorize Claims Administrator To Request Follow Up Documentation From Certain Class Members (the "Verification Order"). (DE #620). The Verification Order was issued after the Settlement Administrator, Kurtzman Carson Consultants LLC ("KCC"), informed the Court that an unknown, but substantial, number of claims filed via the settlement web-site portal by consumers who received publication notice of the settlement ("Indirect Notice Claims") were potentially fraudulent. Thereafter, the Court ordered KCC to send email notice to Indirect Notice Claimants informing them of the need to provide additional documentation to complete their claims.

KCC proceeded to do so, sending email notices to over 2.6 million Indirect Notice Claimants on April 8, 2018 and a reminder email on April 20, 2018. Following this email campaign, however, KCC informed counsel for the Parties that it received "bounce back"

1

messages for a small percentage of Indirect Notice Claimants indicating these class members did not receive either email. KCC has explained that "bounce back" messages may be due to the fact that the email address was not properly entered by the class member, that the class member is no longer using the email address, or due to other technical issued relating to the class members' email service providers. To ensure that these remaining Indirect Notice Claimants receive notice of the need to produce verification documents, the Parties have proposed that KCC send these class members a post card notice substantially similar in content to the e-mail notice sent to other Indirect Notice Claimants.

To otherwise accommodate all Indirect Notice Claimants in their submission of verification documents, the Parties have also proposed extending the deadline for submissions, and otherwise for all class members to object or to opt out of this settlement to May 31, 2018.

Accordingly, the Court ORDERS, the following:

1. The Settlement Administrator is authorized to send a post-card notice to any Indirect Notice Claimant that it has reason to believe did not receive either verification email instructing the class member of the need to submit additional documentation to complete their claim. In addition, all Indirect Notice Claimants shall receive an additional, final e-mail notification instructing the class members of the need to submit additional documentation.

2. The content of the post-card and final e-mail notice shall be substantially similar to the prior e-mail notice sent to other Indirect Notice Claimants, with the modification noted in paragraph 3 below.

3. In order to otherwise accommodate all Indirect Notice Claimants in their submission of verification documents, the Court also extends the deadline for submissions, and otherwise for all class members to object or to opt out of this settlement to May 31, 2018. The post-card and final e-mail notice shall inform Indirect Notice Claimants that the extension of time to object or opt out of this settlement is not limited to objections to the supplemental verification procedures but applies to objections to the settlement in general.

4. In addition, the following deadlines specified in the Settlement Agreement shall be modified to the dates expressly sated below:

- 6/18/2018 – Class Attorneys shall file an supplement to their Motion for Class Attorneys' Fees;

- 7/9/18 – Response to Motion for Class Attorneys' Fees award due;

- 7/9/18 – Response to Motion for Class Incentive Award due;

- 7/9/18 – Settlement Administrator to provide accounting of all costs and expenses as well as an estimate of fees for any and all Settlement Administration Expenses to be incurred after the Funding Date;

- 7/9/18 – Settlement Administrator shall file with the Court and serve on Class Counsel and Cruise Defendants' Counsel, a declaration attesting to the satisfaction of Class Notice Requirements contained in the Agreement and the Court's Preliminary Approval Order including proof that notice was provided pursuant to the requirements of the Settlement Agreement and the Order; proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715; as well as a declaration attesting to the results of the notice plan, such as the estimated "reach" of notice, the number of undeliverable mailings, and the number of internet impressions;

- 7/9/18 – Settlement Administrator shall file with the Court and serve on Class Counsel and Cruise Defendants' Counsel, a declaration attesting to compliance with the Agreement and listing each member who timely and validly submitted a request for exclusion opting out of the Settlement;

- 7/9/18 – The Parties shall request that the Court enter Final Approval of the Order;

- 7/9/18 – Class Counsel shall file memorandum supporting the Motion for Final Approval;

- 7/9/18 - Class Counsel and/or Cruise Defendants may file memorandum addressing any Objection to Settlement; and

- 7/9/18 – Settlement Administrator shall file with the Court and serve on Cruise Defendants' Counsel a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Order.

5. The Settlement Administrator shall file with the Court by no later than Monday, July 9, 2018, proof that notice was provided pursuant to the requirements of the Settlement Agreement and the Order; proof that notice

was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715; as well as a declaration attesting to the results of the notice plan, such as the estimated "reach" of notice, the number of undeliverable mailings, and the number of internet impressions.

IT IS SO ORDERED.

Entered: May 2, 2018

ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE