IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Philip Charvat, on behalf of himself and others similarly situated, | ) ) ) | Case No. 1:12-cv-05746 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Elizabeth Valente, Resort Marketing Group, Inc., Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., NCL (Bahamas) Ltd., | ) ) ) ) ) | Hon. Judge Andrea R. Wood Hon. Mag. Judge Mary Rowland |
| Defendants. | ) | |

## DECLARATION OF MATTHEW P. MCCUE

1. I make this declaration in support of the Plaintiff's Motion for Final Approval of Class Action Settlement. I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. I am Class Counsel in this action seeking to enforce the Telephone Consumer Protection Act. A settlement has been reached and final approval of that settlement is pending before the Court.

3. At the final approval hearing on October 30, 2018, I represented to the Court that several of the objections filed by *pro se* class members in this case expressed confusion as to the type of information needed to finalize their claim, or difficulty locating verification information. I further represented that I had reached out to many of these class members to explain the process and to assist these class members in the finalization of their claims.

4. Following the hearing, the Court instructed me to submit a declaration detailing my efforts to reach out to class members who submitted objections to the settlement that expressed confusion or difficulty complying with the claim submission or verification process.

The Court also inquired as to whether the claims of these class members had ultimately been accepted as valid. (DE 707). The Court asked me to detail these interactions and I do so as follows:

5. **Glenn Schroeder: DE 630.** Mr. Schroeder submitted an objection in which he complained as to the need to submit verification documents. I attempted to reach out to Mr. Schroeder without success. Mr. Schroeder, however, did submit verification documents and his claim was accepted as valid.

6. **Sharon Castillo: DE 636.** Ms. Castillo submitted an objection in which she expressed concern that her claim that had been filed via email had been deleted after being read. After receipt of this objection, I contacted the Claims Administrator and confirmed that Ms. Castillo's claim and supporting verification documentation had in fact been received and was not deleted as feared. Her claim was accepted.

7. **Jackie Redway: DE 637.** Ms. Redway submitted an objection in which she expressed confusion as to whether she needed to submit old phone bills evidencing the receipt of the telemarketing calls at issue. I reached out to Ms. Redway personally, answered her questions, clarified that old phone bills were not required, and helped her submit verification documents. Her claim was accepted.

8. **Nicholas Sasso: DE 638.** Mr. Sasso submitted a filing that was labelled an "objection" but it actually was a request to confirm that the information provided was sufficient to support his claim. I reached out to Mr. Sasso personally and confirmed his submission was sufficient. His claim was accepted.

9. **Scott Riley: DE 639.** Mr. Riley submitted an objection that complained that he did not have enough time to file verification documents given his late receipt of notice. Immediately thereafter, I attempted to reach Mr. Riley but was not successful. The time to

submit verification, however, was extended thereafter which effectively addressed Mr. Riley's concern. Mr. Riley did not ultimately file verification documents and his claim was not accepted.

10. **Kendra Peck: DE 640.** Ms. Peck submitted a filing that expressed confusion as to the type of verification documents required to finalize a claim. I reached out to Ms. Peck personally and clarified the type of documents required to verify a claim. Ms. Peck then submitted additional documentation and her claim was accepted.

11. **Heidi Stanfill: DE 641.** Ms. Stanfill submitted a filing that objected to the amount of time she had to file a claim after receiving notice. I reached out to Ms. Stanfill personally and confirmed she had more time to file her claim. Thereafter, her claim was filed and accepted.

12. **James Hatch: DE 642.** Mr. Hatch submitted a filing in which he expressed confusion as to the type of records needed to verify his claim. I reached out to Mr. Hatch personally, explained the verification documentation required and helped him finalize his claim. His claim was accepted.

13. **Todd Proudluck: DE 643.** Mr. Proudluck submitted a filing in which he expressed difficulty obtaining verification documents. I was unable to assist Mr. Proudluck because his number was not in the RMG Dialer Database and he is not a class member. His claim was not accepted.

14. **Jennifer Galindo: DE 644.** Ms. Galindo submitted a filing in which she expressed confusion as to the information needed to file a claim. I reached out to Ms. Galindo personally, explained the verification documentation required and helped her finalize her claim. Her claim was accepted.

15. **Beverly Gerrard: DE 645.** Ms. Gerrard submitted a filing in which she

expressed confusion as to the type of records needed to verify her claim.  I reached out to Ms. Gerrard personally and explained the verification documentation required and helped her finalize her claim.  Her claim was accepted.

   16.  **Tim Doran: DE 646.**  Mr. Doran submitted an objection in which he complained that he was unsure as to which of his phone numbers matched his claim.  Mr. Doran submitted documentation for multiple numbers.  During the verification review process, the evidence submitted by Mr. Doran was matched to the appropriate phone number and Mr. Doran's claim was accepted.

   17.  **Craig Grodman: DE 647.**  Mr. Grodman submitted a filing in which he expressed difficulty locating verification documentation.  I reached out to Mr. Grodman personally, explained the verification documentation required and helped him finalize his claim.  His claim was accepted.

   18.  **Chris and Liz Eber: DE 648.**  Chris and Liz Eber submitted a filing in which they expressed confusion as to the type of records needed to verify their claim.  I reached out to them personally, explained the verification documentation required and helped finalize their claim.  The claim was accepted.

   19.  **John Hastings: DE 649.**  Mr. Hastings submitted a filing in which he expressed confusion as to the type of records needed to verify his claim and the claims of family members.  I reached out to Mr. Hastings personally and explained the verification documentation required.  I also provided him with the relevant claim numbers and matching phone numbers.  His claims were accepted.

   20.  **Davis Misunas: DE 650.**  Mr. Misunas submitted a filing in which he expressed confusion as to the type of records needed to verify his claim.  I reached out to Mr. Misunas personally, explained the verification documentation required and helped him finalize

his claim. His claim was accepted.

21. **Carol Whitton: DE 652.** Ms. Whitton submitted a filing in which she expressed difficulty obtaining verification documents. In her objection, however, Ms. Whitton indicated she had ceased using the claimed phone number "ten years ago." Only one call was made to this number as evidenced by the RMG Dialer Database. This call occurred on November 16, 2012, long after Ms. Whitton ceased using the claimed number. As Ms. Whitton is not a class member, her claim was not accepted as valid.

22. **Andrew Bresalier: DE 656.** Mr. Bresalier submitted a filing in which he expressed confusion as to the type of records needed to verify his claim. I reached out to Mr. Bresalier personally, explained the verification documentation required and helped him finalize his claim. His claim was accepted.[1]

**SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 8th DAY OF NOVEMBER, 2018.**

                                            */s/ Matthew P. McCue*
                                            Matthew P. McCue

---

[1] **Julie Evanchek: DE 632.** Ms. Evanchek submitted an objection through her counsel, Curtis Warner. Attorney Warner objected to the proposed settlement on multiple grounds, part of which was the difficulty experienced by Ms. Evanchek in obtaining verification documents. Based on the representations made by Attorney Warner as to Ms. Evanchek, the parties agreed to accept Ms. Evanchek's claim as valid.