IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ELIZABETH VALENTE, RESORT MARKETING GROUP, INC., CARNIVAL CORPORATION & PLC, ROYAL CARIBBEAN CRUISES, LTD., and NCL (BAHAMAS) LTD., ) ) ) ) ) ) ) ) Defendants. ) | No. 12-cv-05746<br><br>Judge Andrea R. Wood |

**FINAL ORDER OF DISMISSAL AND FINAL JUDGMENT**

The Court having held a final approval hearing on October 30, 2018, and the Court having issued a Memorandum Opinion and Order on October 28, 2019 granting Plaintiffs' motion for final approval of the class action settlement and denying in part Plaintiff's Motion for Incentive Award (DE 727) ("Final Approval Order"), the Court hereby issues its Order and Final Judgment as follows:

It is hereby ORDERED AND DECREED as follows:

1. The Agreement dated June 7, 2017, including its Exhibits and the definition of words and terms contained therein (the "Agreement"), is incorporated by reference and the terms as defined therein are used hereafter (DE 569-1). The terms and definitions of this Court's Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class ("Preliminary Approval Order") (DE 576), and the Court's Final Approval Order, are also incorporated by reference in this Order and Final Judgment.

1

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class that was certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All Persons in the United States who were the owner, subscriber or user of residential or cellular telephone numbers located in the RMG Defendants' dialer databases and who received pre-recorded telemarketing calls from the RMG Defendants, which referred to the trade names of any of the Cruise Defendants between July 23, 2009 through March 8, 2014.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Defendants, Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd. and NCL (Bahamas) Ltd. ("Cruise Defendants").

4. A total of 287 persons in the Settlement Class submitted timely and proper Requests for Exclusion. (DE 670). The Court hereby orders that each of those individuals shall not be considered Settlement Class Members. Accordingly, those individuals will not be bound by the Agreement, and neither will they be entitled to any of its benefits. In addition, those individuals will not be bound by this Order and Final Judgment or the Releases herein.

5. A total of 30 Settlement Class Members submitted timely Objections to the Agreement. (DE 681-2). Having considered those Objections and the Parties' responses to them, and as fully set forth in the Final Approval Order, the Court finds that none of them are well founded and each is overruled.

6. As of the date of this Order and Final Judgment, a total of 274,851 Settlement Class Members submitted timely and proper claims. (DE 683-1). The Court hereby orders that these claims, and any other claims subsequently determined to be proper by the Class Administrator pursuant to the terms set forth in the Agreement, be treated as approved claims for purposes of distributing Cash Awards.

7. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and the Preliminary Approval Order, and that the Parties provided the Court with information sufficient to enable it to determine whether to give such Class Notice to the Settlement Class in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

8. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Order and Final Judgment.

9. The Agreement is, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure for the reasons set forth herein and in the Final Approval Order. Plaintiff in this Action, in his role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

10. The Settlement Class described in Paragraph 2 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

11. The requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes, for the reasons set forth herein and in the Final Approval Order. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Class

Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; the questions of law or fact common to the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class and the Cruise Defendants.

12. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

13. The Parties are directed to distribute the consideration to eligible Settlement Class Members pursuant to Section 8.0 of the Agreement, which for clarity shall be according to the following tentative schedule:

   a. The Effective Date, as that term is used in the Agreement, shall commence on the later of thirty-five (35) days following entry of this Order and Final Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order, entry of an order affirming the Final Approval Order without material change or denying jurisdiction of an appeal, and all appeals have been exhausted.

   b. The Cruise Defendants will fully fund the Settlement Fund by the no later than sixty (60) days after the Effective Date or such other date after the Effective Date as the Court may order

   c. Within thirty (30) days following the receipt of the fully funded Settlement Fund, the Settlement Administrator shall pay from the Settlement Fund the Settlement Class Recovery to all Settlement Class Members who filed an Approved Claim.

   d. All Benefit Checks issued to Settlement Class Members shall be mailed via first class mail within five (5) business days from the date of issuance, or to the extent the Administrator is able to do so, via electronic funds transfer. Benefit Checks shall state on its face that the Benefit Check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. If any Settlement Class Member fails to cash any Benefit Check within ninety (90) days after the date of issuance, then the Settlement Class Member shall forever waive and release his/her claim for payment under this Agreement.

    e.  If any amounts remain in the Settlement Fund because any Settlement Class Member fails to cash his/her Benefit Check, or such Benefit Check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis, if doing so is administratively and economically feasible (*i.e.*, those Settlement Class Members each would receive a check for more than $5.00, after the Settlement Administrative Expenses). In the event such distribution is not administratively and economically feasible, any remaining Settlement Funds shall be distributed to the Cy-Pres Recipient. In any event, the Settlement Administrator shall not distribute these remaining amounts either to Settlement Class Members or the Cy-Pres Recipient until 270 days the issuance of the final Benefit Check mailed to the Settlement Class Members in accordance with Paragraph 13(d), above.

14.  The Court approves a 33.99% fee award to Class Counsel, which equals $3,150,000. The Court finds this award to be fair and reasonable for the reasons set forth in the Final Approval Order. The Court also approves the reimbursement to Class Counsel of their litigation expenses in the amount of $207,548 and finds that amount to be fair and reasonable. The Claims Administrator shall pay the fee award pursuant to and in the manner provided by the terms of the Agreement.

15.  The Court approves the payment of incentive award for the Class Representative in the amount of $25,000.00 for the reasons set forth in the Final Approval Order. The Claims Administrator shall pay the incentive award pursuant to and in the manner provided by the terms of the Agreement.

16.  The Court finds the fees and costs of the Settlement Administrator are reasonable as set forth in the Court's Final Approval Order.

17.  Within thirty (30) days after all funds from the Settlement Fund have been distributed, the Settlement Administrator shall file a declaration accounting for these disbursements.

18. The Court approves the National Consumer Law Center as the *cy pres* recipient pursuant to the Agreement.

19. The Plaintiff, and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws are terminated.

20. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order and Final Judgment and this Court's authority to effectuate the Agreement, and is ordered to protect its judgments.

21. The Agreement (including, without limitation, its Exhibits, and any and all negotiations, documents and discussions associated with it, including, but not limited to, discovery), shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by the Cruise Defendants, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, the Final

Approval Order and/or this Order and Final Judgment. All discovery provided by the Cruise Defendants shall also be inadmissible in evidence for any purpose.

22. If for any reason the Agreement is terminated or the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated, the Parties shall return to the status quo ante in the Action, all proceedings in connection with the Agreement shall be without prejudice to the rights of the Cruise Defendants or Plaintiff to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent litigation of class certification in this Action or any other action or proceeding. In addition, in such an event, the Settlement Amount, including any monies advanced prior to final approval for settlement administration but not yet spent, shall be returned to the Cruise Defendants with all applicable interest.

23. In the event that Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member, brings any other suit, action or proceeding, and the Cruise Defendants raise or assert any provision of the Agreement, Final Approval Order or this Order and Final Judgment as a defense, in whole or in part to any such suit, claim, action or proceeding (including, without limitation, as a basis for a stay), that suit, action or other proceeding shall be immediately stayed and enjoined until the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. This provision is necessary to protect the Agreement, this Order and Final Judgment and this Court's authority to effectuate the Agreement and is ordered to protect its judgment.

24. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

25. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order and Final Judgment, the Court directs the Clerk to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: November 4, 2019

_____
ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE