# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among Objectors-Appellants, Evan Shelton, Timothy Johnson and Mark Dunlap ("Objectors"), Class Counsel, and Defendants, Carnival Corporation & PLC, NCL (Bahamas) Ltd. and Royal Caribbean Cruises, Ltd., ("Cruise Lines"). The terms of this Agreement are as follows:

WHEREAS, Plaintiff, Phil Charvat, requested the Honorable Andrea R. Wood of the United States District Court for the Northern District of Illinois to approve the Class Settlement in the matter of *Charvat v. Valente, et al.,* Case No. 12-05746 (N.D. Ill.) on October 3, 2018. [DE 682; 683] ("Valente Class Action").

WHEREAS, Objectors each subsequently filed objections to the Class Settlement on November 3, 2017 and November 6, 2017, which did not address residual funds to be paid to the Settlement Class after the initial distribution of the Net Settlement Funds. [DE 606; 607].

WHEREAS, the Objectors filed memoranda prior to the fairness hearing, which addressed a concern that after the initial round of class settlement checks had been distributed and cashed, a second round should be distributed according to the Class Action Settlement, but the economic and administrative feasibility threshold for the second round of payments should be lowered from $5.00 to $2.50 ("Administrative Feasibility Amount") to provide a further benefit to the Settlement Class. [DE 672 p. 1; 691 p. 1].

WHEREAS, on October 30, 2018 the Court held a fairness hearing in the above referenced class action matter at which time Class Counsel argued the fairness of the Class Action Settlement and Objectors appeared and argued, among other things, that the Administrative Feasibility Amount to provide a greater economic benefit to the class.

WHEREAS, on October 28, 2019, the Court entered a Memorandum Opinion approving the Class Action Settlement, which denied Objectors' objections to the Class Settlement and denying in part Plaintiff's Motion for Incentive Award. [DE 727].

WHEREAS, the Court entered a Final Order of Dismissal and Final Judgment on November 4, 2019, after granting Plaintiff's Motion for final approval of the class action settlement, and denying the Objections of Shelton, Johnson and Dunlap and denying in part Plaintiff's Motion for Incentive Award. [DE 730].

WHEREAS, neither the Memorandum Opinion nor the Final Judgment specifically addressed the Administrative Feasibility Amount. [DE 727, 730].

WHEREAS, subsequent to the entry of the Final Judgment, Objectors each filed a notice of appeal, which has now been consolidated by the Seventh Circuit Court of Appeal in *Evan Shelton et al., v Elizabeth Valente, et al.,* Case Nos. 19-3280, 19-3291 (7th Cir.) ("Objector Appeal").

WHEREAS, after the Objectors filed their notices of appeal and before initial appellate briefs are due to be filed, the parties entered into discussions to identify and potentially attempt to resolve the Objectors' grounds for appeal.

WHEREAS, the Parties desire to amicably, fully, and finally resolve the aforementioned Objector Appeal to the benefit of the Settlement Class;

NOW, THEREFORE, it is therefore stipulated, consented to and agreed, by and among the Parties as follows:

1. **Recitals.** All of the above statements are incorporated herein and made a part of this Agreement as if set forth fully herein, including any and all definitions.

2. **Complete Resolution.** It is the intent of this Agreement if approved by the District Court to resolve fully and forever, any and all of Objectors' objections that were raised or could have been raised in the Valente Class Action.

3. **Consideration.** In consideration of the actions and payments described below, the Parties agree that this Agreement is supported by good and valuable consideration, the receipt of and adequacy of which has been acknowledged.

