IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 12-cv-05746 |
| v. | ) ) | Judge Andrea R. Wood |
| ELIZABETH VALENTE, RESORT MARKETING GROUP, INC., CARNIVAL CORPORATION & PLC, ROYAL CARIBBEAN CRUISES, LTD., and NCL (BAHAMAS) LTD., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This Court granted the parties' joint motion for approval of a class settlement on 10/25/2019 [728]. Following that decision, objecting class members filed notices of appeal to the Seventh Circuit [731], [735]. Class Counsel, Objectors-Appellants, and Defendants have since reached a settlement regarding the appellate issues and have jointly moved pursuant to Federal Rule of Civil Procedure 62.1 for an indicative ruling stating whether, upon remand, this Court would approve the class settlement as amended. For the reasons stated in the accompanying Statement, the joint motion for an indicative ruling [739] is granted, and the Court states it would approve the amended settlement agreement upon remand. The Clerk is directed transmit a copy of this Order to the Court of Appeals.

## STATEMENT

Plaintiff Philip Charvat brought this class action lawsuit against Defendants Resort Marketing Group, Inc., its principal Elizabeth Valente, Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., and NCL (Bahamas) Ltd., alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The complaint alleges that Defendants used prerecorded telemarketing calls to advertise travel services to class members without their consent. After years of litigation, the parties reached a settlement for which they sought this Court's approval. (*See* Dkt. No. 682.) As required under Federal Rule of Civil Procedure 23(e), this Court held a fairness hearing and subsequently issued a written opinion approving the settlement on October 28, 2019. (Dkt. No. 727.) In approving the settlement, the Court also denied requests by certain objecting class members for their own incentive awards and payment of their attorneys' fees. Those objectors have appealed that decision to the Court of Appeals for the Seventh Circuit. (Dkt. Nos. 731, 735.) Now the parties have negotiated an amended settlement that would resolve the objectors' claims. As an appeal is pending, however, this Court does not

have jurisdiction to consider and approve the amended settlement. Accordingly, the parties have filed the instant motion pursuant to Federal Rule of Civil Procedure 62.1 seeking an indicative ruling stating whether this Court would approve their amended settlement agreement upon remand. (Dkt. No. 739.)

The Court concludes that it would grant the requested relief and approve the amended settlement if the case were remanded for that purpose. In reaching that conclusion, the Court notes its belief that the amended settlement may be approved pursuant to Rule 23(e) without distributing a new round of notice to class members and holding another fairness hearing. If any proposed amendments to a class settlement agreement are "material," Seventh Circuit precedent requires a new round of class notice and a new Rule 23(e) hearing prior to approval. *Pearson v. Target Corp.*, 893 F.3d 980, 986 (7th Cir. 2018). That may be the case "when class counsel seeks to bargain away the right to enforce portions of a previously entered settlement." *Id.* (quoting *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313–14 (D.D.C. 2015)). But courts generally do not require new notice or a new hearing when the proposed changes are solely favorable to class members. *See, e.g.*, *Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461 consolidated with No. 16 C 8677, 2019 WL 2103379, at *9 (N.D. Ill. May 14, 2019).

The amended settlement here proposes two changes to the previously-approved agreement. First, settlement fund administrators will distribute funds remaining due to checks not being cashed or otherwise deemed null and void to class members who previously cashed their settlement checks if those class members would receive at least $2.50, rather than the previously approved amount of $5.00. (Dkt. No. 739-2.) Second, Class Counsel and Defendants Carnival Corporation & PLC, Royal Caribbean Cruises, Ltd., and NCL Bahamas Ltd. will together pay $50,000 to counsel for objectors Mark Dunlap, Timothy Johnson, Evan E. Shelton, and Jonathan Hilton for fees related to their appeal. Crucially, these payments would not come from the net settlement fund.

A lower threshold dollar amount for distributions of remaining settlement funds benefits all class members, since it would provide more class members with a second round of payments. The proposed fees to objectors' counsel would not impact class members at all, as Class Counsel's payment would come out of their own fee award and Defendants' payment from funds outside the settlement amount. Neither change to the settlement impacts the class members' bargained-for rights. Thus, if the case is remanded, the Court will not require a new round of class notice or conduct another fairness hearing prior to issuing a ruling approving the amended settlement.

The Court finds that the proposed amendments do not impact its prior reasoning approving the settlement as fair. Additionally, a speedier settlement and payout is in all class members' interests. Therefore, the Court would approve the proposed amended settlement upon remand.

Dated: February 27, 2020

_____
Andrea R. Wood
United States District Judge