**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, <br>     Plaintiff, <br>     v. <br><br> ELIZABETH VALENTE et al., <br>     Defendants. | ) <br> ) Case No. 1:12-cv-05746 <br> ) <br> ) <br> ) Hon. Judge Andrea R. Wood <br> ) <br> ) <br> ) |

**AMENDMENT TO FINAL ORDER OF DISMISSAL
AND
<u>FINAL JUDGMENT</u>**

In its Order dated February 27, 2020 (DE 744) the Court found with respect to the two proposed amendments to Class Action Settlement as follows:

> A lower threshold dollar amount for distributions of remaining settlement funds benefits all class members, since it would provide more class members with a second round of payments. The proposed fees to objectors' counsel would not impact class members at all, as Class Counsel's payment would come out of their own fee award and Defendants' payment from funds outside the settlement amount. Neither change to the settlement impacts the class members' bargained-for rights. Thus, if the case is remanded, the Court will not require a new round of class notice or conduct another fairness hearing prior to issuing a ruling approving the amended settlement.
>
> The Court finds that the proposed amendments do not impact its prior reasoning approving the settlement as fair. Additionally, a speedier settlement and payout is in all class members' interests.

The Court finds that its reasoning remains true following remand from the Seventh Circuit, and in light of the Settlement Agreement between Class Counsel, the Cruise Line Defendants, and Objectors (DE 739-2) ("Objector Agreement"), incorporated herein, the Court's findings above and in DE 744, and upon remand from the Seventh Circuit on March 20, 2020, the Final Order of Dismissal and Final Judgment (DE 730) ("Final Judgment") is amended to reflect that: (1) the

2

threshold administrative feasibility amount addressed in Section 8.4 of the Class Action Settlement Agreement and Release ("Agreement") (DE 569-1, 574-1), and in Paragraph 13(e) of the Final Judgment, is decreased from $5.00 to $2.50; and (2) Class Counsel and the Cruise Line Defendants are authorized to pay Objectors in accordance with the Objector Agreement.

Accordingly, with no just reason for delay, and pursuant to the Agreement and Objector Agreement, judgment is herewith entered. Civil case terminated.

IT IS SO ORDERED.


DATED:

                                                                                         HON. ANDREA R. WOOD
                                                                                         UNITED STATES DISTRICT JUDGE