4. **Contingent Settlement Terms.** The Objectors, Class Counsel and the Cruise Lines have agreed to resolve the Objector Appeal on the following terms:

A. Contemporaneously upon execution of this Agreement, Objectors, Class Counsel and the Cruise Lines shall file a Joint Motion for Indicative Ruling to seek court approval to effectuate this settlement pursuant to Federal Rules of Civil Procedure 23(e)(5)(B)(i) and 62.1, as follows:

(i) That the Court lower the threshold Administrative Feasibility Amount addressed in section 8.4 of the Class Action Settlement Agreement and Release and in paragraph 13(e) of the Final Order of Dismissal and Final Judgment from $5.00 to $2.50 to enhance the economic benefit of the net Class Action Settlement to the Settlement Class. [DE 569-1, § 8.4; DE 730 ¶ 13(e)]; and

(ii) Approve a payment of $25,000 to Objector Shelton and Johnson's counsel, Jonathan Hilton, Hilton Parker LLC, and $25,000 to Objector Mark Dunlap's counsel, Lacy, Price and Wagner, P.C., in connection with fees, costs and expenses incurred in connection with the appeal and to preserve the relevant issues for appeal in the District Court.

B. For purposes of section 4(A)(ii) above, Class Counsel will pay their portion of the total Agreement funds to Objectors from the funds awarded to them by the Court in the Memorandum Opinion and Final Order of Dismissal and Final Judgment and not from the Class Net Settlement Fund. The Cruise Lines shall contribute the remainder of the funds referenced above directly to Objectors' counsel and not from the Class Net Settlement funds.

   C. The Objectors will file a motion in the appellate court to stay and/or for extension of time to file their initial briefs to allow time to obtain an indicative ruling from the District Court and to advise the Seventh Circuit Court of Appeal of the indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. This stay and/or extension of time is intended to avoid the unnecessary the expense of briefing while the parties seek approval of this Settlement and the payment to Objectors and Objector's counsel under Rule 23. All parties to this Agreement agree that the stay/extension of time should be sought as expeditiously as possible and contemporaneously with the Motion for Indicative Ruling. The Motion should be approved by all parties prior to filing.

   D. If the District Court issues an indicative ruling that Judge Wood would grant the Joint Motion for Indicative Ruling to effectuate this Agreement pursuant to Federal Rule of Civil Procedure 62.1, Class Counsel, the Cruise Lines and Objectors will advise the United States Court of Appeals for the Seventh Circuit as soon as practicable after the ruling. Class Counsel, the Cruise Lines and Objectors will also move for a limited remand for the purposes of approving the Agreement.

   E. Within one day of an order approving this Agreement, the Objectors shall provide Class Counsel and the Cruise Lines with a draft Stipulation of Withdrawal of the Appeal with prejudice and waive all appellate rights ("Appeal Withdrawal").

   F. If the District Court approves the Agreement, Class Counsel shall provide an Amended Final Order of Dismissal and Final Judgment reflecting the revised threshold for the Administrative Feasibility Amount discussed above that will be entered by the District Court.

   G. Neither Class Counsel nor the Cruise Lines shall have any obligation to make any of the payments set forth above unless and until (i) the District Court approves of the Agreement after remand pursuant to Federal Rules of Civil Procedure 23(e)(5)(B)(i) and 62.1 and (ii) the Appeal Withdrawal is executed and filed. Thus, no payments will be due to Objectors if the District Court does not accept and approve the terms of this Agreement.

  5. **Release.** Except for the rights, duties, and obligations set forth in this Agreement, Objectors hereby absolutely, fully, and forever release, relieve, waive, relinquish, and discharge Plaintiff in the Action, the certified Settlement Class, Class Counsel, and the Cruise Lines and their counsel of and from any and all causes of action, suits, liabilities, now, heretofore existing at law or in equity, whether known or unknown, asserted or unasserted, arising out of or relating to the Action, Objection, Class Action Settlement Objection, Appeal, or Claims. Nothing in this paragraph shall be construed to prevent Objectors from pursuing their appeals if the Agreement is not approved by the District Court.

  6. If the District Court approves the Agreement, Objectors Shelton, Johnson and Dunlap and their counsel agree not to further object, appeal, or cooperate with any other person interposing such an objection or appeal in the Action.

7. Except as otherwise set forth in this Agreement, the parties shall be responsible for their own attorneys' fees and costs. Nothing in this paragraph shall be construed to prohibit Objectors from seeking attorneys' fees and costs if this Agreement is not approved by the District Court.

8. Objectors have made and rely on their own investigations, research and analyses.

9. This Agreement shall be governed by Florida law.

10. No provision of this Agreement may be amended, waived, discharged or terminated except in writing by all parties.

11. This Agreement contains the entire agreement between and among the Parties.

12. A dispute concerning this Agreement shall be resolved via binding arbitration under the JAMS Arbitration rules  The prevailing party shall be entitled to its reasonable expenses, including attorney fees and costs, as part of any arbitration award. Nothing in this paragraph shall be construed to prohibit Objectors from appealing an order by the District Court rejecting this Agreement.

13. The parties acknowledge that: (a) they have read the entire Stipulation; (b) they have obtained the legal advice and counsel they deem necessary; (c) they fully understand the Agreement; and (d) all persons signing below are duly authorized to execute this Agreement on behalf of the respective party.

14. This Stipulation may be executed in counter-parts or by fax or email.

IN WITNESS WHEREOF, each party has executed this Agreement on the dates written below and this Agreement shall be effective on the latest such date.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

STIPULATED AND AGREED TO BY:

_____
Jonathan Hilton for Objectors Shelton and Johnson

_____
W. Allen McDonald for Objector Mark Dunlap


_____
Matthew McCue for Plaintiff's counsel
Alex Burke
Ted Broderick


NCL (Bahamas) Ltd.

By: _____

Its: _____


Royal Caribbean Cruises, Ltd.

By: _____

Its: _____


Carnival Corporation & PLC

By: _____

Its: _____

5

Exhibit 2

**STIPULATED AND AGREED TO BY:**

_____
Jonathan Hilton for Objectors Shelton and Johnson


_____
W. Allen McDonald for Objector Mark Dunlap

*/s/ Matthew McCue*   2.23.20
_____
Matthew McCue for Plaintiff's counsel
Alex Burke
Ted Broderick


NCL (Bahamas) Ltd.

By: _____

Its: _____


Royal Caribbean Cruises, Ltd.

By: _____

Its: _____


Carnival Corporation & PLC

By: _____

Its: _____

**STIPULATED AND AGREED TO BY:**

_____
Jonathan Hilton for Objectors Shelton and Johnson


_____
W. Allen McDonald for Objector Mark Dunlap


_____
Matthew McCue for Plaintiff's counsel
Alex Burke
Ted Broderick


NCL (Bahamas) Ltd.

By: _*[signature]*_____

Its: _EVP & General Counsel_
          1/22/2020

Royal Caribbean Cruises, Ltd.

By: _____

Its: _____


Carnival Corporation & PLC

By: _____

Its: _____

5

Exhibit 2

**STIPULATED AND AGREED TO BY:**

_____
Jonathan Hilton for Objectors Shelton and Johnson

_____
W. Allen McDonald for Objector Mark Dunlap

_____
Matthew McCue for Plaintiff's counsel
Alex Burke
Ted Broderick

NCL (Bahamas) Ltd.

By: _____

Its: _____

Royal Caribbean Cruises, Ltd.

By: *[signature]*

Its: Asst. General Counsel, Litigation

Carnival Corporation & PLC

By: _____

Its: _____

5

Exhibit 2

**STIPULATED AND AGREED TO BY:**

_____
Jonathan Hilton for Objectors Shelton and Johnson

_____
W. Allen McDonald for Objector Mark Dunlap

_____
Matthew McCue for Plaintiff's counsel
Alex Burke
Ted Broderick

NCL (Bahamas) Ltd.

By: _____

Its: _____

Royal Caribbean Cruises, Ltd.

By: _____

Its: _____

Carnival Corporation & PLC

By: *[signature]*

Its: Associate General Counsel

5

Exhibit 2